UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 14  A  9: 22

US DISTRICT COURT
HARTFORD CT

LOU HADDOCK, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, PETER WIBERG, as trustee of the Crown Tool & Die Deferred Compensation Plan, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center Deferred Compensation Plan, RONALD SIMON as trustee of the Hartford Roofing, Inc. Deferred Compensation Plan, CARL ANDERSON as trustee of the Anderson & Ferdon Deferred Compensation Plan,

PLAINTIFFS,

v.

NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,

DEFENDANTS.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.:

3:01CV1552(CFD)

October 10, 2003

**DEFENDANTS' MOTION (1) FOR LEAVE TO CONDUCT ADDITIONAL CLASS CERTIFICATION DISCOVERY, (2) TO ADDRESS OUTSTANDING DISCOVERY DISPUTES, AND (3) TO REVISE THE SCHEDULE IN THIS ACTION AND SUPPORTING MEMORANDUM**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 4

    Plaintiffs Have Refused to Respond to Defendants' Interrogatories .................................. 4

    Plaintiffs Have Refused to Respond to Defendants' Requests for Admissions ................. 6

    Plaintiffs Have Refused to Respond to Defendants' Motion for Summary Judgment ....... 7

ARGUMENT ............................................................................................................... 8

I.    THE COURT SHOULD STRIKE PLAINTIFFS' UNTIMELY AND INVALID "AMENDED" DISCOVERY RESPONSES. ................................................................... 9

    A.    Plaintiffs' New Discovery Responses Are Untimely and Prejudicial and Should Be Stricken. ................................................................... 9

    B.    Plaintiffs' New Discovery Responses Are Unsworn and So Should be Stricken. 11

    C.    Plaintiffs Cannot "Supersede" or "Replace" Their Prior Responses to Defendants' Interrogatories. ................................................................... 12

II.    THE COURT SHOULD STRIKE PLAINTIFFS' OUT-OF-TIME INTERROGATORIES AND DOCUMENT REQUESTS, DENY PLAINTIFFS' PENDING MOTION FOR EXTENSION OF TIME TO RESPOND TO INTERROGATORIES, AND (AGAIN) ORDER PLAINTIFFS TO PROVIDE SWORN ANSWERS TO OUTSTANDING INTERROGATORIES. ............................. 13

III.    THE COURT SHOULD GRANT DEFENDANTS LEAVE TO TAKE ADDITIONAL CLASS CERTIFICATION DISCOVERY ................................................ 14

    Total Discovery Requested ................................................................... 17

IV.    THE MAGISTRATE SHOULD GRANT DEFENDANTS AN EXTENSION OF TIME TO COMPLETE THE REQUESTED DISCOVERY AND TO RESPOND TO PLAINTIFFS' CLASS CERTIFICATION MOTION. ................................................................... 18

V.    THE MAGISTRATE SHOULD REVISE THE SCHEDULE FOR PLAINTIFFS TO RESPOND TO DEFENDANTS' PENDING MOTION FOR SUMMARY JUDGMENT. ........................................... 19

CONCLUSION ........................................................................................................... 20

Defendants Nationwide Financial Services, Inc. and Nationwide Life Insurance Company (collectively, "Defendants") hereby move (1) for leave to conduct additional class certification discovery, (2) to address outstanding discovery disputes, and (3) to revise the schedule in this action. A supporting memorandum and a proposed order are attached.

## INTRODUCTION

Since November of last year, the Defendants have been seeking discovery of the facts underlying the allegations in Plaintiffs' complaint in order to be able to address Plaintiffs' class certification motion. In response to those discovery requests, Plaintiffs have amended their complaint twice to change their story and thereby avoid discovery on their prior claims, produced interrogatory answers found by this Court to be inadequate, and opposed answering any requests to admit. Finally, after seven months and several orders of this Court, Plaintiffs finally provided *some* answers to Defendants' interrogatories in July 2003. When the Defendants promptly moved for summary judgment based on the dispositive admissions in those interrogatory answers, Plaintiffs insisted that class certification should proceed before summary judgment. Plaintiffs then turned around and *used* Defendants' Motion for Summary Judgment -- as a source of facts for their Motion for Class Certification. Finally, well after the close of class certification discovery, Plaintiffs served new interrogatory answers that significantly changed their previous responses, and served new discovery requests on Defendants.

As a result of all these maneuvers, Plaintiffs have kept alive a case that lacks any legal merit, as well as utterly thwarting the Federal Rules of Civil Procedure, this Court's scheduling order, and Defendants' right to defend themselves. In particular, the scheduling orders of this Court were designed to provide the parties with an opportunity to conduct discovery relating to class certification, and then to conduct briefing on the basis of the discovered facts. Plaintiffs themselves articulated this approach as follows: "[T]he Scheduling Order provided for briefing

1

to take place after <u>completion</u> of discovery so that the briefing could take place in the context of a completed and fixed discovery record. If discovery responses are still forthcoming during the briefing, this objective is not achieved." (August 8, 2003, Letter from Richard A. Bieder to Magistrate Judge Garfinkel (Exhibit A) at 2 (original emphasis).)

