UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, PETER WIBERG, as trustee of the Crown Tool & Die Deferred Compensation Plan, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center Deferred Compensation Plan, RONALD SIMON as trustee of the Hartford Roofing, Inc. Deferred Compensation Plan, CARL ANDERSON as trustee of the Anderson & Ferdon Deferred Compensation Plan,<br><br>PLAINTIFFS,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,<br><br>DEFENDANTS. | CIVIL ACTION NO.:<br><br>3:01CV1552(CFD)<br><br><br><br>October 23, 2003 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR INTERIM EXTENSION OF TIME**

Defendants respectfully submit this Reply Memorandum in Support of Defendants' Motion for Interim Extension of Time to Oppose Plaintiffs' Motion for Class Certification and Request for Expedited Consideration (Docket 142) ("Motion for an Interim Extension").

**I.   Defendants' Request for an Extension is Reasonable.**

For almost a year, Defendants have been trying to take discovery on Plaintiffs' class action claims in this case. Plaintiffs have thwarted those efforts by constantly revising the claims and allegations in their complaint, refusing to respond to discovery, and dramatically changing -- after the close of discovery -- those responses that they did provide. Plaintiffs have also

submitted a new class certification motion that bears little resemblance to their original class certification motion, even though that original motion was supposed to serve as the basis for discovery over the past year. As a result, there are a host of outstanding issues relating to both old and new discovery into Plaintiffs' claims. Defendants have filed a separate motion that discusses those issues in detail.[1]

Defendants' Motion for an Interim Extension makes only the simple and common-sense point that Defendants should not be required to draft their opposition to Plaintiffs' new motion for class certification until the pending discovery issues are resolved. This request is also wholly consistent with the Scheduling Orders in this case, which explicitly anticipated that Defendants could receive additional time to take additional discovery before their class opposition is due.[2] And Defendants' desire to proceed in an orderly fashion is certainly understandable in light of Plaintiffs' claim that they will seek relief worth "hundreds of billions of dollars."[3]

Instead of consenting to this reasonable request, Plaintiffs have served a twenty-page Opposition ("Opp."). In it, Plaintiffs do not claim they would be prejudiced by the extension. Instead, Plaintiffs contest some -- but not all -- of the outstanding discovery issues raised in Defendants' separate discovery motion. At the same time, Plaintiffs purport to reserve their right

---

[1] Defendants' Motion (1) For Leave to Conduct Additional Class Certification Discovery, (2) To Address Outstanding Discovery Disputes, and (3) To Revise the Schedule in this Action and Supporting Memorandum (Docket 143) ("Defendants' Discovery Motion").

[2] See Scheduling Order (March 26, 2002) (Docket 44) at 2 ("In the event that Defendants believe that they need additional discovery in order to adequately oppose Plaintiffs' motion for class certification, they may petition the Court for permission to conduct such additional class certification-related discovery."); First Amended Scheduling Order (February 19, 2003) (Docket 66) at 2 (same); Rulings Re: Discovery and Scheduling (September 18, 2003) (Docket 126) ("Magistrate's September 18, 2003 Ruling") at 1 (same).

[3] Plaintiffs' First Amended Memorandum in Support of Plaintiffs' First Amended Motion for Class Certification (Docket 129) ("Class Certification Memorandum") at 32.

to brief those issues again at "a later date." Opp. at 1. That position is itself manifestly unfair, as it seeks to assure that issues relating to class certification *discovery* remain unresolved until (at best) a few days before the present deadline for Defendants' class certification *brief*. [4/]

More fundamentally, Plaintiffs' Opposition is simply another effort to twist the process and deprive Defendants of any meaningful opportunity to defend themselves. Plaintiffs have repeatedly changed their story (on the merits *and* class certification), and have used these changes to resist discovery. Plaintiffs have failed to respond to certain discovery even after the Court has compelled such responses. When Plaintiffs answered discovery, they provided responses that this Court found inadequate. When Plaintiffs supplemented those inadequate responses, the new responses were themselves inadequate and provided only at the very end of the initial discovery period. Then, *after* the close of discovery, Plaintiffs filed new discovery responses that changed their story yet again, and a Motion for Class Certification that is based on factual and legal claims on which Plaintiffs never provided any discovery. Plaintiffs now seek to secure the benefits of these evasions by asking this Court to require that Defendants oppose class certification before Defendants can vindicate their right to class certification discovery.

