UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 OCT 27 P 2: 40

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et. al., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 01-CV-1552 |
| Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company, | § § § § § | |
| Defendants. | § | October 27, 2003 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
FOR RECONSIDERATION OF CERTAIN PORTIONS
OF MAGISTRATE'S RULING, AND MEMORANDUM IN SUPPORT**

Plaintiffs, Lou Haddock, Peter Wiberg, Allen Gouse, Edward Kaplan, and Dennis A. Ferdon, respectfully submit Plaintiffs' Opposition to Defendants' Motion for Reconsideration of Certain Portions of Magistrate's Ruling, and Memorandum in Support:

I.

**INTRODUCTION**

Defendants, Nationwide Financial Services Inc. and Nationwide Life Insurance Company (collectively, "Nationwide") have requested the Court to reconsider a portion of Paragraph 7 of the Magistrate's September 18, 2003 Rulings Re: Discovery And Scheduling ("Ruling"). The Court should deny Nationwide's request.

-1-

Nationwide has already availed itself of multiple opportunities to demonstrate the applicability of the attorney-client privilege to the materials that are the subject of Nationwide's Motion for Reconsideration. Under the guise of a "motion for reconsideration," it should not have the chance to now make brand new arguments that it could have made months ago. As for the merits, it is almost impossible for Plaintiffs to respond in the absence of seeing the language in question, but based upon Defendants' descriptions, they believe that their previous arguments and the Ruling fully apply to that language.

## II.

### NATIONWIDE PREVIOUSLY HAD SEVERAL CHANCES TO DEMONSTRATE THE APPLICABILITY OF THE ATTORNEY-CLIENT PRIVILEGE TO THE MATERIAL THAT IS THE SUBJECT OF ITS MOTION, AND, ACCORDINGLY, IT SHOULD NOT BE PERMITTED TO URGE NEW ARGUMENTS AT THIS STAGE

As the Court is aware, Nationwide has had several opportunities to carry its burden of demonstrating the applicability of the attorney-client privilege to the documents it seeks to shield from discovery. On March 28, 2003, Plaintiffs filed their Motion to Compel Production of Withheld and Redacted Documents, or, in the Alternative, for *In Camera* Review ("Motion to Compel"). In response, Nationwide filed an Affidavit of Thomas E. Barnes, Esq., on or about May 1, 2003. At that time, in accordance with the usual rules of briefing, Nationwide had the obligation to provide evidence sufficient to prove the applicability of the attorney-client privilege to all of the documents that were the subject of the Motion to Compel.

On June 1, 2003, the Court ordered Plaintiffs to designate ten of the documents from Nationwide's privilege logs for an *in camera* review as a test of the privilege's application to all of the documents listed in the logs . On June 23, 2003, Nationwide submitted to the Court the ten documents that Plaintiffs designated, together with two additional *ex parte* affidavits–another Affidavit of Thomas E. Barnes, Esq., and an Affidavit of Steven Rose. Thus, despite its earlier opportunity to submit argument and evidence supporting its privilege claim–which should have been its one and only opportunity to do so–Nationwide took an undeserved second bite at the apple by submitting the *ex parte* affidavits to the Court in addition to the affidavit it submitted previously.

In response to the Court's September 18, 2003 Ruling ordering disclosure of all or portions of seven of the ten documents submitted for *in camera* review after two attempts by Nationwide to prove the application of the privilege, Nationwide now brazenly attempts to take a *third* bite at the apple in its Motion for Reconsideration. Nationwide disingenuously suggests that its Motion for Reconsideration is appropriate because the Court ostensibly overlooked controlling decisions or factual matters previously put before it. *See* Memorandum of Law in Support of Defendants' Motion for Reconsideration at 4, citing *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000).

In truth, Nationwide's Motion for Reconsideration almost exclusively contains new arguments and authorities that Nationwide did *not* previously put before the Court. Thus, under the guise of "reconsideration," Nationwide submits

-3-

new arguments and new case authorities despite having had ample opportunity to make those arguments and cite those cases on a timely basis in the past and with no explanation as to why it did not previously do so.

Indeed, Nationwide filed a Memorandum of Law in response to Plaintiffs' Objections to Defendants' *Ex Parte* Affidavits in Support of Privilege Claims on or about August 22, 2003. Nationwide could have made the arguments it now makes, and cited the authorities it now cites, in that Memorandum of Law. However, Nationwide did not do so. Not until the Court ordered Nationwide to disclose certain portions of the documents submitted for *in camera* review did Nationwide choose to make the arguments it now makes for the very first time under the guise of a "motion for reconsideration."

