UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et. al., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 01-CV-1552 |
| Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company, | § § § § § | |
| Defendants. | § | October 22, 2003 |

**PLAINTIFFS' MOTION TO AMEND ORDER GRANTING STAY
AND TO COMPEL PRODUCTION OF DOCUMENTS,
AND MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

1.     On June 1, 2003, the Court directed Plaintiffs to designate ten partially or completely withheld documents listed on Defendants' privilege logs for *in camera* review by the Court. (Exhibit "A" hereto). The stated purpose of the *in camera* review was to allow the Court to test its tentative belief that Defendants had successfully proven the application of the attorney-client privilege to the documents listed in Defendants' privilege logs. (Exhibit "A" hereto). Thus, the Court's review was not limited to determining whether Defendants had to produce only the ten designated documents. (Exhibit "A" hereto).

2.     On September 18, 2003, the Court entered its Rulings Re: Discovery and Scheduling ("Rulings") (Exhibit "B" hereto). In Paragraph 7 of the Rulings, the Court held, contrary to its initial belief, that the attorney-client privilege was

**ORAL ARGUMENT REQUESTED**     -1-

not applicable to all the documents withheld by Defendants, and it ordered them to produce in their entirety several withheld documents, along with redacted portions of other documents, from the ten documents the Court had reviewed *in camera*. The Court gave Defendants ten days from the date of the Rulings to produce the documents.

3. On September 25, 2003, Plaintiffs wrote to Defendants to remind Defendants that the purpose of the Court's *in camera* review was to determine whether Defendants could permissibly shield from discovery all of the documents listed on Defendants' privilege logs, not merely the ten documents that the Court reviewed *in camera*, which ten documents the Court intended to serve as a representative sample of the much larger set of documents Defendants refused to produce to Plaintiffs. (Exhibit "C" hereto). In their September 25, 2003 letter, Plaintiffs identified specific privilege log documents that Plaintiffs believe fall within the scope of the Rulings, and they requested Defendants to either produce these documents or respond in detail as to why Defendants contend such documents are not subject to disclosure. Defendants, however, did not respond to Plaintiffs' September 25, 2003 letter with either a supplemental document production or a detailed response.

4. Instead, Defendants advised Plaintiffs in telephone conversations that Defendants intended to move for reconsideration of Paragraph 7 of the Rulings, and they requested Plaintiffs to agree to a stay of Paragraph 7 of the Rulings pending a ruling on the motion for reconsideration. Plaintiffs, believing that Defendants would request the Court to revisit each and every part of Paragraph

7 of the Rulings, agreed to a stay of that entire Paragraph.

5.   On September 29, 2003, Defendants submitted their Motion to Stay Certain Portions of Magistrate's Ruling, and a proposed order granting same, in which Defendants requested a stay of the entirety of Paragraph 7 of the Rulings. On September 30, 2003, the Magistrate granted the stay by signing the form of order submitted by Defendants. (Exhibit "D" hereto). Had Plaintiffs known that Defendants intended to challenge only a portion of Paragraph 7 of the Rulings, they would have objected to the proposed order granting a stay of the entire Paragraph.

6.   On October 6, 2003, Defendants filed their Motion for Reconsideration of Certain Portions of Magistrate's Ruling. To Plaintiffs' surprise, Defendants' Motion for Reconsideration did not seek reconsideration of the entirety of Paragraph 7 of the Rulings. Instead, it sought reconsideration of only certain portions of four of the documents the Court ordered produced in Paragraph 7 of the Rulings. Defendants thus conceded that they have no basis for withholding those documents and portions of documents that the Court ordered them to produce as to which they do not seek reconsideration.

7.   On October 8, 2003, Plaintiffs wrote to Defendants and requested them to immediately produce all documents and portions of documents that Defendants were specifically ordered to produce in Paragraph 7 of the Rulings as to which Defendants do not seek reconsideration. (Exhibit "E" hereto). Plaintiffs also referenced their September 25, 2003 letter to Defendants and asked Defendants to either produce all other withheld documents that fall within the scope of the

portions of Paragraph 7 of the Rulings as to which Defendants do not seek reconsideration or provide a detailed response as to why Defendants contend that they need not produce them.

8.  Defendants responded to Plaintiffs' letters only with a perfunctory refusal to produce any documents whatsoever. (Exhibit "F" hereto). Accordingly, Plaintiffs are forced to seek the Court's intervention in ensuring Defendants' compliance with their undisputed discovery obligations.

