|  |  |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, PETER WIBERG, as trustee of the Crown Tool & Die Deferred Compensation Plan, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center Deferred Compensation Plan, RONALD SIMON as trustee of the Hartford Roofing, Inc. Deferred Compensation Plan, CARL ANDERSON as trustee of the Anderson & Ferdon Deferred Compensation Plan, <br><br>        PLAINTIFFS, <br><br>        v. <br><br>NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO., <br><br>        DEFENDANTS. | CIVIL ACTION NO.: <br><br>3:01CV1552(CFD) <br><br><br>November 10, 2003  |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF CERTAIN PORTIONS OF MAGISTRATE'S RULING

Pursuant to Local Rule 7(c), Defendants Nationwide Financial Services, Inc. and Nationwide Life Insurance Company (collectively, "Nationwide" or "Defendants") have filed a motion and accompanying memorandum "setting forth concisely the matters . . . which counsel believes the Court overlooked," in its Magistrate's Ruling Re: Discovery and Scheduling of September 18, 2003 (Docket No. 126) ("Ruling").

The Motion highlights compelling privilege issues in a handful of documents previously hidden by a "mountain range" of paper. Ruling at 1. As is demonstrated below, Plaintiffs have

offered no reason why the Court should not consider and accept Defendants' arguments that the relevant documents are in fact privileged.[1]

I.   **Defendants' Request for Reconsideration Rests on Previously Asserted Facts and Legal Principles.**

Reconsideration is appropriate here, where Nationwide is merely seeking to focus the Court's attention on arguments and details about the documents that may have been obscured by the sheer volume of paper before the Court. *See Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (*per curiam*) (reconsideration is merited if "the Court overlooked controlling decisions or factual matters that were put before it . . . ."). Nationwide's request for reconsideration is limited to four documents: a sentence in Document 1, four paragraphs in Document 6, and redactions in Documents 8 and 9. *See* Mem. of Law in Supp. of Defs.' Mot. for Reconsideration ("Defs.' Mem.") at 4-11. Each contains privileged material.

The fundamental arguments made in Nationwide's motion for reconsideration were set forth in its previous submissions to the Court, including Defendants' opposition to Plaintiffs' Motion to Compel Production of Privileged Documents, and affidavits from Nationwide executives and attorneys attesting to the privileged nature of these documents. *See* Defs.' Mem. of Law in Opp'n to Pl.'s Mot. to Compel Production of Privileged Docs. (Docket No. 90) ("Defs.' Opp. Mem."); Affidavit of Thomas E. Barnes (April 30, 2003) (Docket No. 91) ("Barnes Aff. I"); Ex Parte Affidavit of Thomas E. Barnes (June 23, 2003) (Docket No. 111) ("Barnes Aff. II"); Ex Parte Affidavit of Steven J. Rose (June 23, 2003) (Docket No. 111) ("Rose

---

[1]   Plaintiffs have also filed a Motion to Amend Order Granting Stay and to Compel Production of Documents. That separate Motion also deals with privilege issues, and Defendants will file an opposition to it by November 13, 2003.

2

Aff."). Plaintiffs' statement that Nationwide's current motion "almost exclusively contains new arguments and authorities that Nationwide did *not* previously put before the Court," Pls.' Opp. to Defs.' Mot. for Reconsideration ("Pls.' Opp.") at 3, is baseless. Indeed, Plaintiffs do not cite even a single example of these allegedly "new arguments and new case authorities," Pls.' Opp. at 4. To be sure, Nationwide does cite some new cases, but those either address the legal standard for reconsideration itself,[2/] or simply bolster the legal authorities and principles that Defendants relied upon in their opposition to the Motion to Compel.[3/] Furthermore, the limitation on new material in a motion for reconsideration extends only to "new facts or concepts," not additional authorities. *Goel v. U.S. Dep't of Justice*, No. 03 Civ. 0579 (HB), 2003 WL 22471945, at *2 (S.D.N.Y. Oct. 30, 2003). (Copies of unpublished cases cited herein are attached as Exhibit A.)

Nationwide's elaborations on its prior arguments are particularly appropriate in light of the strong likelihood that the unadorned facts may have been "overlooked . . . on the underlying motion." *Eisemann*, 204 F.3d at 395 n. 2. Defendants urge the Court to re-examine the documents with special care, in light of Nationwide's concern with averting any claims of subject matter waiver and "the underlying purpose of the privilege . . . to encourage free communication between attorney and client." *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 443 (S.D.N.Y. 1995).

