UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et. al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 01-CV-1552 (CFD) |
| Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company, | § § § § | |
| Defendants. | § § | November 21, 2003 |

**PLAINTIFFS' MEMORANDUM IN REPLY TO
DEFENDANTS' MEMORANDUM IN RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants have conceded that the relief requested by Plaintiffs should be granted in part. First, they agree that the Court should order them to produce the *in camera* documents previously ordered produced by the Court which are not subject to Defendants' Motion for Reconsideration. Second, they ask the Court to order them to produce other withheld documents which they will identify as falling within the scope of the Court's rulings on the *in camera* documents that are not subject to Defendants' Motion for Reconsideration. Third, and finally, they ask the Court to order that production of such documents by Defendants will not constitute a waiver of any privilege with regard to any other documents or information.

-1-

Plaintiffs do not disagree with any of Defendants' requests.

As to the first, during the hearing on November 6, 2003, the Court stated that it thought Defendants should go ahead and produce the *in camera* documents that are not subject to Defendants' Motion for Reconsideration, and Defendants agreed to do so. Accordingly, Defendants' first position only offers what Defendants had already agreed to do at this Court's insistence. The Court should order Defendants to produce these documents within two days of its Order or by December 24, 2003 (when Plaintiffs' thirty days for drafting the class certification reply memorandum begin to run), whichever is earlier.

As to Defendants' second request, Plaintiffs certainly have no objection to Defendants voluntarily producing those documents which they concede fall within the scope of this Court's rulings on the *in camera* documents that are not subject to Defendants' Motion for Reconsideration. Plaintiffs suggest the Court order Defendants to do so within seven days of the date of its Order or by December 24, 2003 (when Plaintiffs' thirty days for drafting their class certification reply memorandum begins to run), whichever is earlier. That relief does not go far enough, however.

Based upon the information contained in Defendants' privilege logs, Plaintiffs have identified forty-two documents which they believe fall within the scope of the Court's rulings on the *in camera* documents that are not subject to Defendants' Motion for Reconsideration. Plaintiffs believe the Court should review *in camera* all of those forty-two documents which Defendants do not

voluntarily produce. Plaintiffs request the Court to order Defendants to produce those documents to it for *in camera* review at the same time they produce additional documents to Plaintiffs.

Defendants offer four reasons why the Court should not engage in such *in camera* review. Plaintiffs will rebut each in turn while noting that if the Court accepts Defendants' arguments, both class certification and Defendants' motion for summary judgment will undoubtedly be decided without Plaintiffs having the chance to review and use numerous documents which are admittedly relevant to both class certification and the merits, which documents potentially could constitute dispositive evidence.

Defendants first argue against *in camera* review by the Court on the basis that such review would require a great deal of work. That should not be the case, if the normal rules of briefing are observed. Defendants have already had multiple chances to brief the application of the attorney-client privilege to the documents in issue, and they should not be given still another bite at the apple. Accordingly, no further briefing on their part should be required; rather, they should simply submit the documents to the Court. Likewise, it should not constitute an undue burden to the Court to review less than forty-two documents for the application of the attorney-client privilege.

Even if the Court permits additional briefing by Defendants, it should not be lengthy or extensive. To explain the reason why the attorney-client privilege allegedly applies to a document in front of the Court require a few sentences at

most. Given that the law firms employed by Defendants employ in excess of a thousand lawyers and that multiple lawyers for Defendants have worked on this case and are familiar with it, it should not unduly burden Defendants to provide such minimal briefing while simultaneously working on class certification and summary judgment issues.

Defendants' second argument is that *in camera* review is unlikely to speed the production of disputed documents to Plaintiffs because they will have the right to appeal the ruling of the Magistrate Judge to the district court and that the appeal process may not be completed by the time all class certification and summary judgment briefing has been completed. This argument by Defendant is perversely illogical, in that refusal by the Court to conduct an *in camera* review guarantees that class certification and summary judgment will be decided without Plaintiffs having the chance to review potentially highly significant documents and argue them to the Court in regard to class certification and/or summary judgment.

