ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company,<br><br>Defendants. | § § § § § § § § § § § § § | Case No. 01-CV-1552 (CFD)<br><br><br><br>December 10, 2003 |

**PLAINTIFFS' RESPONSE TO OBJECTION TO MAGISTRATE JUDGE'S RULING DENYING DISCOVERY AND TO NEW ISSUES RAISED BY PLAINTIFFS' AMENDED NEW MOTION FOR CLASS CERTIFICATION**

On December 3, 2003, Defendants filed their Objection (Docket No. 170) to the Order of the Magistrate filed November 6, 2003 (No Docket Number), pursuant to the Magistrate's Minute Entry filed November 6, 2003 (Docket No. 162). The Objection was not timely filed pursuant to Local Rule 72.2(a) and fails to show that the Magistrate's Order is *"clearly erroneous or contrary to law,"* as required by Local Rule 72.2(b). The Objection should, accordingly, be summarily denied by the Court.

**FACTUAL BACKGROUND**

On October 14, 2003, Defendants filed a motion for extension of time to file their response to Plaintiffs' amended class certification motion ("Motion for Extension") (Docket No. 142) and a memorandum in support (Docket No. 147) and

-1-

a motion for leave to conduct additional class certification discovery ("Motion for Leave") (Docket No. 143) and a memorandum in support (Docket No. 144). Plaintiffs filed memorandums in opposition on October 17, 2003 (Docket No. 154) and October 27, 2003 (Docket No. 153) respectively. Defendant filed a reply to the memorandum in opposition to the Motion for Extension on October 23, 2003 (Docket No. 152).

The Magistrate held a three hour hearing on the Motion for Extension and Motion for Leave on November 6, 2003, at the conclusion of which the Magistrate granted in part and denied in part the two motions. The Magistrate memorialized his rulings in written minute entries which were filed on November 6, 2003 (Docket No. 162). A Order based upon on the minute entry was also filed November 6, 2003 (No Docket Number).

### THE COURT SHOULD SUMMARILY DENY THE OBJECTION BECAUSE DEFENDANTS DID NOT FILE IT TIMELY

Local Rule 72.2(a) requires that any party wishing to object to an order entered by a magistrate must file and serve a written objection to the order within ten days after its service upon him. L.R. 72.2(a). That rule further provides that, "*For the purposes of this rule, service of the order of the Magistrate Judge or recommended ruling shall be deemed to occur no later than five (5) days after the filing of such order or ruling with the Clerk.*" Id.

Pursuant to the docket sheet in this case, both the written minute entry of the Magistrate's rulings (Docket No. 162) and the Order were filed on November 6, 2003. A true and correct copy of the Minute Entry is attached hereto as Exhibit

A. Under Local Rule 72.2(a), the Order was deemed served on Defendants five days later on November 11, 2003, triggering the ten day period for Defendants to file the Objection. Without counting the intervening Saturdays, Sundays and legal holidays, as required by FRCP 6(a), the tenth day after November 11, 2003, fell on November 25, 2003.

Accordingly, to be timely, Defendants' Objection had to be filed and served by no later than November 25, 2003. In fact, the Objection was not filed until December 3, 2003 (Docket No. 170). Thus, the Objection was not timely, and the Court should summarily deny it for that reason. Indeed, these facts raise the question of why Defendants would file the objection at all on December 3, 2003, or, at least, as to why they would do it without offering some sort of explanation to the Court as to their tardiness.

The answer may be found in the opening sentence of the Objection which claims that Defendants object to *"the Magistrate Judge's November 18, 2003, Order...."* Objection at 1 (Docket No. 170). The docket sheet does not reveal any order filed on November 18, 2003, however. Faced with this mystery, counsel for Plaintiffs called counsel for Defendants for an explanation.

In a voice mail message, counsel for Defendants stated that they took the November 18, 2003 date from the end of the docket entry for the Order filed on November 6, 2003, where it states "(*Entered: 11/18/2003*)." This explanation constitutes, at best, a gross misreading of the docket sheet and the applicable Local Rule and, at worst, a deliberate attempt to deceive the Court into believing

that its untimely Objection was actually timely filed.

As the heading over the left hand column of the docket sheet states, that column contains the *"Filing Date"* of a particular pleading or order. At the end of each docket entry, in parentheses, the Clerk identifies the date he or she actually entered that particular entry into the docketing system. Obviously, for all timing purposes, it is the Filing Date that is relevant, not the date the entry was entered into the computer system by the Clerk.

