UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, PETER WIBERG, as trustee of the Crown Tool & Die Deferred Compensation Plan, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center Deferred Compensation Plan, RONALD SIMON as trustee of the Hartford Roofing, Inc. Deferred Compensation Plan, CARL ANDERSON as trustee of the Anderson & Ferdon Deferred Compensation Plan, | CIVIL ACTION NO.: 3:01CV1552(CFD) |
| PLAINTIFFS, | |
| v. | December 23, 2003 |
| NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO., | |
| DEFENDANTS. | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S RULING
DENYING DISCOVERY INTO NEW ISSUES RAISED BY
PLAINTIFFS' AMENDED NEW MOTION FOR CLASS CERTIFICATION**

Plaintiffs' Response[1] to Defendants' Objection[2] employs the same gamesmanship that caused Defendants to file the Discovery Motion[3] at issue. In brief, Plaintiffs make the spurious

---

[1] The full title of this pleading is Plaintiffs' Response to Objection to Magistrate Judge's Ruling Denying Discovery Into New Issues Raised By Plaintiffs' Amended New Motion For Class Certification (Docket 171).

[2] The full title of this Pleading is Defendants' Objection to Magistrate Judge's Ruling Denying Discovery Into New Issues Raised By Plaintiffs' Amended New Motion For Class Certification (Docket 170).

[3] The full title of this pleading is Defendants' Motion (1) For Leave to Conduct Additional Class Certification Discovery, (2) To Address Outstanding Discovery Disputes, and (3) To Revise the Schedule in this Action (Docket 143).

argument that Defendants' Objection is untimely, and then simply refuse to address the substantive issues before the Court. In fact, Defendants' Objection was timely, and should be granted because fundamental fairness requires allowing Defendants discovery into facts and theories announced by Plaintiffs after the close of class certification discovery. Such additional discovery will assist the Court in evaluating whether this case should be tried on a class basis.

## I. FACTUAL BACKGROUND

For the sake of completeness, Defendants provide a detailed chronology below. The following three undisputed facts, however, are sufficient for the Court to dispose of Plaintiffs' claim of untimeliness: 1) Defendants diligently checked the docket each day following the November 6, 2003 hearing before the Magistrate Judge ("November 6 Hearing"); 2) the docket did not contain any ruling on Defendants' Discovery Motion until November 18, 2003; and 3) Defendants filed their Objection within ten days of November 18, 2003.

During the November 6 Hearing, the Court heard arguments regarding multiple motions. At the close of that hearing, the Magistrate Judge indicated how he was "going to" rule. *See, e.g.,* Hearing Transcript at 125, attached as Exhibit B to Plaintiffs' Response. Following that hearing, Defendants checked the docket in this action every business day for a ruling or order regarding Defendants' Discovery Motion. *See* Declaration of Sam Broderick-Sokol ¶ 3.[4] There was no such ruling or order in the docket through November 17, 2003. *See* Exhibit A.[5]

---

[4] The full title of this document, filed simultaneously with this reply, is Declaration of Sam Broderick-Sokol in Support of Defendants' Objection to Magistrate Judge's Ruling Denying Discovery Into New Issues Raised By Plaintiffs' Amended New Motion For Class Certification.

[5] All Exhibits are attached to the accompanying Declaration of Sam Broderick-Sokol in Support of Defendants' Objection to Magistrate Judge's Ruling Denying Discovery Into New Issues Raised By Plaintiffs' Amended New Motion For Class Certification. Exhibit A is the Court's docket as it stood on November 17, 2003.

2

On November 18, the Court's electronic notification system sent an e-mail to counsel stating that there had been a Minute Entry regarding the November 6 Hearing. *See* Exhibit B. On that date, Defendants' counsel checked the docket and found that the docket now contained a Minute Entry and an Order resolving the motions that had been heard on November 6. *See* Exhibit C. The Minute Entry at Docket 162 corresponds to the Minutes attached as Exhibit A to Plaintiffs' Response. There is no Order except for the information on the docket sheet. As noted above, the docket did not include either of these entries prior to November 18, 2003. *Compare* Exhibit A (docket sheet dated November 17 ) at 23 *with* Exhibit C (docket sheet dated November 18) at 23.[6]

The contemporaneous statements of both parties reflected the unavailability of the Minute Entry and Order prior to November 18, 2003. On November 17, 2003, both parties signed a Joint Motion that stated the parties' understanding that "[d]uring the November 6, 2003, hearing, the Magistrate Judge indicated that he *would issue* an order." *See* November 17, 2003 Joint Motion For Extension of Time as to All Deadlines (Docket 163) (emphasis added). This Joint Motion did not refer to or acknowledge the existence of any Minute Entry or Order. Indeed, during the discussions regarding the Joint Motion, Defendants' counsel specifically asked

