# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LOU HADDOCK, as trustee of the Flyte Tool & Die,    :
Incorporated Deferred Compensation Plan, PETER    :
WIBERG, as trustee of the Crown Tool & Die    :
Deferred Compensation Plan, ALAN GOUSE, as    :
trustee of the Greater Hartford Easter Seal    :
Rehabilitation Center Deferred Compensation Plan,    :
RONALD SIMON as trustee of the Hartford Roofing,    :
Inc. Deferred Compensation Plan, CARL    :
ANDERSON as trustee of the Anderson & Ferdon    :
Deferred Compensation Plan,    :

      PLAINTIFFS,    :

              v.    :

NATIONWIDE FINANCIAL SERVICES INC., and    :
NATIONWIDE LIFE INSURANCE CO.,    :

      DEFENDANTS.    :

CIVIL ACTION NO.:

3:01CV1552(SRU)

January 30, 2004

# DECLARATION OF MARK BIETER
## IN SUPPORT OF REVISED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MARK BIETER declares pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney at the firm of Wilmer, Cutler & Pickering, counsel for

Defendants Nationwide Financial Services Inc. and Nationwide Life Insurance Company in this

action. I am admitted to practice in Maryland and the District of Columbia.

2.      This declaration is made upon my personal knowledge and I am competent to

testify as to the facts set forth herein.

3.      Defendants submit the following documents in support of their Revised

Memorandum of Law in Support of Defendants' Motion for Summary Judgment.

4.      Exhibit 1 is a true and correct copy of the Affidavit of Ronald L. Wyant, Jr., dated November 14, 2001, originally submitted in support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.  Exhibit 1(A) is a true and correct copy of the Flyte Tool & Die Company, Inc. Variable Annuity Contract; Exhibit 1(B) is a true and correct copy of the Crown Tool & Die, Inc. Salary Deferral Profit Sharing Plan Trust Variable Annuity Contract; Exhibit 1(C) is a true and correct copy of the Hartford Roofing Company Profit Sharing Plan Variable Annuity Contract.

5.      Exhibit 2 is a true and correct copy of the Affidavit of Stephanie Eakins, dated November 14, 2001, originally submitted in support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.  Exhibit 2(1) and 2(2) are true and correct copies of individual annuity contracts entered into pursuant to the Anderson & Ferdon 401(k) Profit Sharing Plan Variable Annuity Contract; Exhibits 2(3) and 2(4) are true and correct copies of individual annuity contracts entered into pursuant to the Greater Hartford Easter Seal Rehabilitation Tax Sheltered Annuity Plan Contract.

6.      Exhibit 3 is a true and correct copy of the Statement of Additional Information for the Deferred Variable Annuity Contracts Issued by Nationwide Life Insurance Company Through Its Nationwide Variable Account - II (May 1, 1999), which was publicly filed with the Securities and Exchange Commission.

7.      Exhibit 4 is a true and correct copy of the Statement of Additional Information for the Deferred Variable Annuity Contracts Issued by Nationwide Life Insurance Company Through Its Nationwide Variable Account - II (May 1, 1998), which was publicly filed with the Securities and Exchange Commission.

8.      Exhibit 5 is a true and correct copy of the Statement of Additional Information for the Deferred Variable Annuity Contracts Issued by Nationwide Life Insurance Company Through Its Nationwide Variable Account - II (December 23, 1996), which was publicly filed with the Securities and Exchange Commission.

9.      Exhibit 6 is a true and correct copy of a Prospectus of Dreyfus Stock Index Fund (May 1, 2001), which was publicly filed with the Securities and Exchange Commission.

10.      Exhibit 7 is a true and correct copy of the 1998 Trust Financial Report for the Hartford Roofing Company 401(k) Profit Sharing Plan, produced by Plaintiffs during discovery in this litigation.

11.      Exhibit 8 is a true and correct copy of the 1997 Trust Financial Report for the Crown Tool & Die Co., Inc. 401(k) Salary Deferral Profit Sharing Plan, obtained by Defendants pursuant to a subpoena in this litigation.

12.      Exhibit 9 is a true and correct copy of portions of a Prospectus of Fidelity Variable Insurance Products Service Class (April 30, 2001), which was publicly filed with the Securities and Exchange Commission.

13.      Exhibit 10 is a true and correct copy of a Prospectus of Janus Aspen Series (May 1, 2001), which was publicly filed with the Securities and Exchange Commission.

14.      Exhibit 11 is a true and correct copy of The Best of America Retirement Advisor Group Annuity Variable Contract Profile.

15.      Exhibit 12 is a true and correct copy of the 1997 Annual Report of the Nationwide Variable Account - II, which was filed with the Securities and Exchange Commission.

16.      Exhibit 13 is a true and correct copy of Plaintiffs' Supplemental Responses and Objections to Defendants' Second Set of Interrogatories.

3

17.    Exhibit 14 is a true and correct copy of Plaintiffs' First Amended Supplemental Responses and Objections to Defendants' Third Set of Interrogatories.

18.    Exhibit 15 is a true and correct copy of Plaintiffs' Supplemental Responses and Objections to Defendants' Third Set of Interrogatories.

19.    Exhibit 16 is a true and correct copy of Plaintiffs' Supplemental Responses to Defendants' First Set of Interrogatories.

**Confidential Exhibits Conditionally Filed Under Seal**

20.    Exhibit 17 is a true and correct copy of portions of the transcript of the March 11, 2003 deposition of Edward Kaplan in this action.

21.    Exhibit 18 is true and correct copy of the August 1, 2001 Fund Agreement between Nationwide Financial Services, Inc. and INVESCO Funds Group, Inc.

22.    Exhibit 19 is a true and correct copy of the October 14, 1999 Service Agreement between Nationwide Financial Services, Inc. and Janus Service Corporation.

23.    Exhibit 20 is a true and correct copy of the January 1, 2000 Agreement between Nationwide Financial Services, Inc. and Villanova Mutual Fund Capital Trust.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 29, 2004, at Washington, D.C.


Mark Bieter