UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LOU HADDOCK, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, PETER WIBERG, as trustee of the Crown Tool & Die Deferred Compensation Plan, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center Deferred Compensation Plan, RONALD SIMON as trustee of the Hartford Roofing, Inc. Deferred Compensation Plan, CARL ANDERSON as trustee of the Anderson & Ferdon Deferred Compensation Plan,

   PLAINTIFFS,

v.

NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,

   DEFENDANTS.

:
:
:
:
:   CIVIL ACTION NO.:
:
:   3:01CV1552(SRU)
:
:
:
:
:
:
:
:   January 30, 2004
:
:
:
:
:
:
:
:

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION REQUESTING THAT THE COURT
<u>DECIDE SUMMARY JUDGMENT BEFORE CLASS CERTIFICATION</u>**

Defendants respectfully request that the Court decide their Summary Judgment Motion before hearing Plaintiffs' Amended Class Certification Motion or any of the related motions. Doing so would be fair and efficient, and would best serve the interests of the Court, the parties, and the absent class members for the following reasons:

- Defendants' summary judgment motion presents a narrow question of law, while Plaintiffs' certification motion -- and Defendants' response and related motions -- present complex legal and factual issues that will require extensive judicial and party resources to be heard and resolved.

- Plaintiffs' legal theories have changed substantially since the Court ruled on Defendants' Motion to Dismiss, and so those theories have never been reviewed for sufficiency.

**ORAL ARGUMENT REQUESTED**

- A pre-certification legal testing of Plaintiffs' theory serves the interests of absent class members who risk being bound to an action that will be summarily defeated.

## BACKGROUND

Plaintiffs purport to be the trustees of five retirement plans that allegedly invested ERISA "plan assets" in Nationwide Life variable annuity contracts.[1] Plaintiffs are complaining about Defendants' receipt of payments pursuant to service contracts with mutual fund affiliates. According to Plaintiffs, Defendants' receipt of such services payments simultaneously created and breached a fiduciary duty to the plans because the service payments either consisted of or diminished Plaintiffs' "plan assets" under ERISA. Plaintiffs do not allege that Defendants acted as traditional ERISA fiduciaries (in the role of a retirement plan trustee, investment advisor, or manager of their plan assets), or engaged in any misrepresentation, lack of disclosure, breach of contract, or fraud.

Defendants have described the procedural background, factual allegations, and governing legal principles of this ERISA litigation at length in other pleadings currently before the Court.[2] Accordingly, Defendants here provide only the facts that are directly pertinent to the instant motion.

### A. Defendants' Motion to Dismiss

Plaintiffs filed this action in August 2001, and an amended complaint immediately thereafter (Dockets 1, 4). Defendants promptly moved to dismiss Plaintiffs' first amended

---

[1] "ERISA" means the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

[2] *See* Defendants' Objection to Magistrate Judge's Order Denying Discovery Into New Issues Raised By Plaintiffs' Amended New Motion for Class Certification (Docket 170) ("Defendants' Objection") at 2-10; Defendants' Opposition to Plaintiffs' First Amended Motion for Class Certification (Docket 179) ("Defendants' Opposition") at 4-7 (procedural background); 7-18 (facts); 18-23 (ERISA law).

2

complaint (Docket 14). Plaintiffs opposed the motion to dismiss, arguing that they had stated a claim by alleging that Defendants received "undisclosed kickbacks of plan assets," engaged in "self-dealing" by "direct[ing] plan assets into mutual funds paying [them] the maximum possible kickbacks," "made misrepresentations," "failed to disclose," "breached its contracts with the Plans," and improperly "drafted the contracts." Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Docket 30) at 1-2. Defendants' motion to dismiss was thereupon denied "without prejudice to filing a motion for summary judgment." Endorsement Order dated September 11, 2002 (no docket number assigned).

### B. Defendants' Original Motion for Summary Judgment

The parties next engaged in substantial discovery. Plaintiffs' responses to discovery established that Defendants were entitled to judgment as a matter of law because Defendants never received any ERISA "plan assets" in connection with the challenged service payments. *See* Defendants' Motion for Summary Judgment (Docket 116).

