UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et. al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 01-CV-1552 (SRU) |
| Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company, | § § § § § | |
| Defendants. | § | January 30, 2004 |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE DECLARATIONS AND PRECLUDE OPINIONS OF PLAINTIFFS' PUTATIVE CLASS CERTIFICATION EXPERT

Plaintiffs, Lou Haddock, Peter Wiberg, Alan Gouse, Edward Kaplan, and Dennis Ferdon, ("collectively, "Plaintiffs"), respectfully submit Plaintiffs' Opposition to Defendants' Motion to Strike Declarations and Preclude Opinions of Plaintiffs' Putative Class Certification Expert:

### I.

### INTRODUCTION

Defendants, Nationwide Financial Services, Inc. and Nationwide Life Insurance Co. (collectively, "Nationwide") request the Court to exclude any declarations or opinions of Plaintiffs' designated expert on class certification, Professor Samuel Issacharoff, in ruling on Plaintiffs' Motion for Class Certification. The Court should deny Nationwide's request.

Nationwide fails to inform the Court that, under established Second Circuit authority, district courts can permissibly consider expert opinions on class certification, instead choosing to leave the Court with the misleading and incorrect impression that expert opinions on class certification are *per se* inadmissible. Nationwide also fails to disclose to the Court the actual

analysis that the Court must perform in considering Nationwide's request to exclude Professor Issacharoff's expert opinions on class certification.

Dispositively, under a straightforward application of this standard, Professor Issacharoff's opinions clearly should be considered by this Court in connection with its class certification decision. Nationwide's request is, thus, entirely unavailing, and this Court should reject it in its entirety.

## II.

### IN THE SECOND CIRCUIT, IT IS INDISPUTABLE THAT EXPERT OPINIONS ON CLASS CERTIFICATION CAN BE CONSIDERED BY A DISTRICT COURT

In the first part of its argument, Nationwide fails to inform the Court of the analysis it should perform in disposing of Nationwide's request to strike or preclude the expert class certification opinions of Professor Issacharoff. Nationwide characterizes Professor Issacharoff's declarations as "pure legal conclusions," argues that "legal conclusions are not a proper subject for expert testimony," and ends by observing that "[c]ourts have rejected opinions in the precise context of purported 'class certification experts' such as those offered in this action by Professor Issacharoff." Nationwide's Memorandum at 2-4.

Perplexingly, nowhere in this initial part of its discussion does Nationwide cite to the Court the controlling case of *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 135 (2d Cir. 2001), which refutes conclusively the entire first part of Nationwide's argument. This lack of candor is quite surprising, if not altogether disturbing, because Nationwide was clearly aware of this case, citing it later in its brief in support of a different, more limited proposition.[1]

In *Visa*, the Second Circuit affirmed Judge Gleeson's denial of the defendants' motion to strike the opinion of the plaintiffs' class certification expert. 280 F.3d at 135, *affirming* 192 F.R.D.

---

[1] *See* Nationwide's Motion at 5. Plaintiffs respond to this portion of Nationwide's argument *infra* Part III.

68, 76-78 (E.D.N.Y. 2000). In pertinent part, the Second Circuit stated:

> The question for the district court at the class certification stage is whether plaintiffs' expert evidence is sufficient to demonstrate common questions of fact warranting certification of the proposed class, not whether the evidence will ultimately be persuasive.
>
> ...
>
> The district court correctly noted that its function at the class certification stage was not to determine whether plaintiffs had stated a cause of action or whether they would prevail on the merits, but rather whether they had shown, based on methodology that was not fatally flawed, that the requirements of Rule 23 were met.

280 F.3d at 135 (citations omitted).

Crucially, the Second Circuit essentially rejected the notion that a rigid analysis of the proposed class certification expert's testimony based on Federal Rule of Evidence 702, as construed by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), is required before a court can consider such testimony. *Visa*, 280 F.3d at 135. As Judge Gleeson stated:

> Although there is a role for a *Daubert* test here, it is a limited one, tailored to the purpose for which the expert opinion is offered. The question is not, therefore, whether a jury at trial should be permitted to rely on [the class certification expert's] report to find facts as to liability, but rather whether I may utilize it in deciding whether the requisites of Rule 23 have been met.

192 F.R.D. at 76-77. Several other courts, in rejecting requests to exclude class certification expert opinions, have applied the same reasoning. *See Nichols v. SmithKline Beecham Corp.*, 2003 WL 302352, at *4 (E.D. Pa. 2003); *In re Monosodium Glutamate Antitrust Litig.*, 205 F.R.D. 229, 234-35 (D. Minn. 2001); *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, 209 F.R.D. 159, 162-63 (C. D. Ca. 2002); *Midwestern Machinery v. Northwest Airlines, Inc.*, 2001 WL 34049897, at *2 (D. Minn. 2001).

