UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| LOU HADDOCK, trustee of Flyte Tool & Die, Inc Deferred Compensation Plan, et al.<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES, INC. and NATIONWIDE LIFE INSURANCE CO.<br><br>Defendants. | CIVIL ACTION NO.<br>3:01-cv-1552 (SRU) |

---

## RULING ON PENDING MOTION FOR RECONSIDERATION

Currently pending is Defendants' Motion for Reconsideration of certain portions of the undersigned's September 18 2003 Rulings re: Discovery and Scheduling. (Doc. # 138). Defendants seek reconsideration of the ruling with regard to limited portions of documents 1, 6, 8, and 9 and contend that portions of those documents ordered disclosed are clearly protected by the attorney-client privilege.

### Document 1

Defendants seek reconsideration of the portion of the ruling ordering production of the final sentence of the section entitled "Background" and beginning with the word "Nationwide Life" in Document 1. Defendants contend that the Court overlooked important privilege concerns in ordering this portion of the document disclosed because this portion of the meeting minutes marked the beginning of the legal discussion and created a context for

the privileged content that followed.

Upon reconsideration, the Court agrees and orders Defendants need not disclose any part of document after the word expenses at the end of the first paragraph under the word "Background" on Page 013890.

### Document 6

Defendants seek reconsideration of the portion of the ruling ordering production of the second, third, fourth and fifth paragraphs of Document 6. Defendants contend that Document 6 is "infused with legal advice." (Def. Reply Mem. p. 6).

Upon reconsideration, Defendants need not disclose part of the second and fourth paragraphs. However; the Court still disagrees with Defendants with respect to the third paragraph and the first sentence of the fifth paragraph.

### Document 8

Defendants seek reconsideration of the portion of the ruling ordering production of the subheading 2 and part of subheading 3 of Document 8. Defendants contend that subheading 2 of Document 8 recounts confidential communications from in-house counsel. (Def. Reply Mem. p. 7). Defendants contend that the fourth sentence of subheading 3 of Document 8 contains a request for legal advice. (Def. Reply Mem. p. 7).

The Court, upon reconsideration, still finds nothing privileged in those subheadings. Subheading 2 does not appear to reveal confidential legal advice; nor is there anything privileged about the task to be undertaken or the referenced list in subheading 3, as it is expressed in this document.

**Document 9**

Defendants seek reconsideration of the portion of the ruling ordering production of the subheading "1h." and of subheading 2 of Document 9. Defendants contend that both of these passages reflect requests for legal advice from attorneys in the Compliance Department. (Def. Reply Mem. p. 7).

Upon reconsideration, the Court still believes the portions at issue should be disclosed. The identification of the task itself to be performed does not convey privileged information, as expressed in this document.

## CONCLUSION

Defendants' Motion for Reconsideration of certain portions of the undersigned's September 18 2003 Rulings re: Discovery and Scheduling (Doc. # 138) is GRANTED. Upon reconsideration, the Court affirms its previous ruling in part and reverses in part as set forth above.

So ordered this the 9th day of February, 2004, at Bridgeport, Connecticut.

/S/ *William I. Garfinkel*
William I. Garfinkel
U.S. Magistrate Judge