UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et. al., | § § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | Case No. 01-CV-1552 |
| Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company, | § § § § | |
| DEFENDANTS. | § | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION REQUESTING THAT THE COURT DECIDE
SUMMARY JUDGMENT BEFORE CLASS CERTIFICATION**

**I.      FACTUAL BACKGROUND**

On March 28, 2002, following a contested Rule 26(f) conference on January 30, 2002, the Court entered the Scheduling Order, which provided as follows:

*A.      General*

> *This case shall be managed in phases – the first being class certification by plaintiffs and a Rule 12 motion by the defendants. Once class certification and the Rule 12 motion have been ruled upon, a further Rule 26(f) Report and scheduling order shall address all deadlines and case management issues necessary for trial.*

The Scheduling Order limited discovery to class certification–related discovery, providing that "…*all class certification – related discovery shall be reasonable and tailored for preparation on the issue of class certification.*"

On March 5, 2003, the Court entered the First Amended Scheduling Order. It retained the exact same language quoted above. It also retained the limitation on discovery to class certification – related discovery. By endorsement dated May 9, 2003, the Court granted a motion extending certain deadlines set forth in the First Amended Scheduling Order. The Court

1

did not alter the fact that class certification was to be decided prior to dispositive motions or other adjudication on the merits or provide for discovery on the merits or provide for the filing of a motion for summary judgment by Defendants.

From the Fall of 2001 until August 21, 2003, the parties engaged in exclusively class certification–related discovery. From the entry of the original Scheduling Order until completion of class certification–related discovery on August 21, 2003, Defendants never indicated to Plaintiffs' counsel or the Court that they intended to disobey the Scheduling Order or that they had any intention of filing a motion for summary judgment, despite numerous opportunities to do so. Defendants could have asked for the right to file a summary judgment motion during either of the two times the Court was considering amendments to the Scheduling Order or during the numerous conferences held with the Court. They did not do so.

The completion of class certification–related discovery on August 21, 2003, triggered the thirty day period for Plaintiffs to file their amended class certification brief. Accordingly, on August 28, 2003, when Defendants unexpectedly filed their summary judgment motion, Plaintiffs were already hard at work on preparing their amended class certification brief and extensive related materials.

The Court has never varied from its decision to decide class certification prior to consideration of evidence-based dispositive motions, including Defendants' motion for summary judgment. For the reasons set forth below, this Court has no reason to change its prior rulings on scheduling. The Court's decision on class certification should precede the Court's disposition of the summary judgment motion, as the Court has always intended.

**II.    NO GOOD REASON EXISTS FOR ALLOWING PROCEEDINGS ON DEFENDANTS' SUMMARY JUDGMENT MOTION PRIOR TO THE COURT'S RULING ON CLASS CERTIFICATION**

*A.    THE STANDARD.*

Given the instruction by Federal Rule of Civil Procedure 23(c)(1) that class certification be decided "*as soon as practicable*," the general rule is that class certification should be decided before any decision on the merits, including adjudication of summary judgment motions. *Cowen v. Bank United of Texas*, 70 F.3d 937, 941 (7th Cir. 1995); *Bowling v. Pfizer, Inc.*, 142 F.R.D. 302, 303 (S.D. Ohio 1991). There are two main reasons for the general rule.

First, the judicial efficiency which recommends class actions in the first instance dictates generally deciding class certification first in order to permit the possibility that a subsequent judgment by the court will be binding on the entire class, rather than just the named class representatives. *Bowling*, 142 F.R.D. at 303. Certification allows a court to consider dispositive motions for class members in one action, rather than in a series of suits. *Id*.

The second rationale for considering class certification before a dispositive motion has been articulated as follows:

> *…one reason for early certification is to identify the stakes of the case so that the parties may choose their litigation strategies accordingly. After even a tentative decision on the merits, incentives are different. Indeed, a class representative who has lost on the merits may have a duty to the class to oppose certification, to avoid the preclusive effect of the judgment, while the defendants suddenly want the certification that they might have opposed at the outset.*

*Bieneman v. City of Chicago*, 838 F.2d 962, 963 (7th Cir. 1988).

