UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & | § | |
| Die, Incorporated Deferred Compensation Plan, | § | |
| et. al., | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | Case No. 01-CV-1552 (SRU) |
| | § | |
| Nationwide Financial Services Incorporated, | § | |
| and Nationwide Life Insurance Company, | § | |
| | § | |
| DEFENDANTS. | § | March 5, 2004 |

**PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 5(d) and the Court's Protective Order on Confidentiality and Privilege of February 3, 2003 (the "Protective Order"), Plaintiffs respectfully request that they be allowed to file under seal Plaintiffs' Supplemental Confidential Appendix in Support of Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment and Revised Memorandum of Law in Support of Defendants' Motion for Summary Judgment, which contains the following documents:

Tab A -- August 9, 1993 Nationwide internal email.

Tab B -- August 17, 1993 Nationwide internal email.

Tab C -- November 17, 1993 Nationwide internal memorandum from the Pensions Management Team to a number of persons.

Tab D -- November 28, 1994 internal email of Nationwide.

Tab E -- task list for the filing of a prohibited transaction exemption in connection with accepting money from mutual funds.

Tab F -- October 24, 1995 Nationwide internal memorandum from Steve Rose to the Competitive Pricing Implementation Team.

All of these documents have been previously designated as "Confidential" by Defendants pursuant to the Protective Order because they allegedly contained: (a) confidential, commercial,

business, financial, or proprietary information, disclosure of which may have an adverse effect on the commercial, business or financial position of Nationwide, or (b) personal information, including financial information, concerning persons who purchased individual annuities or certificates of group annuities.

Plaintiffs take no position upon whether these documents were properly designated as "Confidential" by Defendants or are entitled to remain filed under seal. Plaintiffs request to file these documents under seal in order to comply with their obligations under the Protective Order.

Respectfully submitted,

_____

Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel
Federal Bar No. ct18180
Martin Woodward
Federal Bar No. ct25263
STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
214-443-4300
214-443-0358 (Fax)


Richard A. Bieder
Federal Bar No. ct04208
Antonio Ponvert, III
Federal Bar No. ct17516
KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)

Gregory G. Jones
Federal Bar No. ct23443
Law Firm of Gregory G. Jones PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were served this ___ day of March, 2004, upon the following counsel via the methods indicated:

| | |
|---|---|
| Dennis F. Kerrigan, Jr.<br>LeBoeuf, Lamb, Greene & MacRae<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT  06103 | via certified mail, RRR<br>via fax 860/293-3555<br>via first-class, U.S. mail<br>via overnight delivery<br>via hand delivery |
| Charles C. Platt<br>Wilmer Cutler & Pickering<br>399 Park Avenue<br>New York, NY 10022 | via certified mail, RRR<br>via fax 212/230-8888<br>via first-class, U.S. mail<br>via overnight delivery<br>via hand deliver |
| Eric J. Mogilnicki<br>Wilmer Cutler & Pickering<br>2445 M Street, N.W.<br>Washington, D.C.  20037 | via certified mail, RRR<br>via fax 202/663-6363<br>via first-class, U.S. mail<br>via overnight delivery<br>via hand deliver |

_____
Roger L. Mandel

3