UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et al., § § § § | | |
| Plaintiffs, § § | | |
| v. § § | Case No. 001-CV-1552 (SRU) | |
| Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company, § § § § § | | |
| Defendants. § | March 16, 2004 | |

**PLAINTIFFS' RESPONSE TO [DOCKET NO. 201] SUR-REPLY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' <u>FIRST AMENDED MOTION FOR CLASS CERTIFICATION</u>**

In Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' First Amended Motion for Class Certification ("Reply") [Docket No. 201], Plaintiffs made the argument that their claim to recover the revenue sharing payments constitutes a claim for restitution that lies in equity pursuant to Restatement (First) of Restitution § 209, such that it can be asserted pursuant to ERISA § 502(a)(3) and qualifies for FRCP 23(b)(2) certification. Reply at 10-11. Before doing so, Plaintiffs carefully studied § 209 and its sole comment and felt quite certain that it applies to the facts in this case.[1]

The Court can only imagine Plaintiffs' consternation when they read in the Sur-Reply in Support of Defendants' Opposition to Plaintiffs' First Amended Motion for Class Certification ("Sur-Reply") [Docket No. 201] that "*Plaintiffs have misread the Restatement and Second Circuit precedent, which limit this specialized form of equitable relief to situations where the*

---

[1] A true and correct copy of Restatement (First) of Restitution § 209, including annotations, is attached hereto as Exhibit A for the Court's convenience.

*defendant is bankrupt*" and that "*Section 209 is limited to situations where 'no further disposition is made of the mingled fund and is held intact by the wrongdoer'*" such that "[*i*]*t is Plaintiffs' burden to show that the funds are 'held intact.'*"  Sur-Reply at 2 & 3.  After all, this Restatement section is only one page long, including its one comment.  How could Plaintiffs have missed these two limitations?

Upon further review, Plaintiffs conclude that they did not miss them because they do not exist.  Nowhere in § 209 or its comment does it state that it is limited "*to situations where the defendant is bankrupt*" or where "*the funds are held intact.*"  Rather, by selective out of context quotation of short phrases (not even whole sentences) from the comment to § 209 (not § 209 itself), Defendants concoct a complete fiction -- that § 209 limits its application to bankrupt defendants who hold plaintiffs' funds intact.

### RESTATEMENT (FIRST) OF RESTITUTION § 209 DOES NOT LIMIT ITSELF TO BANKRUPT DEFENDANTS

The simplest and most telling manner of proving that § 209 does not limit itself to bankrupt defendants is to simply quote it and its comment:

§ 209.  Mingling With Funds Of Wrongdoer

**Where a person wrongfully mingles money of another with money of his own, the other is entitled to obtain reimbursement out of the fund.**

*Comment*:

*a*.  The person whose money is wrongfully mingled with money of the wrongdoer does not thereby lose his interest in the money, although the identity of his money can no longer be shown, but he acquires an interest in the mingled fund.  His interest is such that he is entitled in equity to claim a proportionate share of the mingled fund or a lien upon it.  If no further disposition is made of the mingled fund and it is held intact by the wrongdoer, it is immaterial whether he claims a share of or a lien upon the fund.

The rule stated in this Section is applicable not only where there is a physical mingling of cash, but also where the mingling is effected by making deposits in a

> single bank account. In either case if the wrongdoer is insolvent, the other person is entitled to restitution out of the mingled fund and is entitled to priority over other creditors of the wrongdoer.

Restatement (First) of Restitution § 209, Comment a (1937).

Not only does § 209 itself not limit its applicability to bankrupt defendants, it does not even mention the bankruptcy of a defendant. Likewise, the comment does not expressly or implicitly limit the applicability of § 209 to bankrupt defendants.

Defendants make this absurd argument by using two phrases completely out of context. Initially, Defendants write that, "*Comment (a) to Section 209 of the Restatement explains that a plaintiff may be entitled to restitution out of a mingled fund 'if the wrongdoer is insolvent.*'" Sur-Reply at 2. Comment (a) does not say that, however. Nor does it say that, "*By labeling such relief as 'equitable,' the plaintiff obtains 'priority over other creditors if the wrongdoer,'....*" Sur-Reply at 2.

