LOU HADDOCK, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, PETER WIBERG, as trustee of the Crown Tool & Die Deferred Compensation Plan, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center Deferred Compensation Plan, RONALD SIMON as trustee of the Hartford Roofing, Inc. Deferred Compensation Plan, CARL ANDERSON as trustee of the Anderson & Ferdon Deferred Compensation Plan,

    PLAINTIFFS,

       v.

NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,

    DEFENDANTS.

CIVIL ACTION NO.:

3:01CV1552(SRU)

April 2, 2004

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' SUMMARY JUDGMENT EVIDENCE

In their Objections to and Motion to Strike Portion of Defendants' Summary Judgment Evidence (Docket 206) ("Pls.' Objections and Mot. to Strike"), Plaintiffs seek to strike two paragraphs of the Declaration of William Goslee ("Goslee Decl.") and several financial documents -- including annual reports and service agreements between Nationwide Financial Services, Inc. ("NFS") and mutual funds or mutual fund service providers presented in support of Defendants' summary judgment motion. Plaintiffs contend that these items are hearsay under Fed. R. Evid. 802 and that the Goslee Declaration also fails to meet the "best evidence standard" of Fed. R. Evid. 1002. These arguments are without merit, and Plaintiffs' requested relief should be denied.

## FACTUAL BACKGROUND

Plaintiffs object to Paragraph 5[1] and Paragraph 6[2] of the Goslee Declaration, in addition

to seven documents listed in Defendants' Local Rule 56(a)(1) Statement (Docket 187) at

Paragraphs 16-21. These include:

- Statements of Additional Information ("SAIs") for Nationwide Variable Account - II, dated May 1, 1998 and May 1, 1999 (Exhibits to Defendants' Revised Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Docket 186) ("Defs.' Exs.") 3-4);

- 1997 Annual Report for Nationwide Variable Account - II (Defs.' Ex. 12);

- The Best of America Retirement Advisor: Group Annuity Variable Contract Profile (Defs.' Ex. 11); and

- Contracts between Nationwide Financial Services and three mutual funds or mutual fund service providers. *See* Defs.' Ex. 18 (Fund Agreement with Invesco Distributors, Inc.; Ex. 19 (Service Agreement with Janus Service Corp.); Ex. 20 (Service Agreement with Villanova Mutual Fund Capital Trust).

## ARGUMENT

A.  **Defendants' Summary Judgment Evidence Is Properly Before the Court.**

Rule 802 of the Federal Rules of Evidence states that hearsay is not admissible "except as

provided by these rules or any other rules . . . ." However, affidavits filed in summary judgment

---

[1]  "Some of the service providers that are affiliated with a mutual fund sponsor enter into contracts with third-party providers, such as Nationwide Life or entities related to Nationwide Life (the 'Nationwide entities') to help provide services. Those services can include shareholder services, administration, and other services." Goslee Decl. ¶ 5.

[2]  "The contracts between Nationwide entities and service providers involve various mutual funds, mutual fund sponsor affiliates, Nationwide entities, services and payments. In general, the service payments to the Nationwide entities are based on the amounts invested in a particular mutual fund by the different variable accounts (which often include investments by both retirement plans and others) available through variable annuity contracts. However, the payments were sometimes based on a per-account formula." Goslee Decl. ¶ 6.

proceedings are admissible hearsay pursuant to Fed. R. Civ. P. 56, an exception that is specifically recognized under Rule 802. *See* Fed. R. Evid. 802 Advisory Committee Notes. For that reason, Plaintiffs' objection to the Goslee Declaration and other documents as hearsay is meritless. *See also* Local Rule 56(a)(3) (directing that statements in Local Rule 56(a)(1) statements "be followed by specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.").

On a motion for summary judgment, courts "do not focus on the admissibility of the evidence's form," but instead "focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *see also Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, so long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.").

The substance of Mr. Goslee's Declaration would be admissible at trial if offered through direct testimony, since the statements are relevant and based on personal knowledge. *See* Goslee Decl. ¶ 2. Therefore, his Declaration may be considered by the Court in resolving the motion for summary judgment. *See Fraser*, 342 F.3d at 1037; *J.F. Feeser, Inc v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990) ("We thus concluded that hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present the evidence through direct testimony, *i.e.*, in a form that 'would be admissible at trial.'") (quoting *Williams v. Borough of W. Chester*, 891 F.2d 458, 465 n.12 (3d Cir. 1989)); *accord Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001) (evidence on summary judgment "may be, and frequently is, presented in the form of affidavits"). As for the documents, they are not hearsay to the extent they are offered to show disclosures were made, rather than for the truth of

those disclosures.  More generally, exceptions to the hearsay rule apply to each and would permit their admission at trial.[3/]

**B.    Plaintiffs' "Best Evidence" Objections Are Unwarranted and Contradictory.**

Plaintiffs' objection to the purported "best evidence" problem with the Goslee Declaration misreads the Declaration as referring to specific contract documents.  Instead, the statements in Paragraphs 5 and 6 of the Declaration discuss, in general terms, service contracts with mutual fund affiliates.  These statements are based on Mr. Goslee's personal knowledge, derived from his professional experience, and do not depend on the terms of any particular contract.  *See* Goslee Decl. ¶¶ 1-2.  To the extent that Plaintiffs are concerned that *no* such

