UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et al., | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 001-CV-1552 (SRU) |
| Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company, | § § § § § | |
| Defendants. | § | March 16, 2004 |

**PLAINTIFFS' RESPONSE TO: (1) [DOCKET NO. 222] DEFENDANTS' REPLY TO PLAINTIFFS' LOCAL RULE 56(a)(2) STATEMENT; (2) [DOCKET NO. 221] MOTION FOR LEAVE TO FILE EXCESS PAGES; AND (3) [DOCKET NO. 225] DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT**

Mindful of the Court's admonition during the last telephone conference to minimize the pleadings filed with the Court, Plaintiffs combine their responses, reluctantly filed, to three separate unnecessary and improper pleadings recently filed by Nationwide.

    **1.**     **Defendants' Reply to Plaintiffs' Local Rule 56(a)2 Statement [Docket No. 222]**

Local Rule 56 requires a party moving for summary judgment to file a document entitled "Local Rule 56(a)1 Statement" and the party opposing the summary judgment motion to file a responsive document entitled "Local Rule 56(a)2 statement." It does not require or allow the moving party to file any sort of reply. Indeed, the nature of the Local Rule 56(a)2 Statement as a statement by the responding party of which factual assertions by the moving party are admitted and which are denied does not even potentially make a reply a useful filing.

Accordingly, the Court should strike the "Reply" [Docket No. 222] as improperly filed. Plaintiffs do not respond substantively because none of the disputed factual assertions actually

1

have relevance to the Court's decision on the summary judgment motion, which is another reason why Nationwide should never have filed it. The Court should know, however, that Plaintiffs stand by all the responses contained in their Local Rule 56(a)2 statement and that they can, if requested, demonstrate why none of those responses contradicted any positions they have previously taken.

### 2. Motion for Leave to File Excess Pages [Docket No. 221]

In this Motion, Nationwide asks for leave to file a twenty-two page reply brief, twelve pages in excess of the normal ten page limit. If Nationwide had bothered to ask Plaintiffs, Plaintiffs would not have objected. Defendant could have simply informed the Court of the agreement without burdening it with still another motion.

However, Nationwide used four complete pages at 18-22 of the Reply [Docket No. 225] not to argue in support of its summary judgment motion, but rather improperly to make further arguments regarding class certification, despite class certification briefing having long since closed. Plaintiffs ask the Court to strike this improper portion of the Reply.

### 3. Defendants' Reply Memorandum in Support of Summary Judgment [Docket No. 225]

As to the merits of summary judgment, the Plaintiffs believe the reply does not even come close to rebutting their opposition [Docket No. 205], and Plaintiffs do not respond any further here on the merits. However, as discussed above, Nationwide improperly devotes four pages of its summary judgment reply to class certification, arguing that Plaintiffs have allegedly changed legal theories and brought back breach of contract and improper disclosure claims, thereby requiring asset tracing and otherwise making class certification improper.

Plaintiffs ask the Court to strike and, therefore, disregard this improper argument. The Court should know, however, that Plaintiffs could easily rebut this argument, as it constitutes

Nationwide once again taking isolated language from Plaintiffs' pleadings completely out of context and combining them to ascribe completely false and misleading claims and positions to Plaintiffs.  If the Court requests Plaintiffs to file a pleading explaining this further, Plaintiffs will be happy to do so, but they believe it should not be necessary.

    Respectfully submitted,

_____

Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel
Federal Bar No. ct18180
Martin Woodward
Federal Bar No. ct25263

STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas  75205
214-443-4300
214-443-0358 (Fax)

Antonio Ponvert, III
Federal Bar No. ct17516
Richard A. Bieder
Federal Bar No. ct04208

KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)
Gregory G. Jones
Federal Bar No. ct23443

        Gregory G. Jones
        Federal Bar No. ct23443

        LAW FIRM OF GREGORY G. JONES PC
        603 S. Main Street, Suite 200
        Grapevine, Texas 76051
        817-424-9001
        817-424-1665 (Fax)

        **PLAINTIFFS' COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were served this ___ day of April, 2004, upon the following counsel via the methods indicated:

| | |
|---|---|
| Dennis F. Kerrigan, Jr.<br>LeBoeuf, Lamb, Greene & MacRae<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT  06103 | ☐ via certified mail, RRR<br>☐ via fax 860/293-3555<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand delivery |
| Charles C. Platt<br>Wilmer Cutler & Pickering<br>399 Park Avenue<br>New York, NY 10022 | ☐ via certified mail, RRR<br>☐ via fax 212/230-8888<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand deliver |
| Eric J. Mogilnicki<br>Wilmer Cutler & Pickering<br>2445 M Street, N.W.
Washington, D.C.  20037 | ☐ via certified mail, RRR<br>☐ via fax 202/663-6363<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand deliver |

        _____
        ROGER L. MANDEL