UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 001-CV-1552 (SRU) |
| Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company, | § § § § § | |
| Defendants. | § | March 16, 2004 |

**PLAINTIFFS' REPLY TO [DOCKET NO. 223]
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
OBJECTIONS TO AND MOTION TO STRIKE PORTIONS
OF DEFENDANTS' SUMMARY JUDGMENT EVIDENCE**

In Defendants' Opposition to Plaintiffs' Objections to and Motion to Strike Portions of Defendants' Summary Judgment Evidence ("D. Opp.") [Docket No. 223], Defendants spend the majority of their time arguing that the Declaration of William Goslee is not inadmissible in its entirety as hearsay. D. Opp. At 2-4. Plaintiffs agree (and never argued otherwise). Accordingly, in Plaintiffs' Objections to and Motion to Strike Portions of Defendants' Summary Judgment Evidence ("Motion") [Docket No. 206], Plaintiffs sought only to strike certain limited contents of the Goslee Declaration, as discussed further below.

A.   *DECLARATION OF WILLIAM GOSLEE AS REFERENCED IN PARAGRAPHS 17 TO 21 OF THE REVISED STATEMENT.*

   1.   Paragraph Five of the Declaration.

In this paragraph, Mr. Goslee testifies that various unspecified contracts contain provisions relating to the provision of shareholder services, administration, and other services. Plaintiffs objected to this testimony as violative of Federal Rule of Evidence 1002, the Best

1

Evidence Rule, and of Federal Rule of Evidence 802, the hearsay rule, to the extent the testimony was offered to prove that Defendants were in fact providing services to mutual funds in return for revenue sharing payments.  Motion at 1-2 [Docket No. 206].

Nationwide did not respond to the hearsay objection to this testimony, so the Court should sustain it.  As to the "best evidence" objection, Nationwide claims that rule is inapplicable because Mr. Goslee allegedly is not referring to specific contract documents, but rather to service contracts in general with mutual fund affiliates, allegedly based on Mr. Goslee's personal knowledge derived from his professional experience.  D. Opp. at 4 [Docket No. 223].

Despite Nationwide's claim, it is obvious that any personal knowledge underlying Mr. Goslee's statement could only have come from reviewing the contract provisions, and the best evidence of those provisions remains the contracts themselves.  Further, the statement is broader than just Nationwide--it applies to the industry in general--and no basis for personal knowledge of contracts between mutual fund affiliates and other insurance companies is shown on the face of Mr. Goslee's declaration.

Significantly, *Hughes v. U.S.*, 953 F.2d 531, 543 (9th Cir. 1992), does not save Mr. Goslee's testimony from the Best Evidence Rule.  That case merely held that even if the **declaration itself** is inadmissible hearsay and violates the Best Evidence Rule, it is admissible for purposes of Rule 56 as long as the facts stated in it are of a type that are admissible in evidence.  In contrast, Plaintiffs object to specific facts stated in the Goslee Declaration as violating the Best Evidence Rule, and the Court should sustain that objection.

2. Paragraph Six of the Declaration.

Plaintiffs likewise objected to Paragraph 6 of the Mr. Goslee's Declaration pursuant to Federal Rules of Evidence 1002 and 802 because it also describes statements contained in

various unspecified contracts and offers those statements to prove the truth of the matters asserted in those statements. Nationwide failed to respond to the hearsay objection, and the Court should sustain it. As to the "best evidence" objection, Nationwide made the same response, and Plaintiffs make the same reply, based upon which the Court should sustain the objection.

B.   THE DOCUMENTS REFERENCED IN PARAGRAPHS 16 TO 21 OF THE REVISED STATEMENT.

Plaintiffs objected to seven documents referenced in paragraphs 16 to 21 of the Revised Statement--a contract profile, an annual report, two "SAI's" and three contracts between Nationwide and mutual fund houses--on the basis of hearsay. Motion at 2 [Docket No. 206]. The statements from those documents are offered to prove the truth of the matter they assert; namely, that Nationwide provides services to mutual funds in return for the revenue sharing payments. *Id*.

