UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, PETER WIBERG, as trustee of the Crown Tool & Die Co. Inc. Salary Deferral Profit Sharing, ALAN GOUSE, as trustee of Greater Hartford Easter Seal Rehabilitation Center, Inc., Tax Sheltered Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Rehabilitation Center, Inc., Trust, EDWARD KAPLAN, as trustee of the Hartford Roofing 401(k) Profit Sharing Plan and the Hartford South, L.L.C. 401(k) Profit Sharing Plan, and DENNIS FERDON, as trustee of the Anderson & Ferdon P.C. 401(k) Profit Sharing Plan,<br><br>PLAINTIFFS,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,<br><br>DEFENDANTS. | CIVIL ACTION NO.:<br><br>3:01CV1552 (SRU)<br><br><br>August 27, 2004 |

**SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 2

I.    PLAINTIFFS' NEW QUID PRO QUO ALLEGATION IS UNSUPPORTED. ............... 2

II.   DEFENDANTS' FIDUCIARY DUTIES, IF ANY, WERE LIMITED TO THE EXERCISE OF AUTHORITY OR CONTROL OVER THE ACCUMULATION UNITS. ................................................................................................................... 4

     A.    Defendants Were Not ERISA Fiduciaries For All Purposes. ................... 4

     B.    Plaintiffs' Claim Does Not Arise Out Of Defendants' Exercise Of Authority Or Control Over Plan Assets. ................................................. 7

III.  DEFENDANTS WERE CUSTODIANS, NOT FIDUCIARIES, REGARDING THE ACCUMULATION UNITS. ................................................................................ 9

IV.  PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THE CHALLENGED PAYMENTS WERE PLAN ASSETS UNDER ERISA. ................................................. 13

V.   NEW CLASS CERTIFICATION BRIEFING IS NECESSARY. ................................ 16

CONCLUSION .................................................................................................................. 17

# TABLE OF AUTHORITIES

## FEDERAL CASES

Arizona State Carpenters Pension Trust Fund v. Citibank,
125 F.3d 715 (9th Cir. 1997) ..................................................................................................10

Board of Trustees of Bricklayers and Allied Craftsmen Local 6 v. Wettlin
Associates, 237 F.3d 270 (3rd Cir. 2001) ..............................................................................10

Beddall v. State Street Bank and Trust Co.,
137 F.3d 12 (1st Cir. 1998) ................................................................................................9, 10

Brandt v. Grounds,
687 F.2d 895 (7th Cir. 1982) ....................................................................................................5

Brink v. DaLesio,
496 F. Supp. 1350 (D. Md. 1980) ............................................................................................7

Brink v. DaLesio,
667 F.2d 420 (4th Cir. 1982) ....................................................................................................7

Chicago Board Options Exch., Inc. v. Connecticut General Life Insurance Co.,
713 F.2d 254 (7th Cir. 1983) ....................................................................................................7

Coger v. Connecticut,
309 F. Supp. 2d 274 (D. Conn. 2004) ......................................................................................3

Ed Miniat, Inc. v. Globe Live Insurance Group, Inc.,
805 F.2d 732 (7th Cir. 1986) ....................................................................................................6

Ellis National Bank of Jacksonville v. Irving Trust Co.,
786 F.2d 466 (2d Cir. 1986) ...................................................................................................17

F.H. Krear & Co. v. Nineteen Named Trustees,
810 F.2d 1250 (2d Cir. 1987) ...................................................................................................5

Flanigan v. General Electric Co.,
242 F.3d 78 (2d Cir. 2001) .......................................................................................................6

Friend v. Sanwa Bank California,
35 F.3d 466 (9th Cir. 1994) ......................................................................................................5

Gray v. Briggs,
45 F. Supp. 2d 316 (S.D.N.Y. 1999) ........................................................................................5

Great-West Life & Annuity Insurance Co. v. Knudson,
534 U.S. 204 (2002)..................................................................................................17

Harris Trust & Savings Bank v. Salomon Smith Barney Inc.,
530 U.S. 238 (2000)..................................................................................................14

