UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, PETER WIBERG, as trustee of the Crown Tool & Die Co. Inc. Salary Deferral Profit Sharing, ALAN GOUSE, as trustee of Greater Hartford Easter Seal Rehabilitation Center, Inc., Tax Sheltered Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Rehabilitation Center, Inc., Trust, EDWARD KAPLAN, as trustee of the Hartford Roofing 401(k) Profit Sharing Plan and the Hartford South, L.L.C. 401(k) Profit Sharing Plan, and DENNIS FERDON, as trustee of the Anderson & Ferdon P.C. 401(k) Profit Sharing Plan,<br><br>PLAINTIFFS,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,<br><br>DEFENDANTS. | CIVIL ACTION NO.:<br><br>3:01CV1552 (SRU)<br><br>September 20, 2005 |

DEFENDANTS' RESPONSE TO
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING NEW DECISION

The *Coldesina v. Estate of Simper*, 407 F.3d 1126 (10th Cir. 2005), decision recently submitted by Plaintiffs stands for the unsurprising proposition that a plan administrator who had "total control" over ERISA plan assets in his own checking account, and who disbursed those assets to a third party without the plan's permission, assumed an ERISA fiduciary duty. *Coldesina* does not supply what Plaintiffs have long been missing in this case: a basis on which to claim Defendants *violated* any fiduciary duty that was owed, or even *had* a fiduciary duty to begin with. Summary judgment continues to be warranted.

In *Coldesina,* an ERISA plan administrator (Ted Madsen) received money from an ERISA plan and had "total control" over that money when he deposited it into his business checking account. Madsen was expected to write checks on behalf of the plan investing that money with an insurance company, but he instead wrote those checks to a third party who stole the funds. *See* 407 F.3d at 1130, 1134. The Tenth Circuit concluded that Madsen was an ERISA fiduciary because he not only had total control over the plan assets, he exercised that control on his own when he made unauthorized payments.

I. *Coldesina* **Does Not Support the Claim that Defendants Violated a Fiduciary Duty**

Defendants' summary judgment motion explained that Plaintiffs' ERISA claim fails as a matter of law because *even if* Defendants were ERISA fiduciaries for some purposes, there is no connection between the alleged *source* of that ERISA fiduciary duty and the alleged *breach*.[1] Such a connection is required by ERISA Section 3(21)(A)(i), which provides that a person is an ERISA fiduciary only "to the extent" it exercises authority or control over the management or disposition of plan assets. *See* Supp. Mem. at 8-15; Defendants' Supplemental Reply Memoranda in Support of Defendants' Motion for Summary Judgment ("Supp. Reply") (Docket 249) at 4-9; *see also* November 6, 2003 Hearing Tr. (Docket 169) at 5 (Plaintiffs concede that "[Defendants] are not a general purpose fiduciary…they're not a fiduciary for all purposes").

This connection was clear in *Coldesina* and thus was never an issue addressed by the Tenth Circuit. In *Coldesina,* Madsen was an ERISA fiduciary because he had "total control over the plan's money," 407 F.3d at 1133, and exercised that control when he wrote checks using

---

[1] Plaintiffs claim that Defendants' fiduciary duty arose out of the exercise of authority and control over accumulation units in variable annuity sub-accounts, and that Defendants breached that fiduciary duty by accepting payments from mutual funds out of mutual fund assets. *See* Defendants' Supplemental Memorandum in Support of Defendants' Motion for Summary Judgment ("Supp. Mem.") (Docket 239) at 5-7.

his own judgment. *Id.* at 1135-36. Thus, the *source* of his ERISA fiduciary duty was closely linked to his *breach* of that duty -- his improper payments to an improper recipient.

In contrast to *Coldesina*, Plaintiffs here have not shown and cannot show that ERISA is implicated by Defendants' conduct. Here, the *source* of the alleged duty under ERISA is Defendants' relationship to the accumulation units in the variable accounts, while the alleged *breach* relates to Defendants' receipt of payments from mutual funds out of mutual fund assets. *See* Supp. Mem. at 8-15; Supp. Reply at 4-9. Plaintiffs' only attempt to connect the alleged duty to the alleged breach is to claim that Defendants "use[d] the accumulation units to obtain the revenue sharing payments from the mutual fund families." Plaintiffs' Supplemental Memorandum Regarding New Decision in Opposition to Defendants' Motion for Summary Judgment ("Pl. Mem.") at 1. As the prior briefing makes clear, however, Plaintiffs' Fourth Amended Complaint and Rule 56(a) Statement alike fail to offer any facts that support this conclusory allegation. *See* Supp. Mem. at 13-14; Supp. Reply at 2-4.

