UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Dye Company Inc. 401(k) Profit-Sharing Plan, et al.,<br>　　　Plaintiffs,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES INC., et al.,<br>　　　Defendants. | Civil Action No.<br>3:01cv1552 (SRU) |

**CONFERENCE MEMORANDUM**

On March 7, 2006, I held a phone conference on the record with Marc Stanley, Richard Bieder, Roger Mandel, Martin Woodward, William Bloss, and Gregory Jones, representing the plaintiffs; and Dennis Kerrigan, Charles Platt, Sam Broderick-Sokol, and Daniel Squire, representing the defendants ("Nationwide"). The purpose of the conference was to discuss the status of the case and the effect of the recent ruling, denying the defendants' summary judgment motion.

**I.   Motions for Reconsideration/Fifth Amended Complaint**

I expressed my expectation that both sides might be intending to file motions to request that I reconsider my recent ruling on the defendants' motion for summary judgment. I discouraged the parties, however, from filing any motions for reconsideration, indicated that I have thought about the case and issues extensively, and reminded them of the high standard for a motion for reconsideration. I also reminded the parties that the ruling effectively treated the defendants' motion as a motion to dismiss and that Nationwide would be free to make a summary judgment motion at the appropriate time.

The defendants indicated that they do intend to file a motion for reconsideration, not to

bring to my attention any controlling authority that I have overlooked, but to argue that the plaintiffs have expressly waived any claim based on Nationwide's ability to delete or substitute mutual funds and that the fourth amended complaint did not allege that Nationwide had authority or control over plan assets based on its ability to delete or substitute funds. The defendants also indicated that they may seek certification of an interlocutory appeal. I granted the defendants an extension to April 4, 2006 of the deadline for seeking reconsideration and certification of an interlocutory appeal.

The parties and I discussed the potential filing of a fifth amended complaint, and I set the following deadlines:

- The plaintiffs shall file a fifth amended complaint or indicate in writing to the court that they do not intend to file such a complaint by **March 21, 2006**.

- If the plaintiffs do file a fifth amended complaint, the defendants may file a motion to dismiss within the time permitted by the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

- If the plaintiffs do not to file a fifth amended complaint, the defendants' deadline for filing a motion for reconsideration or a motion for certification of an interlocutory appeal is **April 4, 2006**.

- The Local Rules of Civil Procedure will dictate deadlines for opposition and reply briefs.

## II.    Miscellaneous Pleadings

I indicated to the parties that we recently discovered that at least one pleading had never been formally docketed. That document, which originally had been accompanied by a motion for leave to exceed page limit, was dated January 30, 2004 and entitled "Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' First Amended Motion for Class Certification." It will be docketed this week.

The parties should make the court aware of any other pleadings that have been filed but not docketed.

**III.    Class Certification Motion**

My recent ruling on the defendants' dispositive motion has affected the plaintiffs' class certification motion and the parties' related briefing. The plaintiff did not object to my denying that motion without prejudice.

**IV.    Motion to Dismiss**

With respect to the plaintiffs' pending motion to dismiss, I questioned the defendants on the counterclaims that they have asserted relating to the plaintiff trustees' alleged breaches of fiduciary duties. Specifically, I questioned whether the trustees have any obligation to monitor the relationship between mutual funds and Nationwide. The defendants indicated that the counter-claims are based on theories that appear to have been rendered moot and did not object to my granting the plaintiffs' motion, without prejudice, because the issues raised are moot.

I asked the defendants to consider the issue of whether the trustees have any duty to oversee the relationships between mutual funds and Nationwide before re-pleading any counter-claims.

**V.    Expectations for Briefing and E-Filing**

With respect to any future motions, I indicated that I would like clean and complete briefing, with appropriate documents attached. In other words, the parties are requested not to incorporate by reference past motions, memoranda, or attachments when briefing any future motions.

The case has been designated an e-file case. I reminded the parties that I expect to

receive chambers copies of substantive motions and related briefing and exhibits. Those courtesy copies do not need to be received on the date of filing, but should be provided shortly thereafter. Lengthy documents may be assembled in three-ring binders, and tabs are always appreciated.

### VI.    Matters Pending Before Magistrate Judge William I. Garfinkel

I raised with the parties that Magistrate Judge Garfinkel has matters relating to privilege issues that he has been holding pending my ruling on the defendants' summary judgment motion. The parties did not know whether that privilege review was still needed and will indicate to the court in writing by **March 21, 2006**, whether it is necessary and/or what remains outstanding.

### VII.   Future Status Conferences

The parties are urged to contact chambers (203 579 5714) to schedule a phone conference or in-person conference when needed.

### VIII.  Amended Memorandum of Decision

Following the phone conference, I issued an amended memorandum of decision, which modified two paragraphs of my original ruling on the defendants' motion for summary judgment. The carry-over paragraph on pages 23 and 24 and the first full paragraph on page 24 were modified to read:

> Although I reject the Trustees' proposed three-part functional approach for defining plan assets, an alternative functional approach appears consistent with both the reasoning of decisions that embrace a broad interpretation of "plan assets," and Congress' remedial purposes in adopting ERISA. I conclude that "plan assets" include items a defendant holds or receives: (1) as a result of its status as a fiduciary or its exercise of fiduciary discretion or authority, and (2) at the expense of plan participants or beneficiaries. This two-pronged test conforms to the approach outlined by the Ninth Circuit in *Acosta*, where the first prong (*i.e.*, the relationship between the item held and the entity's fiduciary status) was implied, and the

> second prong was explicit.
>
> Tested against this functional approach, the Trustees' claims survive Nationwide's motion for summary judgment. The plaintiffs have alleged that Nationwide receives payments from mutual funds in exchange for offering the funds as an investment option to the Plans and participants, *i.e.*, as a result of its fiduciary status or function. As discussed above, there is evidence in the record in support of that allegation.

Amend. Memo. of Decision at 23-24 (Mar. 7, 2006).

The plaintiffs' motion to certify class (doc. # 128) is DENIED without prejudice.

The plaintiffs' motion to dismiss the defendants' counter-claims (doc. # 97) is GRANTED without prejudice.

Dated at Bridgeport, Connecticut, this 8th day of March 2006.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge