

# STANLEY, MANDEL & IOLA, L.L.P.
## ATTORNEYS & COUNSELORS

ROGER L. MANDEL
BOARD CERTIFIED -- CIVIL APPELLATE LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
Direct Dial No.: 214-443-4302
E-Mail: rmandel@smi-law.com

3100 MONTICELLO AVENUE, SUITE 750
DALLAS, TEXAS 75205
TEL: 214-443-4300 • FAX: 214-443-0358

March 20, 2006

*via federal express*
Stefan R. Underhill
U.S. District Judge
United States District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

> Re:    *Lou Haddock, as Trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan v. Nationwide Financial Services, Inc. and Nationwide Life Insurance Co.*; Case No. 01-CV-1552 - SRU

Dear Judge Underhill:

Pursuant to part VI of your March 8, 2006 Conference Memorandum ("Matters Pending Before Magistrate Judge William I. Garfinkel"), Plaintiffs write to request that Judge Garfinkel proceed with his *in camera* review of documents submitted to him by Defendants on March 16, 2004.

On February 9, 2004, Judge Garfinkel issued his "Ruling on Pending Motions," in which he directed, among other things, that Defendants submit for *in camera* review any documents listed on Defendants' privilege log as to which Defendants continue to assert a claim of privilege. *See* Exhibit "A" hereto. Pursuant to this Ruling, Defendants produced under seal to Judge Garfinkel 52 documents (or portions thereof) for *in camera* review in order to ascertain whether those documents should be produced to Plaintiffs. Defendants also filed a memorandum in connection with their *in camera* submission.

The documents submitted by Defendants are potentially relevant to class certification issues in the case, such that the determination of whether they are properly subject to production to Plaintiffs ought to proceed at this time to avoid additional delay in connection with Plaintiffs' forthcoming renewed request for class certification. For example, some documents are meeting minutes of Defendants' Mutual Fund Revenue Implementation Team and Pensions

A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Judge Underhill
March 20, 2006
Page 2

Management Team (Documents 10, 11, 36, 37, 65, 69, 70, 74, and 85) which are potentially relevant to Defendants' exercise of control over plan assets. Additionally, several other documents are memoranda from Defendants' personnel presumably discussing related issues (*e.g.*, Documents 20, 27, 29, and 31).

Accordingly, Plaintiffs respectfully request that Judge Garfinkel proceed promptly with his *in camera* review of and ruling upon the documents submitted by Defendants.

Sincerely,

Roger L. Mandel

cc:   Mr. Samuel Broderick-Sokol (via fax and reg. mail)
Mr. Dennis F. Kerrigan, Jr. (via fax and reg. mail)
Mr. Charles C. Platt (via fax and reg. mail)
Mr. Antonio Ponvert (via fax only)
Mr. Richard Bieder (via fax only)
Mr. Greg Jones (via fax only)
Mr. Marc R. Stanley
Mr. Martin Woodward

Exh. A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

LOU HADDOCK,                             :
trustee of Flyte Tool & Die, Inc         :
Deferred Compensation Plan, et al.       :
                                         :
Plaintiffs,                              :        CIVIL ACTION NO.
                                         :        3:01-cv-1552 (SRU)
           v.                            :
                                         :
NATIONWIDE FINANCIAL                     :
SERVICES, INC. and                       :
NATIONWIDE LIFE INSURANCE CO. :
                                         :
Defendants.                              :

---

## RULING ON PENDING MOTIONS

Defendants Nationwide Financial Services, Inc. and Nationwide Life Insurance Co.
(collectively "Nationwide") motion for leave to exceed the page limit. **(Doc. # 175) is
GRANTED.** Nationwide's motion to file documents under seal **(Dkt. #176) is
GRANTED.** Plaintiffs' motions for extension of time **(Docs. # 183, #184) are
GRANTED.** The parties' joint motion for extension of time **(Docs. # 185) is GRANTED.**

Plaintiffs' motion to compel disclosure of documents reviewed *in camera* to which

defendants have not sought reconsideration and motion to amend the stay of paragraph

seven **(Dkt. # 157-2) and (Dkt. # 157-1) are GRANTED in part** and **DENIED in part.**

The Defendants shall produce those documents reviewed *in camera* that are not subject to

Defendants' motion for reconsideration. Defendants shall review the remainder of the fifty-

two documents for which they assert attorney-client privilege to determine which

1

documents, if any, are similar to those ordered produced. The review shall be completed within twenty days of this order. After the review, Defendants shall produce to plaintiffs documents they deem to be similar to those ordered produced and the remainder shall be submitted to the undersigned for an *in camera* review. The Court neither adopts nor rejects Defendants' assertion that there is no waiver of attorney-client privilege.

So ordered this the 9th day of February, 2004, at Bridgeport, Connecticut.

/S/ *William I. Garfinkel*
William I. Garfinkel
U.S. Magistrate Judge

2