UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOU HADDOCK, et al.,<br>PLAINTIFFS, | : <br> : <br> : | CIVIL ACTION NO.: <br><br> 3:01CV1552(SRU) |
| v. | : | |
| NATIONWIDE FINANCIAL SERVICES INC., et al.,<br>DEFENDANTS. | : <br> : <br> : <br> : | <br><br>NOVEMBER 20, 2007 |

**MOTION TO FILE UNDER SEAL**

Pursuant to the Order of the Court dated February 3, 2003 (Droney, J), and Rule 5(e)(2) of the Local Rules of Civil Procedure, Defendants Nationwide Financial Services, Inc., and Nationwide Life Insurance Company (collectively, "Nationwide"), hereby move to seal documents (the "Confidential Documents") filed by Plaintiffs conditionally under seal in their Confidential Appendix in Support of Plaintiffs' Motion for Class Certification Based on Fifth Amended Complaint and Memorandum in Support, dated November 15, 2007 (the "Confidential Appendix").

Plaintiffs explained in a letter to U.S. District Clerk Kevin F. Rowe, dated November 15, 2007, that the Confidential Appendix was being filed "conditionally under seal pursuant to court order." Nationwide now moves to maintain that seal.

The Confidential Documents consist of:

- transcripts of deposition testimony given by Nationwide employees;

- a transcript of deposition testimony given by an expert witness retained by Nationwide;

- various exhibits used at the above-referenced depositions;

- an exhibit used at the deposition of Mr. Haddock; and

- an intra-Franklin Templeton Group email message discussing a communication with Nationwide.

The basis for Nationwide's request that the Confidential Documents be maintained under seal is that the deposition transcripts and exhibits contain confidential, commercial, business, financial and proprietary information within the meaning of paragraph 4 of the Protective Agreement and Order on Confidentiality and Privilege, executed by the parties and dated December 13, 2001.

The parties have stipulated that the transcripts of the depositions are "confidential" within the purview of the Protective Agreement and Order on Confidentiality and Privilege and the Order of the Court enforcing the same, dated February 3, 2003.

The Nationwide employee witnesses were designated by Nationwide as 30(b)(6) witnesses with respect to topics identified by Plaintiffs. As such, they testified with respect to details of Nationwide's financial arrangements, which constitute "confidential" information that should be protected from disclosure. Similarly, the exhibits – including those used at the depositions of Nationwide's employees, Nationwide's expert, and Mr. Haddock, as well as the Franklin Templeton Group email – also contain confidential information regarding Nationwide's financial arrangements.

Finally, Nationwide's expert witness discussed details of Nationwide's contracts with various plan sponsors, and thus the transcript contains confidential financial details that should be protected from disclosure. In addition, the expert's views as a whole were based on his review of confidential Nationwide materials.

WHEREFORE, Nationwide moves that the Confidential Appendix in Support of Plaintiffs' Motion for Class Certification Based on Fifth Amended Complaint and Memorandum

in Support, dated November 15, 2007, filed provisionally under seal by Plaintiffs, be maintained under seal.

Dated:   November 20, 2007

By: _____
Dennis F. Kerrigan, Jr. (CT 09621)
Brian O'Donnell (CT 16041)
Dewey & LeBoeuf LLP
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone:    (860) 293-3500
Facsimile:    (860) 293-3555

Charles C. Platt, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Telephone:    (212) 230-8800
Facsimile:    (212) 230-8888

Daniel H. Squire, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone:    (202) 663-6000
Facsimile:    (202) 663-6363

## CERTIFICATION

The undersigned hereby certifies that on November 20, 2007, a copy of the foregoing Motion to File Under Seal was filed electronically, served by mail on the following counsel of record, and should be sent by e-mail to the same counsel by operation of the Court's electronic filing system.

>Richard A. Bieder, Esq.
>Antonio Ponvert III, Esq.
>Koskoff, Koskoff & Bieder
>350 Fairfield Avenue
>Bridgeport, CT 06604
>
>Gregory G. Jones, Esq.
>Law Firm of Gregory G. Jones, P.C.
>630 E. Southlake Boulevard
>Suite 110
>Southlake, TX 76092
>
>Marc Stanley, Esq.
>Roger Mandel, Esq.
>Stanley, Mandel & Iola
>3100 Monticello Avenue
>Suite 750
>Dallas, TX 75205

_____
Brian O'Donnell