UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, PETER WIBERG, as trustee of the Crown Tool & Die Deferred Compensation Plan, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center Deferred Compensation Plan, EDWARD KAPLAN as trustee of the Hartford Roofing, Inc. Deferred Compensation Plan, DENNIS A. FERDON trustee of the Anderson & Ferdon Deferred Compensation Plan, § § § § § § § § § § § § § § § | |
| PLAINTIFFS, § § | CIVIL ACTION NO: 3:01CV1552(CFD) |
| v. § § | |
| NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO., § § § § § | |
| DEFENDANTS. § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO DISMISS NATIONWIDE'S AMENDED COUNTERCLAIMS**

Plaintiffs/Counter-Defendants, Peter Wiberg, Allen Gouse and Christopher Anderson (collectively "Plaintiffs"), respectfully submit this Reply Memorandum in Support of Plaintiffs' Motion to Dismiss Nationwide's Amended Counterclaims:

## I.

## INTRODUCTION

In Nationwide's Memorandum of Law in Opposition to Plaintiffs' Motion to Dismiss Nationwide's Amended Counterclaims ("Nationwide's Response"), Defendants, Nationwide Life Insurance Company and Nationwide Financial Services Incorporated (collectively referred to as "Nationwide" or "Defendants"), fail to demonstrate that Counts I (contribution) and II (indemnity) of their counterclaims survive the ruling of the Second Circuit in *Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317 (2d Cir. 2003). Specifically, Nationwide entirely fails to address the holding of *Gerosa* that the legal premise underlying *Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12 (2d Cir. 1991), has been rejected by the United States Supreme Court.

Nationwide additionally fails to refute Plaintiffs' alternative arguments that -- assuming *arguendo* the applicability of the federal common law of ERISA to this case -- this Court should dismiss Nationwide's counterclaims for contribution and indemnity, Counts I and II, pursuant to the common law of trusts. Nationwide incorrectly argues that the RESTATEMENT (SECOND) OF TRUSTS § 258 (1959) cannot be applied by this Court to dismiss its contribution and indemnity claims at the pleading stage. Given that Nationwide's allegations make clear it received the exclusive benefit of the revenue sharing payments and that it claims that Plaintiffs, at most, negligently failed to prevent Nationwide from intentionally stealing from Plaintiffs' qualified ERISA retirement plans (the "Plans"), this Court may dismiss them, because Section 258 makes such allegations insufficient as a matter of law to support contribution and indemnity claims.

Finally, Nationwide fails to demonstrate that it has standing to bring a counterclaim against Plaintiffs under ERISA for breach of fiduciary duty. Nationwide does not plead that it brings suit on behalf of the Plans, and its status as fiduciary over the revenue sharing payments does not make it a general purpose fiduciary or make it specifically a fiduciary for purposes of pursuing lawsuits on behalf of the Plans. Accordingly, this Court should also dismiss Count III of Nationwide's counterclaims.

## II.

### BY RECOGNIZING THAT THE SUPREME COURT FORBADE "INTERSTITIAL" LAWMAKING UNDER ERISA, *GEROSA* RECOGNIZED THAT THE PREMISE OF *CHEMUNG* HAS BEEN OVERRULED BY THE SUPREME COURT, AND, THUS, THAT *CHEMUNG* NO LONGER BINDS THIS COURT

In *Gerosa*, the Second Circuit reversed a district court's denial of a motion to dismiss in part because the district court relied upon the reasoning of *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270 (2d Cir. 1992) -- a case that the Second Circuit found problematic in light of subsequent Supreme Court rulings holding that ERISA's remedial scheme is limited to the remedies explicitly recited in the statute. While the Second Circuit did not state that it was overruling *Diduck*, it recognized that the reasoning of *Diduck* did not survive subsequent Supreme Court rulings and -- thus -- that the district court had in erred in relying on *Diduck*. 329 F.3d at 322-23. Since the same exact legal reasoning provided the basis for the holding in *Chemung* as provided the basis for the holding in *Diduck*, *Gerosa* must be read as recognizing the Supreme Court's rejection of *Chemung's* reasoning, such that this Court, like the district court in *Diduck*, would err by relying upon that reasoning.

