UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, PETER WIBERG, as trustee of the Crown Tool & Die Co. Inc. Salary Deferral Profit Sharing Plan, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center, Inc., Tax Sheltered Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Rehabilitation Center, Inc., Trust, EDWARD KAPLAN, as trustee of the Hartford Roofing 401(k) Profit Sharing Plan and the Hartford South, L.L.C. 401(k) Profit Sharing Plan and the Hartford South, L.L.C. 401(k) Profit Sharing Plan, and CHRISTOPHER ANDERSON, as trustee of the Anderson Law Firm, P.C. 401(k) Profit Sharing Plan and Trust,<br><br>    PLAINTIFFS,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,<br><br>    DEFENDANTS. | CIVIL ACTION NO.:<br><br>3:01CV1552 (SRU) |

## DEFENDANTS' SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE AND FIRST SUPPLEMENTAL NOTICE TO TAKE THE ORAL VIDEOTAPED DEPOSITION DUCES TECUM OF DEFENDANTS NATIONWIDE FINANCIAL SERVICES, INC. AND NATIONWIDE LIFE INSURANCE COMPANY

Defendants Nationwide Financial Services, Inc. and Nationwide Life Insurance Company (collectively, "Nationwide"), by their undersigned counsel, hereby supplement their responses and objections to Plaintiffs' Notice and First Supplemental Notice to Take the Oral Videotaped Deposition Duces Tecum of Nationwide, including the requests for the production of documents identified herein ("Document Requests"). Nationwide hereby incorporates the Objections to

1

Definitions and Instructions and General Objections in its initial and first supplemental Responses and Objections as if fully set forth herein. Nationwide reserves its right to supplement and amend the responses and objections set forth herein.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request 1:** All mutual funds offered by Nationwide to Class members during the relevant period.

**Response:** Nationwide hereby incorporates the objections and responses to this request made in its initial and first supplemental Responses and Objections as if fully set forth herein. Subject to and without waiving any of its objections, Nationwide further responds that it is producing additional documents requested in Roger Mandel's letter dated February 14, 2008 ("February 14 letter"), including: additional prospectuses related to Nationwide's individual variable annuity products; additional service agreements with various mutual funds and affiliates; and additional documents related to changes to investment options available under Nationwide's variable annuity products.

**Request 2:** The method or formula for calculating the amounts payable to Nationwide by the mutual funds and/or mutual fund advisors for each mutual fund offered to Class members by Nationwide during the relevant period.

**Response:** Nationwide hereby incorporates the objections and responses to this request made in its initial and first supplemental Responses and Objections as if fully set forth herein. Subject to and without waiving any of its objections, Nationwide responds that it is providing additional documents requested in the February 14 letter, including: all service agreements with mutual funds in its possession, other than those that contain confidentiality provisions; and additional examples of prospectuses related to Nationwide's variable annuity products from 2003

to 2006. Nationwide further responds that it possesses documents similar to the examples of the Rate Book previously produced, dating back to 2000, and that it will not produce them at this time based on burdensomeness and the absence of any need to do so at this stage of the litigation in that they are relevant, if at all, to the issue of damages.

**Request 3:** All changes to the mutual funds offered by Nationwide to Class members during the relevant period and the reasons for those changes.

**Response:** Nationwide hereby incorporates the objections and responses to this request made in its initial and first supplemental Responses and Objections as if fully set forth herein. Subject to and without waiving any of its objections, Nationwide further responds that it is producing additional documents requested in the February 14 letter, including: documents reflecting changes to the investment options available under Nationwide's individual and group variable annuity contracts; and correspondence regarding changes to the investment options available under the annuity contracts. Nationwide further responds that it has not searched for electronic mail relating to changes to the investment options available under the annuity contracts, because it would be burdensome and not likely to lead to the discovery of admissible evidence based on the volume of the database that would need to be searched, based on the difficulty of devising search terms that would allow a reasonable narrowing of the volume of documents to review, and because most such documents would relate solely to administrative matters that are not relevant to the issues in the litigation.

**Request 4:** All instances (and the reasons therefore) during the relevant period where Nationwide stopped offering a mutual fund already invested in by Class members or their participants.

3

**Response:** Nationwide hereby incorporates the objections and responses to this request made in its initial and first supplemental Responses and Objections as if fully set forth herein. Subject to and without waiving any of its objections, Nationwide further responds that it is producing additional documents requested in the February 14 letter, including: documents reflecting changes to the investment options available under Nationwide's individual and group variable annuity contracts, and additional substitution applications filed with the SEC.

**Request 5:** Nationwide's criteria for selecting mutual funds to offer to Class members during the relevant period, including the role that payments by mutual funds and/or mutual fund advisors play in mutual fund selection.

**Response:** Nationwide hereby incorporates the objections and responses to this request made in its initial and first supplemental Responses and Objections as if fully set forth herein. Subject to and without waiving any of its objections, Nationwide further responds that it is producing additional documents requested in the February 14 letter.

**Request 8:** The account name, account number and bank for all bank accounts into which Nationwide deposited payments received from mutual funds and/or mutual fund advisors during the relevant period and the current status of those accounts.

**Response:** Nationwide hereby incorporates the objections and responses to this request made in its initial and first supplemental Responses and Objections as if fully set forth herein. Subject to and without waiving any of its objections, Nationwide further responds that since 1996, mutual fund payments have been deposited into an account held at JPMorganChase (formerly, BankOne). The account was held in the name of Nationwide Financial Services, Inc. until 2000, and has since been held in the name of Nationwide Investment Services, Inc.

Dated: March 21, 2008

Defendants Nationwide Financial Services Inc. and Nationwide Life Insurance Co.

By: *[signature]*

Dennis F. Kerrigan, Jr., Esq. (CT 09621)
Brian O'Donnell, Esq. (CT 16041)
Dewey and LeBoeuf, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone: (860) 293-3500
Facsimile: (860) 293-3555

Charles C. Platt, Esq. (CT 23036)
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Daniel H. Squire, Esq.
Mark Bieter, Esq.
Heath A. Brooks, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing document was served electronically on this 21st day of March, 2008 on the following counsel of record:

>Richard A. Bieter, Esq.
>Antonio Ponvert III, Esq.
>Koskoff, Koskoff & Bieder
>350 Fairfield Avenue
>Bridgeport, CT 06604
>
>Gregory G. Jones, Esq.
>Law Firm of Gregory G. Jones, P.C.
>630 E. Southlake Blvd., Suite 110
>Southlake, TX 76092
>
>Marc R. Stanley, Esq.
>Roger L. Mandel, Esq.
>Stanley, Mandel & Iola
>3100 Monticello Avenue
>Suite 750
>Dallas, TX 75205

_____