UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> NATIONWIDE FINANCIAL SERVICES, INC., and NATIONWIDE LIFE INSURANCE CO., <br><br> DEFENDANTS. | CIVIL ACTION NO.: <br><br> 3:01CV1552 (SRU) |

**DECLARATION OF MARK BIETER
IN SUPPORT OF DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
BASED ON FIFTH AMENDED COMPLAINT**

MARK BIETER declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney at the firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Defendants Nationwide Financial Services, Inc. and Nationwide Life Insurance Company in this action. I am admitted to practice in Maryland and the District of Columbia.

2. This declaration is made upon my personal knowledge and I am competent to testify as to the facts set forth herein.

3. Defendants submit the following documents in support of their Opposition to Plaintiffs' Motion for Class Certification Based on Fifth Amended Complaint.

4. Exhibit 1A is a true and correct copy of the Crown Tool & Die. Co., Inc. Salary Deferral Profit Sharing Plan Group Variable Annuity Contract ("Crown Contract"); Exhibit 1B is

a true and correct copy of the Flyte Tool & Die Company, Inc. 401(k) Profit Sharing Plan Group Variable Annuity Contract ("Flyte Contract"); Exhibit 1C is a true and correct copy of the Hartford Roofing Company Profit Sharing Plan Group Variable Annuity Contract ("Hartford Roofing Contract").

5. Exhibits 2A and 2B are true and correct copies of Nationwide individual variable annuity contracts purchased in 1991 and 1998, respectively, by participants in the Cecil D. Anderson & Associates, Inc. 401(k) Profit Sharing Plan and the Anderson & Ferdon, P.C. 401(k) Profit Sharing Plan ("Anderson Contract"); Exhibits 2C and 2D are true and correct copies of individual annuity contracts purchased in 1994 and 1998, respectively, by participants in the Greater Hartford Easter Seals Rehabilitation Center Tax Sheltered Annuity Plan ("Easter Seals Contract").

6. Exhibit 3 is a true and correct copy of Plaintiffs' Responses to Defendants' First Set of Requests to Admit to Plaintiffs.

7. Exhibit 4 is a true and correct copy of the May 22, 1992 Appointment of Contractholder's Authorized Representative entered into between the Crown Plan and James H. Dean & Co., Inc.

8. Exhibit 5 is a true and correct copy of the January 21, 1993 Appointment of Contractholder's Authorized Representative entered into between the Hartford Easter Seals Plan and The Pension Service, Inc.

9. Exhibit 6 is a true and correct copy of the February 3, 1992 Appointment of Contractholder's Authorized Representative - Verification of Receipt of Specimen Group Annuity Contract and Completed Proposal Page entered into between the Easter Seals Plan and The Pension Service, Inc.

10. Exhibit 7 is a true and correct copy of an excerpt from the minutes of the June 6, 1984 meeting of the Board of Directors of Nationwide Life Insurance Company.

11. Exhibit 8 is a true and correct copy of the America's marketFLEX II Annuity Prospectus dated September 7, 2007.

12. Exhibit 9 is a true and correct copy of a Nationwide "Investment Quality" brochure.

13. Exhibit 10 is a true and correct copy of Plaintiff Peter Wiberg's Objections and Responses to Defendants' Fourth Set of Interrogatories to Plaintiff Peter Wiberg.

14. Exhibit 11 is a true and correct copy of The Best of America Retirement Advisor Group Annuity Variable Contract Profile.

15. Exhibit 12 is a true and correct copy of The Best of America IV Annuity Prospectus dated May 1, 2007.

16. Exhibit 13 is a true and correct copy of The Best of America All American Gold Annuity Prospectus dated May 1, 2007, as amended September 4, 2007.

17. Exhibit 14 is a true and correct copy of the September 15, 1999 Best of America Points of Interest.

18. Exhibit 15 is a true and correct copy of Plaintiff Allen Gouse's Objections and Responses to Defendants' Fourth Set of Interrogatories to Plaintiff Allen Gouse.

19. Exhibit 16 is a true and correct copy of the September 27, 2000 Best of America Points of Interest.

20. Exhibit 17 is a true and correct copy of the March 30, 2000 Best of America Points of Interest.

21. Exhibit 18 is a true and correct copy of a specimen Individual Flexible Purchase Payment Variable Deferred Annuity Contract.

