UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> NATIONWIDE FINANCIAL SERVICES, INC., and NATIONWIDE LIFE INSURANCE CO., <br><br> DEFENDANTS. | CIVIL ACTION NO.: <br><br> 3:01CV1552 (SRU) <br><br><br><br><br><br><br><br><br><br> May 30, 2008 |

## MOTION FOR PARTIAL RECONSIDERATION
## OF RULING ON DEFENDANTS' *IN CAMERA* DOCUMENTS

Pursuant to Local Rule 7(c), Nationwide Financial Services, Inc. and Nationwide Life Insurance Co. (collectively, "Nationwide") respectfully request the Court's partial reconsideration of its May 20, 2008 Ruling on Defendants' *In Camera* Documents (Docket # 341) ("Ruling").

In particular, Nationwide requests reconsideration as to those documents that reflect a business team's discussions of a technical legal issue concerning federal laws and regulations. Although the documents at issue reflect that the business team sometimes was meeting without attorneys present, their discussions of such a technical legal issue necessarily reflect legal advice that was given by attorneys, and cannot logically be thought to have originated with the business team. Those discussions reflecting legal advice given by attorneys, and the documents recording those discussions, should remain privileged. *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995) (executives who relay legal advice to others in the company who share responsibility for the issue do not necessarily waive the privilege); *Charter*

*One Bank, F.S.B. v. Midtown Rochester, L.L.C.*, 738 N.Y.S.2d 179 (N.Y. Sup. Ct. 2002); *In re Grand Jury 90-1*, 758 F. Supp. 1411, 1413 (D. Colo. 1991). *See, e.g., Baptiste v. Cushman & Wakefield, Inc.*, 03 Civ. 2102 (RCC) (THK), 2004 U.S. Dist. LEXIS 2579, at *7 (S.D.N.Y. Feb. 20, 2004) (non-attorneys at the client can forward or relay legal advice to other non-attorneys at the client without waiving the privilege); *McCook Metals L.L.C. v. Alcoa, Inc.* 192 F.R.D. 242, 254 (N.D. Ill. 2000).

To provide context, Nationwide respectfully draws the Court's attention to Document 33 listed on Nationwide's privilege log – which was not before the Court during its most recent *in camera* review of documents, and may not have been considered.[1] Document 33 was the first of the initial ten documents Nationwide submitted for the Court's *in camera* review per its June 1, 2003 Order (Docket # 96). Following that initial *in camera* review, the Court concluded that most of Document 33, the minutes of a January 22, 1993 meeting (bates stamped N 013890-91), is privileged. *See* Magistrate's September 18, 2003 Order (Docket # 126). As explained in paragraphs 5-8 in the Affidavit of Thomas E. Barnes, Esq. submitted with the initial ten *in camera* documents (Docket # 111), Document 33 reflects the request for and rendering of legal advice by Nationwide attorneys Jonathan Beck and Fred Kelsven concerning efforts to comply with federal and state laws and regulations. Among the 90 documents originally listed on Nationwide's privilege log, Document 33 contains the first reference to the legal issues discussed. The business team's subsequent discussions of these technical legal issues with Nationwide's attorneys are reflected in the minutes of their meetings that are at issue now. The fact that attorneys were not always physically present at these subsequent meetings should not

---

[1] For the Court's convenience, Nationwide is willing to submit *ex parte* and *in camera* an additional copy of Document 33. Nationwide is moving for permission to make such an *ex parte* and *in camera* submission, by separate motion filed in conjunction with this motion.

alter the conclusion that the documents reflect the giving or seeking of legal advice outside the meetings and are therefore privileged.

Accordingly, Nationwide seeks the Court's reconsideration of its Ruling as to the following portions of documents that reflect Nationwide's ongoing consideration of legal issues: the first redacted portion of Document 38; the redacted portions of Documents 43-44 and 59-64; the third redacted portion of Document 65; and the redacted portions of Documents 66-71 and 78.

Alternatively, if the Court remains of the view that the attorney-client privilege should be applied more narrowly, Nationwide respectfully requests the Court's particular focus on those documents that describe substantive concerns and strategies relating to those same legal issues: the first redacted portion of Document 38; the redacted portions of Documents 43, 44, and 59; the first redacted portion of Document 60; and the redacted portion of Document 62.

Pending the Court's ruling on this Motion for Partial Reconsideration, Nationwide is producing to Plaintiffs the documents that are not the subject of this motion.

Respectfully submitted,

Dated: May 30, 2008

Defendants Nationwide Financial Services Inc.
and Nationwide Life Insurance Co.

By: _____/S/_____
Dennis F. Kerrigan, Jr., Esq. (CT 09621)
Brian O'Donnell, Esq. (CT 16041)
Dewey and LeBoeuf, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone:   (860) 293-3500
Facsimile:   (860) 293-3555

Charles C. Platt, Esq. (CT 23036)
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Telephone:   (212) 230-8800
Facsimile:   (212) 230-8888

Daniel H. Squire, Esq.
Mark Bieter, Esq.
Heath A. Brooks, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone:   (202) 663-6000
Facsimile:   (202) 663-6363

## CERTIFICATION

I hereby certify that on the 30th day of May, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

>Richard A. Bieder, Esq.
>Antonio Ponvert III, Esq.
>Koskoff, Koskoff & Bieder
>350 Fairfield Avenue
>Bridgeport, CT 06604
>
>Gregory G. Jones, Esq.
>Law Firm of Gregory G. Jones, P.C.
>630 E. Southlake Blvd., Suite 110
>Southlake, TX 76092
>
>Marc R. Stanley, Esq.
>Roger L. Mandel, Esq.
>Stanley, Mandel & Iola
>3100 Monticello Avenue
>Suite 750
>Dallas, TX 75205

_____/S/_____
Brian O'Donnell