UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et. al., § § § § | | |
| PLAINTIFFS, § § | | |
| V. § § | Case No. 01-CV-1552 (SRU) | |
| Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company, § § § § | | |
| DEFENDANTS. § | June 5, 2008 | |

**PLAINTIFFS' RESPONSE TO MOTION FOR
PARTIAL RECONSIDERATION OF
<u>RULING ON DEFENDANTS' *IN CAMERA* DOCUMENTS</u>**

Plaintiffs oppose Defendants' request for the Court to partially reconsider its May 20, 2008 Ruling on Defendants' *In Camera* Documents [Docket No. 341] ("Ruling"). Because Plaintiffs have not seen the redactions in issue or Document 33, which bears on the privilege issues according to Defendants, Plaintiffs obviously cannot respond directly to the motion for reconsideration on the merits. However, Plaintiffs note that the motion for reconsideration on its face does not meet either the strict standard for reconsideration in the District of Connecticut or the standard for application of the attorney-client privilege set forth in the very cases cited in the motion.

Initially, as this Court held less than a month ago:

> The standard for granting motions for reconsideration is a strict one, meaning they 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' [citation omitted]. Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. [citation omitted]. The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of

new evidence, or (3) the need to correct a clear error or prevent manifest injustice. [citations omitted].

*Acevedo v. Sklarz*, ___ F. Supp.2d ___, 2008 WL 2078110, at *1 (D. Conn. May 16, 2008).

In this case, there has not been an intervening change in the controlling law. Indeed, the cases cited by Defendants in the motion were decided in the time period from 1991 to 2004. Further, Defendants cite to no new evidence. The key document referenced by Defendants, Document 33, has long been available. If Defendants wanted the Court to specifically consider that document in connection with its *in camera* review of the documents in issue, it should have submitted it to the Court *in camera* along with the other documents and should have specifically argued based upon it at that time. Significantly, Defendants offer no reason why they are only now belatedly arguing to the Court based on Document 33.

Finally, Defendants do not argue that reconsideration is needed to correct a clear error or to prevent manifest injustice. Rather, Defendants merely seek to relitigate an issue that has already been decided based upon cases and evidence which it failed to timely submit and argue to the Court. Thus, Defendants have failed to meet the strict standard for reconsideration applicable in the District of Connecticut.

Moreover, on the substantive issue of privilege, Defendants do not even attempt to meet the standard set forth by the cases it cites. Defendants argue that the redactions in issue constitute employees relaying legal advice given by attorneys to other employees. The first case cited by Defendants, *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995) says that "[a] privileged communications should not lose its protection if an executive relays legal advice to another *who shares responsibility for the subject matter underlying the consultation*." (emphasis added). Crucially, Nationwide makes no effort to demonstrate that all of the employees copied on the documents share responsibility for the

subject matter underlying the consultation.

WHEREFORE Plaintiffs respectfully request the Court to deny the motion for partial reconsideration of its ruling on Defendants' *in camera* documents and to grant them all such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

DATED: June 5, 2008              Respectfully submitted,

/s/ Roger L. Mandel
Marc R. Stanley
Roger L. Mandel
Martin Woodward
STANLEY, MANDEL & IOLA, LLP
3100 Monticello Avenue, Suite 750
Dallas, TX  75205


Richard A. Bieder
Federal Bar No. ct04208
Antonio Ponvert, III
Federal Bar No. ct17516
KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)


Gregory G. Jones
Federal Bar No. ct23443
LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on June 5, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                /s/ Roger L. Mandel
                Roger L. Mandel