UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, et al., | : | CIVIL ACTION NO.: |
| | : | |
| | : | 3:01CV1552 (SRU) |
| PLAINTIFFS, | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONWIDE FINANCIAL SERVICES, INC., and NATIONWIDE LIFE INSURANCE CO., | : | |
| | : | |
| DEFENDANTS. | : | |
| | : | |

## OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
## ON DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.2, Nationwide Financial Services, Inc. ("Nationwide Financial") and Nationwide Life Insurance Co. ("Nationwide Life") (collectively, "Nationwide") respectfully object to the Magistrate Judge's June 11, 2008, Order on Nationwide's Motion for Partial Reconsideration of Ruling on Defendants' *In Camera* Documents (Docket # 348) ("Order"). Nationwide makes this objection because the Order would require production of portions of documents regarding a technical legal issue that necessarily reflect advice given by Nationwide attorneys and are therefore privileged. The Order is therefore clearly erroneous and should be overruled.

## BACKGROUND

This objection arises from a privilege review process that began several years ago. That process resulted in two rulings by Magistrate Judge Garfinkel on February 9, 2004, and May 20, 2008, after *in camera* reviews, that numerous documents were properly withheld by Nationwide

on grounds of privilege.  *See* Ruling on Pending Motion for Reconsideration (Docket # 196);

Ruling on Defendants' *In Camera* Documents (Docket # 341).  In the most recent ruling, the

Magistrate Judge upheld Nationwide's privilege claims on most of the documents, but ordered

production of some of the documents that had been withheld.  In response, Nationwide requested

the Magistrate Judge's reconsideration as to portions of 17 of the documents.  *See* Motion for

Partial Reconsideration of Ruling on Defendants' *In Camera* Documents (Docket # 344).  The

Magistrate Judge agreed to reconsider but reaffirmed his opinion that the portions of documents

at issue were not protected by attorney-client privilege.[1]  *See* Order.  These Objections are to that

Order directing the disclosure of what Nationwide believes are privileged documents.

## ARGUMENT

Under Federal Rule 72(a), a district judge "must consider timely objections and modify

or set aside" a magistrate judge's order on a nondispositive matter that "is clearly erroneous or is

contrary to law."  Such an order is "clearly erroneous" if it "has obviously misapprehended a

party's position, the facts, or the applicable law."  *Gaffney v. U.S. Dep't of Energy*, No.

Civ.A.02-3721, 2000 WL 1036221, at *2 (E.D. La. July 25, 2000); *see id.* at *1, *4 (finding that

although magistrate judge had "ably handled" discovery disputes and issued a "comprehensive

ruling," that ruling was "in large part correct but … also partially erroneous"); *United States v.*

---

[1]    The 17 documents relevant to this Objection were submitted under seal on March 16, 2004 with an accompanying memorandum (Docket # 217).  They are identified according to their number on Nationwide's April 23 and August 11, 2003 privilege logs.  *See id.* Exs. B and C.  The portions of documents relevant to this Objection are the following: the first redacted portion of Document 38; the redacted portions of Documents 43-44 and 59-63; the second redacted portion of Document 64; the third redacted portion of Document 65; the redacted portions of Document 66-68; the second and fourth redacted portions of Document 69; the second and third redacted portions of Document 70; and the redacted portions of Documents 71 and 78.

*Premises Known as 281 Syosset Woodbury Road*, 862 F. Supp. 847 (E.D.N.Y. 1994) (several of magistrate judge's rulings on privilege issues clearly erroneous and contrary to law).

