UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Lou Haddock, as trustee of the Flyte Tool &** | § | |
| **Die, Incorporated Deferred Compensation Plan,** | § | |
| **et. al.,** | § | |
| | § | |
|     **PLAINTIFFS,** | § | |
| | § | |
| V. | § | Case No. 01-CV-1552 (CFD) |
| | § | |
| **Nationwide Financial Services Incorporated,** | § | |
| **and Nationwide Life Insurance Company,** | § | |
| | § | |
|     **DEFENDANTS.** | § | July 2, 2008 |

**PLAINTIFFS' RESPONSE TO OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION BUT <u>ADHERING TO ITS EARLIER RULING ON THE PENDING MOTIONS</u>**

    Plaintiffs, by their undersigned counsel, hereby respond to the Objections filed by Defendants Nationwide Financial Services, Inc. and Nationwide Life Insurance Co. (collectively, "Defendants") to the Magistrate Judge's June 11, 2008 Order on Defendants' Motion for Partial Reconsideration (Docket #348).

    A.  <u>Preliminary Statement</u>

    Although the Defendants had an opportunity to timely refer to this Court the issues of attorney-client privilege decided in the Magistrate Judge's earlier Order of May 20, 2008 (Docket #341), they failed to seek such a review. Instead, Defendants chose to object to the Magistrate Judge's June 11, 2008 Ruling on Defendants' own motion for partial reconsideration

(Docket #348) in which the Magistrate Judge, upon reconsideration, rejected defendants' argument for reversing its prior Order, holding that it would "adhere[] to its earlier Ruling." Notably, in their motion for partial reconsideration, Defendant's argument was fatally flawed in that they failed to point to any controlling authority or facts that the Magistrate Judge had overlooked in rendering it prior ruling. See L. Civ. R. 7[c][1].

Unable to meet the "strict" standard set in this Circuit for the reconsideration of motions, Defendants now all but ignore the appropriate standard for determining a reconsideration motion and, instead, relegate themselves to reiterating their arguments previously made in opposition to the plaintiffs' motion to compel. Such arguments are a misuse of the mechanism available under Fed. R. Civ. P. 72. Accordingly, Defendants' Objections should be denied.

**B.   Standard Of Review By District Judge Under Fed. R. Civ. P. 72(a)**

Rule 72(a) sets forth the standard of review over a Magistrate Judge's ruling involving, as herein, a non-dispositive motion, and states, in pertinent part: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. Rule 72(a); see 28 U.S.C. Sec. 636(b)(1)(A). As Defendants cannot argue that the Magistrate Judge's ruling had contravened any legal authority, they expressly limit their objections to the "clearly erroneous" standard.

Under the "clearly erroneous" standard of review, a district judge should not overturn a magistrate judge's ruling absent the "definite and firm conviction that a mistake has been made."

Young v. Liberty Mutual Insur. Co., 1999 U.S. Dist. LEXIS 6987, at *6 (D. Conn. Feb. 16, 1999) (Citation omitted); see Bishop v. Toys "R" US-NY, LLC, 2007 U.S. Dist. LEXIS 50990, at *6 (S.D.N.Y. July 13, 2007). The burden on an objecting party is a particularly heavy one where, as herein, the ruling involves a discovery dispute in which a magistrate judge exercises wide discretion. "Magistrate judges are thus afforded broad discretion in resolving discovery disputes and reversal is appropriate only if that discretion is abused." Hudson v. General Dynamics, 186 F.R.D. 271, 273 (D. Conn. 1999), citing to Conway v, Ichan, 16 F.3d 504, 510 (2d Cir. 1994); Young v. Liberty Mutual Insur. Co., 1999 U.S. Dist. LEXIS 6987, at *6. ("Thus, a litigant seeking to overturn a magistrate's discovery order bears a heavy burden.") (Citations omitted).

      **C.**      **The Magistrate Judge Properly Denied Defendants' Motion For Partial Reconsideration To Reverse The Prior Ruling On Plaintiffs' Motions**

The standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Palmer v. Sena, 474 F. Supp. 2d 353, 355 (D. Conn. 2007). It is well-settled by the Second Circuit that "such motions serve the limited purpose of allowing "the moving party [to attempt to] point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Smith v. Guilford Bd. of Educ., 226 Fed. Appx. 58, 64-65 (2d Cir. 2007), quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see Book v. Tobin, 263 Fed. Appx. 174, 175 (2d Cir. Conn. 2008); Martens v. Smith Barney, Inc., 131 Fed.

3

Appx. 329 (2d Cir. 2005); see Acevedo v. Sklarz, 2008 U.S. Dist. LEXIS 39540, at *1 (D. Conn. May 16, 2008):

> The standard for granting motions for reconsideration is a strict one, meaning they "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided." Id.

Notably, in their motion for partial reconsideration, Defendants failed to either introduce any new caselaw, let alone controlling decisions, or reference any facts before the Court that may have been overlooked.  Rather, Defendants were forced to rely on a new argument and attempted, by motion, to reference additional material in support of their application for reconsideration. (Docket # 345).  The introduction of new argument and the additional motion were wholly inappropriate on a motion for reconsideration.  See Palmer v. Sena, 474 F. Supp. 2d at 355; SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006) (A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made.")  Quoting, Lopez v. Smiley, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005).  See, e.g. Order of June 6, 2008 denying Defendants' Motion for Leave to File a Document Ex Parte and In Camera (Docket # 347).

Now, Defendants content themselves with weakly complaining that the Magistrate Judge's Ruling may have been "inconsistent."  However, Defendants are unable to support their argument with any specific evidence that had been before the Court.  Further, in ruling on this

4

discovery dispute, the Magistrate Judge had to consider not only the numerous documents submitted *in camera* by the Defendants, but the numerous briefings, related motions and other submissions by the parties spanning a period of several years. Indeed, the Magistrate Judge held a three-hour hearing on the dispute back on November 6, 2003.

In light of the extended history leading up to the Ruling, as well as the discretionary nature of the Ruling, Plaintiffs submit that the Magistrate Judge's Ruling on Defendants' Motion for Partial Reconsideration was not "clearly erroneous" under any circumstance.

### Conclusion

WHEREFORE, Plaintiffs respectfully request the Court to deny the Objections and to grant to them all such other and further relief to which plaintiffs may be justly entitled.

Respectfully submitted,

/s/Neal A. DeYoung
Neal A. DeYoung
Federal Bar No. ct25150
KOSKOFF KOSKOFF & BIEDER, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)
ndeyoung@koskoff.com

Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel

        Federal Bar No. ct18180
        STANLEY, MANDEL & IOLA, L.L.P.
        3100 Monticello Avenue, Suite 750
        Dallas, Texas 75205
        214-443-4300
        214-443-0358 (Fax)

        Gregory G. Jones
        Federal Bar No. ct23443
        LAW FIRM OF GREGORY G. JONES PC
        2400 Scott Avenue
        Fort Worth, Texas 76103-2200
        817-531-3000
        817-535-3046 (Fax)

PLAINTIFFS' COUNSEL

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on July 2, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                        /s/Neal A. DeYoung
                                          Neal A. DeYoung