UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, et al., : <br> : <br> PLAINTIFFS, : <br> : <br> v. : <br> : <br> NATIONWIDE FINANCIAL SERVICES, INC., and : <br> NATIONWIDE LIFE INSURANCE CO., : <br> : <br> DEFENDANTS. : | CIVIL ACTION NO.: <br><br> 3:01CV1552 (SRU) |

**DEFENDANTS' REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION**

Defendants Nationwide Financial Services, Inc. and Nationwide Life Insurance Co. (collectively, "Nationwide") respectfully submit this brief reply to address issues raised in Plaintiffs' response to Nationwide's objections (Docket # 350) ("Pls.' Response").

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.2, Nationwide has properly objected to Magistrate Judge Garfinkel's June 11, 2008 Order on Nationwide's Motion for Partial Reconsideration (Docket # 348) and implicitly the corresponding portions of his initial May 20, 2008 Ruling on Defendants' *In Camera* Documents (Docket # 341) that were the subject of Nationwide's motion.  Clearly, the Court cannot review the Magistrate Judge's reconsideration for error without considering the relevant portions of the initial order and related filings – which Nationwide addresses in its objections.  Further, Plaintiffs' argument that Nationwide's objections to the Magistrate Judge's initial order were not timely is misplaced:  the time for filing an objection to the district court is tolled during the

pendency of a motion for reconsideration before a magistrate judge. *See Norex Petroleum Ltd. v. Access Industries, Inc.*, No. 02 Civ. 1499, 2003 WL 21872389, at *1 (S.D.N.Y. Aug. 7, 2003). Accordingly, Nationwide's objections are proper and timely and, for the reasons stated in its objections, the Magistrate Judge's Order requiring disclosure is "clearly erroneous" under Federal Rule 72(a).

In addition, Nationwide properly moved for reconsideration of the Magistrate's initial order by pointing to "controlling authority or facts" the Magistrate Judge may have overlooked – but Nationwide did not introduce a "new argument." *See* Pls.' Response at 4. Specifically, Nationwide drew the Magistrate Judge's attention to one of the documents submitted *in camera* that the Magistrate had previously found to be privileged and that related to the same technical legal issue referenced in the 17 documents at issue in the motion. *See* Motion for Partial Reconsideration of Ruling on Defendants' *In Camera* Documents (Docket # 344) at 2. This document was not "additional material," *see* Pls.' Response at 4, as the Magistrate Judge recognized when he denied Nationwide's motion to file a second copy *ex parte* and *in camera*. *See* June 6, 2008 Order (Docket # 347). Nationwide also cited to statements in the affidavit accompanying its initial ten *in camera* submissions, which thoroughly described the document. *See* Affidavit of Thomas Barnes (Docket # 111). And Nationwide had previously highlighted the similarity of the subject matter in that document (and others the Magistrate Judge found to be privileged in his initial review) to the 17 documents that are the subject of its present objections. *See* Defendants' Memorandum Regarding *In Camera* Documents (Docket # 217).

Based on these previously filed documents, Nationwide explained why the portions of the 17 documents that were the subject of the Magistrate's Order should be protected from disclosure under the same analysis that the Magistrate Judge had already employed. Nationwide

also relied on controlling authority to show that the attorney-client privilege applies even though the legal advice is in "shorthand," and that the privilege is not waived because the legal advice was discussed and analyzed among business teams without the involvement of attorneys. For these same reasons, Nationwide respectfully requests that the Court review the matter and protect the privileged documents at issue from disclosure.

Respectfully submitted,

Dated: July 8, 2008

Defendants Nationwide Financial Services Inc. and Nationwide Life Insurance Co.

By: _____
Brian O'Donnell, Esq. (CT 16041)
Dewey and LeBoeuf, L.L.P.
Goodwin Square, 225 Asylum Street
Hartford, CT 06103
Telephone:   (860) 293-3500
Facsimile:    (860) 293-3555

Charles C. Platt, Esq. (CT 23036)
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Telephone:   (212) 230-8800
Facsimile:    (212) 230-8888

Daniel H. Squire, Esq.
Mark Bieter, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone:   (202) 663-6000
Facsimile:    (202) 663-6363

## CERTIFICATION

I hereby certify that on the 8th day of July, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

>Richard A. Bieder, Esq.
>Antonio Ponvert III, Esq.
>Koskoff, Koskoff & Bieder
>350 Fairfield Avenue
>Bridgeport, CT 06604
>
>Gregory G. Jones, Esq.
>Law Firm of Gregory G. Jones, P.C.
>630 E. Southlake Blvd., Suite 110
>Southlake, TX 76092
>
>Marc R. Stanley, Esq.
>Roger L. Mandel, Esq.
>Stanley, Mandel & Iola
>3100 Monticello Avenue
>Suite 750
>Dallas, TX 75205

_____