UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Lou Haddock, as trustee of the Flyte Tool & Die, Incorporated Deferred Compensation Plan, et. al., <br><br>  PLAINTIFFS, <br><br>V. <br><br>Nationwide Financial Services Incorporated, and Nationwide Life Insurance Company, <br><br>  DEFENDANTS. | § § § § § § § § § § § § § | <br><br><br><br><br><br>Case No. 01-CV-1552 (SRU) <br><br><br><br><br><br>September 5, 2008 |

**MOTION OF DONALD F. HOUSTON, AS TRUSTEE OF
THE DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.
SECTION 401(k) PROFIT SHARING PLAN, TO INTERVENE AS PLAINTIFF
AND PROPOSED CLASS REPRESENTATIVE AND MEMORANDUM IN SUPPORT**

COMES NOW Donald F. Houston ("Houston"), as Trustee of the Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. Section 401(K) Profit Sharing Plan ("Durant Plan"), pursuant to Federal Rule of Civil Procedure 24(a) and (b), and moves for intervention as a Plaintiff and Class Representative, and for such would respectfully show the Court as follows:

I.

**INTRODUCTION**

In Defendant's Opposition to Plaintiffs Motion for Class Certification Based on Fifth Amended Complaint ("Opp.") [Docket No. 338], Defendants Nationwide Financial Services Incorporated and Nationwide Life Insurance Company ("Nationwide") argue that the claims of the remaining Plaintiffs (Peter Wiberg, as trustee of the Crown Tool & Dye Co., Inc. Salary Deferral Profit Sharing Plan; Alan Gouse, as trustee of the Great Hartford Easter Seal Rehabilitation Center, Inc. Tax Shelter Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Rehabilitation Center, Inc., Trust; and Christopher

- 2 -

Anderson, as trustee of the Anderson Law Firm, P.C. 401(k) Profit Sharing Plan and Trust) for injunctive relief are moot because their Plans no longer have contractual relationships with Nationwide, allegedly prohibiting them from serving as representatives of a class for purposes of obtaining injunctive relief. Houston is a member of the proposed Class and his Plan still has a contractual relationship with Nationwide and, therefore, a strong interest in securing injunctive relief requiring Nationwide to cease its violations of ERISA.

Pursuant to Federal Rule of Civil Procedure 24(a)(2), Houston is entitled to intervene in this case as a plaintiff as a matter of right because: (1) he has an interest relating to the subject of this action as a potential class member, (2) he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interests, and (3) the existing parties do not adequately protect his interests, as Nationwide argues. Further, the Court should permit Houston to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) because he has a claim that shares a common question of law or fact with the main action.

Dispositively, the Second Circuit and the district courts within the Circuit have unanimously held that when proposed class representatives had live claims at the time they first moved for class certification and their claims become moot during the pendency of the motion, the claims of the unnamed members of the class relate back to the filing of the action and, thus, are not mooted, making it not just appropriate, but indeed required, for a court to allow intervention as a named plaintiff and class representative by another class member with live claims. The injunctive claims of the original Plaintiffs became moot in exactly this fashion, and Second Circuit precedent requires the Court to allow Houston to intervene to preserve those injunctive claims for the Class.

## II.

## FACTUAL BACKGROUND

*A.  THE ORIGINAL COMPLAINT AND MOTION FOR CLASS CERTIFICATION, PLAINTIFFS' ORIGINAL STANDING TO BRING CLAIMS FOR INJUNCTIVE RELIEF AND SUBSEQUENT EVENTS.*

On September 6, 2001, five trustees of 401k plans filed a class action against Nationwide, including Lou Haddock ("Haddock"), as Trustee of the Flyte Tool & Dye, Incorporated Deferred Compensation Plan ("Flyte Plan"), Ronald Simon ("Simon"), as Trustee of the Hartford Roofing, Inc. Deferred Compensation Plan ("Hartford Roofing Plan") and Carl Anderson,[1] as Trustee of the Anderson & Ferdon Deferred Compensation Plan ("A&F Plan"). See Plaintiffs' First Amended Class Action Complaint [Doc. 4]. On December 14, 2001, Plaintiffs filed Plaintiffs' Notice of Motion and Motion for Class Certification and Memorandum in Support of Plaintiffs' Motion for Class Certification [Doc. 20 & 21].

