UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Dye Company Inc. 401(k) Profit-Sharing Plan, et al.,<br>    Plaintiffs,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES, INC. and NATIONWIDE LIFE INSURANCE COMPANY,<br>    Defendants. | CIVIL ACTION NO.<br>3:01CV1552 (SRU) |

**RULING ON DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION**

The defendants, Nationwide Financial Services, Inc. and Nationwide Life Insurance Company (collectively, "Nationwide"), object to Magistrate Judge William I. Garfinkel's order of June 11, 2008. In that order, Judge Garfinkel granted Nationwide's motion for partial reconsideration but, upon such reconsideration, adhered to his previous ruling that certain items the plaintiffs have requested and Nationwide aims to protect from disclosure are not subject to the attorney-client privilege. Order Granting Defs.' Mot. for Partial Recons. (Doc. # 348). For the following reasons, I overrule Nationwide's objection and hold that Judge Garfinkel correctly ruled that the attorney-client privilege does not protect the items Nationwide seeks to shield from discovery.

Rule 72(a) of the Federal Rules of Civil Procedure provides that, upon receiving a party's timely objection, a district judge must set aside a magistrate judge's order on a non-dispositive matter if that order "is clearly erroneous or is contrary to law." That "clearly erroneous or contrary to law" standard applies when a district court considers an objection to a discovery ruling, such as the privilege issue here. *Hudson v. Gen. Dynamics Corp.*, 186 F.R.D. 271, 273

(D. Conn. 1999) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).  The party objecting to the magistrate judge's ruling faces a difficult task.  "[M]agistrate judges are considered to have broad discretion over discovery matters, and a party seeking to overturn a magistrate judge's discovery ruling bears a heavy burden. . . . A finding is clearly erroneous when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id.* (quotation omitted).

Nationwide has failed to establish that Judge Garfinkel committed a mistake that was clearly erroneous or contrary to law.  On the contrary, Judge Garfinkel correctly applied the law of attorney-client privilege to the facts at hand when he compelled Nationwide to disclose particular items.

The items that Nationwide seeks to redact are portions of otherwise discoverable documents.[1]  Those portions, by and large, are small; in some cases, they amount to a single word in a document.  None of them are actual communications between Nationwide and its attorneys – they are not excerpts of verbal or written statements made in confidence, for instance.  Rather, the contested portions concern internal corporate communications that Nationwide argues are privileged because they "reflect[] legal advice on a possible course of action related to federal laws and regulations."  Objections to Magistrate Judge's Order (Doc. # 349) at 3.  But the disputed portions do not reflect what was communicated between Nationwide and its lawyers.  At most, they reflect the subject matter of what Nationwide at one point discussed with counsel.

---

[1] Judge Garfinkel reviewed *in camera* 52 documents or portions of documents that Nationwide sought to protect from disclosure.  Ruling on Def.'s *In Camera* Docs. (Doc. # 217) at 1.  Nationwide's objection concerns portions of 17 documents that Judge Garfinkel ordered to be disclosed.

Nationwide is correct that the attorney-client privilege protects more than just communications exchanged directly between an attorney and her client. The privilege extends also to certain disseminations of the substance of attorney-client communications made for the purpose of obtaining and giving legal advice. For example, the privilege would shield the relaying of an attorney's advice from one member of a client corporation to another employee. *Bank Brussells Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995) (quoting *SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 518 (D. Conn. 1976)). But the privilege only protects the *contents* of confidential communications between an attorney and her client; information relating to such a communication is outside the privilege's reach. "[T]he attorney-client privilege protects communications rather than information; the privilege does not impede disclosure of information except to the extent that that disclosure would reveal confidential information." *Mark Rich & Co., A.G. v. United States* (*In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*), 731 F.2d 1032, 1037 (2d Cir. 1984). Such unprotected information includes the subject matter of attorney-client communications.[2] *Nemet v. Hyundai Motor Am.*, No. CV-87-1501 (EHN), 1989 WL 18728, at *2 (E.D.N.Y. 1989); *J.P. Foley & Co. v. Vanderbilt*, 65 F.R.D. 523, 526 (S.D.N.Y. 1974).

---

[2] In its objection, Nationwide describes *Bernbach v. Timex Corp.*, 174 F.R.D. 9 (D. Conn. 1997), as supporting the proposition that the "subject matter" of an attorney-client communication may be privileged. Objection to Magistrate Judge's Order at 4. That misstates *Bernbach*'s holding. *Bernbach* concerned whether the contents of a client's journal, prepared for the purpose of helping the client obtain advice from her attorney, were privileged. *Id.* at 9-10. The Court held that the contents were privileged, but not because they revealed the subject matter that the client and her attorney discussed. On the contrary, the attorney-client privilege applied because the journal's contents were made "for the purpose of seeking legal advice" and "constitute[d] a communication" from the client to her attorney. *Id.* at 10. *Bernbach* is therefore consistent with the rule that the contents of communications are privileged, but information relating to them, such as the communications' subject matter, is not.

  The document portions that Nationwide seeks to protect under the attorney-client privilege are not the contents of confidential communications between it and its attorneys for the purpose of obtaining legal advice.  Nor do the document portions reflect the repeating or relaying of legal advice between Nationwide employees.  The items that Nationwide wishes to redact merely state the subject matter of what it discussed with counsel.  That information is not protected by the attorney-client privilege.  Judge Garfinkel was therefore correct and not in error – much less clear error – when he compelled Nationwide to disclose the document portions contested here.

  The defendants' objection (doc. # 349) is OVERRULED.  Nationwide shall produce the disputed documents within ten (10) days of this order.

  It is so ordered.

  Dated at Bridgeport, Connecticut, this 6th day of November 2009.

                /s/
                Stefan R. Underhill
                United States District Judge