UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, PETER WIBERG, as trustee of the Crown Tool & Die Co. Inc. Salary Deferral Profit Sharing, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center, Inc., Tax Sheltered Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Rehabilitation Center, Inc., Trust, CHRISTOPHER ANDERSON, as trustee of the Anderson Law Firm, P.C. 401(k) Profit Sharing Plan and Trust, f/k/a the Anderson & Ferdon P.C. 401(k) Profit Sharing Plan, and H. GRADY CHANDLER, as trustee of the Law Offices of H. Grady Chandler, P.C., 401(k) Profit Sharing Plan and Trust,<br><br>    PLAINTIFFS,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,<br><br>    DEFENDANTS. | CASE NO. 01-CV-1552 (SRU) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO DECERTIFY COUNTERCLAIMS**

In its Order of Class Certification [Doc. 417] ("Order"), this Court certified the Class for resolution of "…all defenses and counterclaims asserted in defendants' answers…" to Plaintiffs' Fifth Amended Class Action Complaint ("FAC"). It did so despite the fact that: (1) absent class members are not considered parties against whom counterclaims under Federal Rule of Civil Procedure 13 may be asserted, (2) Defendants had never alleged that the counterclaims were suitable for class certification, (3) Defendants had never moved for certification of the

-1-

counterclaims, (4) the Court did not separately consider whether certification of the counterclaims is appropriate, (5) the Court certified the Class pursuant to Federal Rule of Civil Procedure 23(b)(2) even though certification of the counterclaim under that rule could not conceivably be appropriate since Defendants seek neither injunctive nor declaratory relief, and (6) on the face of Defendants' allegations, common issues do not predominate over issues affecting only individual members of the Class, making certification of the counterclaims pursuant to Rule 23(b)(3) improper. Had Defendants moved for certification of the counterclaims or had the Court indicated that it was considering certification of them prior to its entry of the Order, Plaintiffs would have pointed out to the Court the inappropriateness of their certification. The Court should now decertify the counterclaims in light of the arguments set forth below.

## BACKGROUND

At the time the Court entered the Order and its Ruling on Motion to Strike, Motion to Intervene, and Motion for Class Certification [Doc. 416] ("Ruling"), Defendants' operative pleading was Defendants' Answer to Plaintiffs' Fifth Amended Complaint and Second Amended Counterclaims [Doc. 357] ("Second Counterclaims"). In it, Defendants made no allegations that certification of the counterclaims would be appropriate pursuant to Federal Rule of Civil Procedure 23. Plaintiffs did not request certification of Defendants' counterclaims in Plaintiffs' Motion for Class Certification Based on Fifth Amended Complaint and Memorandum in Support [Doc. 299]. Defendants never filed any motion requesting certification of the counterclaims. Accordingly, at the time the Court entered the Order, no pleading existed to support certification of the counterclaims, and no party had filed a motion seeking such certification.

In the Ruling, the Court performed no analysis of the appropriateness of certifying the

counterclaims for class treatment. Further, it struck Counterclaims I and II of the Second Counterclaims -- the counterclaims for Contribution and Indemnification. Yet, in the Order, the Court stated that it was asserting for resolution *all* counterclaims asserted in the Second Counterclaims.

Subsequent to the Order, Defendants filed Defendants' Answer to Plaintiffs' Sixth Amended Complaint and Third Amended Counterclaim [Doc. 425] ("Third Counterclaims"). In it, Defendants purport to assert their one counterclaim for breach of fiduciary duty against the Class, but they again make no allegations as to the appropriateness of certification. Furthermore, in the Third Counterclaims, Defendants do not seek to obtain any injunctive or declaratory relief from the Class. Because the Third Counterclaims is now the operative pleading, Plaintiffs will refer below to that pleading in discussing why the Court should decertify the counterclaims.

## THE COURT CAN CONSIDER DECERTIFICATION OF THE COUNTERCLAIMS AT THIS TIME

"A district court may decertify a class at any time." *Rodriquez v. West Publishing Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *see also General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1992) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.").

Now is an appropriate time to decertify the counterclaims, because the parties have not taken any action in reliance upon the certification of the counterclaims, and no party will be prejudiced by their decertification at this time. Further, if the Court waits, the class certification notice will have to disclose the counterclaims, which will encourage Class members to opt out, nullifying all three objectives of Rule 23 (judicial economy, access to judicial relief, and deterrence of unlawful conduct). *See* A. Conte & H. Newberg, 2 NEWBERG ON CLASS ACTIONS § 4:34 at 306 (4th ed. 2002); *see also Gardner v. Gold Strike Stamp Co.*, 1970 WL 554 (D. Utah

1970) (denying defendant's request to notify class members of potential counterclaims because such notice would discourage participation in the class action). This is of particular concern in this case where the Court has already recognized the extreme weakness of the remaining counterclaim and the likelihood that it was specifically pled with an eye towards defeating class certification on adequacy grounds. Ruling at 42. Finally, the parties would be prejudiced if they proceeded to prepare to try the counterclaims on a class basis and the Court later realized that this could not be done and subsequently decertified the counterclaims.

### THE COUNTERCLAIMS SHOULD BE DECERTIFIED BECAUSE THEY CANNOT EVEN BE ASSERTED AGAINST THE ABSENT CLASS MEMBERS

The Second Circuit has observed that:

> Absentees are not considered parties against whom counterclaims under Fed. R. Civ. P. 13 may be asserted, because 'the right to counterclaim is readily subject to abuse as a tactical device to encourage plaintiffs to opt out.' *See, e.g., Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 485, 489 (S.D.N.Y. 1973).

