UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, PETER WIBERG, as trustee of the Crown Tool & Die Co. Inc. Salary Deferral Profit Sharing, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center, Inc., Tax Sheltered Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Rehabilitation Center, Inc., Trust, CHRISTOPHER ANDERSON, as trustee of the Anderson Law Firm, P.C. 401(k) Profit Sharing Plan and Trust, f/k/a the Anderson & Ferdon P.C. 401(k) Profit Sharing Plan, and H. GRADY CHANDLER, as trustee of the Law Offices of H. Grady Chandler, P.C., 401(k) Profit Sharing Plan and Trust, | § § § § § § § § § § § § § § § § | |
| PLAINTIFFS, | § § | CASE NO. 01-CV-1552 (SRU) |
| v. | § § | |
| NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO., | § § § § | |
| DEFENDANTS. | § | January 15, 2010 |

**TRUSTEES' ANSWER TO DEFENDANTS' THIRD AMENDED COUNTERCLAIM**

Peter Wiberg, Alan Gouse, Christopher Anderson and H. Grady Chandler (collectively, "Trustees"), respectively respond to Defendants' Answer to Plaintiffs' Sixth Amended Complaint and Third Amended Counterclaim ("Counterclaim") [doc. 429] as follows:

1. Paragraph 1 of the Counterclaim is not an allegation. Trustees specifically deny that certification of the Counterclaim is appropriate.

2. Trustees admit the allegations in the first two sentences of Paragraph 2 of the Counterclaim. Trustees deny the remaining allegations of Paragraph 2.

3. Trustees admit the allegations in Paragraph 3 of the Counterclaim.

4. Trustees admit the allegations in Paragraph 4 of the Counterclaim.

5. Trustees admit the allegations in Paragraph 5 of the Counterclaim.

6. Trustees admit the allegations in Paragraph 6 of the Counterclaim.

7. In response to the allegations of Paragraph 7 of the Counterclaim, Trustees admit they have consented to personal jurisdiction, but deny that "Counterclaim Defendants" have so consented.

8. Trustees admit the allegations in Paragraph 8 of the Counterclaim.

9. Trustees admit the allegations in Paragraph 9 of the Counterclaim.

10. Trustees admit the allegations in Paragraph 10 of the Counterclaim.

11. Trustees admit the allegations in Paragraph 11 of the Counterclaim.

12. Trustees admit the allegations in the first sentence of Paragraph 12 of the Counterclaim. Trustees deny the remaining allegations in Paragraph 12 of the Counterclaim.

13. Trustees admit the allegations in the first two sentences of Paragraph 13 of the Counterclaim. Trustees deny the remaining allegations in Paragraph 13 of the Counterclaim.

14. Trustees deny the allegations in Paragraph 14 of the Counterclaim.

15. Trustees admit the allegations in the first sentence of Paragraph 15 of the Counterclaim. Trustees deny the allegations of the second sentence of Paragraph 15.

Trustees lack knowledge or information sufficient to form a belief about the truth of the third sentence of Paragraph 15 of the Counterclaim and they therefore deny same.

16. Trustees admit the allegations in the first sentence of Paragraph 16 of the Counterclaim. Trustees lack knowledge or information sufficient to form a belief about the truth of the second sentence of Paragraph 16 of the Counterclaim and they therefore deny same.

17. Trustees admit the allegations in Paragraph 17 of the Counterclaim.

18. Trustees deny the allegations in the first sentence of Paragraph 18 of the Counterclaim. Trustee Wiberg admits that the Crown Plan required him to "invest, manage and control the Plan assets, subject, however, to the direction of an Investment Manager …" as alleged in the second sentence of Paragraph 18 of the Counterclaim, but denies the remaining portions of that sentence.

19. Trustee Wiberg denies the allegations in Paragraph 19 of the Counterclaim.

20. Trustee Gouse admits the allegations in Paragraph 20 of the Counterclaim.

21. Trustee Gouse denies the allegations in Paragraph 21 of the Counterclaim.

22. Trustee Anderson admits the allegations in the first sentence of Paragraph 22 of the Counterclaim. Trustee Anderson denies that he is personally responsible for the actions and omissions of his predecessor trustees.

