UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, PETER WIBERG, as trustee of the Crown Tool & Die Co. Inc. Salary Deferral Profit Sharing Plan, ALAN GOUSE, as trustee of Greater Hartford Easter Seal Rehabilitation Center, Inc., Tax Sheltered Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Rehabilitation Center, Inc., Trust, CHRISTOPHER ANDERSON, as trustee of the Anderson Law Firm, P.C. 401(k) Profit Sharing Plan and Trust, f/k/a the Anderson & Ferdon P.C. 401(k) Profit Sharing Plan, and H. GRADY CHANDLER, as trustee of the Law Offices of H. Grady Chandler, P.C., 401(k) Profit Sharing Plan and Trust<br><br>PLAINTIFFS,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO.,<br><br>DEFENDANTS. | CIVIL ACTION NO.:<br><br>3:01CV1552 (SRU) |

### DEFENDANTS' MOTION FOR LEAVE TO AMEND
### ANSWER TO PLAINTIFFS' SIXTH AMENDED COMPLAINT
### AND THIRD AMENDED COUNTERCLAIM AND MEMORANDUM IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 15 and Local Rule 7(f), Defendants Nationwide Financial Services, Inc. and Nationwide Life Insurance Company (collectively, "Nationwide" or "Nationwide Defendants"), by their undersigned counsel, hereby move for leave to amend their Answer to Plaintiffs' Sixth Amended Complaint and Third Amended Counterclaim, for the purpose of amending their counterclaim to include a request for injunctive

and other equitable relief. For the reasons set forth below, the Nationwide Defendants respectfully request the Court grant the motion for leave to amend.[1]

## PRELIMINARY STATEMENT

In response to Plaintiffs' Sixth Amended Complaint (Doc. #423), Nationwide filed its Answer to Plaintiffs' Sixth Amended Complaint and Third Amended Counterclaim ("Answer" and "Third Amended Counterclaim") (Doc. #425). In its Third Amended Counterclaim, Nationwide asserted that, if the "revenue sharing" payments alleged in the Sixth Amended Complaint gave rise to an ERISA violation, then the Plaintiffs breached their fiduciary duty to the plans they represent because the trustees had the ultimate authority and responsibility to know about and monitor those payments, and the trustees approved and accepted the advantages of those payments as terms of their plans' annuity contracts.

On January 29, 2010, Nationwide sought certification of a class of Counterclaim Defendants comprised of trustees who become members of Plaintiffs' class. (Motion for Class Certification of Third Amended Counterclaim (Doc. #434).) On July 23, 2010, the Court denied Nationwide's motion for class certification. (Ruling on Motion for Certification of Counterclaim Defendant Class ("Counterclaim Class Ruling") (Doc. #442).) In the Counterclaim Class Ruling, the Court "accept[ed] that Nationwide sincerely seeks an injunction in addition to monetary damages," but considered the absence in Nationwide's counterclaim of a request for injunctive relief and of a reference to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), when finding that Nationwide had not satisfied the requirements for a Rule 23(b)(2) injunctive class. Accordingly, Nationwide hereby seeks to amend its counterclaim to request declaratory and injunctive relief and to rely on section 502(a)(3).

---

[1] Pursuant to Local Rule 7(f), the undersigned counsel has consulted with counsel for Plaintiffs, who oppose this motion for leave to amend.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that, in the case of amendments other than as a matter of course, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman*, 371 U.S. at 182).

As the Court has recognized, "[d]elay alone unaccompanied by such a declared reason … does not usually warrant denial of leave to amend." *Haddock v. Nationwide Fin. Servs.* ("*Haddock II*"), 514 F. Supp. 2d 267, 270-71 (D. Conn. 2007) (quoting *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995)). In this case, Nationwide has not exhibited any bad faith or dilatory motive; nor did Nationwide intentionally delay amending its Counterclaim as a strategic matter. Rather, Nationwide's proposed amendment seeks to clarify that the plans on whose behalf Nationwide brings its counterclaim are seeking both injunctive relief and monetary damages, and to reference both ERISA provisions pursuant to which such relief may be granted. *See Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.").

Plaintiffs will not suffer any prejudice as a result of the amendment. In determining what constitutes prejudice, courts generally consider whether amendment "would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

timely action in another jurisdiction.'" *Monahan*, 214 F.3d at 284 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). None of those conditions is present here. The proposed amendment does not alter the factual allegations or legal theories in the Third Amended Counterclaim; no additional discovery or preparation will be required; and the amendment will not delay resolution of this action.

Whereas there is no evidence of undue delay, bad faith or dilatory motive, and Plaintiffs would not be prejudiced by allowance of the amendment, the Nationwide Defendants respectfully request that the Court grant their motion for leave to amend their counterclaim.

Dated: August 6 , 2010                    Defendants Nationwide Financial Services Inc.
                                          and Nationwide Life Insurance Co.


                              By:    s/ Thomas F. Clauss, Jr.
                                     Thomas F. Clauss, Jr. (CT 12392)
                                     Wiggin and Dana LLP
                                     400 Atlantic Avenue
                                     P.O. Box 110325
                                     Stamford, CT 06911-0325
                                     Telephone: (203) 363-7610
                                     Facsimile: (203) 363-7676

                                     Charles C. Platt, Esq. (CT 23036)
                                     Wilmer Cutler Pickering Hale and Dorr LLP
                                     399 Park Avenue
                                     New York, NY 10022
                                     New York, NY 10019-5389
                                     Telephone: (212) 230-8800
                                     Facsimile: (212) 230-8888

                                     Daniel H. Squire, Esq.
                                     Mark Bieter, Esq.
                                     Wilmer Cutler Pickering Hale and Dorr LLP
                                     1875 Pennsylvania Avenue, N.W.
                                     Washington, D.C. 20006
                                     Telephone: (202) 663-6000
                                     Facsimile: (202) 663-6363

## **CERTIFICATION**

I hereby certify that on this 6th day of August, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

>Richard A. Bieder, Esq.
>Antonio Ponvert III, Esq.
>Koskoff, Koskoff & Bieder
>350 Fairfield Avenue
>Bridgeport, CT 06604
>
>Gregory G. Jones, Esq.
>Law Firm of Gregory G. Jones, P.C.
>603 South Main Street, Suite 200
>Grapevine, TX 76051
>
>Marc R. Stanley, Esq.
>Roger L. Mandel, Esq.
>Stanley, Mandel & Iola
>3100 Monticello Avenue
>Suite 750
>Dallas, TX 75205
>
>
>s/ Thomas F. Clauss, Jr.