UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, PETER WIBERG, as trustee of the Crown Tool & Die Co. Inc. Salary Deferral Profit Sharing, ALAN GOUSE, as trustee of the Greater Hartford Easter Seal Rehabilitation Center, Inc., Tax Sheltered Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Rehabilitation Center, Inc., Trust, CHRISTOPHER ANDERSON, as trustee of the Anderson Law Firm, P.C. 401(k) Profit Sharing Plan and Trust, f/k/a the Anderson & Ferdon P.C. 401(k) Profit Sharing Plan, and H. GRADY CHANDLER, as trustee of the Law Offices of H. Grady Chandler, P.C., 401(k) Profit Sharing Plan and Trust  §§§§§§§§§§§§§§§§§§§  PLAINTIFFS, §§  v. §§  NATIONWIDE FINANCIAL SERVICES INC., and NATIONWIDE LIFE INSURANCE CO., §§§§§  DEFENDANTS. § | CASE NO. 01-CV-1552 (SRU) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER TO PLAINTIFFS' SIXTH AMENDED COMPLAINT AND THIRD AMENDED <u>COUNTERCLAIM AND MEMORANDUM IN SUPPORT</u>**

Plaintiffs respectfully request the Court to deny Nationwide's request to file a fourth amended counterclaim, and for such would respectfully show the Court as follows:

Nationwide seeks leave to file its fourth amended counterclaim to explicitly request injunctive relief after having failed to do so in three previous iterations. It does so because the Court gave Nationwide's failure to explicitly request injunctive relief in its third amended

counterclaim as one reason supporting the Court's denial of certification of Nationwide's counterclaim pursuant to FED. R. CIV. P. 23(b)(2).  *See* Ruling on Motion for Certification of Counterclaim Defendant Class Order [Doc. 442] ("Counterclaim Ruling") at 7.  The Court should deny such leave to Nationwide because doing so would be futile.  *See In Re Tamoxifen Citrate Antitrust Lit.*, 466 F.3d 187, 220 (2d Cir. 2006) ("Furthermore, when an amendment would be futile, denial of leave to amend is proper.").

Initially, an amendment would be futile because Nationwide making an express request for injunctive relief would still not make Rule 23(b)(2) certification proper.  The Court gave a number of reasons why injunctive relief did not predominate over monetary relief as to Nationwide's counterclaim.  *Id*. at 7-11.  All of those other reasons will still apply and prevent Rule 23(b)(2) certification even if leave is granted, making futile the grant of such leave.

The amendment would also be futile because it doesn't change the gravamen of the Court's holding.  The Court did not reject Rule 23(b)(2) certification because Nationwide failed to expressly request injunctive relief in its third amended counterclaim.  *Id*. at 7.  Rather, it simply cited that failure by Nationwide as one point supporting its holding that injunctive relief is insubstantial and does not predominate over monetary relief.  The amendment would not change the probative force of that point.  Even if Nationwide is allowed to belatedly request injunctive relief in a fourth amended counterclaim, the fact that Nationwide didn't bother to expressly request injunctive relief in the third amended counterclaim would continue to constitute convincing evidence that injunctive relief is not a real, substantial goal of Nationwide that could predominate over monetary relief.

Wherefore, Plaintiffs respectfully request the Court to deny Nationwide leave to file a fourth amended counterclaim and to grant them all such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

        Respectfully submitted,

/s/ Roger L. Mandel
Roger L. Mandel
Federal Bar No. ct18180
BECKHAM & MANDEL
3400 Carlisle, Suite 550
Dallas, Texas  75204
214-965-9300
214-965-9301 (Fax)

Marc R. Stanley
Federal Bar No. ct18179
Martin Woodward
Federal Bar No. ct25263
STANLEY.IOLA, LLP
3100 Monticello Avenue, Suite 750
Dallas, Texas  75205
214-443-4300
214-443-0358 (Fax)

William Bloss
Federal Bar No. ct01008
Antonio Ponvert III
Federal Bar No. ct17516
Richard A. Bieder
Federal Bar No. ct04208
KOSKOFF KOSKOFF & BIEDER, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
203-336-4421
203-368-3244 (Fax)

>Gregory G. Jones
>Federal Bar No. ct23443
>LAW FIRM OF GREGORY G. JONES PC
>211 E. Southlake Blvd., Suite 180
>Southlake, Texas 76092
>817-424-9001
>817-424-1665 (Fax)
>
>**CLASS COUNSEL**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 27, 2010, the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

>/s/ Roger L. Mandel
>ROGER L. MANDEL

-4-