## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LOU HADDOCK, as trustee of the Flyte Tool & Die
Company, Inc. 401-K Profit Sharing Plan, PETER
WIBERG, as trustee of the Crown Tool & Die Co. Inc.
Salary Deferral Profit Sharing Plan, ALAN GOUSE, as
trustee of Greater Hartford Easter Seal Rehabilitation
Center, Inc., Tax Sheltered Annuity Plan and the Money
Accumulation Pension Plan for the Employees of
Hartford Easter Rehabilitation Center, Inc., Trust,
CHRISTOPHER ANDERSON, as trustee of the
Anderson Law Firm, P.C. 401(k) Profit Sharing Plan and
Trust, f/k/a the Anderson & Ferdon P.C. 401(k) Profit
Sharing Plan, and H. GRADY CHANDLER, as trustee
of the Law Offices of H. Grady Chandler, P.C., 401(k)
Profit Sharing Plan and Trust

     PLAINTIFFS,

         v.

NATIONWIDE FINANCIAL SERVICES INC., and
NATIONWIDE LIFE INSURANCE CO.,

     DEFENDANTS.

CIVIL ACTION NO.:

3:01CV1552 (SRU)

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF RULING ON MOTION FOR CERTIFICATION OF COUNTERCLAIM DEFENDANT CLASS AND ORDER

Defendants Nationwide Financial Service, Inc. and Nationwide Life Insurance Company
(collectively, "Nationwide" or "Nationwide Defendants"), by their undersigned counsel, file this
reply memorandum in support of their motion for reconsideration of the Court's Ruling on
Motion for Certification of Counterclaim Defendant Class and Order ("Ruling") (Doc. #442).

Plaintiffs' Opposition (Doc. #446) describes the procedural history of Nationwide's
counterclaims and repeats the Court's conclusions in its Ruling, but barely addresses
Nationwide's arguments for reconsideration of issues that the parties had not previously briefed.

## I.   THE THIRD COUNTERCLAIM SHOULD NOT BE DISMISSED.

Plaintiffs do not even address the other cases in which ERISA plan participants on occasion have challenged the types of mutual fund payments at issue here – by typically suing primarily the plan trustees as the plans' named fiduciaries who allowed these arrangements. Motion (Doc. #443) at 2-4.  As here, the basis for those claims is that the trustees failed in their fiduciary duty to monitor and oversee transactions relating to the disposition of the plans' assets – not that the trustees personally benefited from the mutual fund payments or that they should disgorge any of those payments.  Plaintiffs do not offer an explanation why those cases are different, nor why the sequencing of the parties' respective claims here (the trustees' unusual claims against Nationwide, followed by Nationwide's counterclaim) undermine the validity of the counterclaim against the trustees.

Plaintiffs also fail to meaningfully address Nationwide's specific responses to the issues the Court raised in its Ruling that had not been previously briefed.  In response to the Court's query, Nationwide explained how the Court could find both Nationwide and the trustees liable, because Nationwide's defense that the trustees ratified or consented to the mutual funds (which may turn on the trustees' affirmative acts) may not be coextensive with nor as broad as Nationwide's counterclaim that the trustees failed in their fiduciary duty to read and understand the terms of their plans or contracts.  Motion (Doc. # 443) at 4-5.

Likewise, Nationwide explained at length how there is no inconsistency between Plaintiffs' requested remedy of disgorgement and Nationwide's request that the trustees reimburse the plans and participants for any amounts the Court would otherwise order Nationwide to disgorge.  Motion (Doc. # 443) at 5-6.  The trustees may be held liable for profits owing to a plan or participant, regardless whether the trustees personally profited.  The fact that

the plans and participants have claims against both Nationwide and the trustees does not convert

the claims against the trustees into claims for contribution and indemnification by Nationwide.

To the contrary, both the claims against Nationwide and those against the trustees are direct

claims on behalf of the plans and participants, to whom all amounts recovered – whether from

Nationwide or the trustees – inure.

## II.     THE THIRD COUNTERCLAIM SHOULD BE CERTIFIED AS A CLASS ACTION.

If Nationwide's counterclaim is not dismissed, there is no basis to deny class certification

under Rule 23(b)(3) and Plaintiffs' opposition brief makes no new arguments to the contrary.

Nationwide's counterclaim should also be certified as an injunctive class under Rule

23(b)(2).  Plaintiffs do not dispute that the plans and participants have an interest in ensuring that

the trustees as their named fiduciaries fulfill their fiduciary duties.  Plaintiffs argue only that an

injunction against the trustees would be unnecessary if Nationwide is already enjoined from

engaging in that same conduct.  Even if an injunction were issued against Nationwide, however,

the plans and participants would have the same interest in holding the trustees accountable for

failing to fulfill their fiduciary duties and preventing any recurrence (vis-à-vis Nationwide and, at

least implicitly, any service provider).  An injunction against the trustees, not just Nationwide,

may also be necessary to effectuate revisions to the contractual arrangements between

Nationwide and the plans consistent with the Court's determinations.

## CONCLUSION

For these reasons and those described in its motion and initial memorandum, the

Nationwide Defendants respectfully request the Court to reinstate its counterclaim and to certify

a class of counterclaim defendants.

Respectfully submitted,

Dated:  September 17, 2010                Defendants Nationwide Financial Services Inc.
                                          and Nationwide Life Insurance Co.


By:     s/ Thomas F. Clauss, Jr.
        Thomas F. Clauss, Jr. (CT 12392)
        Wiggin and Dana LLP
        400 Atlantic Avenue
        P.O. Box 110325
        Stamford, CT 06911-0325
        Telephone:  (203) 363-7610
        Facsimile:  (203) 363-7676

        Charles C. Platt, Esq. (CT 23036)
        Wilmer Cutler Pickering Hale and Dorr LLP
        399 Park Avenue
        New York, NY  10022
        New York, NY 10019-5389
        Telephone:     (212) 230-8800
        Facsimile:     (212) 230-8888

        Daniel H. Squire, Esq.
        Wilmer Cutler Pickering Hale and Dorr LLP
        1875 Pennsylvania Avenue, N.W.
        Washington, D.C. 20006
        Telephone:  (202) 663-6000
        Facsimile:     (202) 663-6363

## CERTIFICATION

I hereby certify that on this 17th day of September, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Richard A. Bieder, Esq.
Antonio Ponvert III, Esq.
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604

Gregory G. Jones, Esq.
Law Firm of Gregory G. Jones, P.C.
603 South Main Street, Suite 200
Grapevine, TX 76051
Marc R. Stanley, Esq.

Marc R. Stanley, Esq.
Martin Woodward, Esq.
Stanley, Mandel & Iola
3100 Monticello Avenue
Suite 750
Dallas, TX 75205

Roger L. Mandel, Esq.
Beckham & Mandel
3400 Carlisle, Suite 550
Dallas, TX 75204

/s/ Thomas F. Clauss, Jr.