UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Dye Company Inc. 401(k) Profit-Sharing Plan, et al.,<br>    Plaintiffs,<br><br>    v.<br><br>NATIONWIDE FINANCIAL SERVICES, INC., and NATIONWIDE LIFE INSURANCE COMPANY,<br>    Defendants. | No. 3:01cv1552 (SRU) |

**CONFERENCE MEMORANDUM**

On September 28, 2010, I held a telephone conference on the record with Antonio Ponvert, William Bloss, Marc Stanley, Roger Mandel, and Martin Woodward, representing the plaintiffs; and Charles Platt, Daniel Squire, and Thomas Clauss, representing defendants. The purpose of the conference was to take up several discovery and pre-trial matters.

The plaintiffs raised the issue whether to bifurcate the trial into liability and remedy phases; during that discussion, there also arose a disagreement between the parties regarding the burden of proof with respect to liability and disgorgement. I informed the parties that, on initial reaction, there was no need to separate the trial into liability and remedy phases, and that any subsequent issues relating to the amount of disgorgement due to class members could be taken up following trial. I asked the plaintiffs to submit within 20 days a brief regarding their views on bifurcation, the allocation of the burden of proof, and the procedure for disbursing any award to class members. The defendants will then have an opportunity to respond. I also extended the time for the defendants' submission of their expert reports. Those reports will not be due until 30 days after this briefing has been completed and a decision has been rendered.

The Court of Appeals has yet to rule on the defendants' appeal of my ruling and order certifying a plaintiff class (doc. # 416), and I have yet to rule on the defendants' motion for reconsideration of my order denying the certification of a counterclaim defendant class (doc. # 443).  The plaintiffs should wait another 45 days before taking up issues relating to class notification.

I ordered that the plaintiffs be permitted to depose witnesses Rose and Henderson again. Those witnesses shall be deposed for no more than three hours each.

I did not enter an order with respect to the authentication of the defendants' business records.  I implored the parties to work together to reach a stipulation with respect to authenticating documents.  Any further dispute regarding authentication shall be taken up after the completion of document production.

Finally, I ordered the defendants to inform the court within 14 days whether they will argue in their defense that the plaintiffs have sued the wrong parties in this action.

It is so ordered.

Dated at Bridgeport, Connecticut, this 28th day of September 2010.


                                                         /s/
                                                    Stefan R. Underhill
                                                    United States District Judge