```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - x

LOU HADDOCK, ET AL                 :  No. 3:01CV-1552 (SRU)
                                   :  915 Lafayette Boulevard
            vs.                    :  Bridgeport, Connecticut
                                   :
                                   :  February 29, 2012
NATIONWIDE FINANCIAL SERVICES,     :
ET AL                              :

- - - - - - - - - - - - - - - - - x

                 TELEPHONE CONFERENCE

B E F O R E:

    THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:

    FOR THE PLAINTIFFS:

        STANLEY IOLA
            3100 Monticello Avenue, Suite 750
            Dallas, Texas  75205
         BY:  MARC R. STANLEY, ESQ.
              MARTIN WOODWARD, ESQ.

        LACKEY HERSHMAN, LLC
            3102 Oak Lawn, Suite 777
            Dallas, Texas  75219
         BY:  ROGER L. MANDEL, ESQ.

        KOSKOFF, KOSKOFF & BIEDER, P.C.
            350 Fairfield Avenue
            Bridgeport, Connecticut 06604
         BY:  RICHARD BIEDER, ESQ.
              WILLIAM BLOSS, ESQ.

    FOR THE DEFENDANTS:

        WILMER CUTLER PICKERING HALE & DORR
            399 Park Avenue
            New York, New York  10022
         BY:  CHARLES PLATT, ESQ.
              DANIEL SQUIRE, ESQ.  (Washington DC)
```

```
            WIGGIN and DANA, LLP
                 400 Atlantic Street
                 P. O. Box 110325
                 Stamford, Connecticut  06911-0325
            BY:  THOMAS F. CLAUSS, JR., ESQ.




                   Susan E. Catucci, RMR
                   Official Court Reporter
                   915 Lafayette Boulevard
               Bridgeport, Connecticut  06604
                      Tel: (917)703-0761
```

```
 1          (Whereupon the Following session was held in
 2     chambers telephonically.)
 3                    (1:00 O'CLOCK P. M.)
 4          THE COURT:  Stefan Underhill.
 5          MR. STANLEY:  Judge, we have all sides ready for
 6     you.
 7          THE COURT:  Great.  Okay, we're on the record so
 8     why don't we start with appearances, please.
 9          MR. STANLEY:  Your Honor, it's Marc Stanley,
10     Martin Woodward, Scott Kitner (ph), Roger Mandel, Antonio
11     Ponvert, Bill Bloss and Richard Bieder on the plaintiffs'
12     side.  And also my legal assistant, Brenda Marks is
13     listening in.
14          MR. PLATT:  And, Your Honor, this is Charles
15     Platt for the Nationwide defendants.  And with me on the
16     phone are Tucker Clauss and Dan Squire.
17          THE COURT:  Great.  If each of you could
18     identify yourselves each time you speak, that would be
19     helpful.
20          I wanted to have a quick conference call to try
21     and get this case on track and headed toward resolution.
22     Obviously with the 2nd Circuit's decision we have a
23     question whether the class should be certified under Rule
24     23(b)(3).  I have briefing on that.  Does anybody want any
25     additional opportunity to be heard?
```

```
 1              MR. STANLEY:  Your Honor, this is Marc Stanley
 2    for the plaintiffs.  We do not feel we need additional
 3    briefing at this time.
 4              MR. PLATT:  Your Honor, Charles Platt for the
 5    Nationwide defendants.  We would like the opportunity to
 6    submit a brief on the Rule 23(b)(3) issues and we'd like
 7    45 days to put that in.
 8              MR. STANLEY:  Your Honor, Marc Stanley again.
 9    We had talked with Mr. Platt beforehand and basically said
10    we would take the position we were happy with the opening
11    briefs.  If the court allows them to file a supplemental
12    brief, we don't need an opening brief but we would like to
13    file a reply.
14              So, in other words, our original briefing will
15    serve as our opening brief, they'll file their
16    supplemental brief, and we'd like the opportunity to have
17    the last word with a reply.
18              THE COURT:  Okay.  I don't mind receiving
19    additional briefing.  I think 45 days is probably a bit
20    longer than I had hoped it would take to get a brief.  We
21    have substantial briefs already.  Presumably the issue
22    came up at least indirectly in the 2nd Circuit and
23    everybody should be very familiar with the issues.  This
24    case has been pending for 3,850 days so I'm eager to get
25    it resolved.  Do you think we could get a brief in three
```

```
 1   weeks?
 2           MR. PLATT:  Judge, we feel like there's quite a
 3   bit to do given the change in the law with WalMart and how
 4   that would affect the way we would present the facts and
 5   the law.  So could you be persuaded to give us 30 days?
 6           THE COURT:  Okay.  Thirty days.
 7           MR. PLATT:  Thank you.
 8           THE COURT:  And how much time -- two weeks to
 9   respond?
10           MR. STANLEY:  I was going to take your three
11   week offer but I mean -- Roger, can we do it in two weeks?
12           MR. MANDEL:  Your Honor, Roger Mandel for the
13   plaintiff.  My preference would be to have up to two,
14   three weeks, but we will endeavor to do it quicker if at
15   all possible.
16           THE COURT:  All right, you've got three weeks.
17   That's fine.
18           MR. STANLEY:  Thank you.
19           THE COURT:  Okay.  Does it make sense to talk
20   about merits discovery until we have a ruling on the class
21   cert issue?
22           MR. STANLEY:  Your Honor, Marc Stanley for the
23   plaintiffs' side.  We think that it makes a little more
24   sense, given where we are on class certification and the
25   issue that we were going into right before we abated and
```

