UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Dye Company Inc. 401(k) Profit-Sharing Plan, et al.,<br>    Plaintiffs,<br><br>v.<br><br>NATIONWIDE FINANCIAL SERVICES, INC. and NATIONWIDE LIFE INSURANCE COMPANY,<br>    Defendants. | CIVIL ACTION NO.<br>3:01cv1552 (SRU) |

## ORDER OF CLASS CERTIFICATION

For the reasons set forth in the Ruling on Plaintiffs' Renewed Motion for Class Certification, dated September 6, 2013, it is hereby ORDERED, with respect to the claims against defendants Nationwide Financial Services, Inc. and Nationwide Life Insurance Company (collectively, "Nationwide"), that:

1. The plaintiffs' renewed motion for class certification (doc. # 299) is GRANTED;

2. The following plaintiff class (the "Class") is hereby certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

> All trustees of all employee pension benefit plans covered by ERISA which had variable annuity contracts with Nationwide or whose participants had individual variable annuity contracts with Nationwide at any time from January 1, 1996, or the first date Nationwide began receiving payments from mutual funds based on a percentage of the assets invested in the funds by Nationwide, whichever came first, to the date of September 6, 2013;

3. The Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class that predominate over individual questions; the claims of the representative plaintiffs are typical of the claims of the members of the Class; the

representatives will fairly and adequately protect the interests of the Class; and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy;

    4. The Class is certified for resolution of all claims in the plaintiffs' Sixth Amended Complaint filed on November 17, 2009, and all defenses asserted in Nationwide's Answer thereto, including the following factual and legal issues:

    a.    Whether Nationwide constitutes a fiduciary pursuant to the specific accumulation unit theory;

    b.    Whether Nationwide constitutes a fiduciary pursuant to the mutual fund selection theory;

    c.    Whether Nationwide, in arranging for, receiving and retaining the revenue sharing payments, discharged its duties with respect to the Plans solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries or defraying reasonable expenses of administering the Plans (i.e., whether Nationwide violated ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A));

    d.    Whether Nationwide, in arranging for, receiving and retaining the revenue sharing payments, discharged its duties with respect to the Plans solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims (i.e., whether Nationwide violated ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B));

    e.    Whether Nationwide dealt with the assets of the Plans (accumulation units and the underlying mutual fund shares in the case of group annuity contracts) in its own interest or for its own account (i.e., whether Nationwide violated ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1));

    f.    Whether Nationwide received any consideration (the revenue sharing payments) for its personal account from any parties (mutual fund families) dealing with the Plans in connection with transactions (the revenue sharing contracts) involving the assets of the Plans (the accumulation units and the underlying mutual fund shares in the case of the group annuity contracts) (i.e., whether Nationwide violated ERISA § 406(b)(3), 29 U.S.C. §

        1106(b)(3));

    g.    Whether any part of the revenue sharing payments constitutes payments by the mutual fund families to Nationwide for services rendered by Nationwide to the mutual fund families;

    h.    Whether Nationwide passed on any part of the revenue sharing payments to the Plans;

    i.    Whether the Class is entitled to an injunction requiring Nationwide to disgorge all revenue sharing in the future pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and

    j.    Whether the Class is entitled to disgorgement/restitution of all past revenue sharing pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2);

5. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby designates the following as Class Counsel: Antonio Ponvert, III, Neal A. DeYoung, Richard A. Bieder, and William M. Bloss of Koskoff, Koskoff, & Bieder, P.C.; Gregory G. Jones; Marc R. Stanley, Martin Woodward, and Roger L. Mandel of Stanley, Mandel & Iola; and

6. Within forty-five (45) days of this Order, the parties will submit for the Court's approval a class notice program and forms of notice, pursuant to Fed. R. Civ. P. 23(c)(2)(B), that are agreeable to counsel for all parties in this action.

It is so ordered.

Dated at Bridgeport, Connecticut, this 6th day of September 2013.

                                /s/ Stefan R. Underhill
                               Stefan R. Underhill
                               United States District Judge