UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOU HADDOCK, as trustee of the Flyte Tool & Die Company, Inc. 401-K Profit Sharing Plan, *et al.*<br><br>PLAINTIFFS,<br><br>v.<br><br>NATIONWIDE LIFE INSURANCE CO. and NATIONWIDE FINANCIAL SERVICES, INC.,<br><br>DEFENDANTS. | CASE NO. 3:01-CV-1552 (SRU) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND APPROVING FORM AND MANNER OF NOTICE**

WHEREAS, the above-titled certified class action (the "Litigation") is pending before the Court;

WHEREAS, Plaintiffs Peter Wiberg, as trustee of the Crown Tool & Die Co. Inc. Salary Deferral Profit Sharing Plan; Alan Gouse, as trustee of the Greater Hartford Easter Seal Rehabilitation Center, Inc., Tax Sheltered Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Seal Rehabilitation Center, Inc., Trust; Christopher Anderson, as trustee of the Anderson Law Firm, P.C. 401(k) Profit Sharing Plan and Trust, f/k/a the Anderson and Ferdon P.C. 401(k) Profit Sharing Plan; H. Grady Chandler, as trustee of the Law Offices of H. Grady Chandler, P.C., 401(k) Profit Sharing Plan and Trust; and Christopher M. McKeon, as trustee of the Bershtein, Volpe & McKeon, Profit Sharing Plan f/k/a the Bershtein, Lippman, Bachman & McKeon Profit Sharing Plan, each on behalf of itself and on behalf of the Class (together, the "Plaintiffs"), and Nationwide Life Insurance Company and Nationwide Financial Services, Inc. (collectively, "Defendants"), have entered into a Settlement Stipulation

1

and Release dated December 11, 2014 (the "Stipulation"), which is subject to review and approval under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the Litigation (the "Settlement") and the dismissal of the Litigation with prejudice;

WHEREAS, the Court has read and considered the Stipulation and exhibits thereto, and the accompanying documents;

WHEREAS, the Counsel for Plaintiffs have submitted, and the Court has reviewed, a motion and accompanying memorandum of law supporting preliminary approval of the proposed Settlement; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order, the Court:

NOW, THEREFORE, HEREBY ORDERS, ADJUDGES AND DECREES THAT:

1. The Court adopts all defined terms as set forth in the Stipulation for purposes of this Order.

2. For purposes of implementing and enforcing the terms of the Stipulation, the Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs, the Class Members, and the Defendants.

3. Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Litigation is properly certified as a class action for settlement purposes. The Class is comprised of two Sub-Classes:

   a. The Annuity Contracts Sub-Class includes all trustees of all retirement plans covered by the Employee Retirement Income Security Act of 1974 ("ERISA") which had group variable annuity contracts with Nationwide Life or whose participants or plans had individual variable annuity contracts with Nationwide Life at any time from January 1,

    1996, or the first date Nationwide Life began receiving payments from mutual funds based on a percentage of the assets invested in the funds by Nationwide Life, whichever came first, to the date of September 30, 2014.

  b. The Trust Platform Sub-Class includes all trustees of all retirement plans covered by ERISA that had trust, custodial, services, or program agreements and/or arrangements with NFS at any time from January 1, 2009 to the date of September 30, 2014.

4. The Court hereby preliminarily appoints Plaintiffs Peter Wiberg, trustee of the Crown Tool & Die Co. Inc. Salary Deferral Profit Sharing Plan; Alan Gouse, trustee of the Greater Hartford Easter Seal Rehabilitation Center, Inc., Tax Sheltered Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Seal Rehabilitation Center, Inc., Trust; Christopher Anderson, trustee of the Anderson Law Firm, P.C. 401(k) Profit Sharing Plan and Trust, f/k/a the Anderson and Ferdon P.C. 401(k) Profit Sharing Plan; and H. Grady Chandler, trustee of the Law Offices of H. Grady Chandler, P.C., 401(k) Profit Sharing Plan and Trust, as class representatives of the Annuity Contracts Sub-Class for Settlement purposes only.  The Court hereby preliminarily appoints Christopher M. McKeon, trustee of the Bershtein, Volpe & McKeon, Profit Sharing Plan f/k/a the Bershtein, Lippman, Bachman & McKeon Profit Sharing Plan, as class representative of the Trust Platform Sub-Class for Settlement purposes only.

5. The Court hereby preliminarily appoints Plaintiffs' Counsel as Counsel for the Annuity Contract Sub-Class and the Trust Platform Sub-Class for Settlement purposes only.  Marc R. Stanley, of the Stanley Law Group, and William Bloss of Koskoff, Koskoff & Bieder, PC, are preliminarily appointed Lead Settlement Counsel.

6. The preliminary decisions in this Order are not final, and are subject to further review at the Fairness Hearing described below.

