# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LOU HADDOCK, a*s trustee of the Flyte*
*Tool & Die Company, Inc. 401-K Profit*
*Sharing Plan*, et al.,
      Plaintiffs,

    v.

NATIONWIDE LIFE INSURANCE CO.,
and NATIONWIDE FINANCIAL
SERVICES, INC.,
      Defendants.

No. 3:01-cv-1552 (SRU)

## FINAL ORDER AND CONSENT JUDGMENT

On the 31st day of March, 2015, a hearing having been held before this Court to

determine:  (a) whether the Annuity Contracts Sub-Class and the Trust Platform Sub-Class

should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure for Settlement

purposes; (b) whether the Settlement Stipulation and Release, and the terms provided therein,

should be approved as fair, reasonable, and adequate for purposes of Rule 23 of the Federal

Rules of Civil Procedure, and in the best interests of the Class; and (c) whether the application of

Plaintiff's Counsel for an award of Attorneys' Fees and Expenses should be approved.  The

Court having considered all matters and materials submitted to it at the hearing and otherwise,

NOW, THEREFORE, HEREBY ORDERS, ADJUDGES AND DECREES THAT:


    1.      The Court adopts all defined terms as set forth in the Settlement Stipulation and

Release (the "Stipulation") for purposes of this Consent Judgment.

    2.      For purposes of implementing and enforcing the terms of the Stipulation, the

Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, the Class Members,

and Defendants Nationwide Life Insurance Company and Nationwide Financial Services, Inc. (collectively, "Defendants").

3.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Litigation is properly and finally certified as a class action for settlement purposes.  The Sub-Classes for purposes of settlement are defined as follows:

> Annuity Contracts Sub-Class:  All trustees of all retirement plans covered by ERISA which had group variable annuity contracts with Nationwide Life or whose participants or plans had individual variable annuity contracts with Nationwide Life at any time from January 1, 1996, or the first date Nationwide Life began receiving payments from mutual funds based on a percentage of the assets invested in the funds by Nationwide Life, whichever came first, to the date of September 30, 2014.

> Trust Platform Sub-Class:  All trustees of all retirement plans covered by ERISA that had trust, custodial, services, or program agreements and/or arrangements with NFS at any time from January 1, 2009 to September 30, 2014.

Excluded from each sub-class are potential Class Members who timely opted out of the Settlement Class.

4.     The Court appoints Plaintiffs Peter Wiberg, trustee of the Crown Tool & Die Co. Inc. Salary Deferral Profit Sharing Plan; Alan Gouse, trustee of the Greater Hartford Easter Seal Rehabilitation Center, Inc., Tax Sheltered Annuity Plan and the Money Accumulation Pension Plan for the Employees of Hartford Easter Seal Rehabilitation Center, Inc., Trust; Christopher Anderson, trustee of the Anderson Law Firm, P.C. 401(k) Profit Sharing Plan and Trust, f/k/a the Anderson and Ferdon P.C. 401(k) Profit Sharing Plan; and H. Grady Chandler, trustee of the Law Offices of H. Grady Chandler, P.C., 401(k) Profit Sharing Plan and Trust, as class representatives of the Annuity Contracts Sub-Class for Settlement purposes only.  The Court hereby appoints Christopher M. McKeon, trustee of the Bershtein, Volpe & McKeon, Profit Sharing Plan f/k/a the Bershtein, Lippman, Bachman & McKeon Profit Sharing Plan, as class representative of the Trust Platform Sub-Class for Settlement purposes only.

5.      The Court appoints Plaintiffs' Counsel as Counsel for the Annuity Contract Sub-Class and the Trust Platform Sub-Class for settlement purposes only.  Marc R. Stanley, of the Stanley Law Group, and William Bloss of Koskoff, Koskoff & Bieder, PC, are appointed Lead Settlement Counsel.

6.      With respect to the Class, this Court finds and concludes that for purposes of Settlement:  (a) the members of the Sub-Classes are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Sub-Classes, which predominate over any individual questions; (c) Named Plaintiffs Wiberg, Gouse, Anderson, and Chandler are adequate representatives of the Annuity Sub-Class Class Members, and Named Plaintiff McKeon is an adequate representative of the Trust Platform Sub-Class Members; (d) the claims of Named Plaintiffs Wiberg, Gouse, Anderson, and Chandler are typical of the claims of the other members of the Annuity Contracts Sub-Class, and the claims of Named Plaintiff McKeon are typical of the claims of the other members of the Trust Platform Sub-Class; (e) the questions of law and fact common to the members of the Sub-Classes predominate over any questions affecting only individual members the Sub-Classes; (f) Named Plaintiffs and their Counsel have fairly and adequately represented and protected the interests of the Class Members; and (g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:  (i) the interests of the Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

7.      The Court finds that distribution, mailing, and Internet-posting of the Class Notice and the Published Class Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all persons in the Class; that the Class Notice provided full and accurate information concerning the proposed Settlement and the Litigation, and further provided due and adequate notice of the proceedings regarding the Settlement; and that the Class Notice and Published Class Notice otherwise fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the Constitution of the United States, and any other applicable law.

8.      Defendants' notice to Federal and State regulators complied with the notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

9.      The Settlement of the Litigation as set forth in the Stipulation is approved in all respects as fair, reasonable, and adequate, and in the best interests of the Class.  The Court notes that no written objections were filed by Class Members and that no objector appeared before the Court at the Settlement Hearing, and thus there is no evidence establishing that the Settlement is not fair, reasonable, and adequate or that the Settlement is not in the best interests of the Class. Accordingly, the Parties are directed to consummate and perform the Stipulation in accordance with all applicable terms and provisions.

10.     The Court finds that the Class Members are fiduciaries of the ERISA-covered plans they represent, that they bring this action on behalf of the Plans, their Participants and beneficiaries, and that they have the authority to bind the Plans and their Participants and beneficiaries to all the terms and conditions of the Stipulation and Settlement.  The Court finds that the Class Members have a legal obligation under ERISA to act in the interest of the Plans, their Participants, and their beneficiaries; that the interests of the members of the Class are

therefore in privity with the interests of the Plans, their fiduciaries, their Participants, and their beneficiaries; all such parties are adequately represented by the Class Members; and that all such parties are hereby bound by the Stipulation, Settlement, and this Order.  The Court further finds that the members of the Class have a legal obligation under ERISA to act in the best interest of the Plans, their Participants and beneficiaries in exercising any discretion in the settlement of this action and disposition of any Net Settlement Fund received by their Plans.  Finally, the Court finds that none of the Parties has engaged in any prohibited transaction or otherwise violated ERISA by entering into this Settlement, or by performing the terms of the Stipulation, or receiving and disposing of the Net Settlement Fund, if they do so in accordance with the terms of the Stipulation and/or the Plan of Allocation.

11.     The Amended Complaint and the Litigation, and all Claims and Causes of Action (including Unknown Claims) that are based upon or related to, directly or indirectly, in whole or in part, (a) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, including, but not limited to, the solicitation, negotiation, arrangement, receipt, retention, or other conduct with regard to Mutual Fund Payments; or (b) the Released Conduct, are hereby dismissed with prejudice as to Defendants in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

12.     As a result of Nationwide's agreement to implement the actions described in Section F of the Stipulation, and for so long as Nationwide continues to abide by the practices described in Section F of the Stipulation, the Court accepts and adopts as reasonable the Parties' Stipulation, and the Parties' intent that such Stipulation precludes and provides a complete defense to any and all claims contrary to the Parties' Stipulation, and finds that Nationwide is not a fiduciary within the meaning of the common law and ERISA, including any subsection of

Section (3)(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and that Nationwide's receipt of Mutual

Fund Payments, and the practice of revenue sharing, shall not constitute a breach of any

fiduciary duty or any prohibited transaction under the common law and ERISA, including

Section 404 or Section 406 of ERISA, 29 U.S.C. §§ 1104 and 1106, because, to the extent that

Nationwide complies with Section F of the Stipulation:

(a)     Nationwide does not exercise authority or control respecting the

management or disposition of any assets of any Plan when Nationwide solicits, negotiates,

arranges for, receives, or retains Mutual Fund Payments;

(b)     Nationwide does not have discretionary authority or discretionary

responsibility in the administration of any Plan when Nationwide solicits, negotiates, arranges

for, receives, or retains any Mutual Fund Payments;

(c)     Nationwide does not exercise any discretionary authority or any

discretionary control respecting management of any Plan when Nationwide solicits, negotiates,

arranges for, receives, or retains Mutual Fund Payments; and

(d)     Nationwide does not render investment advice for a fee or other

compensation, directly or indirectly, nor does it have any authority or responsibility to do so,

when Nationwide solicits, negotiates, arranges for, receives, or retains Mutual Fund Payments.

The Court makes these findings in connection with its determination that the proposed

Settlement is fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil

Procedure.

13.     The Court further accepts and adopts as reasonable the Parties' Stipulation, and

the Parties' intent that such Stipulation precludes and provides a complete defense to any and all

claims contrary to the Parties' Stipulation, and finds that Nationwide's compliance with the

terms of the Stipulation (including entering into this Settlement) shall not create any common law or ERISA fiduciary duty, or constitute a breach of fiduciary duty or prohibited transaction in violation of the common law or ERISA, including Sections 404 or 406 of ERISA, 29 U.S.C. §§ 1104, 1106.  The Court makes these findings in connection with its determination that the proposed Settlement is fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure.  In entering this Consent Judgment, the Court is not implying that, in the absence of the changes described in Section F of the Stipulation, Nationwide was a fiduciary with respect to soliciting, negotiating, arranging for, receiving, or retaining Mutual Fund Payments, breached any fiduciary duty, violated any prohibited transaction rule, or was otherwise in violation of the common law or ERISA in any respect.

14.     When this Settlement becomes Final, Plaintiffs and each of the Class Members, and the Plans and Plan Participants they represent, will be bound to the fullest extent permissible under the law to have fully, finally, and forever released, relinquished, and discharged Nationwide and all other Released Parties from any and all Claims or Causes of Action (including Unknown Claims) that are based upon or related to, directly or indirectly, in whole or in part:  (a) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, including, but not limited to, the solicitation, negotiation, arrangement, receipt, retention, or other conduct with regard to Mutual Fund Payments; or (b) the Released Conduct.

15.     When this Settlement becomes Final, Plaintiffs and each of the Class Members, and the Plans and Participants they represent, shall have expressly waived any and all provisions, rights and benefits conferred by any law of the United States, or any state or territory of the

United States, or principle of common law, which are similar, comparable, or equivalent to

California Civil Code §1542.  In particular, California Civil Code § 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH, IF KNOWN BY HIM
> OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each of the Class Members, and the Plans and Participants they represent,

expressly waive the rights and benefits conferred by California Civil Code § 1542.  They

understand and acknowledge that they may hereafter discover facts in addition to or different

from those which he, she, or it now knows or believes or has reason to believe to be true with

respect to the subject matter of the Release described above.  Nevertheless, Plaintiffs and each of

the Class Members, and the Plans and Participants they represent, expressly, fully, finally, and

forever settle, discharge, and release any and all Claims or Causes of Action (including

Unknown Claims) in this Release, including Unknown Claims, suspected or unsuspected,

contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore

have existed, upon any theory of law or equity now existing or coming into existence in the

future (including, but not limited to, conduct that is negligent, intentional, with or without

malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or

existence of such different or additional facts) that are based upon or related to, directly or

indirectly, (a) the allegations, facts, subjects, or issues that were or could have been set forth or

raised in the Litigation, including, but not limited to, the solicitation, negotiation, arrangement,

receipt, retention, or other conduct with regard to Mutual Fund Payments; or (b) the Released

Conduct.  Plaintiffs and each of the Class Members, and the Plans and Participants they

represent, shall have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which this Release is a part.

16.     When this Settlement becomes Final, Plaintiffs and each of the Class Members, and the Plans and Plan Participants they represent, will be bound by this Stipulation and have agreed and covenanted not to file, encourage, support, join in, continue, assist in, or pursue any Claim or Cause of Action (including Unknown Claims) against Nationwide Life Insurance Company, Nationwide Financial Services, Inc., or any other Released Party that is based upon or related to, directly or indirectly, in whole or in part:  (a) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, including, but not limited to, the solicitation, negotiation, arrangement, receipt, or retention of Mutual Fund Payments; or (b) the Released Conduct.  Plaintiffs, and each of the Class Members and the Plans and Plan Participants they represent, further have acknowledged and accepted Nationwide's solicitation, negotiation, arrangement, receipt, retention, or other conduct with regard to Mutual Fund Payments in connection with their retirement products, and agree not to bring a lawsuit in the future on the basis of any such solicitation, negotiation, arrangement, receipt, retention, or other conduct with regard to Mutual Fund Payments.

17.     When this Settlement becomes Final, Plaintiffs and each of the Class Members, and the Plans and Plan Participants they represent, shall be forever barred and enjoined from commencing, instituting, joining in, continuing, or prosecuting against Nationwide Life Insurance Company, Nationwide Financial Services, Inc., and all other Released Parties, any and all past, present, and future Claims or Causes of Action (including Unknown Claims) that are based upon or related to, directly or indirectly, in whole or in part:  (a) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, including the

solicitation, negotiation, arrangement, receipt, retention, or other conduct with regard to Mutual Fund Payments; or (b) the Released Conduct.

18.     No Class Member, or the Plans and Participants they represent, shall have any Claims or Causes of Action (including Unknown Claims) against Nationwide Life Insurance Company, Nationwide Financial Services, Inc., any other Released Party, Nationwide's Counsel, or any other agent designated by any of the foregoing, based on the Plan of Allocation or on distributions made in accordance with the Plan of Allocation.

19.     Any order or appeal relating to Attorneys' Fees, Attorneys' Expenses, or to the allocation or distribution of the Settlement Amount, shall not operate to terminate or cancel the Settlement, the Settlement Stipulation and Release, or affect or delay the finality of this Consent Judgment.

20.     The Parties are to bear their own costs, except as otherwise provided in the Settlement, the Settlement Stipulation and Release, or the terms of this Order.

21.     In the event that the Settlement fails to become Final in accordance with its terms, then this Consent Judgment shall be rendered null and void, and shall be vacated and, in such event, all orders entered in connection with the Settlement shall be null and void.  In such event, the findings herein shall also be null and void, and the Parties shall be restored to their respective positions in the Litigation on the date immediately prior to the entry of the Stipulation.  In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and this Consent Judgment, the Preliminary Approval Order, and the Settlement Stipulation and Release, and any other order or decision issued or filed in connection with this Settlement, shall be treated as vacated, *nunc pro tunc,* provided however, that the obligations of

Plaintiffs' Counsel in Section J of the Stipulation to return any and all attorneys' fees and expenses paid by Defendants, plus interest, will continue to have full force and effect, will be fully enforceable by Defendants, and will *not* be vacated.

22.     In recognition of their work, the time and expenses incurred on behalf of the Class Members and the value of the results achieved on behalf of the Class Members, pursuant to the terms of the Settlement Stipulation and Release, the Class Representatives shall each be entitled to receive a Case Contribution Fee of $25,000 and Class Counsel shall be entitled to receive reasonable Attorneys' Fees in the amount of $49,000,000, plus Attorneys' Expenses of $1,308,264.36.  In addition, the Settlement Administrator, KCC, shall be entitled to receive its actual notice and claim charges not to exceed $543,355.  To the extent KCC's charges are less than $543,355, that difference will be distributed to the Class Members based on the plan of allocation.

23.     The Lead Settlement Counsel shall allocate the Attorneys' Fees among Plaintiffs' Counsel in a manner that the Lead Settlement Counsel in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and settlement of the Litigation.  The Lead Settlement Counsel shall also allocate the Case Contribution Fees to the Class Representatives as directed by the Court.  Any disputes regarding Attorneys' Fees or the Case Contribution Fee shall be resolved by the Court.

24.     The Stipulation and the Settlement, whether or not consummated, and any negotiations, discussions or proceedings in connection with the Stipulation or the Settlement shall not be used, offered, or admissible in any proceeding for any purpose, including but not limited to:

11

(a)      Offered, referred to, or received against Nationwide as evidence of, or construed as or deemed to be evidence of any presumption, concession, or admission by Nationwide of the truth of, any fact alleged by Plaintiffs, any Class Member, their Plans or Plan Participants, or any other persons, or to the validity of any Claims or Causes of Action (including Unknown Claims) that have been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of Nationwide;

(b)      Offered, referred to, or received against Nationwide as evidence of, or as a presumption, concession, or admission of the truth of, any liability, duty, breach of a duty, misrepresentation or omission to state by Nationwide, or against Plaintiffs as evidence of any infirmity in the claims of Plaintiffs;

(c)      Offered, referred to, or received against Nationwide as evidence of, or as a presumption, concession, or admission of the truth of, any action or failure to act; and

(d)      Construed against Nationwide or Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

25.      Without affecting the finality of this Consent Judgment in any way, the Court shall retain exclusive jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and Defendants, Plaintiffs, the Class Members, and the Plans and Plan Participants they represent, submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of the Stipulation.  All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with the Stipulation.

The Clerk shall enter this Consent Judgment and close this case.


It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of April 2015.


   /s/ STEFAN R. UNDERHILL

Stefan R. Underhill
United States District Judge