By this motion, Defendants ask the Court to adopt a series of measures that would restore order to the discovery and briefing process, and assure that Defendants can discover the facts (if any) that support Plaintiffs' claims before Defendants must brief the issue of class certification. *First*, Plaintiffs "amended" supplemental responses to Defendants' third set of interrogatories should be stricken. These new responses not only fail to provide the facts requested, but they unveil an entirely new set of allegations. These new allegations are made after the close of class certification discovery, and purportedly "replace" Plaintiffs' prior answers to the exact same interrogatories. Such a tactic is inappropriate in any case, but it is doubly so here, where Plaintiffs are plainly seeking to jettison those interrogatory answers that provide the basis for Defendants' pending summary judgment motion and a basis for Defendants' Opposition to Class Certification. (*See infra* at 9-11.)

*Second*, Defendants seek to obtain responses to those Interrogatories to which Plaintiffs have failed to respond. On September 18, 2003, the Magistrate granted in part Defendants' Motion to Compel, and ordered Plaintiffs to provide "full sworn responses." Plaintiffs have not done so. Defendants seek responses, and should not be required to begin drafting any Opposition to Plaintiffs' Motion for Class Certification until those responses are made. Similarly, Defendants seek (again) to have Plaintiffs comply with the Magistrate's Order that such responses be sworn in keeping with Rule 33. (*See infra* at 11-12.)

*Third*, Defendants ask the Court to strike Plaintiffs' untimely document requests. Those

2

requests were filed on September 24, 2003 -- long after the close of class certification discovery -- and Plaintiffs have offered no explanation as to why this out-of-time discovery is necessary or permissible. (*See infra* at 13-14.)

*Fourth*, Defendants ask the Court for leave to take additional class certification discovery. The potential for such discovery was anticipated by the parties and the Court and is described in the Scheduling Order. If the new allegations raised by Plaintiffs are stricken, this discovery may be relatively modest. However, if Plaintiffs are allowed to replace their legal theories by replacing their interrogatory responses with new ones, substantial additional discovery will be necessary and fully warranted. (*See infra* at 14-18.) As a corollary to this request, Defendants seek additional time to respond to Plaintiffs' Class Certification Motion. (*See infra* at 18.)

*Fifth*, Defendants seek a response to the Motion for Summary Judgment that they filed on August 28, 2003. Plaintiffs have so far avoided responding to that motion while making substantial use of the factual assertions made by Defendants therein. (*See* Class Certification Brief (Docket 129) at 5-6, fns. 18-28 (each citing Defendants' Local Rule 56(a)1 Statement of Undisputed Facts); Class Certification Brief at 19 (citing Defendants' Memorandum of Law in Support of Defendants' Motion For Summary Judgment).) In light of the delay in class certification briefing caused by Plaintiffs' conduct, and the Plaintiffs' use of facts from Defendants' Summary Judgment Memorandum and Local Rule 56(a)1 Statement, Defendants ask the Court to require that Plaintiffs respond to the Summary Judgment Motion, including *all* of Defendants' Statement of Undisputed Facts. Such a response will sharpen the factual issues that divide the parties, and so allow the class certification briefing to focus on the issues for trial. (*See infra* at 18-20.)

## STATEMENT OF FACTS

After two and half years, there has been a pattern to the course of this litigation: whenever Defendants ask Plaintiffs to provide the factual basis for Plaintiffs' legal claims, Plaintiffs bob and weave, refusing to respond to discovery and justifying that refusal by revising their legal theories. This pattern has been repeated over and over again, as Plaintiffs have ducked Defendants' Interrogatories, Defendants' Requests for Admission, and, most recently, Defendants' Motion for Summary Judgment. This pattern forms the backdrop for Defendants' Motion.

### Plaintiffs Have Refused to Respond to Defendants' Interrogatories

Defendants filed their First Set of Interrogatories on November 7, 2002. (Exhibit B.) Plaintiffs filed responses and objections that were incomplete and unsworn, and claimed that the information sought was no longer relevant because they were about to abandon some of their claims. (See Exhibit C, Interrogatory Nos. 4-7.) After Defendants moved to compel Plaintiffs to respond, (Docket 59-60), Plaintiffs filed their Second Amended Class Action Complaint. (Docket 64.) Notwithstanding the new Complaint -- and belying Plaintiffs' use of it as grounds for refusing to answer -- Magistrate Judge Garfinkel granted Defendants' Motion to Compel, ordering Plaintiffs to provide complete answers to Interrogatories Nos. 2 and 4-7 by May 5, 2003. (Order of April 17, 2003 (Exhibit H); no docket number entered.) This Order did not move Plaintiffs, however, and Defendants were forced to file a Motion for Sanctions for Plaintiffs' failure to provide answers to Defendants' First Set of Interrogatories. (Docket 113.)

Defendants' Second Set of Interrogatories met with the same type of response. Among other information, the Second Set of Interrogatories sought details about the assertions regarding "skimmed plan assets," which is a concept raised repeatedly in Plaintiffs' Second Amended

Complaint. (Exhibit D, Interrogatory Nos. 6-7.)   Plaintiffs refused to answer almost all of these interrogatories on the basis that the requests sought "information that is contained in documents in the possession and control of the Defendants" or "information that is equally or more easily obtained by the Defendants than by" Plaintiffs. (*See, e.g.*, Exhibit E, Responses to Interrogatory Nos. 4, 5, 6, 7, 8, and 9.) Defendants were again forced to move to compel answers to their interrogatories. (Docket 76.) Plaintiffs opposed that motion by arguing that some of the information requested by these interrogatories would be rendered irrelevant by a newly proposed Third Amended Complaint. (Docket 84 at 2-3.)

Plaintiffs filed their Third Amended Class Action Complaint on May 23, 2003. (Docket 95) In the Third Amended Complaint, Plaintiffs abandoned their legal claims of breach of contract and misrepresentation and significantly changed their account as to how "plan assets" were "transferred" to Nationwide. Plaintiffs also added a new contention that class certification was proper under Federal Rule of Civil Procedure 23(b)(2). Notwithstanding the new Complaint -- and belying Plaintiffs' use of it as grounds for refusing to answer -- Magistrate Judge Garfinkel granted in part Defendants' Motion to Compel, ordering Plaintiffs to "respond further and to the fullest extent of their capability" to Interrogatory Nos. 3-7.   In particular, the Magistrate ordered that "discovery regarding allegedly 'skimmed' plan assets must be dealt with more specifically and thoroughly." (Docket 96.) This Order also did not move Plaintiffs, and Defendants were forced to file a Motion for Sanctions for Plaintiffs' failure to provide answers to Defendants' Second Set of Interrogatories. (Docket 113.)

Defendants' Third Set of Interrogatories met the same stone wall.  Those Interrogatories requested from Plaintiffs, *inter alia,* the facts supporting Plaintiffs' claim that payments from the mutual funds to Nationwide were made from "plan assets." (Exhibit F, Interrogatory No. 2.)

Plaintiffs' responses were incomplete and unsworn (Exhibit G), and Defendants were once again forced to move to moved responses to their interrogatories. (Docket 99.) On September 18, 2003, Magistrate Judge Garfinkel granted in part Defendants' Motion to Compel Plaintiffs' Third Set of Interrogatories. (Docket 126.) The Magistrate further advised Plaintiffs' counsel "to make sure all interrogatory responses and production responses are properly attested to by appropriate individuals." (*Id.* at ¶ 3) This Order did not move Plaintiffs, who responded not by providing the responses, but by seeking an extension of time to provide supplemental responses and filing interrogatories on Defendants. (Docket 133.) To this date, *none* of Plaintiffs' responses to discovery have been properly attested.

### Plaintiffs Have Refused to Respond to Defendants' Requests for Admissions

Defendants served Requests for Admission on the five individual Plaintiffs on July 24, 2003. (Exhibit L.) These received even less of a response than Defendants' Interrogatories. Plaintiffs objected to the Requests for Admission because they were served less than 30 days before the close of discovery, and insisted that it would be unfair and improper to require a party to respond to discovery after August 18, 2003. Plaintiffs explained that the "Scheduling Order provided for briefing to take place after <u>completion</u> of discovery so that the briefing could take place in the context of a completed and fixed discovery record. If discovery responses are still forthcoming during the briefing, this objective is not achieved." (August 8, 2003, Letter from Richard A. Bieder to Magistrate Judge Garfinkel at 2 (Exhibit A (emphasis in original).) Plaintiffs have not responded to any of the Requests for Admission, which have been temporarily stayed by the Magistrate's September 11, 2003 ruling. (Docket 126.)

**Plaintiffs Have Refused to Respond to Defendants' Motion for Summary Judgment**

In late June and early July, 2003, Plaintiffs finally served Supplemental Responses to Defendants' Interrogatories.[1]/ These were unsworn and incomplete, but they did provide an explanation of how Plaintiffs planned to identify "skimmed plan assets." Plaintiffs explained that monies could be traced from payments by the plans through eight steps that ended with the alleged payment of fees by mutual fund advisors to Nationwide. (Exhibit K, Response to Interrogatory No. 2.) After the close of class certification discovery, and based on the factual and legal record that had been developed by the parties (including Plaintiffs' eight-step explanation of how to identify a plan asset), Defendants filed a Motion for Summary Judgment. Plaintiffs' response to this motion, including a response to Defendants' Statement of Undisputed Facts, was due on September 19, 2003.

Nothing if not consistent, Plaintiffs objected to this opportunity to clarify the facts that are in dispute. Instead of responding to Defendants' Motion and Statement of Undisputed Facts, Plaintiffs argued that class certification should precede summary judgment.   (September 8, 2003 letter from Richard A. Bieder, Esq. to Magistrate Judge Garfinkel (Exhibit N))  In response, Defendants' counsel explained that the Motion for Summary Judgment Motion should go forward, since "[o]nly if Plaintiffs' individual claims have merit does it make sense to spend substantial time and money on the enormously complex class certification issues that will arise." (September 9, 2003, Letter from Charles C. Platt to Magistrate Judge Garfinkel at 1 (Exhibit O).)

Plaintiffs also sought to head off summary judgment by attempting to retract their prior responses to interrogatories (on which Defendants had relied) and to substitute new ones.

---

[1]/    *See* Plaintiffs' Supplemental Responses to Defendants' First Set of Interrogatories (Exhibit I); Plaintiffs' Supplemental Responses to Defendants' Second Set of Interrogatories (Exhibit J); Plaintiffs' Supplemental Responses to Defendants' Third Set of Interrogatories (Exhibit K).

7

Plaintiffs filed their First Amended Supplemental Responses and Objections to Defendants'

Third Set of Interrogatories ("New Responses") on September 8, 2003 and claimed that they

"supersede[d] and replace[d] Plaintiffs Third Set of Interrogatories served on July 3, 2003 in

their entirety." (Exhibit P at 1.)  These New Responses came weeks after the close of discovery

and a month after Plaintiffs had insisted that discovery served by Defendants was improper

because it was outside of the schedule set by the Court.  Through their amended responses,

Plaintiffs purported to renounce their prior eight-step explanation of how to trace plan assets, and

to replace it with the contrary assertion that "Plaintiffs' contentions do not depend upon it tracing

specific dollars from the hands of the Plan into the hands of Nationwide." (New Responses at 3.)

In their New Responses, Plaintiffs also identified "variable account accumulation units" as "plan

assets" over which Defendants exercised control.  These units are not even *mentioned* in any

version of Plaintiffs' Complaint or any of the interrogatory responses made by Plaintiffs prior to

the close of discovery.

In his September 18 Ruling, Magistrate Judge Garfinkel allowed Defendants to proceed

with the summary judgment motion and ordered that Plaintiffs should respond to Defendants'

motion 30 days after class certification briefing was completed.  (Docket 126 at ¶ 6)  The

Magistrate's ruling was designed to "give the District judge flexibility while realistically

addressing the time burden on counsel."  (*Id.*)

## ARGUMENT

As set forth above, Plaintiffs' conduct in this lawsuit has thwarted the orderly

identification of the facts and legal theories on which they rely.  Defendant hereby propose a

plan that would re-establish order to the discovery and briefing process.

8

I.    **The Court Should Strike Plaintiffs' Untimely and Invalid "Amended" Discovery Responses.**

   A.    **Plaintiffs' New Discovery Responses Are Untimely and Prejudicial and Should Be Stricken.**

On September 8, 2003, three weeks after the close of class certification of discovery, Plaintiffs served "amended" Supplemental Responses And Objections to Defendants' Third Set of Interrogatories ("New Responses") (Exhibit P). The facts and allegations contained in these new discovery responses represent a stark break from Plaintiffs' prior allegations and theory of the case and introduce an entirely new theory of liability. Worse, Plaintiffs claim that their New Responses replace Plaintiff's original Supplemental Responses to Defendants' Third Set of Interrogatories ("Original Responses"). Plaintiffs' Original Responses state that plan assets can be identified for purposes of establishing Defendants' alleged fiduciary status by tracing the asset flow through eight steps process (Exhibit K, Interrogatory No. 2.) and were relied upon by Defendants in their Motion for Summary Judgment. Having seen the consequences of their Original Reponses, Plaintiffs propose to "supersede[] and replace[]" their Original Responses and claim that their "contentions do not depend upon . . . tracing specific dollars from the hands of the Plan into the hands of Nationwide." (New Responses at 3). This is a complete reversal of position.

With class certification discovery closed, a motion for summary judgment pending, and class certification proceedings underway, Plaintiffs' new discovery responses should be stricken. *First,* there can be no dispute that these new discovery answers are out of time. Under the governing scheduling orders, the current phase of discovery was to be complete by August 18, 2003. (Motion and Stipulation re Scheduling ¶ 3 (Docket 88); Scheduling Order ¶ C(1) (Docket 44).) Indeed, Plaintiffs themselves argued that Defendants' Requests for Admission, which were

served on July 24, 2003, were untimely because responses would be due after August 18, 2003.

*See* Exhibit A at 2 ("The language of the Scheduling Order of March 26, 2002 leaves little room

for interpretation. . . . [T]he Order clearly says discovery is to be 'completed' by August 18,

2003.").

    *Second*, the New Responses are dramatically different from Plaintiffs' Original Reponses.

Indeed, Plaintiffs concede as much by asserting that the New Reponses replace rather than

merely supplement their Original Responses.[2/]  Indeed, Plaintiffs' New Responses are the

functional equivalent of a fourth amendment of the complaint, which would be plainly

inappropriate at this late date.

    *Third*, Defendants would be seriously prejudiced if Plaintiffs are allowed at this late date

to "amend" their discovery responses by conveniently withdrawing those facts that have proven

unhelpful to their case and introducing new theories never before revealed during two years of

litigation.[3/]  Defendants have conducted written discovery, deposed multiple fact and expert

witnesses, and prepared a litigation strategy based on the facts disclosed by Plaintiffs during

discovery.  Even if some additional discovery by Defendants is permitted, such limited follow-up

is no substitute for the discovery that could have been done had Plaintiffs disclosed the theories

of their New Responses in June 2003, when their response to Defendants' Third Set of

---

[2/]    Plaintiffs remain under the Magistrate's Order to provide complete, sworn responses to certain outstanding interrogatories.  That outstanding discovery is designed to clarify and complete Plaintiffs' prior responses -- not to contradict them.

[3/]    Plaintiffs claim that these new Discovery responses were "prompted by facts learned during the deposition of Frederick M. Werblow, an expert hired by Defendants in connection with class certification, and the facts as set forth in the Motion for Summary Judgment recently filed by Defendants." (September 8, 2003, Letter from Roger Mandel to Magistrate Judge Garfinkel (Exhibit R) at 1.)  Plaintiffs do not explain how facts presented put forth by Defendants could require Plaintiffs to amend their answers to interrogatories that were designed to identify those facts *known to Plaintiffs*.

Interrogatories was due.

In sum, there comes a time when Plaintiffs may no longer provide only a moving target for Defendants. The pending motions for summary judgment and class certification mean that such a time has come. As Plaintiffs themselves explained *over two months ago* when arguing that Defendants' then-pending Requests For Admission were untimely, "the Scheduling Order provided for briefing to take place after <u>completion</u> of discovery so that the briefing could take place in the context of a completed and fixed discovery record. If discovery responses are still forthcoming during the briefing, this objective is not achieved." (Exhibit A at 2 (emphasis in original))[4/] Accordingly, Plaintiffs' New Responses should be stricken.

### B.     Plaintiffs' New Discovery Responses Are Unsworn and So Should be Stricken.

As the Magistrate Judge held in his September 18, 2003, Rulings: Re Discovery and Scheduling ("Ruling") (Docket 126), discovery responses must be "sworn." (Ruling ¶ 3.) This ruling was in keeping with the plain text of Rule 33 of the Federal Rules of Civil Procedure, which requires that interrogatories be answered "separately and fully in writing under oath," Rule 33(b)(1), and "signed by the person making them," Rule 33(b)(2). Indeed, it is well

---

[4/]     In their August 8 letter to Magistrate Judge Garfinkel, Plaintiffs took the position that discovery was to end on August 18, 2003, and that Plaintiffs could not be made to respond to Defendants' Requests for Admission because, if they took the full 30 days permitted by the rules, their response would be due seven days after the conclusion of discovery. (*See* Exhibit A) Plaintiffs explained in that letter that discovery could not extend beyond August 18 because such an extension would interfere with depositions of experts: "The close of discovery is critical because experts are in the process of being deposed. . . . Those experts will not have a chance to take into consideration the responses to the requests for admissions under the current schedule." (*Id.* at 2.) Plaintiffs also argued that any extension of discovery beyond the August 18 deadline would interfere with their ability to prepare their class certification brief. (*Id.*) And Plaintiffs had earlier articulated this same position to Nationwide: "We are not interested in additional discovery, but rather, on confirming that discovery is closed," and "this period [after August 18] was intended to allow the parties to prepare briefs, not conduct extensive additional discovery." (August 5, 2003, E-mail from Greg Jones to Dennis Kerrigan, Jr. (Exhibit M).)

established that "[i]nterrogatories addressed to an individual party must be answered by that party. It is improper for the party's attorney to answer them, though undoubtedly the common practice is for the attorney to prepare the answers and have the party swear to them." Wright & Miller, *Federal Practice and Procedure* § 2172.[5/] Plaintiffs new discovery responses are not sworn and should be stricken.

### C.    Plaintiffs Cannot "Supersede" or "Replace" Their Prior Responses to Defendants' Interrogatories.

Plaintiffs' claim that their New Responses purport to "supersed[e]" and "replac[e]" their Original Responses to the same questions "in their entirety." As a matter of law, however, a party may not discard discovery responses that it later concludes are unhelpful to its case. "An interrogatory answer binds a party just as its pleadings do unless the Court grants a motion to amend." *Artese v. Academy Collection Serv.*, 1998 WL 314026 at *1 (D. Conn., June 5, 1998); *see also Point Prods. A.G. v. Sony Music Entertainment, Inc.*, 2002 WL 31856951 (S.D.N.Y., Dec. 19, 2002) (party was bound to damages construct presented in its interrogatory responses, despite its later "change of heart"); *Aerogroup Int'l., Inc. v. Marlboro Footworks, Ltd.*, 1997 WL 232316 (S.D.N.Y. May 7, 1997) (same, regarding liability). Plaintiffs here are merely seeking to jettison the discovery responses that were relied on by Defendants in their motion for summary judgment.

---

[5/]     Plaintiffs are mistaken in claiming that they cannot sign their answers to interrogatories because they do not have any personal knowledge about any of the facts set forth therein, as they did in their opposition to Defendants' Motion for Sanctions on this issue. Plaintiffs are not entitled to ignore information that is available to them, particularly "if the information reasonably can be secured, whether from his attorney or otherwise." *Pilling v. General Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968). The counsel that signed these responses could have provided the information on which *they* relies to their clients and had their clients sign the responses. Indeed, "[c]ourts are aware that a party often will require and receive assistance from counsel in the preparation of responses to interrogatories." 7 Moore's Federal Practice, § 33.104[1] (2000). However, "it is not proper or acceptable for the attorney alone to sign or verify responses." *Id.*

II.    **The Court Should Strike Plaintiffs' Out-of-Time Interrogatories and Document Requests, Deny Plaintiffs' Pending Motion For Extension of Time to Respond to Interrogatories, and (Again) Order Plaintiffs To Provide Sworn Answers to Outstanding Interrogatories.**

In the September 18 Ruling, the Magistrate granted in part Defendants' pending Motion to Compel certain discovery answers and ordered Plaintiffs to provide "full, sworn responses to Interrogatories 2, 4, 6, 7, 8, and 11. (Docket 126, ¶ 3)  Instead of providing those responses, however, Plaintiffs moved on September 25, 2003, to extend the time set by the Court for compliance with its Ruling and also served new interrogatories of their own on Defendants, arguing that they needed to discover information from Defendants before answering Defendants' interrogatories. (*See* Plaintiffs' Notice of Motion and Motion For Extension of Time To Supplement Responses To Defendants' Third Set of Interrogatories (Docket 133); Plaintiffs' First Set of Interrogatories (Exhibit Q) (served September 24, 2003).)

Plaintiffs have missed the point of the Court's ruling.  Plaintiffs have already tried to justify their inadequate and incomplete answers to these interrogatory questions on the grounds that the requisite information was in Defendants' possession.  But, after hearing that contention, the Magistrate nonetheless ordered Plaintiffs to provide complete, sworn answers to these questions.  Plaintiffs should comply with that Order.

Moreover, Plaintiffs' claim that they need more information from Defendants to answer these interrogatories is misplaced.  The interrogatories require Plaintiffs to provide whatever facts they possess in response to the questions.  Interrogatory 7 requires Plaintiffs to identify statements from plan documents, annuity contracts, or other documents, supporting certain of their allegations.  Interrogatory 11 seeks facts regarding administrative fees, the services provided in exchange for these fees, and the market value of such services.  Interrogatory No. 2

13

requires Plaintiffs to identify, among other things, any particular communications they believe demonstrate Defendants exercising control over plan assets. If Plaintiffs possess no facts that support particular allegations or that would be responsive to particular interrogatories, they simply need to swear that that is the case. Plaintiffs' continuing use of their own ignorance of such facts as an excuse to delay their responses -- or to serve out-of-time discovery on Defendants -- is plainly inappropriate. The Court should reject Plaintiffs' stalling tactics by denying Plaintiffs' Motion For Extension of Time To Supplement Responses To Defendants' Third Set of Interrogatories and striking Plaintiffs' First Set of Interrogatories.

On September 24, 2003, Plaintiffs served on Nationwide Plaintiffs' Clarified Requests for Production (Exhibit S). This late document discovery -- like the late interrogatories discussed above -- should be disallowed. In particular, although Plaintiffs' late discovery requests are largely duplicative of Plaintiffs' Second Request for the Production of Documents (Exhibit T) (to which Nationwide has already responded), "Clarified Requests" 28 through 31 represent wholly new discovery requests, and Plaintiffs offer no justification whatsoever for the tardiness of those requests.

## III.    The Court Should Grant Defendants Leave to Take Additional Class Certification Discovery.

The scheduling/discovery framework in place in this case has long provided that, once Plaintiffs filed their class certification brief, Defendants would have the right to seek leave to take additional discovery. (*See* March 26, 2002, Scheduling Order ¶ C(5) (Docket 44).) The Magistrate's recent ruling notes in several places that, once Defendants had reviewed the class certification papers, they could seek leave to conduct additional discovery. (*See* Ruling ¶¶ 2, 3, 5.) As these rulings anticipated, Defendants do need additional discovery at this time.

14

There are three reasons why Defendants need and should be allowed to take additional discovery. First, Defendants are still without substantive responses to much of their previously-filed discovery, including all of Defendants' Requests for Admission. Defendants are still seeking answers to fundamental questions regarding Plaintiffs' claims and the facts on which Plaintiffs rely, and Defendants should not be forced to respond to Plaintiffs' Motion for Class Certification until Plaintiffs have provided such answers. Second, significant additional discovery will be needed if Plaintiffs are not prevented from revising their theories through their New Responses to Defendants' interrogatories. Third, Plaintiffs' Motion for Class Certification raises a number of issues on which Defendants are entitled to additional discovery.

Defendants will not set forth here each of the discovery requests they would seek from Plaintiffs. However, in order to assist the Court in determining that additional discovery is needed, Defendants set forth below several examples of the issues that should be subjected to discovery before Defendants must brief, and the Court must decide, issues of class certification.

**Discovery Regarding New Responses**

Additional discovery is needed to delineate the new facts and allegations set forth by Plaintiffs in their New Responses. For example, Plaintiffs allege for the first time in their New Responses that the "accumulation units" received by the plan participants pursuant to their variable annuity contracts constitute plan assets and so make Nationwide a fiduciary regarding any service fees received by Nationwide from any mutual fund-related company. (Plaintiffs' First Amended Memorandum in Support of Plaintiffs First Amended Motion For Class Certification (Docket 129) at 12-13.)

In light of this new allegation, Defendants seek the opportunity so discover the information Plaintiffs possess regarding these accumulation units. Topics would include: (1) the

15

factors that affect accumulation unit value; (2) the plans' or participants' accounting or financial treatment of the accumulation units and their understanding of those units; (3) any agreements plans or participants might have entered into regarding those units; or (4) any disclosures or information (accurate or allegedly inaccurate) the plans or partiicpants received about the units. Each of these issues may require a plan-by-plan and participant-by-participant inquiry that is at odds with class certification, and Defendants are entitled to take reasonably discovery of the putative class representatives to demonstrate the need for such an inquiry.

Plaintiffs also assert that Defendants take a host of actions regarding the accumulation units, and that assertion provides the basis for their claim that Defendants are fiduciaries regarding those units. (*See* Docket 129 at 12-13.) But the only authority Plaintiffs cite on that key point is the contracts themselves, without any citation to any particular provision. (*See id.*) Defendants are entitled to discovery on that issue. Defendants also need discovery to disprove Plaintiffs' repeated assertion that mutual fund payments decrease the value of the units "on a one-to-one basis," another apparent key to their theory of why this case is "ideally suited" for certification as a class action. (*See* Docket 129 at 2, 13, 18.)

### Discovery Regarding Issues Raised By Class Certification Brief

The Motion for Class Certification brief and supporting materials raise other issues that require discovery before Defendants can respond. For example, Plaintiffs' brief elevates Pension Plan Administrators (PPAs) -- hardly mentioned by Plaintiffs during all prior proceedings -- to a central role in the case. Comparison to payments made by PPAs now appear to provide the basis for Plaintiffs' theory that service fees paid by mutual funds are unreasonable or exceed the fair market value of the services provided. (*See* Docket 129 at 2-3, 35.)

16

Defendants are entitled to discovery regarding the facts on which Plaintiffs base their allegations regarding PPAs.

Defendants also seek discovery regarding Plaintiffs' assertions regarding the financial impact of the challenged service fee payments. (*See, e.g.,* Docket 129 at 11). Similarly, Plaintiffs describe simple "mechanical calculations" of the amonts of "skimmed plan assets" that will allegedly avoid all complexity in establishing each plan's monetary damages. (Docket 129 at 30.) Defendants are entitled to discover what those calculations would be. Plaintiffs also refer to undisclosed "market data" and "economic expert testimony" that allegedly will allow them to prove on a classwide basis the "reasonable fair market value" of the various services Defendants provide to scores of mutual funds. (Docket 129 at 35, 36) Defendants require discovery to explore Plaintiffs' proposed solutions to this fundamental problem with their case.

Plaintiffs' brief raises also numerous issues that require discovery from the named Plaintiffs themselves. Since their depositions, several Trustees have claimed that they will not let the outcome of any counterclaim proceedings influence their representation of the putative class. (*See, e.g.,* Declaration of Lou Haddock (Exhibit 11 to Appendix in Support of Plaintiffs' First Amended Motion For Class Certification (Docket 129)), and that money damages are incidental to their claims. (Docket 129 at 30). Defendants are entitled to discovery on these issues.

### Total Discovery Requested

As the illustrations above make plain, significant discovery is required for Defendants to fairly defend themselves against the allegations made by Plaintiffs. Assuming that Plaintiffs respond to the pending discovery, Defendants seek leave to serve twenty interrogatories on each Plaintiff to explore factual assertions contained in the Class Certification brief. If Plaintiffs' New Responses to Defendant's Interrogatories are not stricken, Defendants seek permission to

17

serve an additional twenty interrogatories on each Plaintiff arising out of the new allegations raised by those responses.

Defendants also seek leave to file twenty-five (if Plaintiffs' New Responses are stricken) or fifty (if the New Responses are allowed) Requests for Admission on Plaintiffs. These Requests would replace Defendant's pending Requests for Admission. Defendants believe that such Requests are most effective when they deal with one fact each, and so believe that a substantial number of such small Requests will not burden Plaintiffs and will greatly assist the Court in identifying which issues are disputed.

Defendants also seek leave to reopen the depositions of the named Plaintiffs and Plaintiffs' class certification expert for a period of four hours each.

Finally, Defendants seek leave to conduct additional third party written and deposition discovery in response to Plaintiffs' New Responses and class certification pleadings. For example, in view of Plaintiffs' new allegation that PPAs are somehow central to Defendants' alleged wrongdoing, Defendants seek leave to third party discovery, such as discovery of PPAs.

## IV.  The Magistrate Should Grant Defendants an Extension of Time to Complete the Requested Discovery and To Respond to Plaintiffs' Class Certification Motion.

Defendants seek a reasonable extension of time to complete the needed discovery and respond to Plaintiffs' class certification brief. This need too was anticipated by the Magistrate. (*See* Ruling ¶ 2 (noting that "Defendants may seek a reasonable extension" if additional information is needed to respond to the class certification brief).) Accordingly, as stated in the attached proposed order, Defendants seek an additional 60 days to complete the additional requested discovery, and for the 60 days provided to Defendants prepare their opposition to Plaintiffs' Motion for Class Certification under the current Scheduling Order to begin only when the additional discovery is complete.

18

**V.    The Magistrate Should Revise the Schedule For Plaintiffs To Respond To Defendants' Pending Motion For Summary Judgment.**

Defendants' moved for summary judgment 10 days after the close of the current phase of discovery. Plaintiffs' response to this motion originally was due on September 21. In its September 18, 2003, Ruling, the Court attempted to strike a practical balance between the briefing schedule for class certification and summary judgment. (Ruling ¶ 6.) That balance -- and the equities of the situation -- have been substantially altered by Plaintiffs' heavy reliance, in moving for class certification, on selected facts established by Defendants' summary judgment papers.

Plaintiffs cite Defendants' Statement of Undisputed Facts throughout their Class Certification Memorandum, both as their only source for many factual assertions, *see, e.g.,* Plaintiffs' Class Certification Memorandum at notes 18-28, and as a source of alleged concessions on legal issues. *See, e.g., id.* at 12 (citing alleged concession regarding ERISA). Having relied on Defendants' Statement of Undisputed Facts to support class certification, Plaintiffs can no longer argue that Defendant's Motion for Summary Judgment is irrelevant to or a distraction from class certification. Instead, fundamental fairness dictates that Plaintiffs respond to Defendants' Motion for Summary Judgment before Defendants' Opposition to Class Certification is due, so that Defendants have the same opportunity as Plaintiffs to make use of undisputed facts in briefing class certification issues.

Such a revised schedule would significantly enhance Defendants' ability to respond to Plaintiffs' class certification papers and would assist the District Court in ruling on class certification. Indeed the Court cannot know what a class trial would look like unless it knows which facts are in dispute. At the same time, such a revision would not unduly burden Plaintiffs because during the period after additional class discovery, Plaintiffs would have no pending

19

responsibilities in this matter.  Thus, as is reflected in the attached Proposed Order, Defendants

request that the Magistrate its Ruling and order Plaintiffs to file their opposition to Defendants'

Motion to Summary Judgment within 30 days after the close of the period of follow-up

discovery requested by this motion.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Magistrate (i)

strike Plaintiffs First Amended Supplemental Responses and Objections to Defendants' Third

Set of Interrogatories, (ii) deny Plaintiffs' Motion For Extension of Time To Supplement

Responses to Defendants' Third Set of Interrogatories, (iii) reaffirm its September 18 Ruling

requirement that Plaintiffs "provide full, sworn responses to Interrogatories 2, 4 6, 7, 8, and 11"

within 10 days of the filing of the Magistrate's Order on this motion, (iv) Strike Plaintiffs' First

Set of Interrogatories, (v) strike Plaintiffs' Clarified Requests for Production, (vi) grant

Defendants leave to seek reasonable additional discovery on issues raised by Plaintiffs' class

certification brief as specified in the attached Proposed Order, (vii) grant Defendants a

reasonable extension of time to respond to Plaintiffs' Motion for Class Certification as specified

in the attached Proposed Order, and (viii) require Plaintiffs to respond to Defendants' Motion for

Summary Judgment at a reasonable time after the completion of Defendants' additional

discovery as specified in the attached Proposed Order.

20

Date:  October 10, 2003

Defendants Nationwide Financial Services Inc.
and Nationwide Life Insurance Co.

By: _____

Dennis F. Kerrigan, Jr., Esq. (CT 09621)
Brian O'Donnell, Esq. (CT 16041)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone:     (860) 293-3500
Facsimile:     (860) 293-3555

Charles C. Platt, Esq. (CT 23036)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
125 West 55th Street
New York, NY 10019-5389
Telephone:     (212) 424-8000
Facsimile:     (212) 424-8500

Of Counsel:
Eric Mogilnicki, Esq.
Samuel Broderick-Sokol, Esq.
Mark Bieter, Esq.
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, D.C. 20037
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

21

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LOU HADDOCK, as trustee of the Flyte Tool & Die,    :
Incorporated Deferred Compensation Plan, PETER    :
WIBERG, as trustee of the Crown Tool & Die    :
Deferred Compensation Plan, ALAN GOUSE, as    :
trustee of the Greater Hartford Easter Seal    :
Rehabilitation Center Deferred Compensation Plan,    :
RONALD SIMON as trustee of the Hartford Roofing,    :
Inc. Deferred Compensation Plan, CARL    :
ANDERSON as trustee of the Anderson & Ferdon    :
Deferred Compensation Plan,    :

      PLAINTIFFS,    :

         v.    :

NATIONWIDE FINANCIAL SERVICES INC., and    :
NATIONWIDE LIFE INSURANCE CO.,    :

      DEFENDANTS.    :
   :

CIVIL ACTION NO.:

3:01CV1552(CFD)

## [PROPOSED] ORDER

The Magistrate Judge has read and considered Defendants' Motion (1) For Leave to

Conduct Additional Class Discovery, (2) To Address Outstanding Discovery Disputes, and (3)

To Revise the Schedule in This Action and Supporting Memorandum, and all other submissions

and arguments of the parties, if any, in support of and in opposition to that motion, and based on

such consideration, the Court HEREBY ORDERS THAT:

      (1)    Plaintiffs' First Amended Supplemental Responses and Objections to

Defendants' Third Set of Interrogatories are stricken;

      (2)    Plaintiffs' Motion For Extension of Time To Supplement Responses to

Defendants' Third Set of Interrogatories is denied;

(3)     Plaintiffs must provide full, sworn responses to Defendants' Third Set of Interrogatories, Interrogatories 2, 4 6, 7, 8, and 11 within 10 days of the filing of this Order;

(4)     Plaintiffs' First Set of Interrogatories is stricken;

(5)     Plaintiffs' Clarified Requests for Production are stricken;

(6)     Defendants may take reasonable additional discovery on class certification issues raised by Plaintiffs' Motion for Class Certification and supporting papers consisting of (i) not more than [20 or 40] interrogatories to each of the Plaintiffs, (ii) not more than [25 or 50] requests for admission to each of the Plaintiffs, (iii) not more than four additional hours of deposition of each of the Plaintiff Trustee and Plaintiffs' class certification expert Samuel Issacharoff; and (iv) a reasonable amount of discovery from third parties with relevant information.

(7)     Defendants must complete the discovery described in paragraph 6 of this Order within 60 days of the filing of this Order;

(8)     Plaintiffs must respond to Defendants' Motion for Summary Judgment within 30 days of the end of the time period specified in paragraph 7 of this Order; and

(9)     Defendants' time to respond to Plaintiffs' Motion for Class Certification is extended to 60 days after the end of the time period specified in paragraph 7 of this Order.

Date: _____          _____
                                The Honorable William I. Garfinkel
                                United States Magistrate Judge

2

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing Defendants' Motion (1) For Leave To Conduct Additional Class Certification Discovery, (2) To Address Outstanding Discovery Disputes, And (3) To Revise The Schedule In This Action was served via facsimile and first-class mail, postage prepaid, on this 10th day of October, 2003, on the following counsel of record:

Richard A. Bieder, Esq.
Antonio Ponvert III, Esq.
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

Gregory G. Jones, Esq.
Law Firm of Gregory G. Jones, P.C.
603 South Main Street, Suite 200
Grapevine, TX 76051

Marc R. Stanley, Esq.
Roger L. Mandel, Esq.
Stanley, Mandel & Iola
3100 Monticello Avenue
Suite 750
Dallas, TX 75205

Dennis F. Kerrigan, Jr., Esq.