The denial of an extension would plainly prejudice Defendants. At present, Defendants must prepare papers in opposition to Plaintiffs' new class certification theories without knowing: 1) Plaintiffs' responses to long-pending discovery; 2) whether Defendants will be allowed additional discovery, and what that discovery reveals; 3) which of Plaintiffs' contradictory responses to Defendants' interrogatories is operative; and 4) whether Plaintiffs will be allowed to choose which portions of Defendants' Rule 56(a)(1) Statement they will admit or deny.

---

[4/]   *See* Defendants' Memorandum of Law in Support of Defendants' Motion for an Interim Extension (Docket 147) at 2.

3

Defendants are prejudiced by the pendency of these issues *regardless* of how they are resolved. As Plaintiffs explained when the shoe was on the other foot, "a complete and fixed discovery record" is essential to class certification briefing.[5/] The record here is plainly *not* "complete and fixed." Similarly, Plaintiffs have also argued -- and this Court has agreed -- that a party should not be required to simultaneously brief class certification and other issues.[6/] The same logic applies here, where Plaintiffs' tactics have forced Defendants to be chasing discovery instead of drafting a brief.

## II.    Plaintiffs' Arguments on the Pending Substantive Issues are Without Merit.

The Court need not resolve the pending discovery issues in order to decide that an interim extension of time makes sense here. However, in light of the length and stridency of Plaintiffs' opposition to further class certification discovery, Defendants would like to make three points. First, Plaintiffs' lengthy Opposition simply ignores several important reasons for a revised schedule. *See* II. A, *infra*. Second, Plaintiffs wrongly assert that they do not owe responses to long-pending interrogatories. *See* II. B, *infra*. Third, Plaintiffs' Opposition relies on such startling premises as: (1) Plaintiffs don't know much about their claims or proof; (2) Defendants know everything there is to know; (3) indeed, Defendants should have known what Plaintiffs were going to claim before Plaintiffs claimed it; and (4) the Court can decide that additional facts are irrelevant to class certification without first allowing Defendants to discover and present such facts. *See* II. C, *infra*.

---

[5/]    *See* August 8, 2003 Letter from Richard A. Bieder to Magistrate Judge Garfinkel (Exhibit A to Defendants' Discovery Motion) at 2.

[6/]    *See* September 8, 2003 Letter from Richard A. Bieder to Magistrate Judge Garfinkel (Exhibit N to Defendants' Discovery Motion); Magistrate's September 18, 2003 Ruling at 2 ("addressing the time burden on counsel" by providing Plaintiffs with an extension of several months on their opposition to summary judgment).

4

### A. Plaintiffs' Opposition Ignores Several Pending Issues that Must Be Resolved before Class Certification Briefing Continues.

Plaintiffs' Opposition simply fails to address many of the pending issues raised by Defendants. By picking and choosing which issues to brief, Plaintiffs' Opposition not only understates the number and seriousness of the issues that must be resolved, but further delays resolution of those issues. Plaintiffs' decision to wait "for a later date," Opp. at 1, to brief those issues belies their insistence that there is no room for delay here.

Most importantly, Plaintiffs do not defend the timeliness of their "Amended" Supplemental Responses to Defendants' Third Set of Interrogatories ("New Responses"). As Defendants have pointed out, these New Responses were not only untimely but sought to reverse claims made by Plaintiffs in their timely responses. *See* Defendants' Discovery Motion at 9-11. Defendants believe that these New Responses should be stricken. In any event, however, Defendants do not know today -- more than halfway through the time presently provided to Defendants to oppose class certification -- which of Plaintiffs' theories is operative. This fact alone justifies an interim extension of time.[7]

Furthermore, Plaintiffs' insistence that the class certification discovery period ending on August 18, 2003 was adequate ignores the indisputable facts that *Plaintiffs*: (1) filed discovery as recently as September 24, 2003[8]; (2) filed New Responses on September 8, 2003 that changed Plaintiffs' claims and so required new discovery by Defendants[9]; and (3) have sought an extension to respond to discovery. *See* Plaintiffs' Motion for Extension of Time to Supplement

---

[7] Plaintiffs also do not defend their continuing failure to comply with the Magistrate's Ruling of September 18, 2003 requiring that discovery responses be sworn. Here too, Plaintiffs' conduct has created substantial uncertainty about whether their discovery responses are stable or likely to change (or be dropped) when the Trustees realize that they must sign them under oath.

[8] *See* Exhibit S to Defendants' Discovery Motion.

[9] *See* Exhibit P to Defendants' Discovery Motion.

5

Responses to Defendants' Third Set of Interrogatories (Docket 133). Plaintiffs also never mention that the Scheduling Orders explicitly anticipated that Defendants might need discovery after the filing of Plaintiffs' Motion for Class Certification.

Finally, Plaintiffs criticize Defendants for seeking "to delay the inevitable," Opp. at 2, while continuing to avoid responding to Defendants' Motion for Summary Judgment, which is likely to end this litigation altogether. In this regard, we note that F.R.C.P. 23 will be revised on December 1, 2003 to call for a decision on class certification "at an early practicable time," rather than "as soon as practicable." Proposed Amendment of Subdivision (c) to F.R.C.P. 23. This change is designed to, among other things, accommodate the possibility that "[t]he party opposing class certification may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification." Advisory Committee Notes to 2003 Amendments of Subdivision (c)(1) to F.R.C.P. 23. By accommodating a summary judgment motion that precedes a class certification motion, the revised Rule 23 further discredits Plaintiffs' argument that that they should enjoy an extension of several months to oppose summary judgment while Defendants should be denied any extension in opposing class certification.

### B. Plaintiffs Wrongly State that They Do Not Have an Obligation to Respond to Interrogatories 2, 4, 6, 7, 8, and 11.

In arguing that Defendants do not need additional discovery, Plaintiffs state that they need not respond to Interrogatories 2, 4, 6, 7, 8, and 11 of Defendants' Third Set of Interrogatories until Defendants explain why they need responses. *See* Opp. at 3-4. That statement is demonstrably wrong. The Magistrate's September 18, 2003 Ruling states that Defendants' Motion to Compel is "GRANTED IN PART AND DENIED IN PART." As to the interrogatories for which the Motion to Compel was denied, Defendants were allowed to renew

6

them "if, having reviewed the class certification papers, defendants still believe the issues addressed in the requests are more than tangential." *Id.* However, Defendants' Motion to Compel was *granted* in part and the Magistrate's Ruling required "full, sworn responses to Interrogatories 2, 4, 6, 7, 8, and 11." *Id.*

Plaintiffs claim that the Magistrate somehow revised its Order at a hearing on September 30, 2003. Opp. At 3-4. This too is wrong. Plaintiffs did not even seek reconsideration or appeal the Magistrate's Ruling, and so the Ruling has not been revised. Instead, Plaintiffs merely sought an extension of time for their response to these interrogatories. *See* Plaintiffs' Motion for Extension of Time to Supplement Responses to Defendants' Third Set of Interrogatories (Docket 133). During a telephonic conference on that Motion, the Court indicated that it would allow Defendants to file a written response. Defendants did so as part of their Discovery Motion. The only issue now pending before the Court now is whether Plaintiffs are entitled to an extension of time -- *not* whether Plaintiffs ultimately will have to respond.

Furthermore, Plaintiffs' effort to evade these interrogatories provide an excellent example of how they have thwarted the discovery process. Defendants' Third Set of Interrogatories was served on April 29, 2003. *See* Exhibit F to Defendants' Discovery Motion. They asked Plaintiffs for specific information that is plainly related to their class claims. For example, Interrogatory 2 asks Plaintiffs to identify "every instance in which any Defendant exercised control or authority over plan assets." Plaintiffs have not responded to this Interrogatory, but have claimed in their Class Certification Memorandum that "Nationwide exercises authority or control over two types of plan assets." Class Certification Memorandum at 12. Similarly, Interrogatory 6 asked Plaintiffs to "identify each instance in which Defendants breached a fiduciary duty." Plaintiffs have not responded to this Interrogatory, but now claim that a class

7

should be certified because Defendants breached fiduciary duties to the class. *Id.* at 14. It is outrageous that Plaintiffs now advocate that Defendants should be required to oppose class certification before Plaintiffs comply with a Court order compelling them to provide the factual basis for their claims.

### C.    Plaintiffs' Defenses to Additional Discovery Are Without Merit.

Defendants have already explained why they need discovery. *See* Defendants' Discovery Motion at 14-18. Plaintiffs' rebuttal to this showing relies on a series of dubious propositions. *First*, Plaintiffs repeatedly claim that discovery will reveal nothing because Plaintiffs do not know much about their claims or proof. We are told that the Plaintiff Trustees "could provide no useful information" about several subjects relevant to their claims. *See* Opp. at 7-8, 9. Likewise, Plaintiffs' counsel admit that although they told the Court that they will use "market data," "mechanical calculations," and "expert economic testimony" to smooth over any complications that might affect class discovery, Class Certification Memorandum at 35-36, they have no idea what data, calculations, or expert they mean. *See* Opp. at 13-16.[10]

Plaintiffs are wrong to claim that ignorance is a defense to discovery. Instead, Defendants are entitled to ask (and have asked) Plaintiffs to provide formal, sworn responses to simple direct questions about the basis for their class action claims. If Plaintiffs and their counsel have *any* such information, Defendants are entitled to it. If there is no factual basis for

---

[10]    Plaintiffs' reference to an expert testimony on pricing illustrates the difficulty in pinning Plaintiffs down. Plaintiffs first mentioned such testimony in their Class Certification Memorandum, long after the deadline for disclosing experts. *See* Scheduling Order (March 26, 2002) (Docket 44) at 2. Moreover, although Plaintiffs claim in their Class Certification Memorandum to know what the expert will say, they claim that they have not hired any such expert. *See* Opp. at 14. In an effort to soften this inconsistency, Plaintiffs now say that this expert-to-be-named-later will merely testify regarding a "basic economic principle" that is found "in every economic textbook ever written." Opp. at 15. Defendants suspect that those textbooks are as illusory as Plaintiffs' expert -- and are entitled to discovery of both.

8

Plaintiffs' assertions, Defendants are entitled to discover that fact and ask the Court to consider it in assessing Plaintiffs' arguments for class certification. Furthermore, Plaintiffs' claim that they know nothing tends to lessen any delay or burden on them from additional discovery.

*Second*, Plaintiffs claim that Defendants should not be allowed discovery because Defendants already know everything there is to know about the relevant transactions. For example, Plaintiffs assert that Defendants are not entitled to discovery regarding Plaintiffs' claim that mechanical calculations of damages are possible because "they understand far better than Plaintiffs how they can be made." Opp. at 16. However, Defendants do not agree that damages can be mechanically computed here. More generally, Defendants believe that this case should not be certified as a class action. As long as Plaintiffs have contrary beliefs, Defendants are entitled to know the facts on which Plaintiffs rely. It is only after discovery of such facts that Defendants can adequately brief -- and the Court can assess -- Plaintiffs' claim that a class should be certified.

*Third*, Plaintiffs claim that Defendants should have known what Plaintiffs were going to claim before Plaintiffs claimed it. For example, Plaintiffs argue that Defendants were not harmed by Plaintiffs' first mentioning accumulation units on September 8, 2003, because Defendants *should have known* that Plaintiffs would eventually do so. Opp. at 5.[11] This is simply outrageous. Plaintiffs have consistently refused to respond to repeated direct requests for the facts underlying their claims. They now claim that Defendants should have guessed at those facts, and that Defendants should be required to draft their Opposition to Class Certification without any discovery into Plaintiffs' newly-revealed position. In fact, Defendants are entitled to

---

[11]  Similarly, Plaintiffs argue Defendants were not harmed by Plaintiffs first supplying declarations regarding the counterclaims on September 19, 2003 because Defendants should have known that the Trustees would deny that they would be affected by those counterclaims. Opp. at 17-18.

9

a target that does not move -- and an extension until it is clear that such stability has been accomplished.

*Fourth,* Plaintiffs argue that the Magistrate should deny Defendants the opportunity to conduct further discovery by ruling that whole subject matters are irrelevant to class certification. For example, Plaintiffs claim that the details of their method for calculating the amounts of skimmed plan assets "are not relevant to class certification." Opp. at 17. However, Plaintiffs have already argued that the availability of this method was a reason to *grant* class certification. Class Certification Memorandum at 35. This argument should be stricken from Plaintiffs' Motion or be subject to discovery. Plaintiffs cannot have it both ways.[12]

More generally, the Court should not accept Plaintiffs' invitation to require that Defendants provide detailed explanations for any future discovery. It is only after discovery responses are made, and the facts pieced together and briefed by counsel, that the Court should determine which facts are relevant to class certification.[13] To do otherwise would be to inappropriately prejudge the class certification issue itself.

## CONCLUSION

For the reasons set forth above and in Defendants' prior pleadings, Defendants urge the Court to move the deadline for Defendants' Opposition to Class Certification to 60 days after the resolution of Defendants' Discovery Motion.

---

[12] In addition, the Advisory Committee Notes to the imminent amendments to Rule 23 caution courts against "an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" Advisory Committee Notes to 2003 Amendments on Subdivision (c)(1) to F.R.C.P. 23. Instead, "discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial." *Id.*

[13] In addition, such a requirement would punish Defendants for a delay caused by Plaintiffs' untimely disclosures, intrude into attorney work product, and provide Plaintiffs with a tactical advantage by requiring disclosure of the strategy behind each discovery request.

10

Date:  October 23, 2003

Defendants, Nationwide Financial Services Inc. and Nationwide Life Insurance Co.

By:  *Eric Mogilnicki*
Eric Mogilnicki, Esq.
Samuel Broderick-Sokol, Esq.
Mark Bieter, Esq.
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, D.C. 20037
Telephone:    (202) 663-6000
Facsimile:     (202) 663-6363

Charles C. Platt, Esq. (CT 23036)
Wilmer, Cutler & Pickering
399 Park Avenue
New York, NY  10022
Telephone:    (212) 230-8800
Facsimile:     (212) 230-8888

Dennis F. Kerrigan, Jr., Esq. (CT 09621)
Brian O'Donnell, Esq. (CT 16041)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone:    (860) 293-3500
Facsimile:     (860) 293-3555

## **CERTIFICATION**

This is to certify that a true and correct copy of the foregoing Defendants' Reply Memorandum in Support of Defendants' Motion for Interim Extension of Time to Oppose Plaintiffs' Motion for Class Certification and Request for Expedited Consideration was served via facsimile and overnight mail on this 23rd day of October, 2003, on the following counsel of record:

>Richard A. Bieder, Esq.
>Antonio Ponvert III, Esq.
>Koskoff, Koskoff & Bieder
>350 Fairfield Avenue
>Bridgeport, CT 06604
>
>Gregory G. Jones, Esq.
>Law Firm of Gregory G. Jones, P.C.
>603 South Main Street, Suite 200
>Grapevine, TX 76051
>
>Marc R. Stanley, Esq.
>Roger L. Mandel, Esq.
>Stanley, Mandel & Iola
>3100 Monticello Avenue
>Suite 750
>Dallas, TX 75205

_____
Mark Bieter, Esq.