This Court should summarily deny Nationwide's Motion for Reconsideration. Nationwide did not deserve the second bite at the apple it took, and it certainly does not deserve a third. After seven months, this issue should be resolved, and Nationwide should produce the documents in issue and all similar documents.

### III.

**NATIONWIDE CONCEDED THAT THE COURT RULED CORRECTLY IN ORDERING NATIONWIDE TO DISCLOSE MUCH OF THE MATERIAL IT REVIEWED *IN CAMERA*, THEREBY REINFORCING THE PROPRIETY OF THE COURT'S RULING**

The Court's Ruling of September 18, 2003 required Nationwide to disclose to Plaintiffs all of Document Nos. 4, 7, 8, 9 and 10, and portions of Document Nos. 1 and 6. By requesting the Court to review its Ruling only as to limited portions of

Document Nos. 1, 6 ,8, and 9, Nationwide has conceded that the Court ruled correctly in ordering Nationwide to disclose Document Nos. 4, 7, and 10.

In its Motion for Reconsideration, Nationwide never attempts to reconcile the discrepancy between its concession that Document Nos. 4, 7, and 10 are subject to disclosure and its assertion that limited portions of Document Nos. 1, 6, 8 and 9 require further consideration by the Court. In the Ruling, the Court stated: *"The Court concludes that the privilege has been asserted too broadly in some instances. The notion of protecting documents 'reflecting' legal advice or requests for advice has been used to cover information that is, in some instances, not sufficiently confidential or addresses substantially non-legal concerns."*

Presumably, the Court was persuaded by the argument and authority contained in Plaintiffs' Objections to Defendants' *Ex Parte* Affidavits in Support of Privilege Claims, filed on or about August 11, 2003. In particular, Plaintiffs' Objections argued that the *ex parte* affidavits described only documents disclosing the fact of legal consultation, as opposed to documents constituting such consultation, and, additionally, that the documents were all widely-distributed and inherently non-confidential document types– such as meeting minutes and memoranda– to which the attorney-client privilege does not attach. *See* Plaintiffs' Objections to Defendants' *Ex Parte* Affidavits in Support of Privilege Claims at 8-13 and the authorities cited therein.

Plaintiffs remain at a disadvantage in arguing against the applicability of the attorney-client privilege based only on Defendants' descriptions of the material at

issue; nevertheless, Plaintiffs contend that the same arguments and authorities that aided the Court's determination in the Rulings that the attorney-client privilege does not apply to all or parts of Document Nos. 1, 4, 6, 7, 8, 9 and 10 remain dispositive, notwithstanding Defendants' Motion for Reconsideration.

This is underscored by Defendants' failure to explain why they believe the Court ruled correctly in ordering them to produce Document Nos. 4, 7, and 10 as a result of Defendants' overbroad assertion of the privilege, while at the same time insinuating that only limited portions of the remaining four documents are privileged. This Court should deny Defendants' Motion for Reconsideration accordingly.

## V.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court to deny Nationwide's Motion for Reconsideration of Certain Portions of Magistrate's Ruling in its entirety, and to grant them all such other and further relief, general of special, legal or equitable, to which they may be justly entitled.

Respectfully submitted,

*[signature]*

Richard A. Bieder
Federal Bar No. ct04208
Antonio Ponvert, III
Federal Bar No. ct17516

KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)


Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel
Federal Bar No. ct18180

STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
214-443-4300
214-443-0358 (Fax)
Gregory G. Jones
Federal Bar No. ct23443


LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

**PLAINTIFFS' COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were served this 27th day of October, 2003, upon the following counsel via the methods indicated:

| | |
|---|---|
| Dennis F. Kerrigan, Jr.<br>LeBoeuf, Lamb, Greene & MacRae<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06103 | ☐ via certified mail, return<br>☐ via fax 860/293-3555<br>☒ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand delivery |
| Charles C. Platt<br>Wilmer Cutler & Pickering<br>399 Park Avenue<br>New York, NY 10022 | ☐ via certified mail, return<br>☐ via fax 212/230-8888<br>☒ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand delivery |
| Eric J. Mogilnicki<br>Wilmer, Cutler & Pickering<br>2445 M. Street, N.W.<br>Washington, DC 20037 | ☐ via certified mail, return<br>☐ via fax 202/663-6363<br>☒ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand delivery |

_____
Richard A. Bieder