## II. ARGUMENT

A.  **DEFENDANTS MUST IMMEDIATELY PRODUCE THOSE SPECIFIC DOCUMENTS ORDERED PRODUCED BY THE COURT AS TO WHICH THEY DO NOT SEEK RECONSIDERATION.**

9.  As the Court is aware, it recently ordered Defendants to disclose all, or portions of, seven of the ten documents that the Court reviewed *in camera* in connection with its determination of the applicability of the attorney-client privilege to all of the documents listed in Defendants' privilege logs. In Paragraph 7 of the Rulings, the Court ordered:

> 7.  *The Court has reviewed the ten documents submitted in camera pursuant to privilege claims. The Court concludes that the privilege has been asserted too broadly in some instances. The notion of protecting documents "reflecting" legal advice or requests for advice has been used to cover information that is, in some instances, not sufficiently confidential or addresses substantially non-legal concerns.*
>
> *Each document is addressed below:*
>
> > 1.  *Defendants are to disclose the part of 013890 extending from the top through the sentence in "Background" ending in the word "ERISA." The remainder need not be disclosed.*

> \*\*\*
>
> 4.   *Defendants are to disclose the fourth document*
>
> \*\*\*
>
> 6.   *The defendants are to disclose the portion of the sixth document running from the top of 013810 through sentence ending in "revenues" in second full paragraph on 013811. The remainder need not be disclosed.*
>
> 7.   *The defendants are to disclose all of the seventh document.*
>
> 8.   *The defendants are to disclose all of the eight document.*
>
> 9.   *The defendants are to disclose all of the ninth document.*
>
> 10.  *The defendants are to disclose the tenth document.*
>
> *Disclosure is to be effected within ten days.*

10.   As set forth above, the Court granted Defendants' requested stay of the entirety of Paragraph 7 of the Rulings on September 30, 2003. As also set forth above, Plaintiffs did not object to the form of the Order because they believed Defendants were seeking reconsideration of Paragraph 7 in its entirety.

11.   In the Motion for Reconsideration, Defendants do not request the Court to reconsider the entirety of Paragraph 7 of the Rulings. In fact, Defendants make no mention at all of Document Nos. 4, 7, and 10 referenced in Paragraph 7 of the Rulings which this Court ordered Defendants to produce to Plaintiffs. Additionally, Defendants only request reconsideration of specific portions of the remaining four documents which the Court ordered Defendants to disclose in part:

as to Document No. 1, Defendants seek reconsideration of only the first sentence of the second paragraph of the section entitled "Background;" as to Document No. 6, Defendants only seek reconsideration of the portion of the document as to which disclosure was ordered beginning with the second paragraph; as to Document No. 8, Defendants seek reconsideration only as to the first redaction and the portion of the second redaction following its first three sentences; as to Document No. 9, Defendants seek reconsideration only of the first and second redacted portions.

12. In light of the foregoing, Plaintiffs request the Court to amend its September 30, 2003 Order to limit the stay of paragraph 7 of the Rulings to only those portions of paragraph 7 as to which Defendants have moved for reconsideration. The proposed Order that Plaintiffs submit herewith conforms the stay to the relief Defendants request in their Motion for Reconsideration.

B. *DEFENDANTS MUST ALSO PRODUCE THOSE DOCUMENTS THAT FALL WITHIN THE SCOPE OF THE RULINGS AS TO WHICH THEY DO NOT SEEK RECONSIDERATION.*

13. In their September 25, 2003 letter, Plaintiffs reminded Defendants that the purpose of the Court's *in camera* review was to determine whether Defendants could shield from discovery all of the documents listed on Defendants' privilege logs, not merely the sample of ten documents submitted for *in camera* review as a test. (Exhibits "A" and "C" hereto). In that letter, Plaintiffs also identified specific documents from Defendants' privilege logs that Plaintiffs believe fall within the scope of Paragraph 7 of the Rulings, and they requested Defendants to either produce these documents or to explain in detail why Defendants contend that the documents should not be produced. After Defendants filed the motion for

reconsideration, Plaintiffs reiterated this request in Plaintiffs' October 8, 2003 letter to Defendants (Exhibit "E" hereto) as to the Court's rulings on Documents Nos. 4, 7, and 10 ordered produced in Paragraph 7 of the Rulings and as to which Defendants have not moved for reconsideration. Defendants, however, refused to produce any documents. (Exhibit "F" hereto).

14. Just as Defendants have no basis for withholding Document Nos. 4, 7, and 10 ordered produced in Paragraph 7 of the Rulings, given that they do not seek reconsideration of the Rulings as to these documents, they have no basis for withholding similar documents. Accordingly, Defendants should immediately produce to Plaintiffs not only those three documents, but also all privilege log documents that fall within the scope of the Court's rulings on those documents.

15. Based on similarities between the authors and recipients of those three documents and those listed in the privilege logs and on Defendants' descriptions in the privilege logs of the general subject matter of the withheld documents and portions of documents, Plaintiffs have identified documents listed on Defendants' privilege logs that appear sufficiently similar to Document Nos. 4, 7 and 10 so as to likely fall within the scope of the Court's rulings on those documents. (Exhibit "C" hereto). Plaintiffs previously identified those documents in the September 25, 2003 letter.

16. Plaintiffs accordingly assert that Defendants should produce Document Nos. 11, 16, 17, 18, 19, 20, 21, 23, 24, 25, 27, 28, 29, 31, 32, 38, 40, 42, 43, 44, 48, 49, and 51 from Defendants' April 23, 2003 privilege log (Exhibit "G" hereto),

and Document Nos. 1, 2, 5, 24, 25, 26, 27, 28, 29, 30, 36, and 38 from Defendants' August 12, 2003 privilege log (Exhibit "H" hereto) as within the scope of the Court's ruling on Document No. 4 as referenced in Paragraph 7 of the Rulings. Likewise, Plaintiffs request that Defendants produce Document No. 50 from the April 23, 2003 privilege log (Exhibit "G" hereto) and Document No. 4 from the August 12, 2003 privilege log (Exhibit "H" hereto) as within the scope of the Court's ruling on Document No. 10 listed in Paragraph 7 of the Rulings, and that Defendants produce Document Nos. 39, 46, and 47 from the April 23, 2003 privilege log (Exhibit "G" hereto) and Document Nos. 23 and 35 from the August 12, 2003 privilege log (Exhibit "H" hereto) as within the scope of the Court's ruling on Document No. 7 as provided in Paragraph 7 of the Rulings.

17. The Court should order Defendants to produce all of these documents to Plaintiffs, as they fall within the scope of the Court's rulings on Document Nos. 4, 7, and 10 listed in Paragraph 7 of the Rulings as to which Defendants do not seek reconsideration. This is consistent with the intent of the Court's June 1, 2003 Order directing Plaintiffs to designate ten documents for an *in camera* review so the Court could test the propriety of Defendants' withholding all the documents listed on its privilege logs.

18. Alternatively, should Defendants now contend that any of the documents Plaintiffs have identified as falling within the scope of Document Nos. 4, 7, and 10 are not subject to disclosure, and should the Court believe Defendants have not already had sufficient opportunity to prove the applicability of the

attorney-client privilege to those documents, the Court should order Defendants to submit the documents identified by Plaintiffs to it for *in camera* review.

### III.   <u>CONCLUSION</u>

19.   Plaintiffs ask the Court to amend the Order granting Defendants a stay of Paragraph 7 of the Rulings so as to stay the paragraph only as to the portions of the documents as to which Defendants request reconsideration.  Plaintiffs also ask the Court to order Defendants to produce all other withheld documents that fall within the scope of the Rulings as to which they do not seek reconsideration. Plaintiffs additionally request that the Court to grant them all such other and further relief to which they may be justly entitled.

        Respectfully submitted,

        _____
        Marc R. Stanley
        Federal Bar No. ct18179
        Roger L. Mandel
        Federal Bar No. ct18180

        STANLEY, MANDEL & IOLA, L.L.P.
        3100 Monticello Avenue, Suite 750
        Dallas, Texas  75205
        214-443-4300
        214-443-0358 (Fax)

Richard A. Bieder
Federal Bar No. ct04208
Antonio Ponvert, III
Federal Bar No. ct17516

KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)

Gregory G. Jones
Federal Bar No. ct23443

LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

**PLAINTIFFS' COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were served this ___ day of October, 2003, upon the following counsel via the methods indicated:

| | |
|---|---|
| Dennis F. Kerrigan, Jr.<br>LeBoeuf, Lamb, Greene & MacRae<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06103 | " via certified mail, return receipt requested<br>" via fax 860/293-3555<br>" via first-class, U.S. mail<br>" via overnight delivery<br>" via hand delivery |
| Charles C. Platt<br>Wilmer Cutler & Pickering<br>399 Park Avenue<br>New York, NY 10022 | " via certified mail, return receipt requested<br>" via fax 212/230-8888<br>" via first-class, U.S. mail<br>" via overnight delivery<br>" via hand deliver |
| Eric J. Mogilnicki<br>Wilmer Cutler & Pickering<br>2445 M Street, N.W.<br>Washington, D.C. 20037 | " via certified mail, return receipt requested<br>" via fax 202/663-6363<br>" via first-class, U.S. mail<br>" via overnight delivery<br>" via hand deliver |

                                                                        _____
                                                                        Roger L. Mandel