---

[2/]   *See, e.g., Eisemann v. Greene*, 204 F.3d 393, 385 n.2 (2d Cir. 2000) (*per curiam*); *Bristol Tech., Inc. v. Microsoft Corp.*, 127 F. Supp. 2d 61 (D. Conn. 2000); *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815 (KMW)(HBP), 2000 WL 943415 (S.D.N.Y. July 10, 2000), cited in Defs.' Mem. at 4, 10.

[3/]   *Compare* Defs.' Opp. Mem. at 5-6 (citing *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995) and other cases for the principle that conveyance of privileged information by a non-lawyer does not waive the privilege) to Defs.' Mem. at 9 & 5-6 (same).

3

Defendants' motion for reconsideration is essentially the same as that in *Softview Computer Products Corp. v. Haworth, Inc.*, No. 97 Civ. 8815 (KMW)(HBP), 2000 WL 943415 (S.D.N.Y. July 10, 2000). In *Softview*, the court re-examined ten disputed documents that it had ordered defendant to produce, taking into account for each the defendant's arguments "that the Court overlooked certain factual matters regarding the ten documents in issue that would have led to a finding that these documents are privileged." *Id.* at 2. Ultimately, taking defendant's detailed factual explanations into account, the *Softview* court determined that nine of the ten documents were privileged in whole or in part. *See id.* at 2-4. The same procedure and result are warranted here.

Furthermore, it would have been impractical for Nationwide to provide this type of detailed factual explanation for each of the documents listed on its privilege log. Thus, while Nationwide has consistently provided the basic factual justification for its decision to withhold each document as privileged, it has also reserved its right to provide greater detail on specific documents as needed. *See* Defs.' Opp. Mem. at 2 n.1 ("Should the Court desire *in camera* review of any documents, defendants will provide them for that purpose. In addition, should the Court consider the privilege as to any individual documents, defendants request the opportunity to address the facts surrounding those individual documents at that time."). Moreover, parts of Nationwide's factual analysis in the motion for reconsideration could not have been made earlier, as they draw upon similarities between the disputed documents and the Court's upholding of privilege determinations as to other documents or passages. *See infra* at II.B.

## II. Defendants' Motion for Reconsideration Should be Granted.

Defendants' Motion for Reconsideration seeks to focus the Court on particular documents and to assist the Court in upholding the privilege in a consistent manner.

A.   **Each of the Relevant Passages is Privileged.**

1.   **Document 1**

Defendants ask the Court to reconsider its Ruling with respect to Document 1 (N 013890-91) to add one additional sentence to the portion the Court has held need not be disclosed. A close review of that passage, and the facts relating to it, demonstrates that it is privileged.

As Defendants previously indicated, on January 22, 1993, two Nationwide attorneys, Jonathan Beck and Fred Kelsven, met with two employees of the Nationwide's Compliance Department. *See* Defs.' Mem. at 4 (citing Barnes Aff. II at ¶¶ 5-6). Beck and Kelvsen "were acting in their capacity as attorneys at the time." Barnes Aff. II ¶ 6. There is no dispute that legal issues were under discussion during the meeting, or that the majority of the discussion memorialized in the minutes is privileged. *Id.* ¶ 8; Ruling at ¶ 7(1) (holding that portions of Document 1 may be withheld on the basis of attorney-client privilege); Defs.' Mem. at 5. Plaintiffs do not challenge any of these facts.

The disputed sentence begins the discussion of legal issues, and provides a framework and context for the remainder of the privileged discussion. *See* Defs.' Mem. at 5. Indeed, it describes ERISA issues and Nationwide. As such, it is plainly entitled to protection, either as "advice rendered by the attorney to the client" at the January 22, 1993 meeting, or as a "communication[] among corporate employees that reflect[s] advice rendered by counsel to the corporation" on an earlier occasion. *Bank Brussels Lambert*, 160 F.R.D. at 442. The beginning of the second paragraph reflects the meeting's shift from ministerial, introductory matters (a list of the attendees, a statement of the meeting objective, and an initial paragraph of background information regarding industry-wide practices), to a specific discussion of legal issues affecting Nationwide. *See* Defs.' Mem. at 5. The redaction of the first sentence of the second paragraph,

in addition to the portions that already need not be produced, is essential to protect privileged communications between Defendants and their counsel.

### 2. Document 6

Nationwide requests that the Court reconsider its decision and permit redaction of the second, third, fourth and fifth paragraphs of Document 6 (N 013810-16) in their entirety.

Plaintiffs do not dispute the basic facts: Document 6 is a November 17, 1993 memo from the Pensions Management Team. *See* Defs.' Mem. at 6 (citing Barnes Aff. II ¶¶ 21-22). Three attorneys were recipients of the memorandum, and Barnes has confirmed the document "is a confidential communication reflecting the request for legal advice." Barnes Aff. II ¶ 23. The Court has already ruled that the second sentence of the fifth paragraph and the remainder of the document following it need not be disclosed. *See* Ruling at ¶ 7(6).

Document 6 is infused with legal advice. *See* Defs.' Mem. at 8 (citing *Ford Motor Co. v. Kelly*, 110 F.3d 954, 966 (3d Cir. 1997)). Document 6 "relays" legal advice, distilling attorney-client communications into a succinct format for submission from one group of corporate decision makers to another. *See* Barnes Aff. II ¶ 22; *Bank Brussels Lambert*, 160 F.R.D. at 442 (privilege is not waived if an employee "relays legal advice to another") (internal quotation omitted). Document 6 "characterizes legal advice sought and obtained by a[n] . . . employee; therefore, it is within the scope of the attorney-client privilege." *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2003 WL 22389169, at *3 (S.D.N.Y. Oct. 21, 2003).

The second paragraph of Document 6 begins with a discussion as to the legal status of Nationwide and affiliates and the effect under ERISA of certain actions by these entities. The document continues with a description and legal analysis of the results of investigations performed by or at the direction of counsel (the third paragraph). The fourth paragraph consists

6

of a discussion of *legal* issues and *legal* alternatives. Indeed, this discussion is followed by a statement that the General Counsel, among others, had examined these alternatives. It is therefore plain that Nationwide is entitled to withhold these portions of Document 6 as privileged. *See* Defs.' Mem. at 7; Barnes Aff. II ¶ 23.

### 3. Document 8

Defendants urge the Court to reconsider its Ruling ordering them to produce Document 8 (N 013533-34), the minutes of a July 7, 1995 Mutual Fund Implementation Team meeting, in its entirety. Defendants ask that the Court allow redaction of the paragraph under subheading 2 and a part of the paragraph under subheading 3.

All of the paragraph between "2. Collections" and "3. Filings" relates to remarks by in-house counsel, and the effect of those remarks on certain Nationwide practices. *See* Defs.' Mem. at 9 (citing Rose Aff. ¶ 16). This recounting of a "confidential communication" from the Office of General Counsel, Rose Aff. ¶ 16, retains its privileged status despite its communication by a non-lawyer employee to other employees. *See Bank Brussels Lambert*, 160 F.R.D. at 442; *see also In re Currency Conversion Fee Antitrust Litig.*, 2003 WL 22389169, at *3. As Defendants have previously noted, these minutes were circulated on a strictly need-to-know basis in order to preserve the attorney-client privilege attached to the original communication. *See* Defs.' Mem. at 9-10 n.2; Defs.' Opp. Mem. at 6-7; Barnes Aff. II ¶ 11; Rose Aff. ¶ 4.

Nationwide's proposed redaction of the fourth sentence of the paragraph below "3. Filings" concerns a direct request to an attorney, Brian Burke, to provide targeted legal advice in advance of the next team meeting. *See* Rose Aff. ¶¶ 6, 17. The proposed redaction details this request for legal advice. *See* Defs.' Mem. at 9; *Bank Brussels Lambert*, 160 F.R.D. at 441-2

7

("[I]t is now well-established that the privilege attaches . . . to communications by the client to the attorney . . . .").

### 4. Document 9

With regard to Document 9 (N 013526-28), the minutes from the September 1, 1995 meeting of the Mutual Fund Revenue Implementation Team, Nationwide seeks reconsideration of the Court's Ruling regarding its first and second redactions. Both of these passages reflect the solicitation of legal advice from attorneys in the Compliance Department. *See* Defs.' Mem. at 10 (citing Rose Aff. ¶¶ 20-21); *see also* Rose Aff. at ¶ 8 ("Where the communication of legal advice was requested of the Compliance Department, it was understood that the communication of legal advice was requested of and provided by attorneys in the Compliance Department."). Such explicit requests for legal advice are unquestionably privileged. *See* Defs.' Mem. at 10 (citing *Softview*, 2000 WL 943415 at *4) (granting motion for reconsideration when "re-examination" by the Court revealed that the document "contain[ed] a request for legal advice")); *see also Bank Brussels Lambert*, 160 F.R.D. at 441-42.

### B. Reconsideration Would Yield a More Consistent Approach to Privilege Determinations.

Reconsideration is warranted when it promotes consistency in privilege determinations. *See Bristol Tech., Inc. v. Microsoft Corp.*, 127 F. Supp. 2d 61, 63 (D. Conn. 2000) (granting motion for reconsideration and "adjust[ing] the language of the order[] . . . to more accurately reflect [the Court's] original findings."). Consistent with the determination that substantial portions of Document 1 may be withheld as privileged, Defendants ask the Court to approve redaction of one additional sentence in that document. The additional sentence provides the introduction and summary of the privileged section. *See supra* at 4-5. Similarly, a comparison between Document 5 (which the Court has already held to be privileged in its entirety, *see*

8

Ruling ¶7(5)) and the disputed portions of Document 6 indicates a significant overlap in substance. Both documents relate to options that were formed and evaluated with the assistance of Nationwide's General Counsel.

Rather than addressing Defendants' common-sense contention that similar issues should be treated in a similar fashion when assessing privilege, Plaintiffs attempt to manufacture tension between Nationwide's narrow motion for reconsideration and its initial, universal opposition to Plaintiff's Motion to Compel. In particular, Plaintiffs treat the focused reconsideration motion as a concession that Nationwide is in agreement with all other aspects of paragraph 7 of the September 18, 2003 Ruling. *See* Pls.' Opp. at 5. Defendants have explicitly explained that they are not making any concessions. *See* Defs.' Mem. at 2 ("Defendants do not hereby concede that *any* portion of the Defendants' claims of privilege was erroneous."). Instead, Nationwide has reasonably determined that it should focus its request for reconsideration on those issues where it believes it has the best chance of persuading the Magistrate Judge to alter his initial ruling.

Plaintiffs also seem to misread the Court's conclusion that "the privilege has been asserted too broadly in *some* instances," Ruling ¶ 7 (emphasis added), as a wholesale acceptance of Plaintiffs' previously asserted general objections. *See* Pls.' Opp. at 5.[4/] To the contrary, the

---

[4/] Plaintiffs contend that the documents memorialize the mere "fact of legal consultation," rather than its substance; and claim that certain other documents are "inherently non-confidential document types," like meeting minutes. Pls.' Mot. at 5. Defendants have previously rebutted these arguments, *see* Defs.' Opp. Mem. at 5-6; Defs.' Mem. at 5-6, 8; *supra* at 6-7. In short, a request from a client to an attorney asking for the answer to a specific legal question is privileged, *see, e.g., SR Int'l Bus. Ins. Co. v. World Trade Center Props. LLC*, No. 01 CIV. 9291 (JSM), 2002 WL 1455346 at *5 (S.D.N.Y. July 3, 2002) ("communications from . . . employees to counsel, that contain or seek legal . . . advice and information, are privileged."), and the confidentiality of a document is determined, not by its type, but by its substance. *See, e.g., Welch v. Bd. of Dirs.*, 146 F.R.D. 131, 139 (E.D. Pa. 1989); Ruling at ¶ 7(1) (holding that substantial portions of meeting minutes need not be disclosed on privilege grounds).

9

Court's Ruling that five of the ten documents were privileged in whole or in part demonstrates that each document must be analyzed to assess the privilege claim.

### III. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Motion for Reconsideration of Certain Portions of Magistrate's Ruling and Memorandum in support thereof, Defendants respectfully request that the Court grant their motion pursuant to Local Rule 7(c).

**Date:** November 10, 2003

By: *[signature]*

Defendants, Nationwide Financial Services Inc. and Nationwide Life Insurance Co.

Eric Mogilnicki, Esq.
Samuel Broderick-Sokol, Esq.
Mark Bieter, Esq.
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, D.C. 20037
Telephone:   (202) 663-6000
Facsimile:    (202) 663-6363

Dennis F. Kerrigan, Jr., Esq. (CT 09621)
Brian O'Donnell, Esq. (CT 16041)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone:   (860) 293-3500
Facsimile:    (860) 293-3555

Charles C. Platt, Esq. (CT 23036)
Wilmer, Cutler & Pickering
399 Park Avenue
New York, NY 10022
New York, NY 10019-5389
Telephone:   (212) 230-8800
Facsimile:    (212) 230-8888