In contrast, if the Court begins the process now by conducting an *in camera* review, it is conceivable that the district court might rule on the appeal prior to completion of the briefing on class certification and summary judgment by the parties. Even if it does not, it is highly likely that the district court would rule on the appeal before it decides class certification and summary judgment, giving Plaintiffs the chance to ask the Court to grant them leave to supplement their briefing based upon any significant additional documents produced by Defendants

as a result of the *in camera* review.

Defendants' third argument is that any further review of documents will be wasteful or premature. They argue that it will be wasteful because the documents identified by Plaintiffs allegedly could not fall within the scope of the Court's rulings on the *in camera* documents not subject to Defendants' Motion for Reconsideration. The Court and Plaintiffs cannot and should not merely take Defendants' word on this, however. The only way to know for sure is for the Court to conduct the *in camera* review. Further, the fact that Defendants' Motion for Reconsideration is still pending does not make premature a ruling on documents similar to those not subject to the Motion for Reconsideration.

Fourth, Defendants argue that they will somehow be harmed by the Court reviewing potentially privileged documents *in camera*. This argument ignores two salient facts. First, it ignores that the *in camera* review will be conducted by the Magistrate Judge, while all dispositive motions will be decided by the District Judge. Thus, the District Judge will not be influenced in ruling on the merits by a review of any documents that are ultimately determined to be privileged. Second, this argument ignores that there is no way to resolve the issue other than an *in camera* review and that such *in camera* review has been necessitated by the Court's previous finding that Defendants have taken an overly broad view of the application of the attorney-client privilege.

Finally, Plaintiffs have no objection to the Court ordering that any production of documents by Defendants pursuant to the Court's order does not

constitute a waiver of the privilege as to other documents or information.

WHEREFORE, Plaintiffs respectfully request the Court to grant their Motion to Amend Order Granting Stay and to Compel Production of Documents (Docket 157) as discussed above and to grant them all such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

          Respectfully submitted,

          */s/ Roger L. Mandel*

          Marc R. Stanley
          Federal Bar No. ct18179
          Roger L. Mandel
          Federal Bar No. ct18180

          STANLEY, MANDEL & IOLA, L.L.P.
          3100 Monticello Avenue, Suite 750
          Dallas, Texas 75205
          214-443-4300
          214-443-0358 (Fax)


          Richard A. Bieder
          Federal Bar No. ct04208
          Antonio Ponvert, III
          Federal Bar No. ct17516

          KOSKOFF KOSKOFF & BIEDER
          350 Fairfield Avenue
          Bridgeport, Connecticut 06604
          203-336-4421
          203-368-3244 (Fax)

Gregory G. Jones
Federal Bar No. ct23443

LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

PLAINTIFFS' COUNSEL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were served this 21st day of November, 2003, upon the following counsel via the methods indicated:

| | |
|---|---|
| Dennis F. Kerrigan, Jr.<br>LeBoeuf, Lamb, Greene & MacRae<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06103 | ❑ via certified mail, return receipt requested<br>☒ via fax 860/293-3555<br>☒ via first-class, U.S. mail<br>❑ via overnight delivery<br>❑ via hand delivery |
| Charles C. Platt<br>Wilmer Cutler & Pickering<br>399 Park Avenue<br>New York, NY 10022 | ❑ via certified mail, return receipt requested<br>❑ via fax 212/230-8888<br>☒ via first-class, U.S. mail<br>❑ via overnight delivery<br>❑ via hand deliver |
| Eric J. Mogilnicki<br>Wilmer Cutler & Pickering<br>2445 M Street, N.W.<br>Washington, D.C. 20037 | ❑ via certified mail, return receipt requested<br>☒ via fax 202/663-6363<br>☒ via first-class, U.S. mail<br>❑ via overnight delivery<br>❑ via hand deliver |

ROGER L. MANDEL