Local Rule 72.2(a), at issue here, further makes clear that the filing date is the relevant date, not the date the docket entry regarding the order was entered into the computerized docketing system by the Clerk. Specifically, it says that the Magistrate Judge's written ruling *"shall be filed with the Clerk, and the Clerk shall forthwith mail a copy to each party."* L.R. 72.2(a). It further provides that a written objection to such filed ruling must be filed within ten days of the service of the order on the objecting party. *Id.* It finally provides that service of the order of the Magistrate Judge *"shall be deemed to occur no later than five (5) days after the filing of such order or ruling with the Clerk." Id.*

In this case, therefore, the relevant date was the filing date of the Order and related Minute Entry on November 6, 2003, not the date those items were entered into the docketing system by the Clerk, November 18, 2003. Defendants thus have no plausible basis for claiming that they were appealing from a November 18, 2003 order, and no plausible basis for arguing that the Objection is timely filed. The Court should summarily deny the Objection.

## THE COURT SHOULD DENY THE OBJECTION BECAUSE THE MAGISTRATE'S RULINGS WERE NOT CLEARLY ERRONEOUS

The Magistrate's rulings had to do with discovery, rather than with a dispositive motion. Pursuant to Local Rule 72.2(b), therefore, the Court can only overrule them if it finds them *"to be clearly erroneous or contrary to law."* L.R. 72.2(b). Since these were discretionary rulings on discovery issues, they could not be contrary to law, which means that the Court would have to find them *"to be clearly erroneous"* in order to overrule them. *Id.*

The Magistrate reviewed extensive briefing by the parties, as set forth above. The Magistrate held a three hour hearing. *See* the Minute Entries, Exhibit "A" hereto. In light of this, and the age of the case, and the purely discretionary nature of the rulings, Plaintiffs submit that the Magistrate's rulings are not possibly *"clearly erroneous."*

All of the briefing by Plaintiffs submitted to the Magistrate (Docket Nos. 154 & 155) and the oral argument made on November 6, as reflected in the Transcript (Docket No. 169), apply just as well to the Objection as they did to the initial motions. Accordingly, Plaintiffs will not reiterate their contents here, but rather Plaintiffs refer the Court to those pleadings and the oral argument, if the Court deems review of them necessary. A true and correct copy of the transcript is attached hereto as Exhibit "B."

In short, Plaintiffs believe the Court should summarily deny the Objection. Nevertheless, if the Court has any concerns about the Magistrate's rulings, Plaintiffs request it to review Plaintiffs' pleadings referenced above (Docket Nos.

154 & 155) and the transcript of the November 6, 2003 hearing attached hereto as Exhibit "B." If the Court still has concerns after doing so, Plaintiffs request oral argument on the Objection. Plaintiffs doubt that will be necessary, however.

## CONCLUSION

Wherefore, Plaintiffs respectfully request the Court to deny the Objection and to grant them all such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

Respectfully submitted,

_____
Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel
Federal Bar No. ct18180

STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
214-443-4300
214-443-0358 (Fax)


Richard A. Bieder
Federal Bar No. ct04208
Antonio Ponvert, III
Federal Bar No. ct17516

KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)

Gregory G. Jones
Federal Bar No. ct23443

LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

PLAINTIFFS' COUNSEL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were served this 10th day of December, 2003, upon the following counsel via the methods indicated:

| | |
|---|---|
| Dennis F. Kerrigan, Jr.<br>LeBoeuf, Lamb, Greene & MacRae<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06103 | ❑ via certified mail, return receipt requested<br>❑ via fax 860/293-3555<br>☑ via first-class, U.S. mail<br>❑ via overnight delivery<br>❑ via hand delivery |
| Charles C. Platt<br>Wilmer Cutler & Pickering<br>399 Park Avenue<br>New York, NY 10022 | ❑ via certified mail, return receipt requested<br>❑ via fax 212/230-8888<br>☑ via first-class, U.S. mail<br>❑ via overnight delivery<br>❑ via hand deliver |
| Eric J. Mogilnicki<br>Wilmer Cutler & Pickering<br>2445 M Street, N.W.<br>Washington, D.C. 20037 | ❑ via certified mail, return receipt requested<br>~~☑ via fax 202/663-6363~~<br>~~☑ via first-class, U.S. mail~~<br>☑ via overnight delivery<br>❑ via hand deliver |

_____
ROGER L. MANDEL

-7-