---

[6] There appear to have been irregularities in the way these entries found their way into the docket. Both the Minute Entry and Order are preceded by "11/06/03" in the column headed "Filing Date." However, neither appeared in the docket until twelve days later, and those same entries are followed by notations of "(Entered: 11/17/2003)" and "(Entered: 11/18/2003)," respectively. The substantial gap between the "filing" and "entered" dates suggests some mishap in the Clerk's office, as does the fact that the Minute Entry was given Docket # 162 even though its supposed "Filing Date" precedes the filing dates given for Docket ## 159, 160 and 161. Virtually all of the entries in the Court's docket have no more than a day or two's variance between the "filing" and the "entered" dates, and are almost entirely recorded in numerical sequence. The parties have typically received electronic notice of the entry of an order immediately after the "entered" date, as occurred with the Minute Entry and Order here. Here, the electronic notice was provided twelve days after the "Filing Date." *See* Exhibits B, C. Of course, the Court need not sort through these facts -- only discern that factors beyond Defendants' control dictated the timing of Defendants' Objection.

3

Plaintiffs' counsel if they had received an order regarding the November 6 Hearing. Plaintiffs' counsel responded that they had not received such an order. *See* Exhibit D.[7]

Defendants filed their Objection in this Court on December 3, which is within ten days (counted pursuant to the governing rules) of entry of the Magistrate Judge's Minute Entry and Order into the docket.

## II.    DEFENDANTS' OBJECTION SHOULD BE CONSIDERED.

Plaintiffs seek to deprive Defendants the opportunity to appeal a discovery order that seriously prejudices Defendants' ability to defend themselves. This Court should not allow such an inequitable result. Instead, this Court should consider Defendants' Objection on the merits. In order to so rule, the Court need only find that the Objection was filed in a timely manner, or exercise its discretion to permit a late filing. Plaintiffs have not made any substantive arguments against the Objection.

Plaintiffs do not claim that the Minute Entry or Order were actually available to Defendants prior to November 18. Instead, they ask the Court to mechanically adopt the docket sheet notation that lists November 6 as the "filing date" for the Minute Entry and Order.[8] Plaintiffs make this request *even though the docket sheet demonstrates that the Minute Entry and Order were not actually part of the docket as late as November 17*. Plaintiffs also ask the Court

---

[7]    In their response, Plaintiffs claim to be mystified as to "why Defendants would file the objection at all on December 3, 2003." Plaintiffs' Response at 3. The disingenuousness of this remark is illustrated by the fact that Plaintiffs' counsel *knew* that Defendants were still looking for an Order as late as November 17, 2003. *See* Exhibit D (November 17, 2003, e-mail to Plaintiffs' counsel stating "We have not received an Order form the Court relating to the November 6 hearing. If you have, would you please send it to me?").

[8]    Under Local Rule 72.2(a), a party objecting to a Magistrate Judge's ruling must serve and file its objection "within ten (10) days after service of such order or recommended ruling on him," and service "shall be deemed to occur no later than five (5) days after the filing of such order or ruling with the Clerk."

4

to ignore the undisputed fact that the first notice sent by the clerk -- who is required to mail any ruling to the parties "forthwith" upon filing, Local Rule 72.2(a) -- was sent on November 18.

Defendants respectfully submit that the Court should reject Plaintiffs' claim that the Minute Entry and Order should be considered filed before they were available in the Court's docket. The word "filed" has long been understood to mean that a document is available. *See In re Gubelman*, 10 F.2d 926, 929 (2d Cir. 1925) ("The word 'filed' has . . . a well-defined meaning . . . . It carries with it the idea of permanent preservation of the thing as a public record."); *see also* BLACK'S LAW DICTIONARY (6th ed. 1990), definition of "file" ("A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file *as a matter of record and reference*.") (emphasis added) (Exhibit E). In addition, Plaintiffs' proposed reliance on the "filing date" notation on the docket would make it difficult or impossible for parties to pursue their right to object under Local Rule 72.2(a). Here, Plaintiffs' position is that the ten days allotted to Defendants to file an objection to the Magistrate Judge's Order began on November 11, 2003, *see* Plaintiffs' Response at 3 -- a full week before the Order was available to Defendants. Under such logic, a party's right to object could wholly lapse before the party could obtain the pertinent order. Local Rule 72.2(a) does not require such an absurd result.

Furthermore, even if the Court concludes that Defendants' Objection was technically late under Local Rule 72.2(a), it should consider Defendants' Objection. "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001).[9] Courts employ that discretion

---

[9] *See also Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991) ("The district court's inherent discretion to depart from the letter of the Local Rules extends to every Local Rule regardless of whether a particular Local Rule specifically grants the judge the power to deviate from the Rule."); *see also Wight v. Bankamerica Corp.*, 219 F.3d 79, 85-86 (2d Cir. 2000); *Moore v. Am. Export Isbrandtsen Lines, Inc.*, 56 F.R.D. 565, 568 (S.D.N.Y. 1972); Fed.

5

to accept untimely filings when failing to do so would produce an unjust result. *See Brodie v. Pressley*, 1999 WL 691960 at *1 (S.D.N.Y. Sept. 7, 1999).[10/] Such discretion should be exercised here, where: (1) Defendants have demonstrated that they diligently sought to obtain the order and preserve their rights; (2) Defendants filed within ten days of notice of the Court's Order; and (3) Plaintiffs do not suggest that they have suffered any prejudice.

### III. DEFENDANTS' OBJECTION SHOULD BE GRANTED

Defendants' Objection set forth in detail why the Magistrate Judge's Discovery Order was clearly erroneous. That Order denied Defendants' request for supplemental discovery into new factual allegations and legal theories first advanced by Plaintiffs after the close of class discovery. The denial of discovery severely prejudices Defendants' ability to address Plaintiffs' Class Certification Motion, which uses Plaintiffs' new claims to argue that this case may be appropriately tried on a class basis. The Magistrate Judge's Order thus deprives this Court of the benefits of a full record regarding Plaintiffs' class claims.

Plaintiffs have failed to respond on the merits of Defendants' Objection. Instead, Plaintiffs wave generally in the direction of a pile of briefs and the transcript of the hearing before the Magistrate Judge. Plaintiffs' Response at 5.[11/] Such a response neither makes nor

---

R. Civ. P. 1 (the Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"); *cf.* Fed. R. Civ. P. 83(a)(2) ("A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.").

[10/] *See also Lewis v. Keane*, 1998 WL 265127 at *2 (S.D.N.Y. May 26, 1998); *In re Weinstein*, 245 B.R. 188, 191-92 (Bankr. E.D.N.Y. 2000) (suspending Local Rule and accepting untimely proposed order). Copies of unpublished cases are attached hereto as Exhibit F.

[11/] This vagueness may help the Court understand Defendants' frustration with Plaintiffs' similarly vague responses to discovery. For example, Plaintiffs have claimed market data and expert economic testimony bolster their Motion for Class Certification, *see* Class Certification Memorandum at 35, 36, but have refused to identify the data or the expert. *See* Defendants'

6

preserves the arguments in the underlying brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("incorporating by reference an argument presented to the district court" does not preserve the argument on appeal).[12/] And Plaintiffs' attempted reservation of the right to address these issues at their convenience during oral argument, Plaintiffs' Response at 5-6, is also inadequate to avoid waiver. A party "cannot assume the right to brief issues seriatim if their initial arguments fail." *Pellman v. Cinerama, Inc.*, 89 F.R.D. 386, 390 n.4 (S.D.N.Y. 1981).

Plaintiffs' sole substantive argument is that the Magistrate Judge's rulings "are not possibly *clearly erroneous*" because they followed briefing and a hearing, and involved the exercise of discretion. Plaintiffs' Response at 5 (emphasis in original). That argument is frivolous. Briefing, argument and discretion are ordinary components of judicial decisionmaking, and do not make error impossible. *See, e.g., Fondo v. Mem'l Hosp. for Cancer and Allied Diseases*, 1988 WL 18930 at *2, *3 (February 25, 1988, S.D.N.Y.) (ruling of magistrate judge issued after full argument was clearly erroneous in part); *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221 at *1, *4 (E.D. La. July 25, 2000) (although Magistrate Judge had "ably handled" discovery disputes and issued a "comprehensive ruling," that ruling was "in large part correct but however was also partially erroneous"); *United States v. Premises Known as 281 Syosset Woodbury Road*, 862 F. Supp. 847, 855 (E.D.N.Y. 1994) (ruling of magistrate judge issued after full argument was clearly erroneous in part). Plaintiffs' contention would eviscerate

---

Objection at 12; Plaintiffs' Response to Defendants' Motion for Interim Extension at 13, 14 (Docket 154).

[12/]  *See also Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 396 n.6 (4th Cir. 1994) (Novatel used "a practice that has been consistently and roundly condemned by the Courts of Appeals: the appellant's briefs merely adopted by reference the memoranda that it had previously filed in the district court") (internal brackets and ellipsis omitted).

7

Local Rule 72.2(a) by making it impossible for a party to ever appeal a discovery dispute that was fully briefed and argued below.

## CONCLUSION

Defendants' Objection explains why the Magistrate Judge clearly erred in denying discovery into important new class issues raised by Plaintiffs for the first time after the close of class certification discovery. In light of Defendant's showing -- and the Plaintiffs' unwillingness to defend the Magistrate Judge's Order -- Defendants respectfully urge the Court to grant the Order attached to Defendants' Objection.

Respectfully submitted,

Date: December 23, 2003

Defendants Nationwide Financial Services Inc. and Nationwide Life Insurance Co.

By: _____
Dennis F. Kerrigan, Jr., Esq. (CT 09621)
Brian O'Donnell, Esq. (CT 16041)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone: (860) 293-3500
Facsimile: (860) 293-3555

Eric Mogilnicki, Esq. (CT 23053)
Sam Broderick-Sokol, Esq. (CT 25264)
Mark Bieter, Esq.
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

        Charles C. Platt, Esq. (CT 23036)
        Wilmer, Cutler & Pickering
        399 Park Avenue
        New York, NY  10022
        Telephone: (212) 230-8800
        Facsimile: (212) 230-8888

## CERTIFICATION

This is to certify that true and correct copies of the foregoing Reply in Support of Objection to Magistrate Judge's Order Denying Discovery Into New Issues Raised By Plaintiffs' Amended Motion for Class Certification was served via Overnight Mail on this 23rd day of December, 2003, on the following counsel of record:

Richard A. Bieder, Esq.
Antonio Ponvert III, Esq.
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

Gregory G. Jones, Esq.
Law Firm of Gregory G. Jones, P.C.
603 South Main Street, Suite 200
Grapevine, TX 76051

Marc R. Stanley, Esq.
Roger L. Mandel, Esq.
Stanley, Mandel & Iola
3100 Monticello Avenue
Suite 750
Dallas, TX 75205

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, PETER WIBERG, as trustee of the Crown Tool & Die Deferred Compensation Plan, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center Deferred Compensation Plan, RONALD SIMON as trustee of the Hartford Roofing, Inc. Deferred Compensation Plan, CARL ANDERSON as trustee of the Anderson & Ferdon Deferred Compensation Plan,<br><br>PLAINTIFFS,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,<br><br>DEFENDANTS. | CIVIL ACTION NO.:<br><br>3:01CV1552(CFD)<br><br><br><br>December 22, 2003 |

DECLARATION OF SAM BRODERICK-SOKOL
IN SUPPORT OF DEFENDANTS' OBJECTION TO
<u>MAGISTRATE JUDGE'S RULING DENYING DISCOVERY INTO NEW ISSUES</u>

Sam Broderick-Sokol declares pursuant to 28 U.S.C. § 1746 as follows:

1.  I am an attorney at the firm of Wilmer, Cutler & Pickering, counsel for Defendants Nationwide Financial Services Inc. and Nationwide Life Insurance Company in this action. I am admitted to practice in the District of Columbia.

2.  This declaration is made upon my personal knowledge and I am competent to testify as to the facts set forth herein.

3.  Between the November 6, 2003, hearing on Defendants' discovery motion and other motions, and November 18, 2003, Defendants checked the Court's docket every business day in search of a written ruling or order regarding the motions considered at that hearing,

recognizing that service of such a ruling or order would trigger their time to object under Local Rule 72.2(a).

4.      On November 18, 2003, Defendants learned that a minute entry and an order relating to the November 6 hearing had appeared on the Court's docket.

5.      Defendants did not know at any time before November 18 that there was available to them any written ruling or order resolving the motions considered at the November 6 hearing.

6.      Defendants submit the following documents in support of their Objection to Magistrate Judge's Ruling Denying Discovery Into New Issues Raised By Plaintiffs' Amended New Motion for Class Certification.

7.      Exhibit A is a true and correct copy of the Court's docket, obtained by Defendants' counsel from the PACER system on November 17, 2003.

8.      Exhibit B is a true and correct copy of an email received by Defendants' counsel from the Court's electronic notification system on November 18, 2003.

9.      Exhibit C is a true and correct copy of the Court's docket, obtained by Defendants' counsel from the PACER system on November 18, 2003.

10.     Exhibit D is a true and correct copy of an email exchange between counsel for the parties on November 17, 2003.

11.     Exhibit E is a true and correct copy of a page from Black's Law Dictionary, Sixth Edition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 22, 2003, at Washington, D.C.

Sam Broderick-Sokol

2