Plaintiffs did not file a substantive opposition to this motion. Instead, Plaintiffs claimed that Defendants' Summary Judgment Motion violated the scheduling orders in this action.[3/] The Magistrate Judge rejected this argument, ruling that "defendants may proceed with their summary judgment," which "raises serious issues," and leaving it to this Court "to decide the order in which [to] rule." Rulings Re: Discovery and Scheduling (Docket 126) ¶ 6.

Plaintiffs also responded to Defendants' Summary Judgment Motion by filing "amended" interrogatory answers that purported to retract and rewrite the earlier answers that supported Defendants' motion. In place of those responses, Plaintiffs introduced wholly new factual

---

[3/] *See* Plaintiffs' Memorandum in Support of Notice of Motion and Motion For Stay of Consideration of Defendants' Motion For Summary Judgment Pending Court's Ruling on Class Certification ("Plaintiffs' Motion to Stay") (Docket 132) at 5-6.

allegations.[4/]  In light of the substantial change in Plaintiffs' theories wrought by these new discovery responses, the Magistrate Judge allowed Defendants to file a revised memorandum in support of summary judgment.  *See* Transcript of November 6, 2003, Hearing before Magistrate Judge Garfinkel (Docket 169) at 129-35.  Defendants have done so concurrently with this motion.  Defendants' Revised Memorandum of Law in Support of Defendants' Motion for Summary Judgment presents a narrow legal question and is based on facts already asserted or admitted by Plaintiffs.

## ARGUMENT

I.   **THIS COURT SHOULD EXERCISE ITS DISCRETION TO RULE ON SUMMARY JUDGMENT BEFORE CLASS CERTIFICATION**

The Court has discretion to decide summary judgment prior to class certification.  *See Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) (explaining that "[t]he decision to award summary judgment before acting on class certification was well within the discretion of the district court").[5/]  Indeed, "[i]f the resolution of the summary judgment motion

---

[4/]   Defendants moved to strike these untimely new discovery responses or for leave to conduct discovery into those new allegations.  *See* Defendants' Motion (1) For Leave to Conduct Additional Class Certification Discovery, (2) To Address Outstanding Discovery Disputes, and (3) To Revise the Schedule in This Action (Docket 143).  That motion was denied by the Magistrate Judge, and Defendants have appealed that ruling to this Court.  *See generally* Defendants' Objection.

[5/]   *See also Wright v. Schock*, 742 F.2d 541, 545-46 (9th Cir. 1984) (district court has discretion to decide summary judgment before a motion for class certification "where considerations of fairness and economy dictate" and where "the defendant consents to the procedure"); *Christensen v. Kiewet-Murdock Investment Corp.*, 815 F.2d 206, 214 (2d Cir. 1987) ("In any particular case, [reserving decision of a certification motion pending resolution of a dispositive motion] may or may not be appropriate depending on the complexity of the legal or factual issues raised by the motion to certify."); *Shapiro v. Riddle & Assocs.*, 240 F. Supp. 2d 287, 288 (S.D.N.Y. 2002) (granting defendant's motion for summary judgment and denying plaintiff's motion for class certification as moot); *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1321 (S.D. Fla. 2000) ("The vast majority of courts have held that dispositive motions may be considered prior to ruling on a motion for class certification.").

may eliminate the need to consider the certification motion *ab initio*, the court's interest in preserving judicial resources, as well as the resources of the litigants, counsels in favor of addressing the summary judgment motion first." *Cruz v. American Airlines*, 150 F. Supp. 2d 103, 111 (D. D.C. 2001).[6/]

Deciding summary judgment before class certification "is particularly appropriate where, as here, the defendant makes a specific request that the court rule on its motion for summary judgment before deciding the class certification issue." *Turner v. General Motors Acceptance Corp.*, 980 F. Supp. 737, 745 n.5 (S.D.N.Y. 1997). That is because "any prejudice stemming from the grant of summary judgment before the question of class certification is decided works against the defendant who, as a result, is only protected against the would-be class members by the doctrine of *stare decisis* rather than *res judicata*." *Player v. Maher Terminals, Inc.*, No. 87-3535, 1988 WL 4581 at *1 (4th Cir. Jan. 19, 1988) (Appendix of Authorities, Authority H) ("Auth. H"); *see also Wright*, 742 F.2d at 544 ("Where the defendant assumes the risk that summary judgment in his favor will have only *stare decisis* effect on the members of the putative

---

[6/]   *See also Wright*, 742 F.2d at 544 ("It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation.") (internal quotation marks omitted); *Smith v. Network Solutions, Inc.*, 135 F. Supp. 2d 1159, 1165 (N.D. Ala. 2001) ("Ruling on a dispositive motion prior to addressing class certification issues may be appropriate where there is sufficient doubt regarding the likelihood of success on the merits of a plaintiff's claims, where inefficiency would result, or where neither plaintiffs nor members of the putative class would be prejudiced.") (internal quotation marks omitted); *Greisz v. Household Bank (Illinois)*, 8 F. Supp. 2d 1031, 1035 (N.D. Ill. 1998) ("After reviewing the pleadings in the instant case, the court concludes that judicial economy would be better served by initially ruling on Household's motion for partial summary judgment [before ruling on the pending motion for class certification]"); *Allen v. Aronson Furniture Co.*, 971 F. Supp. 1259, 1261 (N.D. Ill. 1997) ("[I]f the plaintiffs' claims are without merit, summary judgment may properly precede a ruling on class certification . . . to require notice to be sent to all the potential plaintiffs in a class action when the underlying claim is without merit is to promote inefficiency for its own sake").

class, it is within the discretion of the district court to rule on the summary judgment motion first.").[7]

The recent amendments to the Federal Rules of Civil Procedure recognize "the many valid reasons that may justify deferring the initial certification decision." Advisory Committee Notes to December 1, 2003, Amendments to Federal Rule of Civil Procedure 23 ("Advisory Committee Notes"). Those amendments, which were effective December 1, 2003, replaced the requirement that certification be decided "as soon as practicable" with the more flexible requirement that certification be determined "at an early practicable time." *See* Fed. R. Civ. P. 23(c)(1)(A). These amendments reflected a recognition that "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." Advisory Committee Notes at Subdivision (c)(1). Thus, the recent amendments to Rule 23(c)(1)(A) encourage consideration of motions for summary judgment prior to class certification.

> A. **Summary Judgment Should Be Decided First Here To Preserve Judicial and Party Resources**

Defendants' Summary Judgment Motion presents a narrow and straightforward question of law: whether Plaintiffs can maintain an ERISA claim regarding service payments that did not consist of or diminish "plan assets." Resolution of that motion will not require undue resources or proceedings. Indeed, Defendants' Revised Memorandum of Law in Support of Defendants' Motion for Summary Judgment is relatively short and is based upon facts that Plaintiffs' have

---

[7] *See also Thornton v. Mercantile Stores Co.*, 13 F. Supp. 2d 1282, 1290 (M.D. Ala. 1998) ("[T]he nature of the pending motions for summary judgment, the Defendants' express assumption of the risks of further litigation from putative class members, and the absence of prejudice to the putative class members, all militate in favor of the court considering Defendants' Motions For Summary Judgment prior to a consideration of Plaintiffs' Motion For Class Certification.").

6

asserted or admitted. If summary judgment is granted, the Court need not consider the Amended Motion for Class Certification, see *Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 214 (2d Cir. 1987), thereby avoiding "needless and costly further litigation," *Wright*, 714 F.2d at 544. If partial summary judgment is granted, the Court will have streamlined future discovery and reduced the issues that must be considered for class certification purposes. And even if summary judgment is denied, the Court's analysis would identify issues of material fact in the case, and so assist the Court in assessing whether those issues could be resolved on a classwide basis.

In contrast, considering Class Certification before Summary Judgment would result in inefficient use of the Court's and the parties' resources. Plaintiffs' Amended Class Certification Motion and Defendants' Opposition thereto are voluminous, and are accompanied by an enormous factual record. The resolution of class certification will require the court to review and assess that record, and then conduct an evidentiary hearing on the range of issues implicated by the Motion.[8/] In addition, before class certification can be addressed, Defendants' Objection to the Magistrate Judge's ruling denying discovery into Plaintiffs' new theories (Docket 170) will have to be decided, and, Defendants believe, additional class certification discovery will be authorized. Also, Defendants' Motion to Strike Declarations and Preclude Opinions of Plaintiffs' Putative Class Certification Expert (Docket 177) will have to be resolved prior to any class certification hearing. If that motion is denied, the hearing will include testimony from both

---

[8/]   Se, e.g., *Merrill v. Southern Methodist University*, 806 F.2d 600, 608 (5th Cir. 1986) ("[T]he district court should ordinarily conduct an evidentiary hearing on [the certification] question. Only in cases free from doubt, where clear grounds exist for denial of class certification may a district court escape this obligation.") (internal quotation marks and brackets omitted); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); see also Transcript of November 6, 2003 Hearing at 101:22-23 (Plaintiffs' counsel stating that "presumably, there's going to be a class certification hearing").

Plaintiffs' proffered expert and a rebuttal expert on behalf of Defendants. Furthermore, consideration of Plaintiffs' Amended Class Certification Motion before the Summary Judgment Motion would guarantee that the Court will be required to resolve both Motions. Resolution of class certification will not reduce or sharpen the issues presented by Defendants' Motion for Summary Judgment.

      **B.    Summary Judgment Should Be Decided First Because Plaintiffs' New Theories Of Liability Have Never Been Subjected to Legal Testing**

The schedule in this action has always contemplated that Plaintiffs' ERISA theories would be subjected to an initial legal testing before class certification was considered.[9/] In keeping with this approach, Defendants filed a Motion to Dismiss against Plaintiffs' original allegations (Docket 14). Plaintiffs defeated that Motion on the basis of a set of legal claims and factual allegations that they have since abandoned.[10/] Plaintiffs' new ERISA allegations and claims should be tested for legal sufficiency before being evaluated for class treatment. Any other result would be unfair to Defendants, who would face potential class liability based on legal claims that were never subjected to class certification discovery or dispositive motions, and would unnecessarily burden the Court by requiring a determination on class treatment of claims that may not withstand summary judgment.[11/]

---

[9/]    *See* First Amended Scheduling Order (Docket 66) at 1; *see also* Report of Parties' Rule 26(f) Planning Meeting (Docket 13) at 12 ("The parties may file motions for summary judgment at any time.").

[10/]    *See* Defendant's Revised Memorandum of Law in Support of Defendants' Motion for Summary Judgment at 5. Magistrate Judge Garfinkel himself recognized that Plaintiffs relied on one theory to avoid dismissal and another in seeking certification: "I know there was a motion to dismiss, but that was [a] few theories ago." Transcript of November 6, 2003, Hearing at 130:12-13.

[11/]    Plaintiffs' gamesmanship here has been substantial and has prejudiced Defendants. Plaintiffs avoided dismissal of their complaint on the basis of one set of legal theories (none of which could properly be certified as a class action because they turn on individualized issues

### C. Summary Judgment Should Be Decided First Because Absent Class Members Have No Interest In Being Bound To An Action That Cannot Survive Summary Judgment.

At some point, whether before or after class certification is resolved, Plaintiffs' allegations will have to survive a motion for summary judgment. The interests of the absent class members are best served by having that test occur before they are bound to this action. *Cf. Abiona v. Thompson*, 237 F. Supp. 2d 258, 270 (E.D.N.Y. 2002) ("where the court decides to enter judgment on the merits in favor of defendants, certification of a plaintiff class could only serve to prejudice absent class members") (internal quotation marks omitted); *Benfield v. Mocatta Metals Corp.*, 1993 WL 148978 at *2 (S.D.N.Y. May 05, 1993) (Auth I) ("absent class members would be prejudiced if a court subsequently granted certification, and bound them to an adverse judgment"); *cf. also Thornton v. Mercantile Stores Co., Inc.*, 13 F. Supp. 2d 1282, 1288 (M.D. Ala. 1998) (accepting the argument that "the putative class members' interests will be better served by requiring the named Plaintiffs to demonstrate the validity of their individual claims. If the named Plaintiffs cannot create a genuine issue of material fact with respect to their claims, they obviously cannot be adequate class representatives under Rule 23(a)(4).").

This concern is particularly significant here, where the named Plaintiffs already have taken significant actions that threaten the interests of the absent members of the putative class. *See* Defendants' Opposition at 53-58. In particular, any absent class members who possess arguable claims of misrepresentation or breach of contract have been prejudiced by Plaintiffs

---

such as misrepresentation), and now seek class certification based on a different set of theories (none of which could survive a motion to dismiss because they are legally deficient). If the Court is going to allow Plaintiffs to raise new theories, it should allow Defendants to litigate -- before class certification -- whether they state a claim. *See* Defendants' Objection at 16-17.

9

here, who jettisoned such claims in an effort to win class certification.[12/] By opposing the prompt resolution of Defendants' Motion for Summary Judgment, Plaintiffs now needlessly expose the absent class members to the risk that a class is certified and then subject to an adverse summary judgment.

## CONCLUSION

For all these reasons, Defendants respectfully request that the Court decide Defendants' Motion For Summary Judgment before conducting hearings or proceedings pertaining to, or deciding, Plaintiffs' Amended Class Certification Motion.

Respectfully submitted,

Date: January 30, 2004

Defendants Nationwide Financial Services Inc. and Nationwide Life Insurance Co.

By: _____
Dennis F. Kerrigan, Jr., Esq. (CT 09621)
Brian O'Donnell, Esq. (CT 16041)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone:   (860) 293-3500
Facsimile:   (860) 293-3555

Charles C. Platt, Esq. (CT 23036)
Wilmer, Cutler & Pickering
399 Park Avenue
New York, NY 10022
Telephone:   (212) 230-8800
Facsimile:   (212) 230-8888

---

[12/]   As stated in Defendants' Opposition, Defendants believe that such claims would be without merit. However, these very Plaintiffs previously advanced such claims, see Plaintiffs' Second Amended Class Action Complaint (Docket 64) ¶¶ 2, 20, 23, and cannot now claim that such claims are utterly without value. See Defendants' Opposition at 58 n.106.

Eric Mogilnicki, Esq.  (CT 23053)
Sam Broderick-Sokol, Esq. (CT 25264)
Mark Bieter, Esq.
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, D.C. 20037
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, PETER WIBERG, as trustee of the Crown Tool & Die Deferred Compensation Plan, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center Deferred Compensation Plan, RONALD SIMON as trustee of the Hartford Roofing, Inc. Deferred Compensation Plan, CARL ANDERSON as trustee of the Anderson & Ferdon Deferred Compensation Plan,<br><br>    PLAINTIFFS,<br><br>          v.<br><br>NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,<br><br>    DEFENDANTS. | CIVIL ACTION NO.:<br><br>3:01CV1552(SRU) |

## [PROPOSED] ORDER

The Court, having read and considered Defendants' Motion Requesting That The Court Decide Summary Judgment Before Class Certification, the supporting memorandum of law, and all other papers and arguments submitted in support of and in opposition to that motion, HEREBY GRANTS that motion and determines to decide Defendants' Amended Motion for Summary Judgment before conducting hearings pertaining to or deciding Plaintiffs' First Amended Motion For Class Certification.

Date: _____        _____
                                     The Honorable Stefan R. Underhill
                                     United States District Judge