The district court in *Visa* ultimately found that the challenged class certification expert's opinion was "admissible for the narrow purpose for which it is offered: to support the plaintiffs'

class certification motion." 192 F.R.D. at 78. The Second Circuit affirmed. *Visa*, 280 F.3d at 135. It is, thus, beyond reasonable dispute that, as a general matter, this Court can consider the opinions and declarations of a class certification expert such as Professor Issacharoff in connection with its decision on class certification. Nationwide's suggestions to the contrary fly in the face of settled Second Circuit law on this subject, and they should be categorically rejected by this Court.

### III.

### PROFESSOR ISSACHAROFF'S OPINIONS ARE RELIABLE AND, THUS, ADMISSIBLE UNDER ESTABLISHED SECOND CIRCUIT AUTHORITY, AND PROFESSOR ISSACHAROFF IS AMPLY QUALIFIED TO GIVE THEM

Nationwide cites *Visa* only for the non-controversial proposition that "[a]t class certification, the district court may not rely on expert evidence that is 'fatally flawed.'" Nationwide's Motion at 5. Without any elaboration on the meaning of the term, Nationwide proceeds to make a conclusory challenge to Professor Issacharoff's opinions as "fatally flawed" based on his ostensibly "inadequate grasp of the facts and law governing Plaintiffs' claims." *Id*; *see also* Nationwide's Motion at 6-9. Surprisingly, Nationwide also challenges Professor Issacharoff's qualifications -- but this similarly conclusory challenge rests entirely upon Nationwide's assertion that Professor Issacharoff's "background reflects no expertise or experience in complex ERISA litigation of this sort." *Id*,; *see also* Nationwide's Motion at 9-11.

Nationwide's argument appears to be deliberately premised on incorrect assumptions about the applicable law as set forth in *Visa*. First, Nationwide fails to disclose that the Second Circuit in *Visa* did not -- as Nationwide insinuates -- equate a "fatally flawed" expert opinion on class certification with a subjective test of whether the expert possesses specialized knowledge in the particular area of law in which the plaintiffs' claims on the merits are brought. Instead, *Visa* described "fatally flawed" class certification opinions as evidence that is so methodologically

-4-

flawed that it would be inadmissible as a matter of law. 280 F.3d at 135. Crucially, Nationwide offers no criticism or discussion of Professor Issacharoff's methodology, and, thus, fails to demonstrate that Professor Issacharoff's opinions are unreliable or inadmissible.

Second, Nationwide's conclusory challenge to Professor Issacharoff's qualifications is wholly unavailing, because a class certification expert need not be an expert in ERISA law simply to offer an expert opinion on the propriety of class certification in this case. As Nationwide understands, Professor Issacharoff is impeccably and unassailably qualified to offer an opinion on class certification, and Nationwide's challenge based on his purported lack of special expertise in ERISA law is both disingenuous and irrelevant.

A.  PROFESSOR ISSACHAROFF'S EXPERT OPINIONS ON CLASS CERTIFICATION ARE BASED ON HIS STRAIGHTFORWARD APPLICATION OF AN ESTABLISHED METHODOLOGY AND ARE THEREFORE RELIABLE AND ADMISSIBLE UNDER IN RE VISA

As the Second Circuit noted in *Visa*:

> Although a trial court must conduct a 'rigorous analysis' to ensure that the prerequisites of Rule 23 have been satisfied before certifying a class, 'a motion for class certification is not an occasion for examination of the merits of the case.' [citation omitted]. A district court must ensure that the basis of the expert opinion is not so flawed that it would be inadmissible as a matter of law.

*Visa*, 280 F.3d at 134-35 *(quoting Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999)). In affirming the district court's denial of the defendants' motion to strike the plaintiffs' class certification expert's opinions, the Second Circuit remarked:

> As for defendants' claim that plaintiffs' expert evidence failed to provide a reliable basis for class certification, the district court's finding that [the class certification expert's] methodology was not fatally flawed, and therefore, was sufficiently reliable for class certification purposes, does not constitute an abuse of its discretion.

*Visa*, 280 F.3d at 135.

Crucially, in rejecting defendants' challenge to the admissibility of plaintiffs' class certification expert's opinion, the *Visa* district court stated:

> [T]he defendants have not shown that [plaintiffs' class certification expert] has failed to 'rely upon the type of methodology and data typically used and accepted' in cases such as this one [citation omitted]. The gravamen of defendants' motion is that they (and their experts) disagree with [plaintiffs expert's] conclusions; that is not a basis for exclusion.

*Visa*, 192 F.R.D. at 78.

Plainly, under *Visa*, Professor Issacharoff's opinions are not "fatally flawed." Those opinions are offered only to demonstrate the suitability of this case for class certification. More specifically, per his declarations, Professor Issacharoff offered opinions on the issue of predominance under Fed. R. Civ. P. 23(b)(3), the issue of adequacy of representation under Fed. R. Civ. P. 23(a), and the issue of superiority. As Professor Issacharoff explained, he reviewed numerous pleadings and documents related to the case, analyzed whether -- based upon his review of those materials -- this case is appropriate for aggregate treatment, and focused on the predominance, adequacy, and superiority issues under Fed. R. Civ. P. 23. .

Yet, nowhere in its Motion does Nationwide take issue with the methodology Professor Issacharoff used in framing his opinions on the suitability of this case for class treatment. Indeed, the entire premise of Nationwide's challenge to Professor Issacharoff's opinions is that Professor Issacharoff supposedly "does not have adequate knowledge of the requirements of ERISA or the factual underpinnings of Plaintiffs' ERISA theories to offer useful opinions to the Court in this action." Nationwide's Motion at 6. But the only examples Nationwide provides of this ostensibly inadequate knowledge involve specific, technical issues unique to ERISA law. Nationwide's Motion at 6-8.

Were Plaintiffs offering Professor Issacharoff as an expert at trial to testify in connection with the merits of the Plaintiffs' ERISA claim, it might be appropriate for this Court to scrutinize the depth of Professor Issacharoff's knowledge and understanding of the specific, technical ERISA

issues for which he presumably possessed expertise. But, Plaintiffs are not offering Professor Issacharoff for that purpose, but rather only for the inquiry of whether class certification is appropriate in this case -- a question that, in any event, does not and cannot depend upon any evaluation of the merits of Plaintiffs' claim under ERISA.

As the Second Circuit made abundantly clear in *Visa*, the class certification stage is not the occasion for this Court to consider the merits; dispositively, the question for this Court in assessing the reliability of Professor Issacharoff's expert opinions on class certification is simply whether that evidence "is sufficient to demonstrate common questions of fact warranting certification of the proposed class, not whether the evidence will ultimately be persuasive." 280 F.3d at 135. Nationwide does not even attempt to furnish this Court with an answer to that critical inquiry, instead focusing entirely on its inaccurate construction of the words "fatally flawed." Necessarily, Nationwide falls far short of showing that Professor Issacharoff's opinions are inadmissible as a matter of law under *Visa* -- the law this Court must apply to its inquiry.

B.  *PROFESSOR ISSACHAROFF IS AMPLY QUALIFIED TO RENDER OPINIONS ON THE PROPRIETY OF CLASS CERTIFICATION IN THIS CASE.*

Nationwide concludes its argument with a putative challenge to Professor Issacharoff's qualifications. Nationwide's Motion at 9-11. This Court, however, should summarily reject this argument.

Revealingly, Nationwide does not base its qualifications challenge on Professor Issacharoff's ability or experience to render opinions on class certification -- the only subject for which Plaintiffs offer his opinions. Instead, Nationwide mounts a wholly irrelevant challenge to Professor Issacharoff's ability to render expert opinions on ERISA principles. This is a red herring, and this Court should not be duped by it.

Indeed, while it is difficult to understand why Nationwide opted to use such a transparent ruse, is plain to see why Nationwide chose not to challenge Professor Issacharoff's qualifications to render opinions on class certification. A tenured law professor who has been a member of the faculties of the University of Texas School of Law and Columbia Law School, Professor Issacharoff has also served as counsel, consultant, expert witness, or special master in dozens of class actions in both federal and state courts; has represented or served as an expert for both plaintiffs and defendants; and has even been appointed to the special master team in the Western District of Texas asbestos litigation known as *Cimino v. Raymark Indus.*, 751 F.Supp. 649 (E.D. Tex. 1990), *rev'd sub nom: In re Fibreboard Corp.*, 893 F.2d 706 (5th Cir. 1990). Indeed, few people (if any) in the country would be better suited than Professor Issacharoff to render an expert opinion on class certification in this case.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs request this Court to deny in its entirety Nationwide's Motion to Strike Declarations and Preclude Opinions of Plaintiffs' Putative Class Certification Expert.

Respectfully submitted,

_[signature]_

Antonio Ponvert, III
Federal Bar No. ct17516
Richard A. Bieder
Federal Bar No. ct04208

KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)

Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel
Federal Bar No. ct18180

STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
214-443-4300
214-443-0358 (Fax)

Gregory G. Jones
Federal Bar No. ct23443

LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

**PLAINTIFFS' COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were served this ___ day of January, 2004, upon the following counsel via the methods indicated:

| | |
|---|---|
| Dennis F. Kerrigan, Jr.<br>LeBoeuf, Lamb, Greene & MacRae<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT 06103 | • • via certified mail, RRR<br>• • via fax 860/293-3555<br>• • via first-class, U.S. mail<br>• • via overnight delivery<br>• • via hand delivery |
| Charles C. Platt<br>Wilmer Cutler & Pickering<br>399 Park Avenue<br>New York, NY 10022 | • • via certified mail, RRR<br>• • via fax 212/230-8888<br>• • via first-class, U.S. mail<br>• • via overnight delivery<br>• • via hand deliver |
| Eric J. Mogilnicki<br>Wilmer Cutler & Pickering<br>2445 M Street, N.W.<br>Washington, D.C. 20037 | • • via certified mail, RRR<br>• • via fax 202/663-6363<br>• • via first-class, U.S. mail<br>• • via overnight delivery<br>• • via hand deliver |

_____
ANTONIO PONVERT, III