For these reasons, "[i]t is therefore difficult to imagine cases in which it is appropriate to defer class certification until after a decision on the merits." *Id*. Put another way, it is only in "*exceptional*" cases that summary judgment motions should be decided prior to class certification. *Wilson v. American Cable Vision of Kansas City, Inc.*, 130 F.R.D. 404, 405-6

(W.D. Mo. 1990).

Exceptional cases where resolution of summary judgment before class certification has been approved are those few cases where the plaintiff never bothered to move for certification after a significant amount of time, *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998), and the very few where: (i) the defendant has sought an early disposition of the plaintiffs' claims by summary judgment motion, (ii) it appears highly likely to the court that the claims can be readily resolved on summary judgment because of some glaring fault with the plaintiffs' theory, and (iii) the plaintiffs will not be prejudiced by deciding summary judgment first. *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 93 (D.C. Cir. 2001); *Cowen*, 70 F.3d at 941; *Wright v. Schock*, 742 F.2d 541, 543-4 (9th Cir. 1984).

The cases cited by Defendants require courts to consider the same factors in deciding whether consideration of a summary judgment motion should precede consideration of a class certification motion as the cases cited by Plaintiffs. *See* Defendants' Memorandum at 4-6. Because that standard strongly favors denial of the motion, Defendants claim that the standard has been changed because "the recent amendments to Rule 23(c)(1)(A) encourage consideration of motions for summary judgment prior to class certification." Defendants' Motion at 6. Nothing could be further from the truth.

Those amendments merely changed the wording of Fed. R. Civ. P. 23(c)(1)(A) from requiring certification "as soon as practicable" to requiring certification "at an early practicable time." Thus, the wording of the rule does not itself "encourage consideration of motions for summary judgment prior to class certification," as Defendants contend. Moreover, the Advisory Committee Notes to the December 1, 2003 amendments to Rule 23, make apparent that the overriding reason for the change in the wording was simply to ensure that courts decide certification on an informed basis after adequate discovery and hearing but still without unfairly

4

delaying the class certification decision.

Because this case quite clearly does not fit within the "*exceptional*" circumstances under which the disposition of a summary judgment motion may precede class certification, and deferring the certification decision would delay it unjustifiably, the Court should deny Defendants' motion.

A. DECIDING SUMMARY JUDGMENT BEFORE CLASS CERTIFICATION WILL NOT PRESERVE JUDICIAL AND PARTY RESOURCES.

Defendants initially waited to move for summary judgment until after this case had been on file for over two years, after class certification discovery had been completed and while Plaintiffs were in the midst of briefing class certification. Defendants' "revised" summary judgment motion comes after completion of the class certification briefing. This is true despite the fact that the summary judgment motion is based entirely on facts that have been known to Defendants since the inception of the litigation and entirely on evidence which has been in their possession since the inception of the litigation. Defendants did not seek "*early disposition*" via summary judgment.

Crucially, because Defendants did not seek early disposition, judicial economy can not conceivably be served by deciding summary judgment before class certification. Class certification discovery is complete, as is all class certification briefing. All that remains is for the Court to conduct the hearing, which will only require part of one day. Thus, very little time and effort on the part of the parties or the Court could be saved in the unlikely event the Court were to grant summary judgment.

Finally, should the Court decide to take up Defendants' summary judgment motion before deciding class certification, significant additional time and effort will be required in discovery before Plaintiffs can fully respond to the summary judgment motion. In that event,

5

Plaintiffs will need "merits" discovery on at least two topics: (1) how Defendants have treated the analogous situation of payments by a closing mutual fund, and, specifically, whether the funds were treated by Defendants as plan assets, and (2) whether payments from the mutual funds to Defendants constitute, in whole or part, payments for services rendered by Defendants to the mutual funds.

In addition to discovery, Plaintiffs may need to designate experts on these topics, which will require expert depositions. To delay the decision on class certification until after such discovery and after a decision is made on summary judgment is not possibly justified. Judicial economy will be far better served in this case by first deciding Plaintiffs' class certification motion, which is already fully briefed and ready for disposition.

B.  DEFENDANTS ALREADY TESTED -- UNSUCCESSFULLY -- THE SAME LEGAL THEORIES THAT ARE THE SUBJECT OF THEIR MOTION FOR SUMMARY JUDGMENT.

Via their motion to dismiss, Defendants already had the opportunity to defeat Plaintiffs' case on the merits based on any fundamental flaw in Plaintiffs' theory of the case. The Court denied that motion to dismiss, and the current motion for summary judgment amounts to nothing more than reiteration of the same basic arguments that Defendants previously made in the motion to dismiss to no avail. Thus, this is not a case of Plaintiffs having filed a frivolous or fundamentally flawed complaint which ought to be summarily disposed of on the merits rather than class certification being decided first. *E.g., compare* Reply Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint at 7-13 (citing *Damasco & Assoc. 401(k) Profit Sharing Plan v. Manufacturers Life Ins. Co.*, 1999 U.S. Dist. LEXIS 13654 (N.D. Cal. Aug. 20, 1999) and Department of Labor Advisory Opinions 97-15A and 97-16A) *with* Revised Memorandum of Law in Support of Defendants' Motion for Summary Judgment at 16-18 (citing *Damasco* and DOL Advisory Opinions 97-15A

6

and 97-16A); *compare* Reply Memorandum in Support of Motion to Dismiss at 7 ("Plaintiffs' suggestion that control over money "derived from the plan assets" constitutes ERISA fiduciary control is at odds with the plain language of ERISA (which provides that fiduciary status may be conferred by control over 'plan assets'--not monies 'derived from' plan assets) and the federal court decision in *Damasco*....") *with* Revised Memorandum in Support of Motion for Summary Judgment at 17 ("The Department of Labor's Advisory Opinions are consistent with the great weight of other applicable legal authority, which holds that ERISA fiduciary status is not conferred simply because an ERISA defendant may have received some money that may have originally derived from plan assets. *See Damasco*....").

Indeed, Defendants' summary judgment motion has no more merit than its motion to dismiss. The motion argues that the revenue sharing payments by mutual funds to Nationwide did not constitute payments of plan assets because the sources of those payments were not plan assets in the hands of the mutual fund advisors or the mutual funds. Crucially, Plaintiffs do not claim that the sources of the payments constituted plan assets. Rather, Plaintiffs claim that the payments constituted plan assets in the hands of Nationwide based upon a functional approach and equitable principles, and the summary judgment motion does not challenge this theory other than to merely claim in purely conclusory fashion that it can not possibly be correct. It is correct, making the motion a futile gesture.

C.   *JUDICIAL EFFICIENCY DEMANDS THAT CLASS CERTIFICATION BE DECIDED BEFORE SUMMARY JUDGMENT.*

Judicial efficiency dictates the Court consider class certification first. Simply put, if the Court grants certification, which is highly likely, it will be able to decide the summary judgment motion as to the entire class, rather than just the named representatives. Indeed, the arguments made by Defendants in the summary judgment motion undeniably apply across the

7

board to all Class members, dictating that these issues should be decided for everyone now, not just the named representatives. Because the purpose of the class action mechanism is to avoid multiple lawsuits, it is clearly preferable to decide class certification first, even in the unlikely event that the Court later grants summary judgment.

Wherefore, Plaintiffs respectfully request the Court to deny Defendants' Motion Requesting that the Court Decide Summary Judgment Before Deciding Class Certification.

Respectfully submitted,

_____
Richard A. Bieder
Federal Bar No. ct04208
Antonio Ponvert, III
Federal Bar No. ct17516
KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)

Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel
Federal Bar No. ct18180
Martin Woodward
Federal Bar No. ct25263
STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
214-443-4300
214-443-0358 (Fax)

Gregory G. Jones
Federal Bar No. ct23443
LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were served this __ day of February, 2004, upon the following counsel via the methods indicated:

| | |
|---|---|
| Dennis F. Kerrigan, Jr.<br>LeBoeuf, Lamb, Greene & MacRae<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT  06103 | ☐ via certified mail, RRR<br>☐ via fax 860/293-3555<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐  via hand delivery |
| Charles C. Platt<br>Wilmer Cutler & Pickering<br>399 Park Avenue<br>New York, NY 10022 | ☐ via certified mail, RRR<br>☐ via fax 212/230-8888<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐  via hand delivery |
| George E. Anhang<br>LeBoeuf, Lamb, Greene & MacRae<br>1875 Connecticut Avenue, NW<br>Suite 1200<br>Washington, DC  10009 | ☐ via certified mail, RRR<br>☐ via fax 202/986-8102<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand delivery |

_____
Richard Bieder