Rather, it actually says, "*In either case if the wrongdoer is insolvent, the other person is entitled to restitution out of the mingled fund and is entitled to priority over other creditors of the wrongdoer.*" Restatement (First) of Restitution § 209, Comment (a). This sentence plainly states that "*if the wrongdoer is insolvent,*" the other person is not only entitled to restitution out of the mingled fund, but also to "*priority over other creditors of the wrongdoer*" as to the mingled fund. It does not make insolvency a condition to restitution; indeed, § 209 itself allows reimbursement out of a mingled fund without regard to insolvency.

Consistent with the plain meaning of this sentence, courts have recognized that restitution pursuant to § 209 lies regardless of the financial status of the defendant, but that where the defendant is insolvent, the plaintiff is additionally entitled to priority over other creditors of the defendant:

3

> *It is a principle well established that the mere fact that a claimant's money is mingled with money of the wrongdoer does not preclude the claimant from tracing his money into the mingled fund and forcing an equitable lien upon it. Where a person who is a conscious wrongdoer mingles money of the claimant with money of his own and thereafter withdraws and dissipates a part of the mingled fund, the claimant is entitled to enforce an equitable lien upon the part of the fund which remains. Where the wrongdoer is insolvent, the claimant is entitled to priority over the general creditors of the wrongdoer in collecting his claim out of the balance of the fund. (4) Scott on Trusts vol. 3 §§ 515, 517; Restatement of the Law on Restitution, Chap. 13, §§ 209, 210 and 211.*

*In Re Anajopa Paper & Board Manufacturing Co., Inc.,* 269 F. Supp. 241, 261 (S.D.N.Y. 1967) (*quoting Estate of Liebman*, 60 N.Y.S.2d 482, 484 (N.Y. Surr. Ct. 1945)). Indeed, the courts have specifically cited to § 209 for this proposition. *Id.*

After their selective quotation of phrases from the comment to § 209, Defendants go on to write that, "*In keeping with the Restatement, all of the cases relied upon by Plaintiffs involve attempts to recover funds in a bank account belonging to a bankrupt defendant.*" Sur-Reply at 2. This argument constitute a logical fallacy. Just because four cases cited by Plaintiffs apply § 209 to bankrupt defendants does not necessarily mean that § 209 cannot apply outside of bankruptcy.

Rather, those four cases merely indicate that the necessity to apply § 209 most typically arises in bankruptcy. If a solvent defendant takes money belonging to a plaintiff, the plaintiff will not limit its claim to the specific fund in which the defendant holds the plaintiff's money. Rather, it will assert a general claim which can be enforced against all of the defendant's assets, such that it has no need to invoke § 209. On the other hand, when a plaintiff seeks recovery of its funds from a bankrupt defendant and the total claims against the defendant exceed the defendant's assets, the plaintiff will want to assert a claim against the specific account in which the defendant holds its funds pursuant to § 209 in order to obtain a priority claim to that account superior to the claims of the general unsecured creditors of the defendant.

Significantly, § 209 has been found applicable or potentially applicable in cases not involving bankrupt defendants. For example, *Estate of Liebman* involved a probate estate. 60 N.Y.S.2d at 482. Furthermore, *Bank of the Philippine Islands v. Rogers*, 165 F. Supp. 100, 101 (D.D.C. 1958), *aff'd*, 281 F.2d 12 (D.C. Cir. 1959), *cert. denied,* 364 U.S. 927 (1960), involved a claim by a Philippines bank against the United States to recover money captured by the United States Army in the Philippine Islands during or immediately after the conclusion of World War II.

In summary, Restatement (First) of Restitution § 209 and its principles apply to defendants whether or not they are bankrupt. Defendants' argument to the contrary has no merit at all.

### RESTATEMENT (FIRST) OF RESTITUTION § 209 DOES NOT IMPOSE A REQUIREMENT THAT FUNDS BE "HELD INTACT"

Defendants amazingly claim that "*Section 209 is limited to situations where 'no further disposition is made of the mingled fund and it is held intact by the wrongdoer'*" such that "*[i]t is Plaintiffs' burden to show that the funds are 'held intact,'*" and they cite *Anajopa Paper*, 269 F. Supp. at 261, in support. Neither § 209 nor *Anajopa Paper* remotely stands for that proposition.

Once again, Defendants quote a phrase from the comment to § 209 out of context. Three sentences are necessary to put the phrase chosen by Defendants in its proper context:

> *The person whose money is wrongfully mingled with money of the wrongdoer does not thereby lose his interest in the money, although the identity of his money can no longer be shown, but he acquires an interest in the mingled fund. His interest is such that he is entitled in equity to claim a proportionate share of the mingled fund or a lien upon it. If no further disposition is made of the mingled fund and it is held intact by the wrongdoer, it is immaterial whether he claims a share of or a lien upon the fund.*

Restatement (First) of Restitution § 209, Comment (a) (1937).

Thus, a person whose money is wrongfully mingled with money of the wrongdoer acquires an interest in the mingled fund -- either a proportionate share of the fund or a lien upon it. In the situation where no further disposition is made and the mingled fund is held intact by the wrongdoer, it does not matter whether the person claims a share of or a lien upon the fund. In other words, if the fund is "*held intact*," the remedy does not matter. On the other hand, if the fund is not held intact, the remedy is an equitable lien.

If § 209 does not make this perfectly clear, § 211 certainly does:

*§ 211. Effect Of Withdrawals From Mingled Fund*

*(1) Where a person wrongfully mingles money of another with money of his own and subsequently makes withdrawals from the mingled fund, the other is entitled to an equitable lien upon the part which remains....*

Restatement (First) of Restitution § 211(1) (1937).[2]

Citing to § 211, *Anajopa Paper* states exactly the same proposition:

*Where a person who is a conscious wrongdoer mingles money of the claimant with money of his own and thereafter withdraws and dissipates a part of the mingled fund, the claimant is entitled to enforce an equitable lien upon the part of the fund which remains....*

*As against the insolvent trustee's general creditors, the trust beneficiary is entitled to a lien against the mixed bank account to the full extent of the trust monies even if the fund, having been partially dissipated, has a lower ending balance. The Restatement of Restitution cited by the Court in <u>Liebman</u> makes clear that, contrary to the Referee's holding, this is so even though it is impossible to determine whose funds, the trustee's or the beneficiary's, were dissipated from the mixed fund. Restatement Restitution § 211 Comment b, illustration 1, ....*

269 F. Supp. at 261-2.

Plaintiffs find it quite perplexing and disturbing that Defendants would cite the Restatement and *Anajopa Paper* for the exact opposite proposition. Indeed, Defendants' argument amounts to calling black "white" and hoping that Plaintiffs and the Court would simply

---

[2] A true and correct copy of § 211, including annotations, is attached hereto as Exhibit B for the Court's convenience.

6

not notice. Defendants' hope is misplaced and futile. Plaintiffs need not show that Defendants hold the revenue sharing payments "intact."

## CONCLUSION

Restatement (First) of Restitution § 209 and its principles apply regardless of the solvency of Defendants and regardless of whether Defendants hold the revenue sharing payments "intact." Thus, those principles apply fully in this case so as to make Plaintiffs' claim for restitution one that lies in equity. Because it lies in equity, it may be brought pursuant to ERISA § 502(a)(3). As a consequence, the Court can and should certify this case to proceed as a class action pursuant to FRCP 23(b)(2) on the basis that Plaintiffs seek equitable, not legal, relief.

Respectfully submitted,

_____
Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel
Federal Bar No. ct18180
Martin Woodward
Federal Bar No. ct25263

STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas  75205
214-443-4300
214-443-0358 (Fax)

Antonio Ponvert, III
Federal Bar No. ct17516
Richard A. Bieder
Federal Bar No. ct04208

KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)

Gregory G. Jones
Federal Bar No. ct23443

LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

**PLAINTIFFS' COUNSEL**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that true and correct copies of the foregoing were served this ____ day of March, 2004, upon the following counsel via the methods indicated:

| | |
|---|---|
| Dennis F. Kerrigan, Jr.<br>LeBoeuf, Lamb, Greene & MacRae<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT  06103 | ☐ via certified mail, RRR<br>☐ via fax 860/293-3555<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand delivery |
| Charles C. Platt<br>Wilmer Cutler & Pickering<br>399 Park Avenue<br>New York, NY 10022 | ☐ via certified mail, RRR<br>☐ via fax 212/230-8888<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand deliver |
| Eric J. Mogilnicki<br>Wilmer Cutler & Pickering<br>2445 M Street, N.W.<br>Washington, D.C.  20037 | ☐ via certified mail, RRR<br>☐ via fax 202/663-6363<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand deliver |

                                                          ROGER L. MANDEL