---

[3/]     First, all of the documents qualify under the hearsay exception for business records.  *See* Fed. R. Evid. 803(6).  The annual report and SAIs represent documents "kept in the course of a regularly conducted business activity" (*i.e.* compliance with federal securities laws), *see, e.g.,* *SEC v. Uzzi*, No. 01-8437-CIV, 2003 WL 1342962, at *1 (S.D. Fla. Jan. 21, 2003) (attached as Authority A) ("These types of reports are filed by companies as a matter of course when such occurrences arise and fit squarely within the language of the exception in Rule 803(6)."); similarly, the Best of America Contract Profile is the type of promotional material that businesses routinely produce and keep as part of their "regular practice."  The contracts with the mutual funds or mutual fund service providers are also indisputably business records.  *See, e.g.,* *Moretti v. Commissioner of Internal Revenue*, 77 F.3d 637, 645 (2d Cir. 1996) (contract for sale); *Empire Resources, Inc. v. Davidson Metals Corp.*, No. 99-CV-1509, 1999 WL 997278, at *2 (E.D.N.Y. Oct. 18, 1999) (Authority B) (contracts and invoices "are admissible evidence under the business records exception to the hearsay rule"); *Lazard Freres & Co. v. Crown Sterling Mgmt., Inc.*, 901 F. Supp. 133, 137 (S.D.N.Y. 1995) (considering contract and related documents on motion for summary judgment).

Additionally, the Best of America Contract Profile, which summarizes the terms of the group annuity contract for public use, falls within the hearsay exception for market reports and other commercial publications.  The same exception applies to the annual report and SAIs, which compile and report information on a particular variable account and are meant to be generally relied upon by the public (hence the requirement for public filing), and are certainly relied upon by financial services professionals.  All of these documents are "published compilations, generally used or relied upon by the public or by persons in particular occupations."  Fed. R. Evid. 803(17); *see also Wantanabe Realty Corp. v. City of New York*, No. 01 Civ. 10137(LAK), 2004 WL 188088 (S.D.N.Y. Feb. 2, 2004) (Authority C).



documents exist, Defendants' Local Rule 56(a)(1) Statement cites documentary support in addition to the Goslee Declaration for each pertinent undisputed fact. *See id.* at ¶¶ 17-21.

Moreover, Plaintiffs' "best evidence" objection is similarly unavailing on a motion for summary judgment. In *Hughes v. United States*, the Ninth Circuit held that even if a declaration was inadmissible hearsay and violated the best evidence rule, that "did not preclude the district court from granting summary judgment" in favor of defendant. 953 F.2d 531, 543 (9th Cir. 1992). This was so, according to the court, because Rule 56 permitted the use of affidavits in summary judgment without requiring that "the affidavit itself . . . be in a form that would be admissible at trial." *Id.* Accordingly, since the declaration testimony here is capable of being substantiated at trial, it can be considered on a motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Objections to and Motion to Strike Portions of Defendants' Summary Judgment Evidence.

Date:  April 2, 2004

Defendants, Nationwide Financial Services Inc.
and Nationwide Life Insurance Co.

By:  _____

Dennis F. Kerrigan, Jr., Esq. (CT 09627)
Brian O'Donnell, Esq. (CT 16041)
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone:     (860) 293-3500
Facsimile:      (860) 293-3555

Charles C. Platt, Esq. (CT 23036)
Wilmer Cutler Pickering LLP
399 Park Avenue
New York, NY  10022
New York, NY 10019-5389
Telephone:     (212) 230-8800
Facsimile:      (212) 230-8888

Eric Mogilnicki, Esq.
Samuel Broderick-Sokol, Esq.
Karen Daly, Esq.
Mark Bieter, Esq.
Wilmer Cutler Pickering LLP
2445 M Street, N.W.
Washington, D.C. 20037
Telephone:     (202) 663-6000
Facsimile:      (202) 663-6363

# AUTHORITY A

Westlaw.

Not Reported in F.Supp.2d
Fed. Sec. L. Rep. P 92,280
(Cite as: 2003 WL 1342962 (S.D.Fla.))

Page 1

**H**

United States District Court,
S.D. Florida.

SECURITIES AND EXCHANGE COMMISSION
v.
UZZI, et al.

No. 01-8437-CIV.

Jan. 21, 2003.

Opinion

MIDDLEBROOKS, J.

*OMNIBUS ORDER*

*1 THIS CAUSE comes before the Court upon the notice by the parties of settlement with regard to two of the three remaining defendants (Robert J. Gluck and Phillip E. Harlow) as well as the following motions:

1. Defendant Gluck's Motion *in limine* to Exclude Evidence of the Restatement (DE 211), filed December 13, 2002;

2. Defendant Harlow's Motion *in limine* to Exclude Evidence of the Restatement (DE 213), filed December 16, 2002;

3. Defendant Uzzi's Motion *in limine* to Exclude Evidence of the Restatement (DE 214), filed December 16, 2002;

4. Plaintiff Security and Exchange Commission's Motion for Partial Summary Judgment Against Defendant Harlow (DE 215), filed December 16, 2002;

5. Plaintiff's Motion for Sanctions Against Defendant Harlow (DE 222), filed December 20, 2002;

6. Defendants Gluck and Uzzi's Motion to Compel Production of Notes of Untranscribed Meeting with David Fannin (DE 225), filed December 27, 2002;

7. Defendants Harlow and Uzzi's Emergency Motion for Clarification of Trial Procedure (DE 227), filed January 2, 2003;

8. Plaintiff's Motion to Bring Electronic Equipment in Courtroom (DE 248), filed January 15, 2003;

9. Defendant Uzzi's Motion to Use Computer Equipment During Trial, filed January 16, 2003;

10. Defendant Uzzi's Emergency Motion to Compel Plaintiff to Disclose Basic Trial Information, filed January 17, 2003.

The Court has reviewed the record and is fully advised in the premises.

Noting that Defendants Gluck and Harlow have reached settlement with Plaintiff SEC, and being advised that the settlement has been approved by the Commission, the Court denies as moot all motions not bearing upon the lone remaining defendant, Donald Uzzi.

The motion to exclude evidence of the restatement and restatement report are without merit. Uzzi offers multiple bases in support of his motion *in limine,* and this Court addresses each in turn. The Court concludes that the arguments advanced by Uzzi go more properly to the weight that should be given this material than to its admissibility.

Uzzi claims the Restatement and Report [FN1] are not relevant to the SEC's case. Not with standing the fact Federal Rule of Evidence 401 provides an expansive definition of relevance, this evidence is highly relevant to the SEC's claim that misstatements or omission of material fact were made by Defendant. Further, Uzzi claims the Restatement and Report are substantially more prejudicial than probative. The Court finds this not to be a case warranting exclusion under this exceptional remedy especially given the fact this matter is set for bench trial. The Court remains confident it can accord the appropriate weight to this evidence. Contrary to Uzzi's claims, Federal Rule of Evidence 407 barring admission of subsequent remedial measures does not serve to exclude the material at issue here. The Restatement and Report were not at all voluntary, and thus, neither the intent nor the policy underlying Rule 407 support exclusion of this material. Finally, the Restatement and Report are admissible against Uzzi

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
Fed. Sec. L. Rep. P 92,280
(Cite as: 2003 WL 1342962 (S.D.Fla.))

Page 2

under Federal Rule of Evidence 803(6) as business records and are not excludable hearsay. These types of reports are filed by companies as a matter of course when such occurrences arise and fit squarely within the language of the exception in Rule 803(6).

> FN1. The term "Restatement and Report" applies here to the restated financial statements filed by Sunbeam, Sunbeam's form 10-K/A, the Andersen Restatement Report to Sunbeam's Board of Directors, and the work underlying that report.

**\*2** The motion to compel production of notes is likewise denied. [FN2] Uzzi is attempting to discover material that is conceded to be attorney work product. Although that protection is not immune to challenge, Uzzi has failed to establish a basis on which to override the protection. Uzzi has not satisfied the substantial need/undue hardship standard of Federal Rule of Civil Procedure 26(b)(3). The information that may exist in the notes sought by Uzzi is readily available both from Mr. Fannin himself and from the numerous statements made by him in the course of this case and the investigation preceding it. As such, the Court does not find it appropriate to mandate production of the SEC attorney's notes.

> FN2. The Court does note that the motion is untimely and could be denied solely on that basis, however, the motion is herein denied on the merits.

The emergency motions filed by Defendants have been neither emergencies nor matters which this Court finds it appropriate to resolve by issuing orders to compel. Uzzi has presented no issues that cannot and should not be resolved by the parties independently in anticipation of trial.

Accordingly and for the foregoing reasons, it is hereby

ORDERED AND ADJUDGED as follows:
 1. Defendants' Motions *in limine* (DE 211, 213, & 214) are DENIED.
 2. Plaintiff's Motion for Summary Judgment (DE

215) is DENIED AS MOOT.
 3. Plaintiff's Motion for Sanctions (DE 222) is DENIED AS MOOT.
 4. Defendants' Motion to Compel Production of Notes (DE 225) is DENIED.
 5. Defendants' Emergency Motion for Clarification (DE 227) is DENIED.
 6. Plaintiff's Motion to Bring Electronic Equipment in Courtroom (DE 248) is GRANTED.
 7. Defendant Uzzi's Motion to Use Computer Equipment, filed January 16, 2003, is GRANTED.
 8. Defendant Uzzi's Emergency Motion to Compel Plaintiff to Disclose Basic Trial Information, filed January 17, 2003, is DENIED.
DONE AND ORDERED in Chambers in West Palm Beach, Florida, this 21 day of January, 2003.

2003 WL 1342962 (S.D.Fla.), Fed. Sec. L. Rep. P 92,280

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

# AUTHORITY B