Nationwide initially responds that "*as for the documents, they are not hearsay to the extent they are offered to show disclosures were made, rather than for the truth of those disclosures*." D. Opp. at 3-4 [Docket No. 223]. Nationwide carefully used the phrase "*to the extent they are offered to show disclosures were made,*" because they were, in fact, not offered for that purpose. Rather, they were offered for the purpose of proving the truth of the statements that Nationwide provided services in return for the revenue sharing payments. Other than that, they do not have any relevance whatsoever. So, the statements are either hearsay or not relevant and should be stricken on either basis.

Realizing the futility of its first argument, Nationwide further argues that one or more exceptions to the hearsay rule apply to each of the seven documents. D. Opp. at 4 [Docket No.

3

223]. Unfortunately for Nationwide, it has failed to demonstrate the applicability of any of the exceptions to any of the documents.

As to all seven documents, Nationwide argues they fall within the business records exception of Rule 803(6). On its face, the Rule requires proof of four elements in the form of testimony by the custodian of records or other qualified witness. Fed. R. Civ. P. 803(6). Neither the Goslee Declaration nor any other declaration submitted by Nationwide contains testimony as to any of the four elements. Accordingly, Rule 803(6) cannot make these documents admissible.

Finally, Nationwide claims that the contract profile, the annual report and the two SAI's fell within Rule 803(17), which reads as follows:

> ***(17) Market Reports, Commercial Publications.*** *Market quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations.*

Fed. R. Civ. P. 803(17).

Nationwide offers no declaration testimony from Mr. Goslee or anyone else that these items constitute "published compilations" or that they are "generally used and relied upon by the public or by persons in particular occupations." This is crucial, because the principle underlying 803(17) is that when market reports or commercial publications are published for general use and reliance by the public or persons in particular occupations, the persons preparing them stake their business or public reputations on the accuracy of the summaries, making them presumptively reliable. *See Conoco, Inc. v. Dept. of Energy*, 99 F.3d 387, 393 (Fed. Cir. 1997). None of these documents have been established by testimony as fitting this description, and they certainly do not fit this description on their faces. Accordingly, the exception does not apply.

4

        Respectfully submitted,

        _____
        Marc R. Stanley
        Federal Bar No. ct18179
        Roger L. Mandel
        Federal Bar No. ct18180
        Martin Woodward
        Federal Bar No. ct25263

        STANLEY, MANDEL & IOLA, L.L.P.
        3100 Monticello Avenue, Suite 750
        Dallas, Texas  75205
        214-443-4300
        214-443-0358 (Fax)


        Antonio Ponvert, III
        Federal Bar No. ct17516
        Richard A. Bieder
        Federal Bar No. ct04208

        KOSKOFF KOSKOFF & BIEDER
        350 Fairfield Avenue
        Bridgeport, Connecticut 06604
        203-336-4421
        203-368-3244 (Fax)
        Gregory G. Jones
        Federal Bar No. ct23443


        Gregory G. Jones
        Federal Bar No. ct23443

        LAW FIRM OF GREGORY G. JONES PC
        603 S. Main Street, Suite 200
        Grapevine, Texas 76051
        817-424-9001
        817-424-1665 (Fax)

        **PLAINTIFFS' COUNSEL**

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that true and correct copies of the foregoing were served this ___ day of April, 2004, upon the following counsel via the methods indicated:

| | |
|---|---|
| Dennis F. Kerrigan, Jr.<br>LeBoeuf, Lamb, Greene & MacRae<br>Goodwin Square<br>225 Asylum Street<br>Hartford, CT  06103 | ☐ via certified mail, RRR<br>☐ via fax 860/293-3555<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand delivery |
| Charles C. Platt<br>Wilmer Cutler & Pickering<br>399 Park Avenue<br>New York, NY 10022 | ☐ via certified mail, RRR<br>☐ via fax 212/230-8888<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand deliver |
| Eric J. Mogilnicki<br>Wilmer Cutler & Pickering<br>2445 M Street, N.W.<br>Washington, D.C.  20037 | ☐ via certified mail, RRR<br>☐ via fax 202/663-6363<br>☐ via first-class, U.S. mail<br>☐ via overnight delivery<br>☐ via hand deliver |

                      _____<br>
                        ROGER L. MANDEL