IT Corp. v. General America Life Insurance Co.,
107 F.3d 1415 (9th Cir. 1997) ..............................................................................9, 10

Kayes v. Pacific Lumber Co.,
51 F.3d 1449 (9th Cir. 1995) ....................................................................................14

Lowen v. Tower Asset Management, Inc.,
829 F.2d 1209 (2d Cir. 1987)................................................................................8, 15

Midwest Community Health Service, Inc. v. American United Life Insurance Co.,
255 F.3d 374 (7th Cir. 2001) .....................................................................................6

N.S. v. Stratford Board of Education,
97 F. Supp. 2d 224 (D. Conn. 2000)..........................................................................4

Pegram v. Herdrich,
530 U.S. 211 (2000)..............................................................................................5, 15

Pension Fund Mid-Jersey Trucking Industry - Local 701 v. Omni Funding Group,
731 F. Supp. 161 (D.N.J. 1990) ...........................................................................5, 10

Robbins v. First Am. Bank of Virginia,
514 F. Supp. 1183 (N.D. Ill. 1981) ..........................................................................10

Ross v. Shell Oil Co.,
672 F. Supp. 63 (D. Conn. 1997)................................................................................3

Tunnell v. United Techs. Corp.,
54 F. Supp. 2d 136 (D. Conn. 1999)........................................................................11

Tyson v. Willauer,
289 F. Supp. 2d 190 (D. Conn. 2003)........................................................................3

**DOCKETED CASES[1]**

D'Amore v. Stangle & Denigris, Inc.,
Civ. No. 3:94CV01087 (AVC), 1995 WL 704687 (D. Conn. May 19, 1995) ..................14

---

[1]   Copies of docketed cases are attached hereto as Exhibit A.

Metzler v. Solidarity of Labor Orgs. Health & Welfare Fund, No. 95 Civ. 7247
(KMW), 1998 WL 477964 (S.D.N.Y. Aug. 14, 1998 ......................................................14

## FEDERAL STATUTES AND RULES

29 C.F.R. § 2550.408b-2(e) ....................................................................................................7

FED. R. CIV. P. 56(e) ............................................................................................................11

Investment Company Act of 1940, Rule 0-1(e)(2) ...............................................................16

## STATE STATUTES

Ohio Rev. Code, § 3907.14....................................................................................................16

# INTRODUCTION

Summary judgment is appropriate here because Plaintiffs have failed -- despite countless opportunities -- to show how or why Defendants owed or breached any ERISA fiduciary duty. Plaintiffs have alleged that Defendants exercised authority or control over Plaintiffs' "plan assets," but have not shown how the exercise of that alleged authority or control is connected to their claim that Defendants violated ERISA by receiving payments from mutual funds. Without that connection, Plaintiffs' ERISA claim fails as a matter of law.

This hole in Plaintiffs' case has existed for over three years, and Plaintiffs have raised and then discarded a series of factual allegations and legal theories in an effort to address the problem.[2/] Now, in their latest opposition to summary judgment, Plaintiffs assert that the connection exists because of alleged *quid pro quo* arrangements in which different mutual funds agreed to make payments to Defendants in return for inclusion as investment options in the variable accounts. In Plaintiffs' words:

> Nationwide ... generate[s] the revenue sharing payments by agreeing with the mutual fund families that [Nationwide] will offer their funds in its variable accounts and that, in return, the mutual fund families will pay to Nationwide a percentage of the Plans' investments in their funds.

Plaintiffs' Response, and Memorandum of Law in Support, to Defendants' Supplemental Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Docket 246) ("Pls.' Resp.") at 1.

---

[2/]    *See* Defendants' Opposition to Plaintiffs' First Amended Motion for Class Certification (Docket 179) at 4-7 (describing Plaintiffs' shifting allegations); Defendants' Revised Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Docket 186) at 5-7 (same).

1

This *quid pro quo* allegation is not set forth in Plaintiffs' recently amended Complaint (Docket 235) nor in Plaintiffs' Local Rule 56(a)2 Statement (Docket 207), nor is it supported by any document, affidavit or other admissible evidence. *See, infra,* Point I. More importantly, this allegation still does not fill the hole in Plaintiffs' case, as it does not connect Defendants' conduct in discharging their alleged ERISA fiduciary duty (exercising authority or control over the accumulation units) to the conduct that allegedly violated ERISA (receiving the challenged payments, allegedly in return for offering certain funds). *See, infra,* Point II. In any event, Defendants were custodians rather than ERISA fiduciaries with respect to the accumulation units. *See, infra,* Point III.

Plaintiffs also claim that the payments from the mutual funds to Defendants "constitute" Plaintiffs' plan assets under a "functional approach." This argument has no merit as a matter of law or fact. *See, infra,* Point IV.[3/]

## ARGUMENT

### I.  Plaintiffs' New *Quid Pro Quo* Allegation Is Unsupported.

Local Rule 56(a)2 requires a party opposing summary judgment to file a statement listing each fact defeating summary judgment and citing an affidavit or other admissible evidence to support each such fact. Plaintiffs' Local Rule 56(a)2 Statement does not state or support Plaintiffs' new *quid pro quo* allegation. *Compare* Pls.' Resp. at 1, 2, 6, 11 *with* Plaintiffs' Local Rule 56(a)2 Statement (Docket 207). This is not surprising, since Plaintiffs' Fourth Amended

---

[3/]  As Defendants have previously explained, the payments at issue were made for services, and were made by and to many different entities. *See* Defendants' Reply Memorandum in Support of Summary Judgment (Docket 222) ("Defs.' Reply") at 2 n.1; Defendants' Supplemental Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Docket 239) ("Defs.' Supp. Mem.") at 1 n.1. However, for ease of presentation, and without waiving any right to later present a full account of these transactions, Defendants will herein refer to the payments at issue as "challenged payments" by "mutual funds" to "Defendants."

2

Complaint also contains no such factual allegation, even though the Court ordered Plaintiffs to set forth their current theories of liability. *See* Order of June 4, 2004 (Docket 232) at 1. Plaintiffs also never mentioned this *quid pro quo* allegation in their opposition to Defendants' earlier motions for summary judgment (Docket 205), in their motion for class certification (Docket 129), or in their responses to Defendants' interrogatories. Indeed, Plaintiffs previously (and properly) conceded that the challenged payments were for services. *See* Defs.' Reply to Pls.' Local Rule 56(a)2 Statement (Docket 222) at ¶ 17.

Plaintiffs' failure to raise and provide factual support for their *quid pro quo* allegation in their Rule 56(a)2 Statement means that the claim is not properly before the Court. Instead, Plaintiffs' failure to comply with Local Rule 56(a) should "result in the Court's deeming admitted all facts set forth in the moving party's Local Rule 56(a)1 Statement." *Tyson v. Willauer*, 289 F. Supp. 2d 190, 194 (D. Conn. 2003).[4] And while Plaintiffs' Response belatedly offers a handful of citations for the *quid pro quo* allegation, none of them support Plaintiffs' claim. Instead, each of the deposition excerpts, Local Rule 56(a)1 Statement (Docket 118) paragraphs, and service agreements cited by Plaintiffs reveal only that Defendants entered into certain types of contracts with various mutual fund entities. None of these contracts involved:

> Nationwide ... agreeing with the mutual fund families that [Nationwide] will offer their funds in its variable accounts and that, in return, the mutual fund families will pay to Nationwide a percentage of the Plans' investments in their funds.

---

[4] *See also* Local Rule 56(a)3; *Coger v. Connecticut*, 309 F. Supp. 2d 274, 277 (D. Conn. 2004) (facts in defendants' Rule 56(a)1 statement deemed admitted by plaintiff who filed blanket denial without citation to affidavits or exhibits); *Ross v. Shell Oil Co.*, 672 F. Supp. 63, 66 (D. Conn. 1997) (plaintiff's failure to comply with Local Rule 56(a) a "substantial factor" in granting defendant's summary judgment motion; rule "is strictly interpreted, and failure to properly controvert facts in opposing a summary judgment motion is an appropriate consideration in granting the motion").

*Compare* Pls.' Resp. at 1 *with* sources cited at Pls.' Resp. n.19, n.21. In short, Plaintiffs' *quid pro quo* allegation is precisely the sort of unsupported claim that is inadequate to prevent summary judgment. *See N.S. v. Stratford Bd. of Educ.*, 97 F. Supp. 2d 224, 228 (D. Conn. 2000) (granting summary judgment "even without reliance on the absence of a Rule [56(a)2] statement" because a belatedly submitted affidavit failed to create a genuine issue of material fact).

## II. Defendants' Fiduciary Duties, If Any, Were Limited to the Exercise of Authority or Control Over the Accumulation Units.

Plaintiffs' ERISA claim also fails because they have not shown and cannot show a connection between the alleged fiduciary duty (Defendants' alleged exercise of authority or control over the accumulation units) and the alleged breach (Defendants' alleged receipt of the challenged payments from the mutual funds). That connection must be shown to state an ERISA claim because Section 3(21)(A)(i) of ERISA provides that a party is a fiduciary only "to the extent" it "exercises" the requisite "authority or control" over the "management or disposition" of "plan assets." *See* Defs.' Supp. Mem. at 8-14.

### A. Defendants Were Not ERISA Fiduciaries For All Purposes.

Plaintiffs dispute the meaning of the "to the extent" language of ERISA, arguing that "once a party becomes a fiduciary as to particular plan assets *all of its conduct* in connection with those plan assets must meet the fiduciary standards of ERISA." Pls.' Resp. at 13 (emphasis added). There is no citation after this sentence, and it is an incorrect statement of the law.[5]

---

[5] Plaintiffs' argument also conflicts with Plaintiffs' prior concession that "[Defendants] are not a general purpose fiduciary, they're not a trustee, they're not a fiduciary for all purposes." *See* November 6, 2003 Hearing Tr. (Docket 169) at 5.

4

Under the statute, a party is not an ERISA fiduciary regarding *assets*. It is an ERISA fiduciary regarding its *exercise of authority or control* respecting the management or disposition of those assets. As a result, courts have consistently held that a party can be an ERISA fiduciary towards particular plan assets for some purposes, but not others. *See Pegram v. Herdrich*, 530 U.S. 211, 225 (2000); *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1259 (2d Cir. 1987); *Pension Fund Mid-Jersey Trucking Industry - Local 701 v. Omni Funding Group*, 731 F. Supp. 161, 173-75 (D.N.J. 1990) (bank was a fiduciary regarding the short-term investment of plan funds, but was not a fiduciary regarding the long-term mortgage investment of those same funds); *Gray v. Briggs*, 45 F. Supp. 2d 316, 327-28 (S.D.N.Y. 1999) (broker was a fiduciary regarding the investment of plan assets held in a brokerage account, but was not a fiduciary regarding the improper release of plan assets from that account).

Plaintiffs' efforts to distinguish Defendants' authority on this issue, *see* Pls.' Resp. at 14-15, are without merit. For example, Plaintiffs describe *Pension Fund Mid-Jersey* as involving two types of *assets* (mortgage loans and short-term investments), when in fact the court was addressing two types of *conduct* (the investment of plan funds for the short term and the release of those same funds into mortgages). *See Pension Fund Mid-Jersey*, 731 F. Supp. at 173-75. Similarly, Plaintiffs dismiss *Friend v. Sanwa Bank California*, 35 F.3d 466 (9th Cir. 1994), as "a damages case," Pls.' Resp. at 14, when in fact the court focused on whether the bank was acting as a trustee or creditor when the alleged fiduciary breach occurred. *See Friend*, 35 F.3d at 470. Plaintiffs' effort to distinguish *Brandt v. Grounds*, 687 F.2d 895 (7th Cir. 1982), and *Gray v. Briggs* actually *supports* Defendants' theory because it acknowledges that an entity bears fiduciary obligations only when it exercises fiduciary functions. *See* Pls.' Resp. at 15 (stating that, in *Brandt* and *Gray*, "defendants who were fiduciaries for purposes of providing investment

5