## II.   *Coldesina* Does Not Support the Claim that Defendants Had a Fiduciary Duty

More fundamentally, *Coldesina* does not support Plaintiffs' claim here that an ERISA fiduciary duty even existed. In *Coldesina,* Madsen was found to be an ERISA fiduciary because he was a plan administrator with "total control" over the plan's money who exercised that control on "his own" and "was not acting at the plan's direction" when he made disbursements. Indeed, "[t]here were never any express plan policies directing Mr. Madsen's check-writing activities." *Id.* at 1344.

This case presents sharply different facts. Defendants here did not have total control over plan assets or check-writing powers to disburse those assets. Nor did Defendants exercise any authority or control with respect to those plan monies. *See, e.g.*, Supp. Reply at 9-13. Whereas *Coldesina* involved the absence of "express plan policies," this case involves an extraordinarily

3

detailed written contract showing that Defendants acted at Plaintiffs' direction and control. *Id.* at 11-12. Plaintiffs' effort to equate Madsen's "total authority" and his exercise of that authority over plan funds, on the one hand, with Defendants' role in executing on plan instructions, *see* Pl. Memo at 5, on the other, proposes a standard that would create unlimited fiduciary duties under ERISA for anyone who touches plan assets -- a startling result that would extend ERISA beyond any previously recognized boundary. *See* Supp. Mem. at 8-10.

Finally, Plaintiffs argue that *Coldesina* also stands for the proposition that "a party appropriating plan assets in its custody simultaneously exercises control over the assets, creating a fiduciary duty as to them, and breaches that resulting fiduciary duty." Pl. Mem. at 5. This circular claim -- which asserts that an ERISA duty is caused by the breach of an ERISA duty -- finds no support in *Coldesina*. Indeed, just a month before *Coldesina* was decided, the Tenth Circuit held that a party "cannot become an ERISA fiduciary merely because it breaches its contractual obligations to a fund." *In re Luna*, 406 F.3d 1192, 1203 (10th Cir. 2005). Nothing in *Coldesina* suggests that Defendants' contractual obligations here should be supplemented by ERISA liability.

4

**CONCLUSION**

For the reasons set forth above and in the prior briefing of the parties, Defendants' Motion for Summary Judgment should be granted and this action should be dismissed with prejudice.

Dated: September 20, 2005

                        Defendants Nationwide Financial Services Inc.
                        and Nationwide Life Insurance Co.

By: 
                        Dennis F. Kerrigan, Jr., Esq. (CT 09621)
                        Jessica A. Ballou, Esq. (CT 22253)
                        LeBoeuf, Lamb, Greene & MacRae LLP
                        Goodwin Square, 225 Asylum Street
                        Hartford, CT 06103
                        Telephone:(860) 293-3500
                        Facsimile: (860) 293-3555
                        Email: Dennis.Kerrigan@llgm.com

                        Charles C. Platt, Esq. (CT 23036)
                        Wilmer Cutler Pickering Hale and Dorr LLP
                        399 Park Avenue
                        New York, NY 10022
                        Telephone:(212) 230-8800
                        Facsimile: (212) 230-8888
                        Email: Charles.Platt@wilmerhale.com

                        Eric Mogilnicki, Esq.
                        Samuel Broderick-Sokol, Esq.
                        Wilmer Cutler Pickering Hale and Dorr LLP
                        2445 M Street, N.W.
                        Washington, D.C. 20037
                        Telephone: (202) 663-6000
                        Facsimile: (202) 663-6363
                        Eric.Mogilnick@wilmerhale.com

## **CERTIFICATION**

This is to certify that a true and correct copy of the foregoing Defendants' Response to Plaintiffs' Supplemental Memorandum Regarding New Decision was served via facsimile and first-class mail, postage prepaid, this 20th day of September, 2005, on the following counsel of record:

    Richard A. Bieder, Esq.
    Antonio Ponvert III, Esq.
    Koskoff, Koskoff & Bieder
    350 Fairfield Avenue
    Bridgeport, CT 06604

    Gregory G. Jones, Esq.
    Law Firm of Gregory G. Jones, P.C.
    603 South Main Street, Suite 200
    Grapevine, TX 76051

    Marc R. Stanley, Esq.
    Roger L. Mandel, Esq.
    Stanley, Mandel & Iola
    3100 Monticello Avenue
    Suite 750
    Dallas, TX 75205

                                       */s/ Jessica A. Ballou*
                                        Jessica A. Ballou