Nationwide conveniently ignores the focus of Plaintiffs' argument about the effect of *Gerosa* by noting that *Gerosa's* holding did not specifically address the remedies of contribution and indemnity and then arguing that *Gerosa* is not on point, such that *Chemung's* allowance of

those remedies in an ERISA case allegedly remains good law. Nationwide's Response at 5-6. Problematically for Nationwide, *Gerosa* is relevant not just for its specific holding that certain damages remedies against non-fiduciaries in ERISA cases may no longer be implied following the Supreme Court's decision in *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993), but also for its recognition that the Supreme Court has rejected the "interstitial lawmaking" upon which both *Diduck* and *Chemung* rest in their entirety.

*Gerosa* makes clear that "judicially-created, 'interstitial' remedies" do not survive the Supreme Court's ruling in *Mertens*:

> In rejecting several arguments based on ERISA's general purposes the [Supreme] Court emphasized ERISA comprehensiveness, as well as the clear text of the ERISA civil remedies provisions, which in combination it argued provided strong 'evidence that Congress did **not** intend to authorize other remedies that it simply forgot to incorporate expressly.'

*Gerosa*, 329 F.3d at 322, *quoting Mertens*, 508 U.S. at 254, 261. Crucially, as *Chemung* makes clear, contribution and indemnity constitute nothing other than judicially created interstitial remedies.

Nationwide incorrectly claims that *Petrilli v. Gow*, 957 F. Supp. 366, 374-75 (D. Conn. 1997), reconciled *Mertens* and *Chemung*. Nationwide's Response at 6. In reality, the district court in *Petrilli* merely held that the Supreme Court's ruling in *Mertens* prevented it from extending the holding of *Chemung* to allow a breaching fiduciary to assert contribution and indemnity claims against non-fiduciaries. *Id*. The district court did not address whether the underlying premise of *Chemung* survived *Mertens*, although its discussion of why *Mertens* prevented the extension of *Chemung* suggests that, had it considered the issue, it would have agreed that the underlying premise of *Chemung* did not survive *Mertens*.

*Smith v. Lowe I.B.T. Pension Plan*, 291 F.3d 263, 240-41 (2d Cir. 2002), decided before *Gerosa*, likewise does not support that the underlying premise of *Chemung* has survived *Mertens*. *See* Nationwide's Response at 6. While *Smith* did treat *Chemung* as continuing to

3

constitute good law, it did not stop to consider whether *Chemung's* underling premise of "interstitial lawmaking" survived *Mertens*. Indeed, *Gerosa* is the first Second Circuit opinion to address this issue, and it plainly holds that the premise of *Chemung* is no longer good law. 329 F.3d at 322.[1] Nationwide's counterclaims for contribution and indemnity fail accordingly.

### III.

### ALTERNATIVELY, THE FEDERAL COMMON LAW OF ERISA, AS SET FORTH IN THE RESTATEMENT (SECOND) OF TRUSTS, REQUIRES THE DISMISSAL OF NATIONWIDE'S COUNTERCLAIMS FOR CONTRIBUTION AND INDEMNITY

*A.  NATIONWIDE'S RECEIPT OF THE REVENUE SHARING PAYMENTS CONSTITUTED AN EXCLUSIVE BENEFIT TO NATIONWIDE, THEREBY REQUIRING DISMISSAL OF NATIONWIDE'S CONTRIBUTION AND INDEMNITY COUNTERCLAIMS.*

The RESTATEMENT provides that if a breaching fiduciary receives a benefit from its breach of trust, it may not receive contribution or indemnity from its co-trustee to the extent of that benefit. RESTATEMENT (SECOND) OF TRUSTS § 258 (1959). In other words, if a fiduciary receives ten dollars as a result of a breach of trust, it cannot recover contribution or indemnity from a co-trustee for that ten dollars. If it were to receive contribution or indemnity for all or part of the ten dollars, it would be left in the position of retaining some benefit from having breached its fiduciary duty.

Nationwide asserts that its purely conclusory allegations in the counterclaims that Plaintiffs ostensibly benefited either from services it purportedly performed for mutual funds in exchange for the revenue sharing payments or from its receipt of the revenue sharing payments are sufficient to create issues of fact as to whether only it received a benefit from its breaches of

---

[1] Nationwide's citation to three post-*Gerosa* New York district court opinions does not detract from this conclusion. *See* Nationwide's Response at 6 (*citing Agway, Inc. v. Magnuson*, 409 F. Supp.2d 136, 143 n.6 (N.D.N.Y. 2005); *In re Worldcom, Inc., ERISA Litig.*, 339 F. Supp.2d 561, 568 (S.D.N.Y. 2004); *Rubin v. Valicenti Advisory Servs., Inc.*, 326 F. Supp.2d 427, 428-29 (W.D.N.Y. 2004)). Like the Second Circuit's opinion in *Smith*, none of these opinions considered the critical issue of whether *Chemung's* underlying premise of "interstitial lawmaking" survived *Mertens* and *Gerosa*.

trust. Nationwide's Response at 11-12. Nationwide is wrong. Under the standard of *Bell Atlantic Corp. v. Twombly*, these purely conclusory allegations are not sufficient to prevent dismissal. ___U.S. ___, 127 S. Ct. 1955, 1969 (2007).

Specifically, Nationwide alleges in *only* two identical conclusory sentences in two paragraphs that Plaintiffs benefited from services allegedly provided by Nationwide in return for the revenue sharing payments or from Nationwide's receipt of the revenue sharing payments. Nationwide's Counterclaims at ¶¶ 23, 30. These two sentences merely state, in purely conclusory fashion and with no factual support whatsoever, that "[t]he Trustees benefited from the services provided by Nationwide" and also benefited from "payments received by Nationwide." *Id.* Crucially, Nationwide never alleges any facts -- either in these two paragraphs or elsewhere -- explaining *how* the Plaintiffs purportedly derived any benefit from any service provided by Nationwide in return for revenue sharing payments or from Nationwide's receipt of revenue sharing payments.

As the Supreme Court clarified in *Twombly*, Nationwide's counterclaims must plead "*enough facts* to state a claim for relief that is plausible on its face" in order to survive a Rule 12(b)(6) motion to dismiss. 127 S. Ct. at 1974 (emphasis added). Nationwide's counterclaims plead *no* facts making it plausible that Plaintiffs benefited from services Nationwide provided in exchange for revenue sharing payments or from Nationwide's receipt of the revenue sharing payments, and they must be dismissed accordingly.

Furthermore, even if Nationwide had adequately pled benefits flowing from its breach of fiduciary duty to anyone other than itself, those benefits were clearly ones enjoyed by the Plans and not Plaintiffs in their individual capacities, as they are sued by Nationwide. The Fifth Amended Complaint alleges that Nationwide had annuity contracts with Plans or their participants, such that any services provided by Nationwide pursuant to those contracts flowed to

5

the benefit of the Plans and/or their participants, not to Plaintiffs in their individual capacities. Fifth Amended Complaint, ¶¶ 19-32.

Finally, the Court will only reach the issue of contribution and indemnity if it has found that some or all of the revenue sharing payments did not constitute legitimate receipt by Nationwide of fees paid by mutual funds for services rendered to them by Nationwide. At that point, the Court will necessarily have found that Nationwide benefited from receipt of the revenue sharing payments, because it will have found that Nationwide retained those payments without any right to do so.

And, having found that Nationwide benefited from retention of the revenue sharing payments, the Court would have the obligation pursuant to the RESTATEMENT to hold that Nationwide may not recover any portion thereof from Plaintiffs. Simply put, either Nationwide breached its fiduciary duty by retaining the revenue sharing payments and it has no right to contribution or indemnity upon its disgorgement of them or it did not breach its fiduciary duty and the issues of contribution and indemnity never arise. Given this, the counterclaims for contribution and indemnity serve no purpose and should be dismissed.

The court in *Gbur v. Cohen*, 155 Cal. Rptr. 507, 511 (Cal. Ct. App. 1979), simply missed the point of the RESTATEMENT (SECOND) OF TRUSTS § 258(1)(b) (1959). Specifically, by holding that the defendant trustee could maintain a cross-action for contribution and indemnity for amounts he alleged he had paid himself as legitimate salary and repayment of loans (i.e., he claimed he did not breach his fiduciary duty), the California Court of Appeals confused the trustee's defense to the breach of fiduciary duty allegation against him with his claims to recover contribution and indemnity. The issues of contribution and indemnity would have arisen only if the trial court had already found the amounts the trustee paid to himself were not earned and, thus, constituted a breach of fiduciary duty. In that case, the trustee should have no right under

6

the RESTATEMENT to recoup amounts he was forced to disgorge as having been obtained in breach of his fiduciary duty.

B.  THE "SUBSTANTIALLY MORE AT FAULT" DOCTRINE REQUIRES DISMISSAL OF NATIONWIDE'S CONTRIBUTION AND INDEMNITY COUNTERCLAIMS.

   1.  This Court is not prohibited from applying the "substantially more at fault" doctrine in the context of Plaintiffs' motion to dismiss, because it does not require <u>the Court to decide questions of fact.</u>

Nationwide suggests that this Court cannot apply the "substantially more at fault" doctrine of the RESTATEMENT (SECOND) OF TRUSTS § 258(1)(a) (1959) in the context of Plaintiffs' motion to dismiss. Nationwide's Response at 7, 10-11. Troublingly, in making its blanket assertion that who is "substantially more at fault" constitutes an issue of fact, Nationwide did not disclose to the Court that in one of the cases cited by Plaintiffs a federal district court granted a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis of its application of the "substantially more at fault" doctrine to the pleadings. *Sunderlin v. First Reliance Standard Life Ins. Co.*, 235 F. Supp. 2d 222, 237 (W.D.N.Y. 2002).[2]

Further, none of the three comparative fault cases Nationwide cites in support of this proposition even mentions the "substantially more at fault" doctrine, and they accordingly lend no support to Nationwide's argument. *See* Nationwide's Response at 10 (*citing Briney v. Sears, Roebuck & Co.*, 782 F.2d 585, 589 (6th Cir. 1986); *Burns v. Benedict*, 827 F. Supp. 1545, 1546, 1548 (D. Kan. 1993) *Montock Oil Trans. Corp. v. Tugg "El Zorro Grande"*, 1993 WL 213037, at *2 (S.D.N.Y. June 15, 1993)). Finally, the basic proposition Nationwide cites from a comment to Section 1002 of the Uniform Trust Code that "determining degrees of comparative fault is a question of fact" does not detract from the fact that the allegations of Plaintiffs and

---

[2] Later in its Response, Nationwide admitted that *Sunderlin* granted a motion to dismiss. Nationwide's Response at 11. Thus, Nationwide was aware that the "substantially more at fault" doctrine could be applied by this Court in the context of Plaintiffs' motion to dismiss, and it should have disclosed this adverse authority to the Court at the outset of its argument.

7

Nationwide make Nationwide "substantially more at fault" as a matter of law, allowing dismissal based on the pleadings.

    2.    The second and fourth factors of the "substantially more at fault" doctrine require dismissal of Nationwide's contribution and indemnity counterclaims.

Nationwide's allegations that Plaintiffs "knew of, agreed to, approved of, ratified, [or] were recklessly indifferent to" Nationwide's conduct do not render the second and fourth factors of the "substantially more at fault" doctrine inapplicable. *See* Nationwide's Response at 8-9. As Plaintiffs previously explained in their motion, Nationwide does not factually allege that Plaintiffs committed a breach of trust or even participated in Nationwide's breach of trust. Specifically, Nationwide never alleges that the Plaintiffs actually knew about the existence of the revenue sharing payments *and* knew they were improper *and* nevertheless approved or ratified them or recklessly ignored them. *See* Motion to Dismiss at 13-14. Thus, Nationwide's allegations do not rise above the level of -- at most -- negligence, which the second factor of the "substantially more at fault" doctrine clearly holds insufficient to support a contribution or indemnity claim on behalf of a party which intentionally breached its fiduciary duty. RESTATEMENT (SECOND) OF TRUSTS § 258(1)(a) (1959), comment d.

Nationwide's conclusory labeling of Plaintiffs' behavior in not stopping it from stealing the skimmed plan assets as "approval or agreement" to the thefts or "ratification" of them or as "reckless indifference" to them does not serve to plead the breach of trust or participation in Nationwide's breach of trust by Plaintiffs necessary for Nationwide to avoid the second factor. This Court need not accept the pleading of a mere conclusion if no factual predicate for the conclusion is pled, as is the case here (as just described above). *Murray v. City of Milford*, 380 F.2d 468, 470 (2d Cir. 1967); *see also Twombly*, 127 S. Ct. at 1969, 1974. Nationwide merely pled in one hundred percent conclusory fashion that Plaintiffs agreed to, ratified or were recklessly

8

indifferent to certain conduct that, as specifically pled, could constitute only negligent conduct.

For this reason, the authorities Nationwide cites in support of its argument are inapposite. In both *Pressman-Gutman Co. Inc. v. First Union Nat'l Bank*, 2004 WL 1091048, at *1 n.1 (E.D. Pa. May 14, 2004), and *Gillespie v. Seymour*, 250 Kan. 123, 147-48 (1991), an evidentiary record was before the court that demonstrated actual involvement in the respective breaches of trust at issue. Similarly, *Mueller v. Mueller* does not apply to this case, because the co-trustee in that case actually participated in a breach of trust, in contrast to the conduct of Plaintiffs as alleged by Nationwide. 135 N.W.2d 854, 866 (Wis. 1965). Finally, *Harris Trust & Savings Bank v. Salomon Bros., Inc.*, 823 F. Supp. 1169, 1178-79 (N.D. Ill. 1993), is inapposite because--contrary to Nationwide's suggestion--it neither holds nor supports the notion that conclusory allegations of authorization or approval of a breach of trust are sufficient to preclude the application of the "substantially more at fault" doctrine.

## IV.

### NATIONWIDE LACKS STANDING TO MAINTAIN A COUNTERCLAIM FOR BREACH OF FIDUCIARY DUTY UNDER ERISA BECAUSE IT IS ONLY A FIDUCIARY AS TO THE REVENUE SHARING PAYMENTS

Despite the basic rule that the relief granted under ERISA must go to a plan and not to the individual complaining of ERISA violations, Nationwide nonetheless claims that it has standing to bring its counterclaim for breach of fiduciary duty, Count III, against Plaintiffs. Specifically, Nationwide argues that its counterclaim allegation that it has standing to bring a civil action on behalf of the Plans pursuant to ERISA constitutes by implication a pleading that it, in fact, brings suit on behalf of the Plans. Nationwide's Response at 13-14.

Nationwide argues that the mere fact that its counterclaim for breach of fiduciary duty is contingent upon the Court finding it was a fiduciary as to the revenue sharing payments confers standing upon it for purposes of ERISA. *See* Nationwide's Response at 13-14. This argument is

9

without merit. It is well-established that, under ERISA, a party who exercises authority or control only over particular plan assets becomes a fiduciary only as to those assets. *See U.S. v. Grizzle*, 923 F.2d 943, 948 (11th Cir. 1991); *Yeseta v. Baima*, 837 F.2d 380, 385-86 (9th Cir. 1988). By exercising control over the accumulation units, therefore, Nationwide became a limited purpose fiduciary over them, not a general purpose fiduciary for the Plans. *See Grizzle*, 933 F.2d at 948; *Yeseta*, 837 F.2d at 385-86.

As a limited purpose fiduciary of the accumulation units, the only permissible action Nationwide could take on behalf of the Plans is to return the revenue sharing payments to the Plans. Nationwide could not generally initiate lawsuits on behalf of the Plans. *See* 29 U.S.C. § 1132(a). Because Nationwide is not a participant, beneficiary, a general-purpose Plan fiduciary, or a fiduciary at all beyond its role as fiduciary over the accumulation units, Nationwide cannot bring a claim for breach of fiduciary duty under ERISA against Plaintiffs. *Id.*; *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1988).

Nationwide's final argument -- that it is permitted to plead a breach of fiduciary duty claim as an alternative to its claims for contribution and indemnity – is simply irrelevant. Nationwide's Response at 14. Because Nationwide lacks standing to assert a breach of fiduciary duty counterclaim under ERISA, it is inconsequential that Nationwide pleads its breach of fiduciary duty counterclaim as an alternative to its counterclaims for contribution and indemnity. Because Nationwide's lack of standing is fatal to its breach of fiduciary duty counterclaim, Count III, this Court should dismiss that Count.

## V.

## **CONCLUSION**

Nationwide has failed, as a matter of law, to allege sufficient facts to state a valid counterclaim against Plaintiffs under ERISA. The Court should grant Plaintiffs' motion.

Respectfully submitted,

_____
Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel
Federal Bar No. ct18180
Martin Woodward
Federal Bar No. ct25263
STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas  75205
214-443-4300
214-443-0358 (Fax)

Antonio Ponvert III
Federal Bar No. ct17516
Richard A. Bieder
Federal Bar No. ct04208
KOSKOFF KOSKOFF & BIEDER, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)


Gregory G. Jones
Federal Bar No. ct23443
LAW FIRM OF GREGORY G. JONES PC
630 E. Southlake Boulevard, Suite 110
Southlake, TX 76092
Telephone:  (817) 424-9001
Facsimile:  (817) 424-1665

**PLAINTIFFS' COUNSEL**

11

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on December 5, 2007, a copy of Plaintiffs' Notice of Motion and Motion to Dismiss Nationwide's Amended Counterclaims was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Dennis F. Kerrigan, Jr.
LeBoeuf, Lamb, Greene & MacRae
Goodwin Square
225 Asylum Street
Hartford, CT  06103

Charles C. Platt
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
399 Park Avenue
New York, NY 10022

Mr. Daniel H. Squire
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006

                                                  Martin Woodward