22. Exhibit 19 is a true and correct copy of May 1, 1998 Statement of Additional Information for the Deferred Variable Annuity Contracts Issued by Nationwide Life Insurance Company through Its Nationwide Variable Account - II.

23. Exhibit 20 is a true and correct copy of potions of the Fidelity Variable Insurance Products Service Class Prospectus dated April 30, 2001.

24. Exhibit 21 is a true and correct copy of the Dreyfus Stock Index Fund Prospectus dated May 1, 2001.

25. Exhibit 22 is a true and correct copy of the Janus Aspen Series Service Shares Prospectus dated May 1, 2001.

26. Exhibit 23 is a true and correct copy of the 1997 Annual Report of the Nationwide Variable Account – II, which was filed with the Securities and Exchange Commission.

27. Exhibit 24 is a true and correct copy of portions of the Best of America Individual Deferred Variable Annuity Contracts Prospectus dated May 1, 1994.

28. Exhibit 25 is a true and correct copy of portions of the Best of America Individual Deferred Variable Annuity Contracts Prospectus dated May 1, 2001.

**Confidential Exhibits Conditionally Filed Under Seal**

29. Exhibit A is a true and correct copy of the October 1, 2006 Amendment No. 2 to Fund Agreement between Nationwide Financial Services, Inc. and Gartmore Mutual Fund Capital Trust.

30. Exhibit B is a true and correct copy of the January 1, 2000 Agreement between Nationwide Financial Services, Inc. and Villanova Mutual Fund Capital Trust.

31. Exhibit C is a true and correct copy of the Best of America IV IDSC ("Investor Dealer Service Center") Product Listing.

32. Exhibit D is a true and correct copy of sample Request of Exchange of Contract Value or Allocation of Future Payment forms submitted by participants in the Anderson Plan.

33. Exhibit E is a true and correct copy of a specimen communication from Nationwide Financial Services, Inc. regarding "Important Investment Offering Notification Regarding Your Retirement Plan" and dated October 18, 2004.

34. Exhibit F is a true and correct copy of October 25, 1996 correspondence regarding the Crown Contract, and a true and correct copy of an amendment to the Crown Contract.

35. Exhibit G is a true and correct copy of a May 8, 1997 amendment to the Flyte Contract.

36. Exhibit H is a true and correct copy of the October 14, 1999 Service Agreement between Nationwide Financial Services, Inc. and Janus Service Corporation.

37. Exhibit I is a true and correct copy of the June 1, 2003 Restated Service Agreement among Nationwide Financial Services, Inc., Nationwide Investment Services Corporation, Nationwide Life Insurance Company, Nationwide Life and Annuity Insurance Company, the Dreyfus Corporation, and Dreyfus Service Corporation.

38. Exhibit J is a true and correct copy of the November 20, 2006 Recordkeeping Agreement between Nationwide Financial Services, Inc. and Federated Shareholder Services, Inc.

39. Exhibit K is a true and correct copy of the January 6, 2003 Administrative Services Agreement among Nationwide Life Insurance Company, Nationwide Life and Annuity Insurance Company, Nationwide Financial Services, Inc. and AIM Advisors.

40. Exhibit L is a true and correct copy of the February 15, 2002 Distribution Services Agreement among Nationwide Investment Services Corp., Nationwide Life Insurance Company, Nationwide Life and Annuity Insurance Company, and AIM Distributors, Inc.

41. Exhibit M is a true and correct copy of portions of the transcript from the February 24, 2002 deposition of Hector "Lou" Haddock in this matter.

42. Exhibit N is a true and correct copy of the transcript from the March 4, 2003 deposition of Peter Wiberg in this matter.

43. Exhibit O is a true and correct copy of the transcript from the February 13, 2003 deposition of Allen Gouse in this matter.

44. Exhibit P is a true and correct copy of the transcript from the December 12, 2007 deposition of Peter Wiberg in this matter.

45. Exhibit Q is a true and correct copy of the transcript from the December 12, 2007 deposition of Allen Gouse in this matter.

46. Exhibit R is a true and correct copy of the transcript from the December 13, 2007 deposition of Dennis A. Ferdon in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 24, 2008, at Washington, D.C.

_____
Mark Bieter