The Magistrate Judge's Order clearly errs through an inconsistent application of the law of attorney-client privilege to documents reflecting legal advice on a possible course of action related to federal laws and regulations. The Magistrate Judge agreed that most of the documents reflecting this legal advice, and the discussions related to this legal advice, were privileged and protected from disclosure – including the first reference to the advice in Document 33, the minutes of a January 22, 1993 meeting attended by four Nationwide employees.[2] As explained in the Affidavit of Thomas E. Barnes, Esq. submitted with the initial ten *in camera* documents (Docket # 111) ("Barnes Aff."), the meeting was attended by employees in Nationwide's Compliance Department, including attorneys Jonathan Beck and Fred Kelsven. *See* Barnes Aff. ¶¶ 5-6. During the meeting, attorneys Beck and Kelsven discussed a possible course of legal action related to federal laws and regulations with John Williams, the head of the Compliance Department, and Mary Risen, who reported directly to Mr. Williams. *Id.* ¶¶ 6, 8.

The Magistrate Judge found that documents reflecting subsequent consideration of this advice were privileged as well. However, he concluded that portions of 17 other documents were not privileged, even though they referred to confidential discussions of the same possible course of legal action related to federal laws and regulations, albeit in a more "shorthand" way. The Magistrate Judge did not explain why he ruled that some of the documents regarding the

---

[2]     Document 33, bates stamped N 013890-91, was the first of ten document submitted for the Magistrate Judge's initial *in camera* review. *See* Defendants' *Ex Parte* Submission of Documents Contained on Defendants' Second Amended Privilege Log Designated by Plaintiffs for the Court's *In Camera* Review Pursuant to the June 1, 2003 Discovery Ruling (June 23, 2003, no docket number assigned).

possible course of legal action related to federal laws and regulations were privileged, and portions of some documents were not.

The portions of the 17 documents that were the subject of the Order should be protected from disclosure under the same analysis that the Magistrate Judge has already employed to uphold the privilege on related documents. The subject matter of the 17 documents necessarily relates to the same legal advice on a very technical legal issue; the business teams would not have discussed the matter confidentially in these documents, or used essentially the same legal terms that they did, unless the subject had already been raised by Nationwide attorneys, and had been the subject of earlier confidential discussions with attorneys.

The fact that some of the references to that legal advice are brief or in "shorthand" does not alter the applicability of the privilege. Nor is the privilege waived because the legal advice was discussed and analyzed among business teams without the involvement of attorneys. *See Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995) (attorney-client privilege "protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation"); *see also In re Richard Roe*, 68 F.3d 38, 39-40 (2d Cir. 1995) (legal advice is permanently protected from disclosure by the client or the attorney); *Bernbach v. Timex Corp.*, 174 F.R.D. 9, 10 (D. Conn. 1997) (holding that notes made by client that set forth the subject matter of an attorney-client communication are themselves privileged).

Accordingly, Nationwide respectfully requests that the Court overrule the Magistrate Judge's Order and protect the privileged documents at issue from disclosure.

Respectfully submitted,

Dated:  June 23, 2008

Defendants Nationwide Financial Services Inc.
and Nationwide Life Insurance Co.

By: _____

Dennis F. Kerrigan, Jr., Esq. (CT 09621)
Brian O'Donnell, Esq. (CT 16041)
Dewey and LeBoeuf, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone:     (860) 293-3500
Facsimile:     (860) 293-3555

Charles C. Platt, Esq. (CT 23036)
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY  10022
Telephone:     (212) 230-8800
Facsimile:     (212) 230-8888

Daniel H. Squire, Esq.
Mark Bieter, Esq.
Heath A. Brooks, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone:     (202) 663-6000
Facsimile:     (202) 663-6363

- 5 -

## CERTIFICATION

I hereby certify that on the 23rd day of June, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> Richard A. Bieder, Esq.
> Antonio Ponvert III, Esq.
> Koskoff, Koskoff & Bieder
> 350 Fairfield Avenue
> Bridgeport, CT 06604
>
> Gregory G. Jones, Esq.
> Law Firm of Gregory G. Jones, P.C.
> 630 E. Southlake Blvd., Suite 110
> Southlake, TX 76092
>
> Marc R. Stanley, Esq.
> Roger L. Mandel, Esq.
> Stanley, Mandel & Iola
> 3100 Monticello Avenue
> Suite 750
> Dallas, TX 75205