As of December 14, 2001, the Flyte Plan and the Hartford Roofing Plan still had group annuity contracts with Nationwide, and participants in the A&F Plan still had individual annuity contracts with Nationwide. *See* Excerpts of the 2/24/03 Deposition of Hector "Lou" Haddock at 23:25-24:17, attached hereto as Exhibit "A" (stating Flyte Plan did not switch from Nationwide until 2002); Excerpts of the 3/11/03 Deposition of Edward Kaplan at 180:18-24, attached hereto as Exhibit "B" (stating Hartford Plan still had Nationwide contract as of date of deposition, March 11, 2003); Excerpts of the 7/16/03 Deposition of Dennis A. Ferdon at 107:5-13, attached hereto as Exhibit "C" (stating switch to Standard Insurance had not taken place as of Spring of 2002). Nationwide concedes this as to the A&F Plan participants. Defendants' Opposition to

---

[1] On May 8, 2003, Plaintiffs moved to substitute Dennis A. Ferdon for Carl Anderson as a Plaintiff in the case [Doc. 93]. The Court granted this request on June 2, 2003. On November 14, 2007, Plaintiffs moved the Court to substitute Christopher Anderson as a Plaintiff in place of Dennis A. Ferdon [Doc. 296], which motion the Court granted on November 16, 2007 [Doc. 300].

Plaintiffs' Motion for Class Certification Based on Fifth Amended Complaint ("Opp.") at 81 [Doc. 338].

Subsequently, in December of 2002, the A&F Plan transferred the funds from its 401(k) plan with Nationwide to a different provider, Standard Insurance Company. Excerpts of the Deposition of Dennis A. Ferdon at 82:18-83:1, attached hereto as Exhibit "C." On November 14, 2007, Plaintiffs Haddock and Edward Kaplan (as successor to Simon) voluntarily dismissed their claims against Nationwide [Doc. 297 & 298].

C.  *PLAINTIFF/INTERVENOR IS A CLASS MEMBER WITH STANDING TO ASSERT A CLAIM AGAINST NATIONWIDE FOR INJUNCTIVE RELIEF.*

Durant Plan has been in effect since January 1, 1988, and it continues in effect to the present day. *See* proposed Original Class Action Complaint in Intervention of Houston, attached hereto as Exhibit "D," at ¶¶ 9-10. The Durant Plan has had a contractual relationship with Nationwide since 1992, and this relationship continues through the present day. *See id.*

### III.

### THE CLASS' CLAIMS FOR INJUNCTIVE RELIEF ARE NOT MOOT AND RELATE BACK TO THE TIME OF FILING OF THE ORIGINAL COMPLAINT

As a general matter, when the claims of the class representative are resolved before a class is certified, the entire action is mooted. *Eckert v. Equitable Life Assurance Society*, 227 F.R.D. 60, 63 (E.D.N.Y. 2005) (*citing Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994)). "However, class certification acts as a lifeboat for a claim that would otherwise be moot due to the resolution of the named plaintiffs' claims." *Eckert*, 227 F.R.D. at 63 (*citing Comer*, 37 F.3d at 798). Further, the filing of a motion for class certification before the mooting of the named Plaintiff's claim will also preserve the controversy. *Eckert*, 227 F.R.D. at 63 (*citing Swan v. Stoneman*, 635 F.2d 97, 100-02 (2d Cir. 1980)); *see also In re Nat'l Australia Bank Sec. Litig.*,

2006 WL 3844463 *2 (S.D.N.Y. 2006) (*citing Comer*, 37 F.3d at 799)). "The rationale behind the preservation of the action when a motion for class certification has been filed is that the class certification 'relates back' to the filing of the complaint." *Eckert*, 227 F.R.D. at 63 (*citing Comer*, 37 F.3d at 779)).

In *Comer*, the Second Circuit reversed a district court's determination that class claims were mooted, noting that the alleged illegal conduct by the defendant public housing authorities based on racial discrimination in public housing and assistance programs was "capable of repetition, yet evading review," even assuming *arguendo* that the defendants had ceased the allegedly illegal conduct. 37 F.3d at 800. The Second Circuit allowed the class claims to relate back to the original filing of the complaint, notwithstanding the defendants' contentions that their conduct had ceased and that the plaintiffs' claims were therefore moot. *Id.*

Since the Second Circuit decided *Comer*, the proposition that class claims relate back to the original filing of a complaint when a motion for class certification is pending at the time the named plaintiff's claims become moot has become settled, and numerous district courts within the Second Circuit have followed that rule. *See, e.g., Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 76, 80 (E.D.N.Y. 2008); *In re Nat'l Australia Bank Sec. Litig.*, 2006 WL 3844463, *2 -*4 (S.D.N.Y. 2006); *Eckert*, 227 F.R.D. at 63-64; *Marisol A. v. Guliani*, 1998 WL 265123, *5 - *7 (S.D.N.Y. 1998); *German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1394-95 (S.D.N.Y. 1995).

The procedural posture of this case falls squarely within the well-established exception to mootness under Second Circuit jurisprudence. Plaintiffs originally filed a motion for class certification on December 14, 2001 [Doc. 20]. At that time, the Flyte Plan, the Hartford Roofing Plan, and the A&F Plan had contracts with Nationwide, giving them standing to pursue injunctive relief. The intervention of Houston as plaintiff and proposed class representative will

accordingly "relate back" to September 6, 2001, when the Original Complaint was filed, followed closely by the first motion for class certification. *See Comer*, 37 F.3d at 798; *Eckert*, 227 F.R.D. at 63. The absence of Plaintiffs with current annuity contracts with Nationwide has not, therefore, rendered the claim for injunctive relief moot as to all such Plans within the Class defined in the motion for class certification, warranting intervention by Houston.

## IV.

## THE COURT SHOULD ALLOW HOUSTON TO INTERVENE

A.  *HOUSTON MAY INTERVENE AS A MATTER OF RIGHT.*

Federal Rule of Civil Procedure 23(d) allows intervention by class members. *See Diduck v. Kaszycki & Sons Contractors, Inc.*, 147 F.R.D. 60, 62 (S.D.N.Y. 1993). In that context, therefore, Rule 24(a) mandates intervention as a matter of right "whenever it appears that the named representative canno[t] adequately represent the interest of the class." *Id.* (internal citations and quotations omitted).

In *Eckert*, a federal district court granted a class member's request to intervene as of right pursuant to Fed. R. Civ. P. 23(d) and Rule 24(a), noting that the original class representative could no longer adequately represent the interest of the proposed class after settling his individual claim. 227 F.R.D. at 64. While there have been no settlements of any individual claims in this case, this Court should grant Houston's request to intervene as of right, because, according to Nationwide, the current class representative cannot adequately represent his interest as to his claim for injunctive relief because of the termination of their contracts with Nationwide. *Id.*; Fed. R. Civ. P. 23(d) & 24(a). Of course, Houston has an interest in injunctive relief which will be effectively disposed of absent his intervention, making his intervention mandatory.

B.   *THE COURT SHOULD PERMIT HOUSTON TO INTERVENE.*

Permissive intervention is also warranted in this case. As the *Eckert* court noted:

> [Rule 24(b)] allows for permissive intervention, "when no additional issues are presented to the case, when the intervenor's claims are 'virtually identical' to class claims, and when intervention will strengthen the adequacy of class representation." Herbert Newberg & Alba Conde, *Newberg on Class Actions §  16:8 (4th Ed.); see Swan [v. Stoneman]*, 635 F.2d [97,] 99, 102 n. 6 (allowing intervention in a class action pursuant to Rule 24(b) where a live controversy still existed between putative class members and defendant).

*Eckert*, 227 F.R.D. at 64 (citations and quotations in original).

The purposed intervention of Houston meets every one of these criteria. As set forth in Houston's proposed Complaint in Intervention, Houston makes the same claims on the same facts as the current Plaintiffs, and it manifestly presents *no* new issues to the case. *Compare* Fifth Amended Complaint [Doc. 270] with Houston's Original Class Action Complaint in Intervention (Exh. "D" hereto). Additionally, Houston's claims, as set forth in the Complaint in Intervention, are not only "virtually identical" to the class claims, they are *entirely* identical. *Id.* Finally, Houston's intervention would necessarily strengthen the adequacy of class representation, as Nationwide contends that none of the current Plaintiffs/class representatives have standing to seek injunctive relief because none of them are presently parties to annuity contracts with Nationwide. Therefore, pursuant to the standards of the Second Circuit, the Court should permit Houston to intervene in this case. *Swan*, 635 F.2d at 99, 102 n. 6; *Eckert*, 227 F.R.D. at 64; Fed. R. Civ. P. 24(b).

C.   *ALLOWING HOUSTON TO INTERVENE WILL NOT DELAY THE CASE OR PREJUDICE NATIONWIDE.*

In addition to meeting the criteria for intervention as of right and permissive intervention, Houston's proposed intervention will not delay the case or prejudice Nationwide, and the Court should allow it accordingly. *See Eckert*, 227 F.R.D. at 64 (noting that the intervenor's claims

were similar to those of the original class representative and would not prejudice the defendant).

In an October 9, 2007 Conference Memorandum [Doc. 289], the Court ordered Nationwide to file its response to the motion for class certification by April 1, 2008, and Plaintiffs to file their reply by May 1, 2008. Subsequently, Nationwide made an unopposed motion to amend this schedule [Doc. 330] that the Court granted [Doc. 332], and Plaintiffs similarly moved unopposed to further amend the schedule [Doc. 342], a request the Court also granted [Doc. 343]. Pursuant to the latest Order, Plaintiffs' reply in support of their motion for class certification is due on September 29, 2008. Also, pursuant to the latest Motion and Order, Nationwide will be taking depositions of Plaintiffs' class certification rebuttal experts between September 29, 2008, and October 29, 2008, and will be filing a sur-reply addressing those rebuttal experts within thirty (30) days after the last deposition. [Doc. 342 & 343].

Plaintiffs will promptly produce documents relating to Houston and the Durant Plan, and Nationwide can take Houston's deposition regarding his adequacy as a class representative and the typicality of his claims between now and October 29, 2008. Further, it can address these issues in the same class certification sur-reply it already plans to file. Thus, the intervention of Houston will not delay the current schedule or prejudice Nationwide at all, and the Court should permit it accordingly.

V.

**CONCLUSION**

For the foregoing reasons, this Court should grant the motion of Houston to intervene as Plaintiff and proposed class representative and grant leave to Houston to file the Complaint in Intervention attached hereto as Exhibit "D."

DATED: September 5, 2008                    Respectfully submitted,

*[signature: Roger L. Mandel]*
_____
Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel
Federal Bar No. ct18180
Martin Woodward
Federal Bar No. ct25263
STANLEY, MANDEL & IOLA, LLP
3100 Monticello Avenue, Suite 750
Dallas, TX 75205


Richard A. Bieder
Federal Bar No. ct04208
Antonio Ponvert, III
Federal Bar No. ct17516
KOSKOFF KOSKOFF & BIEDER
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)


Gregory G. Jones
Federal Bar No. ct23443
LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

*Attorneys for Plaintiffs*


## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on September 3, 2008, he sent a detailed letter via email requesting Defendant's statement of opposition or non-opposition to the instant motion. Defendants responded via email on September 5, 2008, with a statement of opposition.

*[signature: Roger L. Mandel]*
_____
Roger L. Mandel

- 10 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 5, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

_____
Roger L. Mandel