*Van Gemmert v. Boeing Co.*, 590 F.2d 433, 440 n. 15 (2d Cir. 1978), *aff'd*, 444 U.S. 472 (1980). *see also Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248, 1260 n. 14 (11th Cir. 2003) ("A court may properly conclude that absent class members are not opposing or litigating adversaries for purposes of Rule 13, and therefore Rule 13 is inapplicable in a class context.") (citation omitted). If Rule 13 counterclaims may not be asserted against absent class members, it follows that counterclaims against absent class members cannot be certified. Accordingly, the Court should decertify the counterclaims.

### TO THE EXTENT COUNTERCLAIMS AGAINST ABSENT CLASS MEMBERS COULD BE CERTIFIED, THE SAME STANDARDS FOR CERTIFICATION THAT APPLY TO PLAINTIFFS' CLAIMS ALSO APPLY TO DEFENDANTS' COUNTERCLAIMS

As this Court noted in the Ruling, before certifying a class, a district court must undertake a "rigorous analysis" to determine whether each of the Rule 23 requirements has been

met. Ruling at 35 (*citing In Re Initial Public Offerings Securities Litigation*, 471 F.3d 24, 33, 41 (2d Cir. 2006)). That rigorous analysis must be applied to each claim. *Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 438-443 (4th Cir. 2003)

Accordingly, a counterclaim against a plaintiff class must meet all the prerequisites of Rule 23 in establishing a class of counterclaim defendants. A. Conte & H. Newberg, 2 NEWBERG ON CLASS ACTIONS § 5:30 at 452 (4th ed. 2002). Simply put, it is not *ipso facto* true that if the plaintiffs' claims against the defendant are properly certified to proceed as a class action that the defendant's counterclaims against the plaintiffs are properly certified to proceed as a class action.

## THE COUNTERCLAIMS MAY NOT BE MAINTAINED AS A CLASS ACTION

*A. DEFENDANTS DID NOT MEET THE PREREQUISITES OF PLEADING AND MOVING FOR CLASS CERTIFICATION.*

A court may not certify a class when neither its existence, nor its definition, nor its purported compliance with the requirements of Rule 23 have been pled. *Newsom v. Norris*, 888 F.2d 371, 381-2 (6th Cir. 1989); *Lusted v. San Antonio Ind. School Dist.*, 741 F.2d 817, 820-21 (5th Cir. 1984); *Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir. 1976). Accordingly, a court's sua sponte certification of a class constitutes error, particularly when the issue was not asserted in the complaint or developed with proof. *Id.* In this case, Defendants never pled for or moved for certification of the counterclaims, making the Court's certification of the counterclaims inappropriate. The Court should now rectify that problem by decertifying the counterclaims.

*B. THE COUNTERCLAIMS CANNOT BE MAINTAINED AS A CLASS ACTION PURSUANT TO RULE 23(b)(2).*

The Court certified the Class, including the counterclaims, exclusively under Rule 23(b)(2). As this Court noted in the Ruling, if both injunctive or declaratory relief and monetary

relief are sought, a claim can only be certified pursuant to Rule 23(b)(2) if the injunctive or declaratory relief predominates over the monetary relief. Ruling at 46-47. However, the predominance requirement is not conceivably met as to the counterclaims, because Defendants seek only monetary relief from the Class; they seek no injunctive or declaratory relief whatsoever. *See* Third Counterclaims. The Court should, therefore, reverse its Rule 23(b)(2) certification of the counterclaims in light of the fact that Defendants seek no injunctive or declaratory relief.

C. *THE COUNTERCLAIMS CANNOT BE MAINTAINED AS A CLASS ACTION PURSUANT TO RULE 23(b)(3), BECAUSE COMMON ISSUES DO NOT PREDOMINATE OVER ISSUES AFFECTING ONLY INDIVIDUAL MEMBERS OF THE CLASS.*

The Third Counterclaims at 15-19 (¶¶ 18-28) make very specific and differing factual allegations regarding information Plaintiffs allegedly received regarding revenue sharing, their knowledge of revenue sharing, and their activities or lack thereof. Those allegations convincingly demonstrate that the issue of whether a trustee realized or should have realized the nature and extent of Nationwide's revenue sharing and should have taken some unspecified steps to rectify the situation constitute highly individualized issues which cannot conceivably be proven on a classwide basis, making the counterclaims inherently unsuitable for class certification under Rule 23(b)(3).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court to decertify the counterclaims and to grant them all such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

Respectfully submitted,

/s/ Roger L. Mandel
Marc R. Stanley
Federal Bar No. ct18179
Roger L. Mandel
Federal Bar No. ct18180
Martin Woodward
Federal Bar No. ct25263
STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
214-443-4300
214-443-0358 (Fax)

William Bloss
Federal Bar No. ct01008
Antonio Ponvert III
Federal Bar No. ct17516
Richard A. Bieder
Federal Bar No. ct04208
KOSKOFF KOSKOFF & BIEDER, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)

Gregory G. Jones
Federal Bar No. ct23443
LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

**PLAINTIFFS' COUNSEL**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 15, 2009, the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Roger L. Mandel
ROGER L. MANDEL