23. Carl Anderson is no longer a party to this action. Trustees admit the allegations in Paragraph 23 of the Counterclaim. Trustee Anderson again denies that he is personally responsible for the actions and omissions of his predecessor trustees.

24. Dennis Ferdon is no longer a party to this action and is deceased. Trustees admit the allegations in Paragraph 24 of the Counterclaim. Trustee Anderson again denies that he is personally responsible for the actions and omissions of his predecessor trustees.

25. Trustee Anderson denies that he is responsible for Defendants' wrongful acts and specifically disclaims any knowledge that Defendants were receiving mutual fund revenue sharing payments from third parties as alleged in Paragraph 25 of the Counterclaim.

26. Trustee Chandler admits the allegations in the first sentence of Paragraph 26 of the Counterclaim. Trustee Chandler further admits that he was responsible for obtaining the original annuity contract, but denies the remainder of the second sentence of Paragraph 26 of the Counterclaim. Trustee Chandler admits he has a responsibility to ensure the reasonableness of fees charged by Nationwide, but otherwise denies the remaining allegations in the third sentence of Paragraph 26 of the Counterclaim.

27. Trustee Chandler admits that he said in his deposition that he was not familiar with the term "accumulation unit" and was not familiar with all of the amendments to the variable annuity contract, but otherwise denies the allegations in the remainder of the first sentence of Paragraph 27 of the Counterclaim. Trustee Chandler denies the remaining allegations in Paragraph 27 of the Counterclaim.

28. Trustee Chandler denies the allegations in Paragraph 28 of the Counterclaim.

29. Trustees lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Counterclaim regarding the documents that govern Plans other than their own and the information received by Trustees of other Plans and they therefore deny same.

30. Trustees deny the allegations in Paragraph 30 of the Counterclaim.

31. Trustees deny the allegations in Paragraph 31 of the Counterclaim.

32. Trustees deny the allegations in Paragraph 32 of the Counterclaim.

33. Trustees incorporate herein their responses in Paragraphs 1 – 32 above.

34. Trustees admit the allegations in the first and second sentences of Paragraph 34 of the Counterclaim. Trustees deny the remaining allegations in Paragraph 34 of the Counterclaim.

35. Trustees deny the allegations in Paragraph 35 of the Counterclaim.

36. Trustees deny the allegations in Paragraph 36 of the Counterclaim.

37. Trustees deny the allegations in Paragraph 37 of the Counterclaim.

38. Trustees deny the allegations in Paragraph 38 of the Counterclaim.

39. Trustees deny the allegations in Paragraph 39 of the Counterclaim.

40. Trustees deny the allegations in Paragraph 40 of the Counterclaim.

WHEREFORE, Plaintiffs and the Class, on behalf of the Plans, demand judgment against Defendants, Nationwide Financial Services, Inc., and Nationwide Life Insurance Co., as set forth in Plaintiffs' Sixth Amended Complaint, and for such other relief to which they may show themselves justly entitled.

Respectfully submitted,

/s/ Marc R. Stanley
Marc R. Stanley
Federal Bar No. ct18179
Martin Woodward
Federal Bar No. ct25263
STANLEY, MANDEL & IOLA, L.L.P.
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
214-443-4300
214-443-0358 (Fax)

Richard A. Bieder
Federal Bar No. ct04208
Antonio Ponvert, III
Federal Bar No. ct17516
William Bloss
Federal Bar No. ct01008
KOSKOFF KOSKOFF & BIEDER, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)

Gregory G. Jones
Federal Bar No. ct23443
LAW FIRM OF GREGORY G. JONES PC
603 S. Main Street, Suite 200
Grapevine, Texas 76051
817-424-9001
817-424-1665 (Fax)

Roger L. Mandel
Federal Bar No. ct18180
BECKHAM & MANDEL
3400 Carlisle, Suite 550
Dallas, Texas 75204
214-965-9300 (Telephone)
214-965-9301 (Fax)

**PLAINTIFFS' COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 15, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                /s/ Marc R. Stanley
                Marc R. Stanley