1  that was the burden of proof bifurcation hearing that we
2  had in September of 2009.  I think that is right --
3  September 2009?
4              THE COURT:  All right.  Any disagreement there?
5              MR. PLATT:  No disagreement, Your Honor -- this
6  is Charles Platt -- but we would like some time to respond
7  to that burden of proof issue in the event that we get
8  there.
9              THE COURT:  Yes, my thought is we'll proceed
10 with class certification, see where we are, and once a
11 ruling comes down, we can have another phone conference,
12 if necessary, and start carving out a schedule.
13             MR. PLATT:  Okay.
14             MR. STANLEY:  Does that stop us from doing
15 discovery, voluntary discovery?
16             THE COURT:  I'm not going to prevent you from
17 doing it, if --
18             MR. STANLEY:  Okay.
19             MR. PLATT:  I think what Mr. Stanley's referring
20 to, Your Honor -- this is Charles Platt -- is they sent us
21 a letter a week or so ago with 11 requests for
22 clarification or additional discovery and we're trying to
23 get together those materials for them and hope to have a
24 response to that in fairly short order.
25             THE COURT:  Okay, good.  I would encourage that.

1                All right.  The last thing I wanted to touch
2     base on is the status following the 2nd Circuit's ruling.
3     I haven't seen a mandate issued yet.
4                MR. PLATT:  It came down yesterday, Your Honor.
5                THE COURT:  All right, it did.  Perfect timing.
6     Okay, excellent.
7                MR. PLATT:  I believe.  Others may --
8                MR. STANLEY:  That is correct, that is correct.
9                THE COURT:  Okay, good.  That avoids that
10    problem.  Okay, good.
11               Well, all right.  We have a briefing schedule on
12    23(b)(3).  Does anybody want to have oral argument on
13    that?
14               MR. STANLEY:  Again, we think we've argued it
15    plenty.  I don't think we need it.  Roger, or Bill?
16               MR. MANDEL:  You know, Your Honor -- Roger
17    Mandel -- I guess as of now I think plaintiff's answer
18    would be no, but perhaps if there were the opportunity
19    after the briefing to either request or not request, would
20    be good.  You never know what's going to be there, and I
21    was also wondering if the court had any sort of page
22    limitation in mind for this briefing, because in my mind
23    at least, this should be here's what's happened legally,
24    if anything significant, since the last round of briefing,
25    not let's completely rebrief class certification and

1    completely rebrief Rule 23(b)(3).
2            MR. PLATT:  Well, the only problem with that,
3    Your Honor -- this is Charles Platt -- is that now that
4    we've focused on Rule 23(b)(3) and a couple years have
5    gone by, we do have some new arguments we're going to want
6    to make and I think it's hard to make them without some
7    context.  So we'd like the opportunity to submit
8    additional facts and additional law on the Rule 23(b)(3)
9    issue, as the court suggested, as the 2nd Circuit's
10   suggested that should be the case.
11           MR. STANLEY:  Your Honor, Marc Stanley.  The
12   only only thing I would add, I would respond to that, is
13   we originally moved for class certification under (b)(3)
14   and (b)(3).  I know we fully briefed it at the time,
15   that's why we're willing to rely on our pleadings, and
16   they fully responded at the time.  I don't think Dukes
17   really has changed that and the facts behind that.  When
18   we were briefing it, I think there were six at least filed
19   so I think page limitations are a good idea.
20           MR. PLATT:  We're going to try not to repeat
21   anything, Your Honor, but we think it's very hard in a
22   very complicated case like this to have a page limit.
23   We're obviously not going to burden the court with
24   something longer than necessary.
25           THE COURT:  Well, you know, the local rule has

1    a, I think it's 40 page limit.  That should be and
2    generally is sufficient.  If it isn't, then you can make a
3    motion for filing an oversized brief.
4             MR. PLATT:  I hope that won't be necessary, Your
5    Honor.
6             MR. MANDEL:  Your Honor, this is Roger Mandel.
7    I'm just wondering if, given the scope of the previous
8    briefing, if your expectation is that this is supposed to
9    be something that picks up where the prior briefing left
10   off and gives you any new case law or any discovery that
11   was taken after the time period of the briefing as opposed
12   to rebriefing the entire issue.
13            THE COURT:  Well, you know, frankly I'm going to
14   leave it to both sides to do what they will here.  You
15   know, obviously I'm going to reread the briefing on the
16   Rule 23(b)(3) issue from the last go-round.  It will be
17   unnecessary and perhaps counterproductive to repeat a lot
18   of what's there, but I'm not going to tell folks how to
19   brief the issue.  They can sort it out themselves and, you
20   know, I'll read whatever you submit.
21            MR. STANLEY:  Thank you, Your Honor.
22            THE COURT:  But it doesn't sound like we can do
23   much more than simply set that schedule and see where we
24   are.
25            Let me say this.  If the plaintiffs want oral

1    argument, why don't you indicate it in your responsive
2    brief and, having received plaintiff's responsive brief,
3    if the defendants want oral argument, just file a notice
4    or a letter to that effect.
5             MR. STANLEY:  We will do that.  Marc Stanley.
6    Thank you.
7             THE COURT:  All right.
8             MR. PLATT:  Charles Platt.  We will do that as
9    well, Your Honor.  Thank you.
10            THE COURT:  Okay.  Anything else we can usefully
11   take up today?
12            MR. PLATT:  No, Your Honor.
13            MR. STANLEY:  Not from our side.
14            THE COURT:  Okay, thanks.  We will look forward
15   to those briefs.
16            (Whereupon the above matter was adjourned at 1:15
17   o'clock, p. m.)
18
19
20
21
22
23
24
25

C E R T I F I C A T E

      I, Susan E. Catucci, RMR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

      /S/ Susan E. Catucci
      _____

      Susan E. Catucci, RMR
      Official Court Reporter
      915 Lafayette Boulevard
    Bridgeport, Connecticut  06604
        Tel: (917) 703-0761