7. The Court preliminarily finds the prerequisites to a class action under Rule 23 have been satisfied for Settlement purposes only.  In particular, the Court preliminarily finds: (a) the members of the Sub-Classes are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Sub-Classes, which predominate over any individual questions; (c) Named Plaintiffs Wiberg, Gouse, Anderson, and Chandler are adequate representatives of the Annuity Contracts Sub-Class, and Named Plaintiff McKeon is an adequate representative of the Trust Platform Sub-Class; (d) the claims of Named Plaintiffs Wiberg, Gouse, Anderson, and Chandler are typical of the claims of the other members of the Annuity Contracts Sub-Class, and the claims of Named Plaintiff McKeon are typical of the other members of the Trust Platform Sub-Class; (e) the questions of law and fact common to the members of the Sub-Classes predominate over any questions affecting only individual members the Sub-Classes; (f) Named Plaintiffs and their Counsel have fairly and adequately represented and protected the interests of the Class Members; and (g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

8. The terms of the Stipulation, and the Settlement of the Litigation as set forth therein, are preliminarily approved in all respects as fair, reasonable, and adequate.

9. The Court approves, in form and content, the Published Class Notice and the Class Notice annexed as Exhibits B and C, respectively, to the Stipulation, and finds that the publication of the Published Class Notice, and the dissemination, mailing, and Internet-posting of the Class Notice,

in the form set forth in Exhibits B and C to the Stipulation, and as set forth herein, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the Constitution of the United States, and any other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

10. Kurtzman Carson Consultants LLC ("KCC") is hereby appointed Settlement Administrator to supervise and administer the Notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Stipulation.

11. By the fifteenth (15th) day after the entry of this Order (the "Notice Date"), the Settlement Administrator shall have completed its mailing of the Class Notice and Claim Form to Class Members in accordance with Section (I)(2) of the Stipulation.  The Settlement Administrator shall also arrange for publication of the Published Class Notice in the National Edition of the *New York Times*, in accordance with the instructions of Class Counsel, within seven (7) days of the mailing of the Class Notice.

12. Any Class Member may request exclusion from the Settlement by completing and personally signing and delivering a written Exclusion Request.  Exclusion Requests must be received by the Settlement Administrator by **March 21, 2015**, which is sixty (60) days after the Notice Date.

13. Any Class Member who has not submitted an Exclusion Request may object to the proposed Settlement, or any aspect of the Stipulation, or the amount of Attorneys' Fees and Expenses that Plaintiffs' Counsel have indicated they intend to seek.  Any Class member that objects must file with the Court written notice of objection, together with any supporting written or documentary materials with the Clerk of the Court on or before **March 21, 2015**, which is sixty

(60) days after the Notice Date.  Any objection must be personally signed by the Class Member, and comply with the requirements set forth in the Class Notice and the Stipulation.

14. All papers in support of the Settlement, including responses to any objections thereto, shall be filed with the Court and served on or before **March 31, 2015**, which is seventy (70) days after the Notice Date.

15. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Fairness Hearing") shall be held before the Court on **March 31, 2015 at 4:00 p.m. in Courtroom One** of the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport, CT 06604, at which the Court will:

    a.   determine whether the Annuity Contracts Sub-Class and the Trust Platform Sub-Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure for Settlement purposes;

    b.   determine whether the terms of the Stipulation and the proposed Settlement provided for therein are fair, reasonable, adequate for purposes of Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Class and should be approved by the Court;

    c.   consider the applications for Attorneys' Fees and Expenses, and Case Contribution Fees; and

    d.   hear and rule upon such other matters as the Court may deem appropriate.

16. The Court reserves the right to approve the Settlement with such modification(s) as may be agreed to by the Parties and without further notice to the Class Members.  Upon agreement of the Parties, the Parties shall be permitted to make any non-substantive corrections or changes to the Class Notice and other Settlement documents without seeking further approval of the Court.

17. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Class Member may, either directly, representatively, or in any other capacity, prosecute, institute, commence, support, join in, encourage, continue, or assist in any Claim or Cause of Action (including Unknown Claims) against Nationwide or any other Released Party that is based upon or related to, directly or indirectly, in whole or in part: (a) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, including, but not limited to, the solicitation, negotiation, arrangement, receipt, retention, or other conduct with regard to Mutual Fund Payments; or (b) the Released Conduct.

18. This Order, the Stipulation of Settlement and Release, and any negotiations, discussions, or proceedings in connection with this Settlement shall not be offered or received against Nationwide as evidence of, or deemed to be any admission or confession by Nationwide, of the truth of any of the Claims or Causes of Action, allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, including, but not limited to, the solicitation, negotiation, arrangement, receipt, retention, or other conduct with regard to Mutual Fund Payments; or (b) the Released Conduct.

It is so ordered.

Dated at Bridgeport, Connecticut, this 5th day of January 2015.

    /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge